SCOTT C. CLARKSON, ESQ. SBN 143271
EVE A. MARSELLA, ESQ. SBN 165797
CLARKSON, GORE & MARSELLA
A PROFESSIONAL LAW CORPORATION
3424 Carson Street, Suite 350
Torrance, California 90503
Telephone: 310/542-0111
Facsimile: 310/214-7254

[Proposed] Attorneys for MTI Technology Corporation

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>MTI TECHNOLOGY CORPORATION,<br>A Delaware Corporation<br><br>Debtor in Possession<br><br>Federal Tax I.D. #95-3601802 | Case No. SA 07-13347-ES<br><br>Chapter 11<br><br>**APPLICATION OF DEBTOR FOR ORDER UNDER 28 U.S.C. § 156(c) AUTHORIZING THE RETENTION OF OMNI MANAGEMENT GROUP, LLC AS NOTICING, CLAIMS AND BALLOTING AGENT FOR CLERK OF THE BANKRUPTCY COURT; AND DECLARATION OF ROBERT L. BERGER IN SUPPORT**<br><br>Date:    October 18, 2007<br>Time:    9:30 a.m.<br>Ctrm:    5A |

MTI Technology Corporation, as debtor and debtor in possession herein (the "Debtor"), hereby submits this application (the "Application") for entry of an order pursuant to 28 U.S.C. § 156(c) authorizing and approving the retention of, and appointing, Omni Management Group, LLC ("Omni"), as the claims, noticing and balloting agent for the Clerk of the Bankruptcy Court (the "Clerk").

The Application is made pursuant to 28 U.S.C. §156(c), Federal Rule of Bankruptcy Procedure 2002, and Rule 5075-1 of the Local Bankruptcy Rules for the Central District of

1

California. In light of the exceedingly large number of creditors in this case, the Debtor requests that the Court consider this Application on an expedited basis.

In support of the Application, the Debtor relies on the contemporaneously filed Declaration of Robert L. Berger (the "Berger Declaration"). In addition, the Debtor respectfully represents that:

## I.

## JURISDICTION

The Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), in that it is a matter concerning the administration of the Debtor's estate. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought in the Application is 28 U.S.C. § 156(c).

## II.

## BACKGROUND

On October 12, 2007 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's chapter 11 case (the "Case"). The factual background regarding the Debtor, including its current and historical business operations and the events precipitating these chapter 11 filings, are set forth in detail in the concurrently filed *Declaration of Thomas P. Raimondi in Support of Emergency First Day Motions*, filed with this Court on October 12, 2007, and incorporated herein by this reference.

The Debtor is a global provider of end-to-end information infrastructure solutions for mid to large size companies. With more than 20 years experience in delivering innovative technology solutions and more than 5 million hours of providing professional services, the Debtor is a leader in end-to-end information infrastructure solutions that span analysis, design, implementation and has strategic technology and services relationships with industry leaders including, EMC, Microsoft, VMWARE, Symantec and Cisco.

The Debtors headquarters are located at 15641 Red Hill Ave., Suite 200 Tustin, CA 92780, with additional offices located in Austin, Texas.

1  The Debtor's creditor matrix contains approximately 4000 parties and there is a likelihood
2  that numerous creditors will assert claims against the estate. The Debtor believes that such a large
3  number of creditors and other parties in interest may impose heavy administrative burdens on the
4  Court and the Clerk, as well as to Debtor's proposed counsel, Clarkson, Gore & Marsella, APLC
5  ("CGM"). To relieve the Clerk's and CGM of this burden, the Debtor proposes to engage an
6  independent third party to act as the notice and claims agent for the Debtor and the Clerk..

## III.

## RELIEF REQUESTED

9  By this Application, the Debtor seeks entry of an order, pursuant to 28 U.S.C. § 156(c),
10  authorizing and approving the retention of and appointing Omni, effective as of the Petition Date, as
11  claims, noticing and balloting agent (the "Claims and Noticing Agent") for the Clerk to, among other
12  things: (i) serve as the Court's notice agent to mail certain notices to the estate's creditors and
13  parties-in-interest, (ii) provide computerized claims, claims objections and balloting database
14  services, and (iii) provide expertise, consultation and assistance with claim and ballot processing and
15  with other administrative information related to the Debtor's bankruptcy case. With the large
16  number of potential creditors that the Debtor has identified, the Debtor believes it is in the best
17  interests of its estate and its creditors to appoint Omni as agent for the Clerk.

18  Based upon the Mailing Matrix there are thousands of creditors, former employees, and other
19  parties-in-interest who require notice of various matters, and in particular, the deadline for filing
20  proofs of claim. Additionally, many of these parties may file proofs of claim and cast ballots with
21  respect to a plan of reorganization.

22  The size of the Debtor's creditor body makes it impractical for the Clerk to send notices and
23  to maintain a claim register and tabulate ballots.

24  Pursuant to 28 U.S.C. § 156(c), the Court is empowered to utilize outside agents and
25  facilities for such purposes, provided that the costs of these facilities and services are paid for out of
26  the assets of the Debtor's estate.

27  Accordingly, the Debtor seeks the entry of an order, retaining and appointing Omni as the
agent for the Clerk and as custodian of official court records and to perform such other services as

3

may be required by the Debtor as described below and authorizing the Debtor to compensate Omni for services rendered and to reimburse Omni for expenses incurred without further order of this Court upon the Debtor's, the United States Trustee's and the Committee of Unsecured Creditors' (the "Committee")(If and when appointed) receipt of reasonably detailed statements of fees and expenses.

Omni is one of the country's leading chapter 11 administrators with experience in noticing, claims processing, claims reconciliation and distribution. Omni has substantial experience in the matters upon which it is to be engaged. Omni has acted as official claims agent in several cases in this and other judicial districts including: Alert Cellular, L.C., Maxide Acquisition, Inc., Peregrine Systems, Inc., Service Merchandise Company (32 companies); USN Communications; Federal Employees' Distributing Company, d/b/a Fedco., Inc.; The Singer Company (45 entities); Incomnet Communications, Inc.; Pacific Gas & Electric; Advanced Environmental, Sabartek Corporation, Owens Corning, and others.

By appointing Omni as the notice agent and claims agent in this chapter 11 case, creditors of the Debtor's estate will benefit from Omni's significant experience in acting as a notice agent and claims agent in other cases and the efficient and cost-effective methods that Omni has developed.

## IV.

### SERVICES TO BE PROVIDED

Omni, at the request of the Debtor or the Clerk's Office, will provide the following services as the claims and noticing agent:

1. Prepare and serve required notices and underlying motions or applications, if applicable, in this chapter 11 case, including:

    a. notice of the claims bar date;

    b. notice of objections to claims;

    c. notice of any hearings on a disclosure statement and confirmation of a plan of reorganization; and

03311-001\DOCS_LA:169197.1

        d.    other miscellaneous notices, motions and/or applications to any entities, as the Debtor or the Court may deem necessary or appropriate for an orderly administration of this chapter 11 case;

2.    After the mailing of a particular notice, motion or application, file with the Clerk's Office a certificate or declaration of service that includes a copy of the document involved, a list of persons to whom the document was mailed and the date and manner of mailing;

3.    Maintain copies of all proofs of claim and proofs of interest filed;

4.    Maintain official claims registers, including, among other things, the following information for each proof of claim or proof of interest;

        a.    the name and address of the claimant and any agent thereof, if the proof of claim or proof of interest was filed by an agent;

        b.    the date received;

        c.    the claim number assigned; and

        d.    the asserted amount and classification of the claim;

5.    Assist the Debtor in the preparation of the "7 Day Package" and all other reporting requirements for the United States Trustee.

6.    Assist the Debtor with the creation and administration of a claims database based upon a review of the claims against the Debtor's estate and the Debtor's books and records.

7.    Implement necessary security measures to ensure the completeness and integrity of the claims registers;

8.    Transmit to the Clerk's Office a copy of the claims registers on a weekly basis, unless requested by the Clerk's Office on a more or less frequent basis; or, in the alternative, make available the Proof of Claim docket on-line to the Clerk's Office via the Omni claims system;

9.    Maintain an up-to-date mailing list for all entities that have filed a proof of claim or proof of interest, which list shall be available upon request of a party in interest or the Clerk's Office;

10. Provide access to the public for examination of copies of the proofs of claim or interest without charge during regular business hours, as well as, provide online access to copies of proofs of claim at no additional expense to creditors and parties in interest;

11. Record all transfers of claims pursuant to Bankruptcy Rule 3001(e) and provide notice of such transfers as required by Bankruptcy Rule 3001(e);

12. Comply with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders and other requirements;

13. Provide temporary employees to process claims, as necessary;

14. Provide such other claims processing, noticing and related administrative services as may be requested from time to time by the Debtor; and

15. Promptly comply with such further conditions and requirements as the Clerk's Office or the Court may at any time prescribe.

The Debtor also requests that the Clerk of the Court release all filed claims directly to Omni.

In connection with its appointment as administrative agent, the Debtor understands and Omni acknowledges that, among other things: (1) Omni will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as administrative agent in these chapter 11 cases; (2) Omni will not be an agent of the United States and will not act on behalf of the United States; and (3) Omni will not employ any past or present employees of the Debtor in connection with its work as the claims and noticing agent in this chapter 11 case.

## V.

## CLAIMS AGENT AGREEMENT

Subject to this Court's approval, the Debtor has employed Omni to provide the services set forth above pursuant to the terms of the Letter of Agreement between the Debtor and Omni (the "Agreement"). A copy of the Agreement is attached as Exhibit A to this Application. Omni is a firm that specializes in providing claims management consulting and computer services. The Debtor also may use Omni to provide the Debtor with training and consulting support necessary to enable the Debtor to effectively manage and reconcile claims, and to provide the requisite notices of the

03311-001\DOCS_LA:169197.1

deadline for filing Proofs of Claim. In addition, the Debtor may utilize other services offered by Omni, such as (a) providing other notices that will be required as this case progresses, (b) tabulating acceptances and/or rejections to a plan of reorganization, and (c) providing such other administrative related services that may be requested by the Debtor.

## VI.

## COMPENSATION

Omni will be compensated based on the services it provides at the rates set forth in the Agreement. Within twenty (20) days after the end of each month, Omni will submit to the Debtor, to the United States Trustee and the Committee of Unsecured Creditors (the "Committee")(If and when appointed) its statement for fees and expenses incurred during the previous month. The Debtor will pay the monthly statement within ten (10) days of its receipt; provided, however, if the Debtor or Committee disputes any of the fees or expenses, it will withhold the disputed portion from the payment until the dispute is resolved between the parties or, if that is not possible, until this Court resolves the dispute brought before it by motion of one of the parties.

## VII.

## BASIS FOR RELIEF

28 U.S.C. § 156(c) provides, in relevant part, as follows:

> (c) Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate . . .

28 U.S.C. § 156(c).

After considering the quality of Omni's performance in other cases, the Debtor concluded that Omni was the best choice for Claims and Noticing Agent in this case. The Debtor believes that the Agreement contemplates compensation at a level that is reasonable and appropriate for services of this nature, and is consistent with the compensation arrangement charged by Omni in other cases in which it has been retained to perform similar services. The Debtor needs to employ a claims

agent with proven competence, and believes that Omni so qualifies. It is therefore respectfully submitted that approval of the Agreement is in the best interests of the Debtor, its estate and its creditors.

The Debtor does not believe that Omni is a "professional person" for purposes of section 327(a) of the Bankruptcy Code and should not be subject to the fee application process because Omni will only be charged with administrative functions in these bankruptcy cases.

In the year prior to the Petition Date, Omni has been paid $113,075.36 by the Debtor. There are no amounts owed to Omni as of the Petition Date. Omni is currently holding a pre-petition deposit in the amount of $30,000 (the "Deposit") from the Debtor for services rendered and to be rendered in connection with this case. The Debtor's funds were the source of the Deposit.

There are no arrangements between Omni and any other entity for the sharing of compensation received or to be received in connection with these cases, except insofar as such compensation may be shared among Omni's employees.

To the best of the Debtor's knowledge, and based upon and except as set forth in the Berger Declaration filed concurrently herewith, Omni does not (i) represent any interest adverse to the Debtor or the estate; (ii) have any connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee; or (iii) employ any person that is related to a judge of this Court of the Untied States Trustee for Region 16. In addition, to the best of the Debtor's knowledge and based on the Berger Declaration, Omni is a "disinterested person" under applicable sections of the Bankruptcy Code.

## VIII.

## NOTICE

Notice of this Application has been given to the: (a) the Office of the United States Trustee; (b) creditors holding the twenty largest unsecured claims in this case; (c) counsel for and/or representatives of the Debtor's purported secured creditors; and (d) any party that has filed a request for special notice pursuant to Bankruptcy Rule 2002 (i). The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtor requests entry of an order, pursuant to 28 U.S.C. § 156(c) (i) authorizing and approving the retention of and appointing Omni as agent for the Clerk, (ii) authorizing and approving the retention of Omni by the Debtor to perform such other services as may be required by the Debtor in accordance with this Application; and (iii) granting such other and further relief as is just and proper.

Dated: October 15, 2007

MTI TECHNOLOGY CORPORATION

By _____
Thomas P. Raimondi, Jr.
President, MTI Technology Corporation,
Debtor in Possession

Prepared and respectfully submitted by,

Dated: October ___, 2007

CLARKSON, GORE & MARSELLA, APLC

By  /s/ Scott C. Clarkson
Scott Clarkson
[Proposed] Attorneys for MTI Technology
Corporation, Debtor in Possession

03311-001\DOCS_LA:169197.1

1  WHEREFORE, the Debtor requests entry of an order, pursuant to 28 U.S.C. § 156(c) (i)
2  authorizing and approving the retention of and appointing Omni as agent for the Clerk, (ii)
3  authorizing and approving the retention of Omni by the Debtor to perform such other services as
4  may be required by the Debtor in accordance with this Application; and (iii) granting such other and
5  further relief as is just and proper.

Dated:   October ___, 2007            MTI TECHNOLOGY CORPORATION

                                      By _____
                                         Thomas P. Raimondi, Jr.
                                         President, MTI Technology Corporation,
                                         Debtor in Possession


Prepared and respectfully submitted by,

Dated:   October 15, 2007             CLARKSON, GORE & MARSELLA, APLC

                                      By _____
                                         Scott Clarkson
                                         [Proposed] Attorneys for MTI Technology
                                         Corporation, Debtor in Possession

# EXHIBIT "A"



Management Group

October 9, 2007

*VIA EMAIL*
traimondi@mti.com

MTI Technologies, Inc.
15641 Red Hill Avenue
Suite 200
Tustin, CA 92780
Attn: Thomas P. Raimondi, Jr.

Re: *Letter of Agreement*

Dear Mr. Raimondi:

This letter will acknowledge, that at the recommendation of Scott C. Clarkson of Clarkson, Gore & Marsella, you have requested that Omni Management Group, LLC ("Omni") provide services to MTI Technologies, Inc. ("MTI") in connection with its possible filing of a Chapter 11 proceeding.

Omni will make itself available to MTI for the purposes of assisting with the preparation of the Mailing Matrix, Schedules of Assets & Liabilities, Statement of Financial Affairs, communications with Shareholders, employees and creditors as directed by MTI, Noticing Services, Claims Management, Balloting, review of Cash Management Systems and any other services deemed necessary. During our review of these reports, should we find any irregularities, we would discuss them with you and your attorney

This data becomes part of our database, which will be available to you for use in the claims reconciliation process or for whatever reports you require.

16501 Ventura Boulevard
Suite 440
Encino, CA 91436-2069
www.omnimgt.com
www.claimsmanager.com
818-906-8300
818-783-2737 Fax

MTI Technologies, Inc.
October 9, 2007
Page Two

The services rendered will be at our normal hourly rates, which range from $35.00 to $285.00 per hour as per the attached rate sheet. Rates are adjusted annually on January 2 of each year, and are subject to increase not to exceed 10% per annum. Increases greater than 10% per annum will be discussed with you before becoming effective. Our rate sheet is attached along with corresponding wire instructions.

For such services rendered, we require a $30,000.00 deposit.

All charges will be on a portal to portal basis plus out-of-pocket expenses. Invoices will be submitted monthly and are payable within 10 days upon receipt.

Should you have any questions regarding the above please do not hesitate to call.

Please acknowledge the above by signing and returning a copy of this letter.

Sincerely,

Robert L. Berger

/cr

cc: Scott C. Clarkson, Esq.

Received and agreed to:                    MTI Technologies, Inc.

Date: 10/9/07                              By: [signature]

agreementletter

11

Omni Management Group, LLC
16501 Ventura Blvd., Suite 440
Encino, California 91436
Tel: (818) 906-8300
Fax: (818) 783-2737
http://www.omnimanagement.com

MTI Technologies, Inc.

RATES EFFECTIVE JANUARY 2, 2007

1  One Time Setup                                        WAIVED   (Configuration and customization
                                                                  of database for client's needs based
                                                                  on initial conference)

2  Court Claims Docket
      Creation and Updating of
      Court Proofs of Claim Docket                       $3.50 per Proof of Claim

3  Claims Processing
      Printing of initial proof of claim                 $.15 each
      Proofs of Claim Input                              $1.50 per claim if Omni generated
                                                         $3.50 per claim if non-Omni generated claims
      Verification of claims input                       $35.00-$75.00 per hour
      Scanning Input of Proofs of Claim                  $.50 per page plus $35.00 per hour

4  Specialized Services
      Technical/Consulting & Executive Support           $95.00-$225.00 per hour
      Programming                                        $100.00 to $200.00 per hour
      Clerical Support                                   $35.00 - $85.00 per hour

5  Remote Internet Access - One-Time Set-Up Fee          WAIVED   (One Time Set Up)
                                                         $500.00 per month per debtor, includes up to 3 users
                                                         $70.00 per additional user per month

6  Expenses
      Postage, Delivery, Phone                           At Cost
      Postage - Mailings                                 $10,000 or over - advance payment required
      Faxes - Incoming                                   $ .15 per page
      Faxes - Outgoing                                   $ 1.00 per page
      Labels                                             $ .05 - .15 each
      Envelopes                                          Price varies as per size
      Electronic Servicing                               $150 per 1,000

7  Support Services
      Photocopies/Printing                               $ .15 per page
      Monthly Data Storage                               $ .07 per creditor on file

8  Balloting Services and Fees
      Special Services                                   See Item 4 above
      Ballots Tabulated                                  $ 1.25 each
      Verification of Ballot Input                       $35.00-$65.00 per hour

9  Newspaper Legal Notice Publishing                     Quote prior to publishing

10 Accumulate data necessary to assist with the preparation of    Hourly Rate $65.00 - $225.00
   the Schedule of Assets & Liabilities and Statement of Financial Affairs

Time and a half rates apply for after hours and weekend requirements.

OMNI CLAIM RATE SHEET 10/02/2007

12

## WIRE INSTRUCTIONS

DATE: _____

ACCOUNT NAME:     Omni Management Group, LLC
                  16501 Ventura Blvd., #440
                  Encino, CA 91436
                  Trust Account

ACCOUNT NUMBER:   1300054516
AMOUNT OF WIRE:   $_____
NAME OF BANK:     Union Bank of California, Encino Branch
                  16633 Ventura Blvd.
                  Encino, CA 91436

BANK ROUTING NO:  122000496

## DECLARATION OF ROBERT L. BERGER

I, Robert L. Berger, declare as follows:

1.    I am the Managing Member of Omni Management Group, LLC ("Omni"), a data processing company specializing in the administration of large bankruptcy cases with offices located at 16501 Ventura Boulevard, Suite 440, Encino, California 91436, and I make this declaration on behalf of Omni (the "Declaration"). I submit this Declaration in support of the Application of the above-captioned debtor and debtor in possession (the "Debtor) for an order authorizing the retention of Omni as noticing, claims, and balloting agent for the Debtor in this chapter 11 case, pursuant to the terms and conditions set forth in the Application and the agreement attached to the Application as <u>Exhibit A</u> (the "Agreement"). Except as otherwise noted, I have personal knowledge of the matters set forth herein.

2.    Omni is one of the country's leading chapter 11 administrators with expertise in noticing, claims processing, claims reconciliation and distribution and ballot tabulation. Omni is well qualified to provide the Debtor with experienced services as noticing, claims and balloting agent in connection with this chapter 11 case and to assist the Debtor in the preparation of the "7 Day Package" and other reports required by the United States Trustee as well as its Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements"). Among some of the large chapter 11 cases in which Omni has acted, or currently is acting, as notice agent, claims agent and/or balloting agent to the debtor, are: Alert Cellular, L.C., Maxide Acquisition, Inc., Peregrine Systems, Inc., Service Merchandise Company (32 companies); USN Communications; Federal Employees' Distributing Company, d/b/a Fedco., Inc.; The Singer Company (45 entities); Incomnet Communications, Inc.; Pacific Gas & Electric; Advanced Environmental; Sabratek Corporation, Owens Corning; and others.

3.    The compensation arrangement provided for in the Agreement is consistent with and typical of arrangements entered into by Omni and other such firms with respect to rendering similar services for clients such as the Debtor.

4.    Omni will be compensated based on the services it provides at the rates set forth in the Agreement. Within twenty (20) days after the end of each month, Omni will submit to the

Debtor, to the United States Trustee and the Committee of Unsecured Creditors (the "Committee")(If and when appointed) its statement for fees and expenses incurred during the previous month. The Debtor will pay the monthly statement within ten (10) days of its receipt; provided, however, if the Debtor or Committee disputes any of the fees or expenses, it will withhold the disputed portion from the payment until the dispute is resolved between the parties or, if that is not possible, until this Court resolves the dispute brought before it by motion of one of the parties..

5. To the best of my knowledge and belief, neither I nor Omni holds or represents any interest adverse to the Debtor's estate and Omni will not represent any other entity in connection with this chapter 11 case.

6. Based on the information available to me, I believe that Omni is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and holds no interest adverse to the Debtor and its estate for the matters for which Omni is to be employed.

7. I am not related or connected to, and, to the best of my knowledge, no other employee of Omni is related or connected to any United States Bankruptcy Judge or District Judge for the Central District of California or the United States Trustee for the Central District of California or to any employee in the offices thereof.

8. To the best of my knowledge and belief, and except as described herein, neither I nor Omni nor any officer or director of Omni has any connection or relationship with the Debtor, its creditors, or any other parties-in-interest in these cases (or their attorneys or accountants) that would conflict with the scope of Omni's retention or would create any interest adverse to the Debtor's estate, any Official Committee of Unsecured Creditors or any other party-in-interest. Omni has and will continue to represent clients that may be parties-in-interest in this cases in matters unrelated to this case and has had and will continue to have relationships in the ordinary course of their businesses with certain professionals involved in this case in connection with matters unrelated to this case.

9. In the year prior to the Petition Date, Omni has been paid $98,075.36 by the Debtor. There are no amounts owed to Omni as of the Petition Date. Omni is currently holding a pre-

1  petition deposit in the amount of $30,000 (the "Deposit") from the Debtor for services rendered and
2  to be rendered in connection with these cases. The Debtor's funds were the source of the Retainer.

3  　　　　10.　　There is no agreement or understanding between Omni and any other person or entity
4  for sharing compensation received or to be received for services rendered by Omni in connection
5  with this chapter 11 case.

6  ///
7  ///
8  ///
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///

16

To the best of my knowledge, after conducting or supervising the investigation described above, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on this 11th day of October, 2007, at Encino, California.

_____
Robert L. Berger

17

03311-001\DOCS_LA:169210.1