

1   SCOTT C. CLARKSON, ESQ. SBN 143271
    EVE A. MARSELLA, ESQ. SBN 165797
2   CLARKSON, GORE & MARSELLA
    A PROFESSIONAL LAW CORPORATION
3   3424 Carson Street, Suite 350
    Torrance, California 90503
4   (310) 542-0111 Telephone
    (310) 214-7254 Facsimile
5
    Proposed Attorneys for MTI Technology Corporation, a
6   Delaware corporation

FILED

NOV – 9 2007

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    Deputy Clerk

ENTERED

NOV 1 3 2007

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    Deputy Clerk

LODGED
NOV – 8 2007
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

7

8   UNITED STATES BANKRUPTCY COURT

9   CENTRAL DISTRICT OF CALIFORNIA, SANTA AND DIVISION

10  In re:

11  MTI TECHNOLOGY CORPORATION, a
    Delaware corporation,

12                      Debtor and
                        Debtor in Possession.
13

14

15

16

17

18

19

20

21

22

Case No.  SA 07-13347-ES

In a Chapter 11 Case

**FINDING OF FACT AND CONCLUSIONS OF LAW WITH RESPECT TO FINAL ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 361, 362, 363 AND 364 (I) AUTHORIZING SECURED POST-PETITION FINANCING ON A SUPERPRIORITY BASIS; (II) AUTHORIZING USE OF CASH COLLATERAL; (III) APPROVING AGREEMENTS RELATED TO THE FOREGOING; (IV) MODIFYING AUTOMATIC STAY; AND (V) GRANTING ADEQUATE PROTECTION TO PREPETITION LENDERS AND OTHER RELATED RELIEF**

Date:   November 7, 2007
Time:   10:00 a.m.
Ctrm:   5A

23      THIS MATTER came before the Court on the motion (the "Motion) dated October 16,

24  2007 of MTI Technology Corporation (the "Debtor"), pursuant to sections 105, 361, 362,

25  363(c)(2), 364(c)(1), 364(c)(2), 362(c)(3) and 364(d) of title 11 of the United States Code, 11

26  U.S.C. §§101 et seq. (as amended, the "Bankruptcy Code") and Rules 2002, 4001 and 9014, of

27  the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" seeking entry of a final

28

order (the "Final Order"), *inter alia:*

(i)      authorizing the Debtor to obtain secured postpetition financing on a superpriority basis (the "DIP Facility"), pursuant to the terms and conditions of that certain Post-Petition Loan and Security Agreement (as the same may be amended, supplemented, restated or otherwise modified from time to time, the "DIP Credit Agreement") between the Borrower and Zinc Holdings, LLC (the "DIP Lender"), substantially in the form of Exhibit A annexed to the Motion;

(ii)     authorizing and directing the Debtor to perform under the DIP Credit Agreement and the other related loan documents (collectively with the DIP Credit Agreement, the "DIP Facility Documents"), and to perform such other acts as may be necessary or desirable in connection with the DIP Facility Documents;

(iii)    granting the DIP Facility and all obligations owing thereunder and under the DIP Facility Documents to the DIP Lender (collectively, the "DIP Obligations") allowed superpriority administrative expense claims in the Debtor's chapter 11 case, which superpriority claims shall be subject only to the Carve-Out Amount and the Wells Fargo Obligations (both as defined herein) and will otherwise be accorded superpriority status in the Debtor's chapter 11 case, having priority over any and all other administrative expenses in the Debtor's chapter 11 case;

(iv)     granting to the DIP Lender automatically perfected security interests and liens in and on all of the Collateral (as defined herein), including, without limitation all property constituting "Cash Collateral," as defined in section 363(a) of the Bankruptcy Code, senior in priority to the Prepetition Liens (as defined herein) and also senior in priority to all other security interests and liens, other than the Wells Fargo Liens on the Wells Fargo Collateral, and granting Canopy (as defined herein) automatically perfected junior security interests and liens in and on

1    all of the Collateral as adequate protection;

2        (v)    authorizing and directing the Debtor to pay the principal, interest, fees, expenses

3    and other amounts payable under the DIP Facility Documents as such become due, including,

4    without limitation, the letter of credit fees (including issuance and other related charges),

5    continuing commitment fees, closing fees, servicing fees, audit fees, structuring fees,

6    administration fees, the fees and disbursements of the DIP Lender's attorneys, advisers,

7    accountants, and other consultants, all to the extent provided in the DIP Credit Agreement and

8    

9    other DIP Facility Documents in accordance with the terms of those documents;

10        (vi)    authorizing the use of Cash Collateral of certain Prepetition Lenders (as defined

11    herein) under the Prepetition Obligations (as defined herein) and to provide adequate protection

12    to the Prepetition Lenders to the extent of any outstanding prepetition indebtedness owed to the

13    

14    Prepetition Lenders for any diminution in value of the Prepetition Collateral (as defined herein),

15    including the Cash Collateral; and

16        (vii)    vacating and modifying the automatic stay imposed by section 362 of the

17    Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of

18    the DIP Facility Documents and this Final Order.

19        The Court having considered the Motion, the exhibits attached thereto, the DIP Facility

20    Documents, the evidence submitted at the interim hearing on the Motion conducted on October

21    17, 2007 (the "Interim Hearing") and the evidence submitted at the final hearing on the Motion

22    conducted on November 7, 2007 (the "Final Hearing"); and an interim order authorizing certain

23    funding on an interim basis having been entered by the Court on October 18, 2007; and adequate

24    notice of the Final Hearing having been provided in accordance with Bankruptcy Rule 4001(c);

25    and all objections, if any, to the Final Order approving the DIP Facility having been withdrawn,

26    resolved or overruled by the Court; and after due deliberation and consideration and good and

27    

28    

Findings of Fact and Conclusions of Law with Respect to Final
3    Debtor in Possession Financing Order

1   sufficient cause appearing therefor:

2       BASED UPON THE RECORD ESTABLISHED AT THE FINAL HEARING, THE

3   COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS

4   OF LAW:

5       A.    *Petition Date*:  On October 15, 2007 (the "Petition Date"), the Debtor filed a

6   voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy

7   Court for the Central District of California, Los Angeles Division, commencing this bankruptcy

8   case (the "Chapter 11 Case").

9

10      B.    *Debtor In Possession*:  The Debtor is continuing in the management and operation

11  of its businesses and property as debtor in possession pursuant to sections 1107 and 1108 of the

12  Bankruptcy Code.  On or about October 25, 2007, the United States Trustee appointed an official

13  committee of unsecured creditors for the Chapter 11 Case (the "Statutory Committee").

14      C.    *Jurisdiction and Venue*:  This Court has jurisdiction over these proceedings, and

15  over the property affected hereby, pursuant to 28 U.S.C. §§ 157(b) and 1334.  Consideration of

16  the Motion constitutes a core proceeding as defined in and pursuant to 28 U.S.C. § 157(b)(2).

17  Venue for the Chapter 11 Case and for proceedings on the Motion is proper in this district

18  pursuant to 28 U.S.C. §§ 1408 and 1409.

19      D.    *Interim Order*:  Based upon the Motion, the exhibits attached thereto, the DIP

20  Facility Documents, and the evidence submitted at the Interim Hearing on the Motion, on

21  October 17, 2007, the Court approved that certain *Interim Order Pursuant to Bankruptcy Code*

22  *Sections 105, 361, 362, 363 and 364 (I) Authorizing Secured Post-Petition Financing on a*

23  *Superpriority Basis; (II) Authorizing Use of Cash Collateral; (III) Approving Agreements*

24  *Related to the Foregoing; (IV) Modifying Automatic Stay; (V) Granting Related Relief; and (VI)*

25  *Scheduling a Final Hearing* (the "Interim Order").  Pursuant to the Interim Order and

Findings of Fact and Conclusions of Law with Respect to Final
4   Debtor in Possession Financing Order

1   Bankruptcy Rule 4001, the Debtor was authorized, among other things, to incur secured

2   superpriority borrowings from the DIP Lender pursuant to the terms of the DIP Credit

3   Agreement, in form and substance substantially as attached to the Motion as Exhibit __, on an

4   interim basis pending a final hearing on the Motion. The Interim Order, including, without

5   limitation, the findings made therein, is incorporated herein by reference. Pursuant to the Interim

6   Order, the Final Hearing was scheduled for November 7, 2007.

7

8       E.      *Prepetition Lending Arrangements*:

9       (i)     *Wells Fargo Facility*:  Pursuant to that certain Account Purchase Agreement,

10  dated as of November 27, 2006 (as amended, supplemented, restated or otherwise modified prior

11  to the Petition Date, the "Wells Fargo Prepetition Agreement" and together with all other loan

12  and security documents executed in connection therewith, the "Wells Fargo Facility"), between

13  the Debtor and Wells Fargo Bank, National Association, acting through its Wells Fargo Business

14  Credit operating division ("Wells Fargo"), the Debtor sold and assigned to Wells Fargo certain

15  of its accounts receivable. Accounts sold to Wells Fargo under the Wells Fargo Facility become

16  the sole property of Wells Fargo upon payment of the initial payment for the account. However,

17  under certain circumstances, the Debtor is required to repurchase accounts sold to Wells Fargo.

18  To secure obligations of the Debtor under the Wells Fargo Facility, and pursuant to the terms of

19  the Wells Fargo Facility, the Debtor granted Wells Fargo a first priority security interest and lien

20  (the "Wells Fargo Lien") on the Debtor's then existing or thereafter arising accounts, the reserve

21  account established in connection with the Wells Fargo Facility, and, to the extent that they

22  pertain to such accounts, any contract rights, inventory, general intangibles, chattel paper,

23  documents, books and records, and the proceeds and products of the foregoing property (the

24  "Wells Fargo Collateral"). The Debtor is currently in default under the terms of the Wells Fargo

25  Facility. As of October 10, 2007, $1,711,670.04 remains outstanding in connection with the

1    Wells Fargo Facility (the "Wells Fargo Obligations"). On and after the Petition Date, Wells

2    Fargo will not purchase or take assignment of any post-Petition Date accounts receivable and the

3    Debtor shall have no obligation to repurchase from Wells Fargo any such post-Petition Date

4    accounts receivable.

5

6         (ii)    *The Canopy Facility*: Pursuant to that certain Loan Agreement, dated as of June

7    27, 2002 (as amended, supplemented, restated or otherwise modified prior to the Petition Date,

8    the "Canopy Prepetition Agreement" and, together with all other loan and security documents

9    executed in connection therewith, the "Canopy Facility"), between the Debtor and The Canopy

10   Group, Inc. ("Canopy", and, together with Wells Fargo, the "Prepetition Lenders"), Canopy

11   guaranteed the Debtor's performance and prompt payment when due of all of the Debtor's

12   obligations under that certain Loan and Security Agreement between the Borrower and Comerica

13   Bank-California (the "Comerica Line of Credit"), and secured its guarantee of the Comerica Line

14   of Credit through a Seven Million Dollar ($7,000,000) letter of credit issued by Bank of

15

16   America, which letter of credit was called by Comerica Bank-California prior to the Petition

17   Date and used to satisfy in full the Comerica Line of Credit. To secure the Canopy Facility, and

18   pursuant to the terms of the Canopy Prepetition Agreement, the Borrower granted Canopy a first

19   priority security interest and lien (the "Canopy Lien", and, together with the Wells Fargo Lien,

20   the "Prepetition Liens") on all of Borrower's presently existing and after-acquired general

21   intangibles, accounts (including but not limited to accounts receivable), inventory, equipment,

22   goods, fixtures, chattel paper, documents (including but not limited to investment property),

23   instruments and records (except for the Released Accounts, the Released Inventory and certain

24   other items of collateral as more fully set forth in the Canopy Prepetition Agreement), and the

25   products and proceeds of the foregoing property (all as more particularly described in the

26   Canopy Prepetition Agreement, the description of which is incorporated herein by reference)

27

28

Findings of Fact and Conclusions of Law with Respect to Final
6   Debtor in Possession Financing Order

(hereinafter the "Canopy Collateral", and, together with the Wells Fargo Collateral, the "Prepetition Collateral"). As of October 9, 2007, $5,190,546.60 plus interest and attorneys' fees and costs remained outstanding in connection with the Canopy Facility (the "Canopy Obligations", and together with the Wells Fargo Obligations, the "Prepetition Obligations").

(iii)    *Cash Collateral*: The Debtor believes and represents that all of the Debtor's cash, including the cash in its deposit accounts, wherever located, whether as original collateral or proceeds of other Prepetition Collateral, constitutes Prepetition Collateral and is therefore Cash Collateral of the Prepetition Lenders within the meaning of section 363(a) of the Bankruptcy Code.

F.    *Findings Regarding the Post-Petition Financing*:

(i)    *Priming of the Canopy Lien; Consents of Wells Fargo*: The priming of the Canopy Lien and Wells Fargo's consent to the use of Cash Collateral, as contemplated by the DIP Facility and as further described below, will enable the Debtor to continue to operate its business to the benefit of the estate and creditors. However, the Prepetition Lenders are entitled to receive adequate protection as set forth in this Final Order pursuant to sections 361 and 363 of the Bankruptcy Code, to the extent any Prepetition Obligations remain outstanding, for any diminution in the value of the Prepetition Collateral (including but not limited to Cash Collateral) resulting from the Debtor's use, sale or lease of the Prepetition Collateral, the imposition of the automatic stay, the priming of the Canopy Lien and/or the subordination to the Carve-Out Amount (collectively, the "Diminution in Value").

(ii)    *Need for Post-Petition Financing and Use of Cash Collateral*: The Debtor's need for financing is critical. In the absence of the DIP Facility and the authorized use of Cash Collateral, the continued operation of the Debtor's business would not be possible, and serious and irreparable harm to the Debtor, its estate and its creditors would occur. The Debtor does not

A 72285074.1

1   have sufficient available sources of working capital and financing to operate its business in the

2   ordinary course of business or maintain its property in accordance with state and federal law

3   without the DIP Facility and authorized use of Cash Collateral as set forth in the Budget (as

4   defined herein). The Debtor's ability to maintain business relationships with its vendors,

5   suppliers and customers, to pay its employees and otherwise finance its operations, is essential to

6

7   the Debtor's continued viability.

8        (iii)    *No Credit Available on More Favorable Terms*:  Given its current financial

9   condition, financing arrangements, and capital structure, the Debtor is unable to obtain financing

10   from sources other than the DIP Lender on terms more favorable than the DIP Facility.  The

11   Debtor has been unable to obtain interim unsecured credit solely under section 503(b)(1) of the

12   Bankruptcy Code as an administrative expense.  The Debtor has also been unable to obtain credit

13

14   (a) having priority over that of administrative expenses of the kind specified in sections 503(b)

15   and 507(a) and (b) of the Bankruptcy Code, (b) secured by a lien on property of the Debtor and

16   its estate that is not otherwise subject to a lien or (c) secured solely by a junior lien on property

17   of the Debtor and its estate that is subject to a lien.  Financing on a postpetition basis is not

18   otherwise available without granting the DIP Lender perfected first-priority security interests in,

19   priming liens and junior liens on, as provided herein, all of the Debtor's existing and after-

20   acquired assets (except Avoidance Recoveries, as defined herein) and the granting to the DIP

21   Lender of superpriority claims and liens and the other protections set forth in this Final Order.

22

23        G.    *DIP Facility Documents*:  The Debtor seeks authority to (i) enter into the DIP

24   Facility on a final basis on the terms described herein and in the DIP Facility Documents and (ii)

25   use Cash Collateral to administer its Chapter 11 Case and fund its operations.

26        H.    Interim Borrowing:  After the Interim Hearing, and pursuant to the Interim Order,

27   the Court authorized, among other things, extensions of credit under the DIP Facility up to the

28

Findings of Fact and Conclusions of Law with Respect to Final
8   Debtor in Possession Financing Order

A 72285074.1

1  aggregate principal amount of one million dollars ($1,000,000) (the "Interim Financing"). Based

2  upon the record of the Interim Hearing, the Court expressly authorized and empowered the

3  Debtor to execute and deliver the DIP Facility Documents and, after execution, authorized,

4
   empowered and directed the Debtor to perform all of the DIP Obligations in accordance with the
5
   terms of the Interim Order and the DIP Facility Documents, including, without limitation,
6
7  payment of the fees, expenses and other amounts described in the DIP Facility documents as

8  such became due, including, without limitation, any letter of credit fees (including issuance and

9  other related charges), continuing commitment fees, closing fees, servicing fees, audit fees,

10 structuring fees, administration fees, the fees and disbursements of the DIP Lender's attorneys,

11 advisers, accountants and other consultants, and the legal expenses of the DIP Lender, all to the

12
   extent provided in DIP Credit Agreement and other DIP Facility Documents.
13
14     I.    *Sections 506(c) and 552(b)*: In light of its agreement to subordinate its liens and

15 superpriority claims to the Carve-Out Amount and to the Wells Fargo Lien on the Wells Fargo

16 Collateral, the DIP Lender is entitled to (i) a waiver of any "equities of the case" claims under

17 section 552(b) of the Bankruptcy Code, and (ii) a waiver of the provisions of section 506(c) of

18 the Bankruptcy Code. Further, in light of its agreement to subordinate its liens to the Carve-Out

19
   Amount and the liens granted to the DIP Lender herein, Canopy also is entitled to (i) a waiver of
20
   any "equities of the case" claims under section 552(b) of the Bankruptcy Code, and (ii) a waiver
21
22 of the provisions of section 506(c) of the Bankruptcy Code. In light of Wells Fargo's consent to

23 the use of Cash Collateral as provided herein and in the Interim Order, and its agreement to be

24 subordinated to the Carve-Out Amount, Wells Fargo is entitled to (i) a waiver of any "equities of

25 the case" claims under section 552(b) of the Bankruptcy Code, and (ii) a waiver of the provisions

26 of section 506(c) of the Bankruptcy Code.

27
28     J.    *Good Faith of the DIP Lender*:

A 72285074.1

1    (i)    The DIP Lender has indicated a willingness to continue to provide financing to

2  the Debtor subject to (a) the entry of the Interim Order and this Final Order, (b) approval of the

3  terms and conditions of the DIP Facility and the DIP Facility Documents, and (c) entry of

4  findings by this Court that such financing is essential to the Debtor's estate, that the DIP Lender

5  is a good faith financier, and that the DIP Lender's claims, superpriority claims, security interests

6  and liens and other protections granted pursuant to this Final Order and the DIP Facility

7  Documents will not be affected by any subsequent reversal, modification, vacatur or amendment

8  of the Interim Order or this Final Order or any other order, as provided in Section 364(e) of the

9  Bankruptcy Code.

10

11    (ii)    The terms of this Final Order and the DIP Facility Documents are fair and

12  reasonable and reflect the Debtor's exercise of reasonable and prudent business judgment

13  consistent with its fiduciary duties. The extensions of credit authorized herein are supported by

14  reasonably equivalent value and fair consideration and have been negotiated in good faith and at

15  arm's length among the Debtor, the DIP Lender and the Prepetition Lenders. Any credit

16  extended, loans made or funds advanced to or Cash Collateral used by the Debtor pursuant to the

17  DIP Facility Documents shall be deemed to have been so extended, made, advanced or used in

18  good faith by the DIP Lender as required by, and within the meaning of, Section 364(e) of the

19  Bankruptcy Code and shall have all of the benefits and protections of the Interim Order and this

20  Final Order.

21

22    K.    *Notice*:  Notice of the Final Hearing and the relief requested in the Motion has

23  been provided by the Debtor to (i) the Office of the United States Trustee for the Central District

24  of California; (ii) each of Debtor's twenty (20) largest unsecured creditors; (iii) counsel to the

25  Statutory Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue

26  Service; (vi) the Prepetition Lenders; (vii) the DIP Lender and its counsel; (viii) any party that

27

28

Findings of Fact and Conclusions of Law with Respect to Final
10 Debtor in Possession Financing Order

1  filed a request for service of notices with the Court; and (ix) all parties who received notice of

2  the Interim Order to the extent not included above. Under the circumstances, such notice of the

3  Final Hearing and the relief requested in the Motion is sufficient and complies with the

4  requirements of sections 102(1) and 364(c) of the Bankruptcy Code and Bankruptcy Rules 2002

5  and 4001(c).

6

7  Dated: _____ *Nov. 9*, 2007

8                                    ERITHE A. SMITH
                                     UNITED STATES BANKRUPTCY JUDGE
9

10

11 Presented by:

12 CLARKSON, GORE & MARSELLA, APLC

13

14 By:_____
       Scott C. Clarkson
15     Eve A. Marsella
   Counsel for MTI Technology Corporation
16 Debtor and Debtor in Possession

17

18

19

20

21

22

23

24

25

26

27

28
                                    _____
                                    Findings of Fact and Conclusions of Law with Respect to Final
                                 11 Debtor in Possession Financing Order

# **PROOF OF SERVICE**

STATE OF CALIFORNIA,

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 3424 Carson Street, Suite 350, Torrance, California, 90503.

On **November 8, 2007** I served the foregoing document described as: **Finding of Fact and Conclusions of Law with Respect to Final Order Pursuant to Bankruptcy Code Sections 105, 361, 362, 363 and 364 (I) Authorizing Secured Post-Petition Financing on a Superpriority Basis; (II) Authorizing Use of Cash Collateral; (III) Approving Agreements Related to the Foregoing; (IV) Modifying Automatic Stay; and (V) Granting Adequate Protection to Prepetition Lenders and Other Related Relief** on the interested parties in this action by placing the original thereof enclosed in a sealed envelope and by causing such envelope with postage thereon fully prepaid to be placed in the United States mail, at Torrance, California, addressed as follows:

See Service List Attached

[X]   (BY MAIL) As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Torrance, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **November 8, 2007**, at Torrance, California.

X _____   Federal:   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Michelle Carpenter

MTI Technology Corporation
Service List

United States Trustee
411 West Fourth Street, Suite 904
Santa Ana, CA 92701-4593

Robert Opera, Esq.
Winthrop Couchot, P.C.
660 Newport Center Drive, 4th Floor
Newport Beach, CA 92660

Zinc Holding, LLC
William F. Govier
Bingham, McCutchen, LLP
355 S. Grand Ave.
Los Angeles, CA 90071

**NOTE TO USERS OF THIS FORM:**

*Physically attach this form as the last page of the proposed Order or Judgment.*
*Do **not** file this form as a separate document.*

| In re | CHAPTER  11 |
| MTI TECHNOLOGY CORPORATION, a Delaware corporation | |
| Debtor. | CASE NUMBER: SA 07-13347-ES |

# NOTICE OF ENTRY OF JUDGMENT OR ORDER
# AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

1. You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1(a)(1)(E), that a judgment or order entitled *(specify)*:

   Finding of Fact and Conclusions of Law with Respect to Final Order Pursuant to Bankruptcy Code Sections 105, 361, 362, 363 and 364 (I) Authorizing Secured Post-Petition Financing on a Superpriority Basis; (II) Authorizing Use of Cash Collateral; (III) Approving Agreements Related to the Foregoing; (IV) Modifying Automatic Stay; and (V) Granting Adequate Protection to Prepetition Lenders and Other Related Relief

   was entered on *(specify date)*: **NOV 1 3 2007**

2. I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the persons and entities on the attached service list on (specify date): **NOV 1 3 2007**

Dated: **NOV 1 3 2007**

JON D. CERETTO
**Clerk of the Bankruptcy Court**

By: *Denise M. Brotillo*
**Deputy Clerk**

Clarkson Gore & Marsella
3424 Carson Street, Suite 350
Torrance, CA 90503

United States Trustee
411 West Fourth Street, Suite 904
Santa Ana, CA 92701-4593

Robert Opera, Esq.
Winthrop Couchot, P.C.
660 Newport Center Drive, 4th Floor
Newport Beach, CA  92660

Zinc Holding, LLC
William F. Govier
Bingham, McCutchen, LLP
355 S. Grand Ave.
Los Angeles, CA  90071