1 | ROBERT E. OPERA – State Bar No. 101182
RICHARD H. GOLUBOW – State Bar No. 160434
2 | **WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
3 | 660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
4 |
Telephone:  (949) 720-4100
5 | Facsimile:  (949) 720-4111

6 | Proposed General Insolvency Counsel
for the Committee of Creditors Holding
7 | Unsecured Claims

8 |

9 | **UNITED STATES BANKRUPTCY COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 | **SANTA ANA DIVISION**

12 |

13 | In re

14 | MTI TECHNOLOGY CORPORATION, a

15 | Delaware corporation,

16 |                  Debtor.

Case No. 8:07-13347 ES

Chapter 11 Proceeding

**APPLICATION OF COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS FOR AUTHORITY TO EMPLOY CORPORATE RECOVERY SERVICES AS ITS BUSINESS AND FINANCIAL ADVISORS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF RICHARD FEFERMAN IN SUPPORT THEREOF**

[11 U.S.C. §§327, 328]

[No Hearing Set]

1    The Committee of Creditors Holding Unsecured Claims ("Committee") hereby applies to

2    this Court for an order authorizing it to employ Corporate Recovery Associates as the

3    Committee's business and financial advisors.  In support of this Application, the Committee

4    respectfully represents and alleges as follows:

5    1.    On October 15, 2007 ("Petition Date"), Debtor MTI Technology Corporation

6    ("Debtor") filed in this Court a petition for relief under Chapter 11 of the Bankruptcy Code.

7    Since the Petition Date, the Debtor has acted as a debtor-in-possession pursuant to Sections 1107

8    and 1108 of the Bankruptcy Code.

9    2.    On October 26, 2007, the Office of the United States Trustee ("U.S. Trustee")

10    gave notice of the appointment of the Committee to serve as the duly authorized committee of

11    creditors holding unsecured claims with respect to the Debtor's case.

12    3.    The Committee desires to employ Corporate Recovery Associates ("Corporate

13    Recovery") as the Committee's business and financial advisors for the purposes described herein.

14    4.    Corporate Recovery is comprised of business and financial advisors with

15    extensive experience providing financial consulting services for financially-distressed businesses

16    and official creditors' committees in bankruptcy proceedings.  Richard Feferman, a principal of

17    Corporate Recovery, has more than 12 years' consulting experience regarding companies in

18    transition including debt restructurings, financial and operational turnarounds, and in

19    bankruptcies, and with respect to sales, refinancings and recapitalizations of financially-

20    distressed businesses.

21    5.    A copy of Corporate Recovery's résumé is attached as Exhibit "1" to the

22    Feferman Declaration.

23    6.    The Committee requires the services of Corporate Recovery for the following

24    purposes:

25    A.    To provide to the Committee advice with respect to the Debtor's ongoing

26    business operations;

27    B.    To assist the Committee in investigating the assets, liabilities and financial

28    condition of the Debtor and its insiders and affiliates;

C.    To assist the Committee in evaluating reorganization strategies and
alternatives;

D.    To provide consulting services and expert witness testimony regarding
confirmation issues, avoidance actions or other matters, if necessary; and

E.    Perform such other services that require financial, operational or business
expertise that the Committee may require of Corporate Recovery in connection with this
Chapter 11 case.

7.    The Committee will indemnity, defend and hold Corporate Recovery and its
officers, owners, directors, agents, representatives and employees harmless from and against any
and all claims, damages, losses, and liabilities made against or incurred by Corporate Recovery,
including, without limitation, any attorneys' fees and costs ("Liabilities"), to the fullest extent
allowed by applicable law, arising from the performance of Corporate Recovery's services
pursuant hereto. The foregoing indemnification will not extend to liabilities resulting from any
gross negligence or willful misconduct by Corporate Recovery, or by its officer's, owners,
directors, agents, representatives or employees.

8.    Corporate Recovery has not received any retainer for its services in this case.
Corporate Recovery will render services to the Committee at Corporate Recovery's regular
hourly billing rates, which may be subject to adjustment in the future.  A list of Corporate
Recovery's hourly billing rates is set forth in the Feferman Declaration.

9.    Corporate Recovery requests that it be authorized to obtain from the Debtor
payment of Corporate Recovery's accruing fees and costs on a monthly basis.  On October 26,
2007, the Debtor filed its Motion for Order Establishing Procedures for Interim Compensation and
Reimbursement of Expenses of Professionals Employed at the Expense of the Bankruptcy Estate
("Compensation Procedures Motion").  Pursuant to the Compensation Procedures Motion, the
Debtor has requested that the Court enter an order authorizing and establishing procedures for the
monthly compensation and reimbursement of all Court-appointed professionals in accordance with
the following material terms and conditions:

      a.     Retained professionals may seek monthly payment of their fees and expenses by filing and serving on certain parties specified in the Compensation Procedures Motion a statement of the professional's fees and expenses ("Monthly Professional Fee Statement").

      b.     Any creditors or party-in-interest will have the right to oppose the payment of the fees and expenses requested in the Monthly Professional Fee Statement. If no objection to the Monthly Professional Fee Statement is filed within ten days after the service of the Monthly Professional Fee Statement, to the extent that a pre-petition retainer has been paid, the professional may draw down from the retainer 100% of the professional's fees and 100% of the professional's costs requested in the Monthly Professional Fee Statement. If no pre-petition retainer has been paid or if a pre-petition retainer has been exhausted, the professional may be paid 80% of the professional's fees and 100% of the professional's expenses requested in the Monthly Professional Fee Statement.

      c.     Pursuant to the Compensation Procedures Motion, any interim compensation paid to a professional is not allowed by the Court, but remains subject to Court approval of subsequently filed fee applications.

Corporate Recovery hereby adopts and incorporates the compensation procedures set forth in the Compensation Procedures Motion and requests that payment of Corporate Recovery's fees and reimbursement of its expenses be paid in accordance therewith.

10.     Corporate Recovery respectfully submits that the proposed monthly compensation procedures described in the Compensation Procedures Motion are justified on the grounds that the Debtor's case is a complicated "mega" case that is proceeding at an extremely rapid pace. The Debtor has filed numerous emergency motions in this case. The Debtor has scheduled for November 20, 2007 a hearing on its motion to sell and to assign its interests in its European subsidiaries and is attempting to sell its domestic business segments, and anticipates that such sales will be concluded in or before December 2007. Since the Committee's engagement of Corporate Recovery on October 26, 2007, Corporate Recovery has been required to devote substantial time to

1  evaluating the Debtor's business and financial affairs, the numerous proceedings filed by the

2  Debtor in this case and the prospects for recovery by general unsecured creditors in this case.

3  Corporate Recovery anticipates that it will be required to continue to devote substantial time to

4  representing the interests of general unsecured creditors in the Debtor's case through at least the

5  closing of the sale transactions in the Debtor's case.  In effect, by reason of the fast track on which

6  this case is proceeding, Corporate Recovery has been and will continue to be required to devote to

7  this case a substantial amount of time during an approximately two-month period, a very

8  "compressed" period of time relative to most other Chapter 11 cases.  Based upon the foregoing,

9  requiring that the Committee's counsel wait for periods in excess of 120 days to obtain any

10  compensation in this case would be imposing a severe and unnecessary hardship on the

11  Committee's financial advisor.  Under such circumstances, the Committee's financial advisor

12  effectively would be required to finance the administration of the Debtor's case, at its financial

13  risk.  The Committee respectfully submits that a monthly payment arrangement, in accordance with

14  the provisions of the Compensation Procedures Motion, is necessary to ameliorate the financial

15  hardships that otherwise would be imposed upon the Committee's financial advisor in this case.

16       11.    Corporate Recovery understands that its compensation in the Debtor's case will be

17  subject to the approval of the Court.  No funds paid to Corporate Recovery pursuant to the

18  proposed monthly payment procedure will be deemed to be allowed by the Court.  All funds paid

19  to Corporate Recovery pursuant to the proposed monthly payment procedure will be subject to

20  allowance by the Court, upon appropriate application and noticed hearing.

21       12.    As set forth in the Compensation Procedures Motion, approximately every four (4)

22  months, Corporate Recovery will file an application with the Court seeking allowance of its fees

23  and costs incurred to that date and paid pursuant to such monthly payment procedure.

24       13.    At the conclusion of this case, Corporate Recovery will file an appropriate

25  application seeking final allowance of all fees and costs, regardless of whether interim

26  compensation has been paid to Corporate Recovery.  Upon allowance of such fees and costs, the

27  Debtor will pay to Corporate Recovery the difference between the amounts allowed to Corporate

28  Recovery and any interim compensation paid to Corporate Recovery.

14.    No portion of the funds paid to Corporate Recovery pursuant to the proposed monthly payment procedure will be deemed to have been allowed by the Court unless and until such time as the Court enters an order expressly allowing such fees and costs in accordance with the requirements of Sections 330 and 331 of the Bankruptcy Code.  Corporate Recovery understands and agrees that any compensation to be received hereafter by Corporate Recovery is subject to approval by this Court, upon appropriate application and hearing in conformity with Sections 330 and 331 of the Bankruptcy Code.

15.    As disclosed in the Feferman Declaration, to the best of Corporate Recovery's knowledge, neither Corporate Recovery nor any of the financial advisors comprising or employed by it, have any other connection with the Debtor, nor does Corporate Recovery have any other connection with the Debtor's creditors, or any party-in-interest, or their respective attorneys or accountants.  Corporate Recovery is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code.  Furthermore, Corporate Recovery does not have an interest adverse to the Debtor's estate in accordance with the provisions of Section 327 of the Bankruptcy Code. Corporate Recovery is not a creditor of the Debtor's estate and is not owed any funds by the Debtor.

16.    As set forth in the Feferman Declaration, none of the professionals comprising or employed by Corporate Recovery is related to any judge of the United States Bankruptcy Court for the Central District of California, the U.S. Trustee, or to any person employed by the U.S. Trustee.

17.    Corporate Recovery has not agreed to share with any person or entity any compensation received by the Corporate Recovery in the Debtor's case, except as among the members of Corporate Recovery.

This Application is made and based upon the foregoing allegations and representations, the Memorandum of Points and Authorities and the Feferman Declaration attached hereto, the papers, pleadings and other documents on file in this case, and such other information, both oral and

1   documentary, as may be presented to the Court at or before the time of the hearing on this

2   Application.

3

4   **WHEREFORE**, the Committee prays that the Court enter an order as follows:

5   1.   Authorizing the Committee, based upon the foregoing and pursuant to 11 U.S.C.

6   §§ 328(a), 330 and 1103 and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, to

7   employ Corporate Recovery as its business and financial advisor, effective as of the Committee's

8   engagement of Corporate Recovery on October 26, 2007, for the purposes set forth herein;

9   2.   Authorizing Corporate Recovery to receive payment on a monthly basis from the

10  Debtor's estate, in accordance with the terms and conditions set forth herein; and

11  3.   Granting to Corporate Recovery such other and further relief as the Court deems

12  just and appropriate.

13

14  DATED:  November **19**, 2007                **COMMITTEE OF CREDITORS HOLDING**
                                                  **UNSECURED CLAIMS**
15

16

17

18  By:_____
                                                  Steven D. Sass, Esq., Receivable
19                                                Management Services as Agent for EMC Corp,
                                                  Committee Chairperson
20

21

22  **PRESENTED BY:**
    **WINTHROP COUCHOT**
23  **PROFESSIONAL CORPORATION**

24  By:  /s/ Robert E. Opera
25          Robert E. Opera
            Richard H. Golubow
26  [Proposed] General Insolvency Counsel for
    Committee of Creditors Holding Unsecured Claims
27

28

                                    -7-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## THE BANKRUPTCY CODE AUTHORIZES

## THE COMMITTEE TO EMPLOY PROFESSIONALS

## AT THE EXPENSE OF THE DEBTOR'S ESTATE

Section 1102 of the Bankruptcy Code, which governs the appointment of committees, provides, in pertinent part, as follows:

(a)(1). . . as soon as practicable after the order for relief under chapter 11 of

this title, the United States trustee shall appoint a committee of creditors

holding unsecured claims…

On October 26, 2007, the Office of the United States Trustee gave notice of the appointment of the Committee in the Debtor's case.

Section 1103 of the Bankruptcy Code, which governs the powers and duties of committees, provides, in pertinent part, as follows:

(a)  At a scheduled meeting of a committee appointed under section 1102 of

this title, at which a majority of the members of such committee are present,

and with the court's approval, such committee may select and authorize the

employment by such committee of one or more attorneys, accountants, or

other agents, to represent or perform services for such committee.

At a meeting in which representatives of the Committee participated, the Committee selected Corporate Recovery to serve as the Committee's business and financial advisor in this case, subject to the approval of this Court.

Financial advisors for a duly appointed and acting committee in a Chapter 11 case may receive compensation at the expense of the debtor's estate.  In this regard, Section 328(a) of the Bankruptcy Code, provides, in pertinent part, as follows:

The trustee, or a committee appointed under section 1102 of this title, with the

court's approval, may employ or authorize the employment of a professional

person under sections 327 or 1103 of this title, as the case may be, on any

1   reasonable terms and conditions of employment, including . . . on an hourly

2   basis…

3      Section 328(c) of the Bankruptcy Code provides that, in order for a professional employed

4   under Section 1103 to be compensated in a debtor's case, such professional must be disinterested

5   and must not hold an interest adverse to the interests of the estate with respect to the matter on

6   which such professional is employed.  11 U.S.C. § 328(c).

7      Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") mandates

8   that a professional seeking approval of its employment by the bankruptcy estate disclose "any

9   proposed arrangement for compensation" and "all of the person's connections with the debtor,

10   creditors, any other party in interest, their respective attorneys and accountants, [and] the United

11   States trustee."

12      In this case, Corporate Recovery has complied fully with the disclosure requirements set

13   forth in the Bankruptcy Code and Bankruptcy Rules.  By the Feferman Declaration, Corporate

14   Recovery provides full and complete disclosure in order to demonstrate that it satisfies all

15   requirements imposed by the Bankruptcy Code and Bankruptcy Rules for employment in the

16   Debtor's case.  Neither Corporate Recovery nor any employee who is a member of Corporate

17   Recovery holds any interest materially adverse to the interests of the Debtor's estate.  Moreover,

18   Corporate Recovery is a "disinterested person," as that term is defined in Section 101(14) of the

19   Bankruptcy Code.  Therefore, this Court may authorize the proposed employment of Corporate

20   Recovery as business and financial advisor to the Committee pursuant to Section 1103 of the

21   Bankruptcy Code.

22             **II.**

23   **THE MONTHLY PAYMENT PROCEDURE PROPOSED BY THE DEBTOR IN THE**

24   **COMPENSATION PROCEDURES MOTION AND ADOPTED BY THE CORPORATE**

25   **RECOVERY IS APPROPRIATE AND SHOULD BE APPROVED BY THIS COURT**

26      Professionals can be compensated in accordance with monthly payment procedures without

27   a bankruptcy court's prior allowance of the professional's fees and costs.  In re Knudsen, 84 B.R.

28

1    668 (Bankr. 9th Cir. 1988).[1]  In Knudsen, the Ninth Circuit Bankruptcy Appellate Panel ("BAP")

2    reasoned that, since Section 328(a) of the Bankruptcy Code allows a bankruptcy court to authorize

3    professionals to receive as compensation a retainer, which contemplates payment of a lump sum at

4    the beginning of a case or periodically thereafter, "[i]t makes little sense that the court could allow

5    payment of a lump sum or periodic retainer before fees are earned, but not after." Id. at 671.

6         In In re Lotus Properties LP, 200 B.R. 388 (Bankr. C.D. Cal. 1996), the bankruptcy court

7    examined the principles set forth in Knudsen and found that the establishment of monthly payment

8    procedures can be authorized even if the circumstances of a particular case do not meet all of the

9    specific factual criteria articulated by the BAP in Knudsen. Lotus Properties, 200 B.R. at 398.  In

10   Lotus Properties, counsel for the debtor, a small limited partnership, agreed to represent the debtor

11   with a relatively small retainer in reliance upon the debtor's agreement to pay counsel's fees and

12   costs on a monthly basis after the retainer was exhausted.  Counsel for the debtor applied to the

13   bankruptcy court for approval of such monthly payment procedure.  The Office of the United

14   States Trustee objected to the establishment of the proposed monthly payment procedure, in part,

15   because it asserted that the facts of that case failed to meet each of the four Knudsen criteria.

16   Specifically, the Office of the United States Trustee argued that Knudsen did not apply to the

17   Lotus Properties case because the case was not unusually large, and because counsel for the debtor

18   had not shown that he would suffer undue hardship by awaiting compensation until the first

19   interim application was approved. Lotus Properties, 200 B.R. at 397.

20        In Lotus Properties, the bankruptcy court overruled the objection of the Office of the

21   United States Trustee and found that the establishment of monthly payment procedures was

22   appropriate in that case, notwithstanding the relatively small size of the case, since counsel for the

23   debtor had taken a reduced retainer in exchange for obtaining payment of its fees and costs on a

24   monthly basis. Id. at 396-99.  The court held that, under such circumstances, counsel for the

25   debtor could be paid on a monthly basis up to the amount that counsel for the debtor would have

26

27   [1] See also, In re Lotus Properties L.P., 200 B.R. 388 (Bankr. C.D. Cal. 1996); In re Kaiser Steel Corp., 74 B.R. 885
     (Bankr.D.Colo. 1987); In re Frontier Airlines, Inc., 74 B.R. 973 (Bankr.D.Colo. 1987); In re Printcrafters, Inc.,
28   208 B.R. 968 (Bankr.D.Colo. 1997); In re Jefferson Business Center Associates, 135 B.R. 676 (Bankr.D.Colo. 1992);
     In re Cottrell Intern., LLC, 2000 WL 1180282 (Bankr.D.Colo. 2000).

1  reasonably required as a retainer to represent the debtor in its Chapter 11 case.

2      In this case, as set forth in the Feferman Declaration, Corporate Recovery believes that

3  such a monthly compensation arrangement is appropriate.

4      **A.      Requiring Corporate Recovery To Wait An Extended Period Of Time For**

5  **Payment Of Its Fees In The Debtor's Case May Cause Undue Hardship To Corporate**

6  **Recovery.**

7      As set forth in the Feferman Declaration, Corporate Recovery anticipates that it will be

8  required to devote significant time to assisting the Committee regarding the Debtor's Chapter 11

9  case. Corporate Recovery anticipates that one (1) or two (2) of the four (4) senior staff members of

10 Corporate Recovery will be required to devote significant billing time to the representation of the

11 Committee. As a result, a significant amount of Corporate Recovery's resources will be devoted to

12 this case.

13     As set forth in the Feferman Declaration, Corporate Recovery believes that the proposed

14 monthly payment procedure is fair and is appropriate given the nature of the Debtor's case, the

15 required commitment of Corporate Recovery's resources to the Debtor's case, and the risks

16 inherent in this case. Requiring Corporate Recovery to wait for periods of at least one hundred and

17 twenty (120) days to obtain payment of its fees pursuant to Section 331 of the Bankruptcy Code

18 may place undue hardship on Corporate Recovery. It would be very burdensome for Corporate

19 Recovery if it were effectively required to "finance" the Debtor's reorganization efforts in this

20 case.

21     **B.      Corporate Recovery Will Be Able To Respond To Any Reassessment Of Fees**

22 **Ordered By This Court.**

23     As set forth in the Feferman Declaration, Corporate Recovery will be able to respond to any

24 order entered by this Court reassessing fees paid to Corporate Recovery pursuant to the requested

25 monthly payment procedure. First, pursuant to the Compensation Procedures Motion, Corporate

26 Recovery will receive only 80% of its accruing fees. The 20% of Corporate Recovery's fees "held

27 back" from payment to Corporate Recovery will be serve to ensure that Corporate Recovery will

28 not be paid monthly fees in excess of the amount of fees ultimately awarded to Corporate

1  Recovery, and, hence, that Corporate Recovery will not be required to disgorge any fees paid to

2  Corporate Recovery in the case.  Second, Corporate Recovery has the ability to respond to any

3  such reassessment of fees paid to Corporate Recovery.  Richard Feferman has about 12 years of

4  experience in the Southern California bankruptcy community.  Corporate Recovery, other entities

5  owned or controlled by Mr. Feferman and Mr. Feferman have never been unable to respond to any

6  court-ordered reassessments of their fees.  Corporate Recovery understands that its ultimate

7  compensation in this case is subject to the provisions of Sections 330 and 331 of the Bankruptcy

8  Code, and is prepared to respond to any such reassessment.  In summary, Corporate Recovery's

9  longevity and financial stability attest to the fact that it will be able to respond to any Court-ordered

10  reassessment of fees in this case.

11    **C.      The Compensation Procedures Have Been The Subject Of Notice to**

12  **Creditors.**

13        The Compensation Procedures Motion has been provided to those parties entitled to

14  receive in this case notice and an opportunity to object to the compensation procedures proposed

15  therein.  Furthermore, as is evidenced by the proof of service attached to this Application, notice

16  of the relief requested by this Application has been provided to the U.S. Trustee, the Debtor and its

17  counsel, the Committee members and all creditors and parties-in-interest who have requested

18  special notice in the Debtor's case, in accordance with the provisions of this Court's Order

19  Limiting Notice Pursuant to Rule 9007 of the Federal Rules of Bankruptcy Procedure entered on

20  October 26, 2007.  Such parties have been provided with an opportunity to obtain a hearing on this

21  Application should they object to the relief requested hereby.

22        The monthly payment procedure provided by the Compensation Procedures Motion and

23  incorporated in this Application is very fair and satisfies all due process requirements under the

24  Bankruptcy Code and the Bankruptcy Rules.  First, the compensation procedure provided by the

25  Compensation Procedures Motion allows for ample scrutiny of Corporate Recovery's fees and

26  costs by the Debtor, the U.S. Trustee, creditors and by this Court.  The fees and costs for which

27  Corporate Recovery applies on a monthly basis are not deemed allowed by this Court.  Instead,

28  Corporate Recovery is required to apply for allowance of its fees and costs on an interim basis in

1   accordance with the requirements of Section 331 of the Bankruptcy Code, and to seek final

2   approval of its fees and costs in accordance with the requirements of Section 330 of the

3   Bankruptcy Code.  The scrutiny of Corporate Recovery's fees by the Debtor, the U.S. Trustee,

4   creditors and this Court, therefore, remains undiminished by the monthly payment procedure

5   proposed herein.  Second, in the event that any fees and costs paid on a monthly basis to Corporate

6   Recovery are not ultimately allowed by this Court, Corporate Recovery can and will repay to the

7   Debtor the amount thereof.  See, the Feferman Declaration.

8        By virtue of the foregoing, the Committee believes that the monthly payment procedure

9   provided for by this Application should be authorized by this Court.

10                                              **III.**

11                                      **CONCLUSION**

12        Based upon the foregoing, Corporate Recovery respectfully submits that good cause exists

13   for this Court to authorize the Committee to employ Corporate Recovery as its business and

14   financial advisors in this Chapter 11 case on the terms and conditions set forth herein.

15

16   DATED: November 20, 2007              **WINTHROP COUCHOT**
                                           **PROFESSIONAL CORPORATION**

17

18   By: ___/s/ Robert E. Opera___
                                               Robert E. Opera
19                                             Richard H. Golubow
                                           [Proposed] General Insolvency Counsel for
20                                         Committee of Creditors Holding Unsecured Claims

21

22

23

24

25

26

27

28

## DECLARATION OF RICHARD FEFERMAN

I, Richard Feferman declare and state:

1.      The matters stated herein are true and correct and within my own personal knowledge and belief.  If called as a witness, I could and would competently testify thereto.

2.      I am the managing director of Corporate Recovery Services ("Corporate Recovery") and am authorized to make this declaration on behalf of Corporate Recovery.  This declaration is offered in support of the Application of Committee of Creditors Holding Unsecured Claims for Authority to Employ Corporate Recovery Services as its Business and Financial Advisors ("Application").

3.      The Committee desires to employ Corporate Recovery as the Committee's business and financial advisors for the purposes described herein.

4.      I have reviewed the Application.  To the best of my knowledge, the factual representations set forth in the Application are materially correct.

5.      Corporate Recovery is comprised of business and financial advisors with extensive experience providing financial consulting services for financially-distressed businesses and official creditors committees in bankruptcy proceedings.  A copy of Corporate Recovery's résumé is attached hereto as Exhibit "1" and incorporated herein by this reference.

6.      The Committee requires the services of Corporate Recovery for the following purposes:

        A.      To provide to the Committee advice with respect to the Debtor's ongoing business operations;

        B.      To assist the Committee in investigating the assets, liabilities and financial condition of the Debtor and its insiders and affiliates;

        C.      To assist the Committee in evaluating reorganization strategies and alternatives;

        D.      To provide consulting services and expert witness testimony regarding confirmation issues, avoidance actions or other matters, if necessary; and

        E.      Perform such other services that require financial, operational or business

1   expertise that the Committee may require of Corporate Recovery in connection with this

2   Chapter 11 case.

3       7.      The Committee will indemnity, defend and hold Corporate Recovery and its

4   officers, owners, directors, agents, representatives and employees harmless from and against any

5   and all claims, damages, losses, and liabilities made against or incurred by Corporate Recovery,

6   including, without limitation, any attorneys' fees and costs ("Liabilities"), to the fullest extent

7   allowed by applicable law, arising from the performance of Corporate Recovery's services

8   pursuant hereto. The foregoing indemnification will not extend to liabilities resulting from any

9   gross negligence or willful misconduct by Corporate Recovery, or by its officer's, owners,

10  directors, agents, representatives or employees.

11      8.      Corporate Recovery has not received any retainer for its services in this case.

12  Corporate Recovery will render services to the Committee at Corporate Recovery's regular

13  hourly billing rates, which may be subject to adjustment in the future.

14      9.      Corporate Recovery requests that it be authorized to obtain from the Debtor

15  payment of Corporate Recovery's accruing fees and costs on a monthly basis.  On October 26,

16  2007, the Debtor filed its Motion for Order Establishing Procedures for Interim Compensation

17  and Reimbursement of Expenses of Professionals Employed at the Expense of the Bankruptcy

18  Estate ("Compensation Procedures Motion").  Pursuant to the Compensation Procedures Motion,

19  the Debtor has requested that the Court enter an order authorizing and establishing procedures for

20  the monthly compensation and reimbursement of all Court-appointed professionals in accordance

21  with the following material terms and conditions:

22          (i)      Retained professionals may seek monthly payment of their fees and

23          expenses by filing and serving on certain parties specified in the Compensation

24          Procedures Motion a statement of the professional's fees and expenses ("Monthly

25          Professional Fee Statement").

26          (ii)     Any creditors or party-in-interest will have the right to oppose the payment

27          of the fees and expenses requested in the Monthly Professional Fee Statement.  If

28          no objection to the Monthly Professional Fee Statement is filed within ten days

after the service of the Monthly Professional Fee Statement, to the extent that a pre-petition retainer has been paid, the professional may draw down from the retainer 100% of the professional's fees and 100% of the professional's costs requested in the Monthly Professional Fee Statement. If no pre-petition retainer has been paid or if a pre-petition retainer has been exhausted, the professional may be paid 80% of the professional's fees and 100% of the professional's expenses requested in the Monthly Professional Fee Statement.

(iii)    Pursuant to the Compensation Procedures Motion, any interim compensation paid to a professional is not allowed by the Court, but remains subject to Court approval of subsequently filed fee applications.

10.    Corporate Recovery hereby adopts and incorporates the compensation procedures set forth in the Compensation Procedures Motion and requests that payment of Corporate Recovery's fees and reimbursement of its expenses be paid in accordance therewith.

11.    Corporate Recovery respectfully submits that the proposed monthly compensation procedures described in the Compensation Procedures Motion are justified on the grounds that the Debtor's case is a complicated "mega" case that is proceeding at an extremely rapid pace. The Debtor has filed numerous emergency motions in this case. The Debtor has scheduled for November 20, 2007 a hearing on its motion to sell and to assign its interests in its European subsidiaries and is attempting to sell its domestic business segments, and anticipates that such sales will be concluded in or before December 2007. Since the Committee's engagement of Corporate Recovery on October 26, 2007, Corporate Recovery has been required to devote substantial time to evaluating the Debtor's business and financial affairs, the numerous proceedings filed by the Debtor in this case and the prospects for recovery by general unsecured creditors in this case. Corporate Recovery anticipates that it will be required to continue to devote substantial time to representing the interests of general unsecured creditors in the Debtor's case through at least the closing of the sale transactions in the Debtor's case. In effect, by reason of the fast track on which this case is proceeding, Corporate Recovery has been and will continue to be required to devote to this case a substantial amount of time during an approximately two-month period, a very

1    "compressed" period of time relative to most other Chapter 11 cases. Based upon the foregoing,

2    requiring that the Committee's financial advisor wait for periods in excess of 120 days to obtain

3    any compensation in this case would be imposing a severe and unnecessary hardship on the

4    Committee's financial advisor. Under such circumstances, the Committee's financial advisor

5    effectively would be required to finance the administration of the Debtor's case, at its financial

6    risk. The Committee respectfully submits that a monthly payment arrangement, in accordance with

7    the provisions of the Compensation Procedures Motion, is necessary to ameliorate the financial

8    hardships that otherwise would be imposed upon the Committee's financial advisor in this case.

9         12.    Corporate Recovery understands that its compensation in the Debtor's case will be

10    subject to the approval of the Court. No funds paid to Corporate Recovery pursuant to the

11    proposed monthly payment procedure will be deemed to be allowed by the Court. All funds paid

12    to Corporate Recovery pursuant to the proposed monthly payment procedure will be subject to

13    allowance by the Court, upon appropriate application and noticed hearing.

14         13.    As set forth in the Compensation Procedures Motion, approximately every four (4)

15    months, Corporate Recovery will file an application with the Court seeking allowance of its fees

16    and costs incurred to that date and paid pursuant to such monthly payment procedure.

17         14.    At the conclusion of this case, Corporate Recovery will file an appropriate

18    application seeking final allowance of all fees and costs, regardless of whether interim

19    compensation has been paid to Corporate Recovery. Upon allowance of such fees and costs, the

20    Debtor will pay to Corporate Recovery the difference between the amounts allowed to Corporate

21    Recovery and any interim compensation paid to Corporate Recovery.

22         15.    Corporate Recovery anticipates that it will be required to devote significant time

23    to assisting the Committee regarding the Debtor's Chapter 11 case. Corporate Recovery

24    anticipates that one (1) or two (2) of the four (4) senior staff advisors of Corporate Recovery will

25    be required to devote significant billing time to the representation of the Committee. As a result,

26    a significant amount of Corporate Recovery's resources will be devoted to this case.

27         16.    Corporate Recovery believes that the proposed monthly payment procedure is fair

28    and is appropriate given the nature of the Debtor's case, the required commitment of Corporate

1     Recovery's resources to the Debtor's case, and the risks inherent in this case. Requiring

2     Corporate Recovery to wait for periods of at least one hundred and twenty (120) days to obtain

3     payment of its fees pursuant to Section 331 of the Bankruptcy Code may place undue hardship on

4     Corporate Recovery. It would be very burdensome for Corporate Recovery if it were effectively

5     required to "finance" the Debtor's reorganization efforts in this case.

6          17.     Corporate Recovery will be able to respond to any order entered by this Court

7     reassessing fees paid to Corporate Recovery pursuant to the requested monthly payment

8     procedure. <u>First</u>, pursuant to the Compensation Procedures Motion, Corporate Recovery will

9     receive only 80% of its accruing fees. The 20% of Corporate Recovery's fees "held back" from

10     payment to Corporate Recovery will be serve to ensure that Corporate Recovery will not be paid

11     monthly fees in excess of the amount of fees ultimately awarded to Corporate Recovery, and,

12     hence, that Corporate Recovery will not be required to disgorge any fees paid to Corporate

13     Recovery in the case. <u>Second</u>, Corporate Recovery has the ability to respond to any such

14     reassessment of fees paid to Corporate Recovery. I have about 12 years of experience in the

15     Southern California bankruptcy community. Corporate Recovery, other entities owned or

16     controlled by me and I have never been unable to respond to any court-ordered reassessments of

17     their fees. Corporate Recovery understands that its ultimate compensation in this case is subject

18     to the provisions of Sections 330 and 331 of the Bankruptcy Code, and is prepared to respond to

19     any such reassessment. In summary, Corporate Recovery's longevity and financial stability attest

20     to the fact that it will be able to respond to any Court-ordered reassessment of fees in this case.

21          18.     To the best of Corporate Recovery's knowledge, neither Corporate Recovery nor

22     any of the members comprising or employed by it, have any other connection with the Debtor,

23     nor does Corporate Recovery have any other connection with the Debtor's creditors, or any other

24     party-in-interest, or their respective attorneys or accountants. Corporate Recovery is a

25     disinterested person within the meaning of Section 101(14) of the Bankruptcy Code.

26     Furthermore, Corporate Recovery does not have an interest adverse to the Debtor's estate in

27     accordance with the provisions of Section 327 of the Bankruptcy Code. Corporate Recovery is

28     not a creditor of the Debtor's estate and is not owed any funds by the Debtor.

Furthermore, Corporate Recovery does not have an interest adverse to the Debtor's estate in accordance with the provisions of Section 327 of the Bankruptcy Code. Corporate Recovery is not a creditor of the Debtor's estate and is not owed any funds by the Debtor.

19.    None of the professionals comprising or employed by Corporate Recovery is related to any judge of the United States Bankruptcy Court for the Central District of California, the U.S. Trustee, or to any person employed by the U.S. Trustee.

20.    In accordance with Section 504 of the Bankruptcy Code, I hereby state that there is no agreement or understanding between Corporate Recovery and any other entity, other than a member or associate of Corporate Recovery, for the sharing of compensation received or to be received for services rendered in connection with this proceeding.

21.    Corporate Recovery will render services to the Committee at Corporate Recovery's regular hourly billing rates, which may be subject to adjustment in the future. Immediately below is a list of the professionals employed by Corporate Recovery and their current hourly rates:

| Senior Staff | Hourly Rates |
|---|---|
| Stephen P. Bick, Director | $ 300.00 |
| Richard Feferman, Managing Director | $ 375.00 |
| Alan Myers, Senior Accounting Analyst | $ 220.00 |
| Michael Willoughby, Senior Analyst | $ 300.00 |

| Staff | |
|---|---|
| Associate Analysts | $ 125.00 - $ 275.00 |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

EXECUTED this 19 day of November 2007 at San Diego, California.

Richard S. Feferman

-19-

# Exhibit "1"

# Corporate Recovery Associates
## Business and Financial Advisors Specializing in Chapter 11 Bankruptcy
3830 Valley Center Drive, Ste. 705-152
San Diego, CA 92130
(858) 792-7473

## Professional Qualifications – Senior Staff

## Richard J. Feferman, Managing Director

During the past 25 years Mr. Feferman has developed an expertise in commercial leaseholds and the restructuring of highly leveraged, distressed companies. He has extensive "hands-on" experience in the analysis and restructuring of financially troubled companies and the multiparty negotiations that are usually necessary to reach a consensus on a plan of reorganization. He is well-versed in the analysis of valuation issues and plan feasibility, the liquidation of estate assets, the investigation of asset misappropriation, and has advised creditors (as well as creditor committees) in a variety of industries including quick service restaurants, retailing, publishing, hotels, and real estate. Additionally, Mr. Feferman has conducted special purpose audits of commercial leases (both in and out of bankruptcy) that involved renegotiation of lease terms as well as identification and recovery of overpayments to landlords.

Before founding Corporate Recovery Associates, Mr. Feferman was an advisor to several private investment entities and a Senior Associate at Business Valuation Services, one of the largest international firms specializing in the valuation of business interests. Mr. Feferman was an instructor at the University of California, San Diego where he taught Financial Decision Making as part of the Division of Professional Studies Financial Management Program.

Mr. Feferman is a graduate of the Edwin L. Cox School of Business at Southern Methodist University. He completed a lengthy apprenticeship to the former Director of Corporate Real Estate for the IBM Western Region, where he advised corporate clients on commercial leasehold matters. Mr. Feferman Is a Certified Insolvency and Restructuring Advisor (CIRA).

## REPRESENTATIVE PROFESSIONAL EXPERIENCE

**Boston West, LLC, Debtor in Possession**
**United States Bankruptcy Court for the Central District of California**
**Business and Financial Advisor to the Official Committee of Creditors**
Bankruptcy case of the Southern California franchisee of the Boston Market restaurant chain. Negotiated the transfer of assets for the benefit of unsecured creditors in a case in

which the Debtor's acquirer proposed a dividend equal to zero. Orchestrated the successful auction and disposition of estate assets in a compressed time period.

**RTA Desert, Inc., Debtor in Possession**
**United States Bankruptcy Court for the Central District of California**
**Business and Financial Advisor to the Official Committee of Creditors**
This debtor's management proposed a plan of reorganization to transfer value to themselves at the expense of unsecured creditors. With Mr. Feferman's assistance, the creditors committee renegotiated with the debtor's management a consensual plan that resulted in the successful sale of business and real property assets.

**FS Bravo Ranch Limited Partnership, Debtor in Possession**
**United States Bankruptcy Court for the Southern District of California**
**Business and Financial Advisor to the owner of a 50% fractional interest in the**
**Senior Secured Loan**
Bankruptcy of an approximately 8,000-acre master plan development in Imperial County. Renegotiated terms of loan, cash collateral, provided litigation support on ordinary course defense of preference action.

**Select Software Tools, Inc. Debtor in Possession**
**United States Bankruptcy Court for the Central District of California**
**Unsecured Creditor**
Negotiated major revisions to plan of reorganization resulting in the payment of 100% dividend to a broad group of unsecured creditors whose claims had previously been barred.

**Harry R. Eberlin, Debtor in Possession**
**United States Bankruptcy Court for the Southern District of California**
**Chairperson's representative to the Official Committee of Creditors**
This estate liquidated over 100 separate parcels of real property spread across the country. Mr. Feferman's work resulted in the debtor disbanding a flawed tax strategy; and a secured creditor agreeing to subordinate its claim to unsecured creditors.

**500 West Broadway, L.P., Debtor in Possession**
**United States Bankruptcy Court for the Southern District of California**
**Business and Financial Advisor to the Official Committee of Creditors**
After the Debtor proposed a plan of reorganization, Mr. Feferman recommended that his client challenge the plan on feasibility issues. This resulted in the Debtor providing more cash for operations. Unsecured creditors were given the right to elect an immediate cash payment or a payment over time with interest.

# Stephen P. Bick, Director

Mr. Bick received his BA in Economics and Business Finance from the University of Cape Town in 1987. He is a Chartered Financial Analyst (CFA), a Certified Management Accountant (CMA), and Certified Insolvency and Restructuring Advisor (CIRA) and a Registered Investment Advisor (RIA). Mr. Bick's diverse business background has enabled him to gain invaluable business valuation and financial consulting experience. Mr. Bick previously worked as a turnaround strategist with Kroll Zolfo Cooper were he performed business valuations, analyzed the risk in energy trading strategies and was involved with developing plans of reorganization for multi-billion dollar companies. He also ran a $500 million bond fund in London for two years for a German insurance company, and worked as an analyst for six years dealing in private and public equity business valuations, commercial litigation and bankruptcy. During his career he also founded a construction company and returned two others to profitability.

Mr. Bick has been quoted in the San Diego Union Tribune, and has written articles for the Association for Corporate Growth. He lectures on business valuations, accounting and equities at the University of California San Diego Extension program and on equity investments and alternative and international investment strategies for Allen Resources in Providence, Rhode Island. He was inducted into the National Register's Who's Who in Executives and Professionals in February 2004.

Mr. Bick concentrates his consulting practice on company turnaround projects and the valuation of business interests, securities and intangible assets. He has provided valuations for bankruptcy and turnarounds, gift and estate tax, employee stock option plans, transaction and financial planning, and litigation support in a wide variety of industries, including hi-tech, software, biotechnology, e-commerce, trucking, energy, leisure, airline, refractory, construction and telecommunications.

He has performed valuations on all levels of operations, from start-up to mature, in the United States and abroad, and solvent to insolvent. In addition, Mr. Bick has analyzed and presented the merits of business strategies and plans to board members and company owners on numerous occasions.

## REPRESENTATIVE BANKRUPTCY EXPERIENCE

**Aquila Energy (Kansas City, MO) -** Performed the analysis on the Aquila trading book of more than $200 million where he was the primary Kroll Zolfo Cooper employee overseeing and evaluating the book. The analysis was included in the restructuring plan.

**Einstein's Bagels (Jersey City, NJ) -** Performed the business valuation for the plan of reorganization.

**Metabolife (San Diego, CA)** - Performed a business evaluation and presented findings to management regarding exit strategies and reorganization.

**Swiss Air (Palmdale, CA)** - Performed a financial analysis of the liquidation of the Swiss Air repair facility in Palmdale.

**Pipkin Trucking, Inc. (El Centro, CA)** - Performed the business valuation for presentation at trial.

**RHI - North American Refractories (Pittsburgh, PA)** - Performed the business valuation for inclusion in the proposed reorganization plan.

## Alan Myers, Senior Accounting Analyst

Mr. Myers is a Certified Public Accountant and a Certified Forensic Accountant. He specializes in Bankruptcy Accounting. In addition to his employment with Corporate Recovery Associates, he is an active sole practitioner. Mr. Myers has substantial hands on experience in all phases of bankruptcy accounting and in the forensic analysis of business and banking records. He also manages over $4,000,000 in deposits for Chapter 7 trustees. He has extensive experience in the investigation of "hidden assets". Mr. Myers received a B.S. in Accounting With Distinction from San Diego State University (San Diego, CA – 1978).

**Representative Professional Experience**

Analyze bank records, financial data and corporate documents in connection with bankruptcy related litigation. Tasks include preparation of general ledgers, financial statements and extensive supporting working papers, all from source documents.

Analyze financial instruments in connection with debtor-in-possession ("DIP) representation.

Prepare DIP distribution worksheets concerning plans of reorganization and involved in complex lease negotiations.

Litigation support and evidentiary declarations for avoidable transfer litigation.

Litigation support and evidentiary declarations in tax claims objections.

Prepare Chapter 11 DIP operating reports and tax returns and wide-ranging financial analysis of various asset dispositions.

Consult with Trustees and attorneys regarding tax implications resulting from the sales of estate assets.

Appointed as Chapter 11 Examiner to review the operations of a dental practice, analyze a management agreement and Chapter 11 operating reports, obtain values for two pieces of real estate, propose changes to operations, and aid the Court in resolving ownership issues.

Appointed as a Chapter 11 Disbursing Agent in various cases.

Appointed as a State Court Receiver in various cases

## Dr. Michael Willoughby, Senior Analyst

Dr. Willoughby supervises the valuation of business interests and intangible assets including highly leveraged and distressed entities. He has over fifteen years experience in corporate finance and valuation. He is a graduate of Columbia Business School – Ph.D., a Chartered Financial Analyst (CFA), and has passed all levels of examination and experience for the Accredited Senior Appraiser ("ASA") credential.  Dr. Willoughby has rendered expert opinions in over 400 litigation matters since 1989. Additionally he serves as Chairman of the Board of Directors of USA Federal Credit Union (A $700M financial institution with 24 branches in the US, Japan, and Korea). Dr. Willoughby was a Contributing Economist (1995-02) to the Livingstone Survey, Federal Reserve Bank of Philadelphia. He is also a faculty member in the Department of Finance at San Diego State University (undergraduate and graduate); University of California Department of Economics and School of Medicine (teaching Financial Management); and was the Advisory Chairperson in the Division of Professional Studies – Financial Management Program. Formerly Dr. Willoughby was an economist with Buno, Mack & Barclay, CPAs; Brinig & Associates; and Jassoy, Graff, & Douglas, CPAs. Previously Dr. Willoughby was also the Associate Managing Director in the Los Angeles office of Kroll, Inc. (NASDAQ symbol KROL) - the world's largest risk consulting company.

## Corporate Recovery Associates
### Business and Financial Advisors Specializing in Chapter 11 Bankruptcy
3830 Valley Center Drive, Ste. 705-152
San Diego, CA 92130
(858) 792-7473

## Professional Qualifications – Senior Staff

### Richard J. Feferman, Managing Director

During the past 25 years Mr. Feferman has developed an expertise in commercial leaseholds and the restructuring of highly leveraged, distressed companies. He has extensive "hands-on" experience in the analysis and restructuring of financially troubled companies and the multiparty negotiations that are usually necessary to reach a consensus on a plan of reorganization. He is well-versed in the analysis of valuation issues and plan feasibility, the liquidation of estate assets, the investigation of asset misappropriation, and has advised creditors (as well as creditor committees) in a variety of industries including quick service restaurants, retailing, publishing, hotels, and real estate. Additionally, Mr. Feferman has conducted special purpose audits of commercial leases (both in and out of bankruptcy) that involved renegotiation of lease terms as well as identification and recovery of overpayments to landlords.

Before founding Corporate Recovery Associates, Mr. Feferman was an advisor to several private investment entities and a Senior Associate at Business Valuation Services, one of the largest international firms specializing in the valuation of business interests. Mr. Feferman was an instructor at the University of California, San Diego where he taught Financial Decision Making as part of the Division of Professional Studies Financial Management Program.

Mr. Feferman is a graduate of the Edwin L. Cox School of Business at Southern Methodist University. He completed a lengthy apprenticeship to the former Director of Corporate Real Estate for the IBM Western Region, where he advised corporate clients on commercial leasehold matters. Mr. Feferman Is a Certified Insolvency and Restructuring Advisor (CIRA).

## REPRESENTATIVE PROFESSIONAL EXPERIENCE

**Boston West, LLC, Debtor in Possession**
**United States Bankruptcy Court for the Central District of California**
**Business and Financial Advisor to the Official Committee of Creditors**
Bankruptcy case of the Southern California franchisee of the Boston Market restaurant chain. Negotiated the transfer of assets for the benefit of unsecured creditors in a case in

which the Debtor's acquirer proposed a dividend equal to zero. Orchestrated the successful auction and disposition of estate assets in a compressed time period.

**RTA Desert, Inc., Debtor in Possession**
**United States Bankruptcy Court for the Central District of California**
**Business and Financial Advisor to the Official Committee of Creditors**
This debtor's management proposed a plan of reorganization to transfer value to themselves at the expense of unsecured creditors. With Mr. Feferman's assistance, the creditors committee renegotiated with the debtor's management a consensual plan that resulted in the successful sale of business and real property assets.

**FS Bravo Ranch Limited Partnership, Debtor in Possession**
**United States Bankruptcy Court for the Southern District of California**
**Business and Financial Advisor to the owner of a 50% fractional interest in the Senior Secured Loan**
Bankruptcy of an approximately 8,000-acre master plan development in Imperial County. Renegotiated terms of loan, cash collateral, provided litigation support on ordinary course defense of preference action.

**Select Software Tools, Inc. Debtor in Possession**
**United States Bankruptcy Court for the Central District of California**
**Unsecured Creditor**
Negotiated major revisions to plan of reorganization resulting in the payment of 100% dividend to a broad group of unsecured creditors whose claims had previously been barred.

**Harry R. Eberlin, Debtor in Possession**
**United States Bankruptcy Court for the Southern District of California**
**Chairperson's representative to the Official Committee of Creditors**
This estate liquidated over 100 separate parcels of real property spread across the country. Mr. Feferman's work resulted in the debtor disbanding a flawed tax strategy; and a secured creditor agreeing to subordinate its claim to unsecured creditors.

**500 West Broadway, L.P., Debtor in Possession**
**United States Bankruptcy Court for the Southern District of California**
**Business and Financial Advisor to the Official Committee of Creditors**
After the Debtor proposed a plan of reorganization, Mr. Feferman recommended that his client challenge the plan on feasibility issues. This resulted in the Debtor providing more cash for operations. Unsecured creditors were given the right to elect an immediate cash payment or a payment over time with interest.

## Stephen P. Bick, Director

Mr. Bick received his BA in Economics and Business Finance from the University of Cape Town in 1987. He is a Chartered Financial Analyst (CFA), a Certified Management Accountant (CMA), and Certified Insolvency and Restructuring Advisor (CIRA) and a Registered Investment Advisor (RIA). Mr. Bick's diverse business background has enabled him to gain invaluable business valuation and financial consulting experience. Mr. Bick previously worked as a turnaround strategist with Kroll Zolfo Cooper were he performed business valuations, analyzed the risk in energy trading strategies and was involved with developing plans of reorganization for multi-billion dollar companies. He also ran a $500 million bond fund in London for two years for a German insurance company, and worked as an analyst for six years dealing in private and public equity business valuations, commercial litigation and bankruptcy. During his career he also founded a construction company and returned two others to profitability.

Mr. Bick has been quoted in the San Diego Union Tribune, and has written articles for the Association for Corporate Growth. He lectures on business valuations, accounting and equities at the University of California San Diego Extension program and on equity investments and alternative and international investment strategies for Allen Resources in Providence, Rhode Island. He was inducted into the National Register's Who's Who in Executives and Professionals in February 2004.

Mr. Bick concentrates his consulting practice on company turnaround projects and the valuation of business interests, securities and intangible assets. He has provided valuations for bankruptcy and turnarounds, gift and estate tax, employee stock option plans, transaction and financial planning, and litigation support in a wide variety of industries, including hi-tech, software, biotechnology, e-commerce, trucking, energy, leisure, airline, refractory, construction and telecommunications.

He has performed valuations on all levels of operations, from start-up to mature, in the United States and abroad, and solvent to insolvent. In addition, Mr. Bick has analyzed and presented the merits of business strategies and plans to board members and company owners on numerous occasions.

## REPRESENTATIVE BANKRUPTCY EXPERIENCE

**Aquila Energy (Kansas City, MO) -** Performed the analysis on the Aquila trading book of more than $200 million where he was the primary Kroll Zolfo Cooper employee overseeing and evaluating the book. The analysis was included in the restructuring plan.

**Einstein's Bagels (Jersey City, NJ) -** Performed the business valuation for the plan of reorganization.

**Metabolife (San Diego, CA)** - Performed a business evaluation and presented findings to management regarding exit strategies and reorganization.

**Swiss Air (Palmdale, CA)** - Performed a financial analysis of the liquidation of the Swiss Air repair facility in Palmdale.

**Pipkin Trucking, Inc. (El Centro, CA)** - Performed the business valuation for presentation at trial.

**RHI - North American Refractories (Pittsburgh, PA)** - Performed the business valuation for inclusion in the proposed reorganization plan.

# Alan Myers, Senior Accounting Analyst

Mr. Myers is a Certified Public Accountant and a Certified Forensic Accountant. He specializes in Bankruptcy Accounting. In addition to his employment with Corporate Recovery Associates, he is an active sole practitioner. Mr. Myers has substantial hands on experience in all phases of bankruptcy accounting and in the forensic analysis of business and banking records. He also manages over $4,000,000 in deposits for Chapter 7 trustees. He has extensive experience in the investigation of "hidden assets". Mr. Myers received a B.S. in Accounting With Distinction from San Diego State University (San Diego, CA – 1978).

## Representative Professional Experience

Analyze bank records, financial data and corporate documents in connection with bankruptcy related litigation. Tasks include preparation of general ledgers, financial statements and extensive supporting working papers, all from source documents.

Analyze financial instruments in connection with debtor-in-possession ("DIP") representation.

Prepare DIP distribution worksheets concerning plans of reorganization and involved in complex lease negotiations.

Litigation support and evidentiary declarations for avoidable transfer litigation.

Litigation support and evidentiary declarations in tax claims objections.

Prepare Chapter 11 DIP operating reports and tax returns and wide-ranging financial analysis of various asset dispositions.

Consult with Trustees and attorneys regarding tax implications resulting from the sales of estate assets.

Appointed as Chapter 11 Examiner to review the operations of a dental practice, analyze a management agreement and Chapter 11 operating reports, obtain values for two pieces of real estate, propose changes to operations, and aid the Court in resolving ownership issues.

Appointed as a Chapter 11 Disbursing Agent in various cases.

Appointed as a State Court Receiver in various cases

## Dr. Michael Willoughby, Senior Analyst

Dr. Willoughby supervises the valuation of business interests and intangible assets including highly leveraged and distressed entities. He has over fifteen years experience in corporate finance and valuation. He is a graduate of Columbia Business School – Ph.D., a Chartered Financial Analyst (CFA), and has passed all levels of examination and experience for the Accredited Senior Appraiser ("ASA") credential. Dr. Willoughby has rendered expert opinions in over 400 litigation matters since 1989. Additionally he serves as Chairman of the Board of Directors of USA Federal Credit Union (A $700M financial institution with 24 branches in the US, Japan, and Korea). Dr. Willoughby was a Contributing Economist (1995-02) to the Livingstone Survey, Federal Reserve Bank of Philadelphia. He is also a faculty member in the Department of Finance at San Diego State University (undergraduate and graduate); University of California Department of Economics and School of Medicine (teaching Financial Management); and was the Advisory Chairperson in the Division of Professional Studies – Financial Management Program. Formerly Dr. Willoughby was an economist with Buno, Mack & Barclay, CPAs; Brinig & Associates; and Jassoy, Graff, & Douglas, CPAs. Previously Dr. Willoughby was also the Associate Managing Director in the Los Angeles office of Kroll, Inc. (NASDAQ symbol KROL) - the world's largest risk consulting company.

## CERTIFICATE OF SERVICE

I, Jeannie Martinez, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 660 Newport Center Drive, 4th Floor, Newport Beach, California 92660, in said County and State.  On November 20, 2007 I served the following document:  **APPLICATION OF COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS FOR AUTHORITY TO EMPLOY CORPORATE RECOVERY SERVICES AS ITS BUSINESS AND FINANCIAL ADVISORS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF RICHARD FEFERMAN IN SUPPORT THEREOF** on each of the interested parties as follows:

MTI Technology Corporation
Attn:  Thomas P. Raimondi, Jr., Pres. & CEO
15641 Red Hill Avenue, Suite 200
Tustin, CA 92780

U.S. Trustee's Office
Frank Cadigan, Esq.
411 West Fourth Street, #9041
Santa Ana, CA 92701

Debtor's Counsel
Clarkson, Gore & Marsella, SPLC
Scott C Clarkson, Esq.
3424 Carson St Ste 350
Torrance, CA 90503

Securities & Exchange Commission
5670 Wilshire Blvd., 11th Fl.
Los Angeles, CA 90036

Committee Chair
EMC Corporation, FedEx Custom Critical
Steven D. Saas, Esq.
c/o RMS
307 International Circle, #270
Hunt Valley, MD 21030

by the following means of service:

☒    **BY MAIL**:  I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date.  I am familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same date with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    I am employed in the office of Winthrop Couchot Professional Corporation; Robert E. Opera is a member of the bar of this court.

☒    **(FEDERAL)**    I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 20, 2007.

Jeannie Martinez

1    **COMMENTS OF THE OFFICE OF THE UNITED STATES TRUSTEE**

| | |
|---|---|
| | THE UNITED STATES TRUSTEE TAKES NO POSITION. |
| | THE UNITED STATES TRUSTEE HAS NO OBJECTION. |
| | THE UNITED STATES TRUSTEE OBJECTS AND REQUESTS A HEARING. |
| | AN OBJECTION IS RAISED AS SET FORTH BELOW. |

COMMENTS:

DATED: _____    OFFICE OF THE UNITED STATES
                                     TRUSTEE

                                     By : _____

                                     Name: _____

| | |
|---|---|
| CASE NAME: | MTI TECHNOLOGY CORPORATION |
| CASE NO. | 8:07-13347 ES |
| NAME OF DOCUMENT | Application Of Committee of Creditors Holding Unsecured Claims For Authority To Employ Corporate Recovery Services as its Business and Financial Advisors; Memorandum Of Points And Authorities And Declaration Of Richard Feferman In Support Thereof |