**SCOTT C. CLARKSON, ESQ.** SBN 143271
**EVE A. MARSELLA, ESQ.** SBN 165797
**CLARKSON, GORE & MARSELLA**
**A PROFESSIONAL LAW CORPORATION**
**3424 Carson Street, Suite 350**
**Torrance, California 90503**
**(310) 542-0111 Telephone**
**(310) 214-7254 Facsimile**

Attorneys for MTI Technology Corporation, Debtor and Debtor in Possession

FILED & ENTERED

JAN 03 2008

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Duarte    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>MTI TECHNOLOGY CORPORATION, a Delaware corporation,<br><br>    Debtor and Debtor<br>    in Possession. | Case No. SA 07-13347-ES<br><br>Chapter 11<br><br>**ORDER PURSUANT TO SECTIONS 105, 363(b), 363(f) AND 365 OF THE BANKRUPTCY CODE APPROVING ASSET PURCHASE AGREEMENT WITH NATIONAL CUSTOMER ENGINEERING, INC. AND SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS**<br><br>Date:  December 19, 2007<br>Time:  10:00 a.m.<br>Ctrm:  5A |

The motion of MTI Technology Corporation, debtor in possession in the above-captioned chapter 11 case ("Debtor" and "Case" respectively), for an order pursuant to sections 105, 363(b), 363 (f) and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") approving Debtor's agreement with National Customer Engineering, Inc. ( the "Purchase Agreement" and "NCE," respectively) (the "Motion") came on for hearing at the above time, place and location set forth above.  Eve A. Marsella, Esq., of Clarkson, Gore & Marsella, APLC, appeared on behalf of the Debtor.  Paul Couchot, Esq., of Winthrop Couchot, P.C., appeared on behalf of the official committee of creditors appointed in the Case ("Committee").  Michael R. Johnson, Esq., of Snell & Wilmer, LLP appeared telephonically on

behalf of The Canopy Group, Inc. ("Canopy"), a post-petition lender of the Debtor.

Having considered the Motion and all supporting papers; having given due consideration to the Committee's Response [to the Motion]; and after considering all relevant documents on file in the Case, as well as the arguments of counsel and representations made at the hearing on the Motion ("Hearing"); finding that notice of the Motion and the Hearing were good and sufficient under the circumstances, after due deliberation and other good and sufficient cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, EFFECTIVE IMMEDIATELY, AS FOLLOWS:**

**General Provisions.**

1. The Motion is granted.

2. All parties in interest have had the opportunity to object to the relief requested in the Motion and, to the extent that objections to the Motion, or the relief requested therein, have not been withdrawn, waived or settled, such objections and all reservations of rights included therein, are hereby overruled. The parties who did not object are deemed to have consented to the relief requested by the Debtors in the Motion pursuant to Section 363(f)(2) of the Bankruptcy Code.

**Approval of the Sale of the Purchased Assets to National Customer Engineering, Inc. and Approval of the Purchase Agreement, as Modified Herein**

3. The Purchase Agreement submitted by the Debtor entered into with National Customer Engineering, Inc. (hereinafter, the "Buyer"), as modified here, in which NCE has agreed to: purchase assets associated with Debtor's Legacy Hardware division ("Purchased Assets"); service Debtor's LHW customers ("LHW Customers"); assume Debtor's obligations under the relevant LHW contracts ("Assumed Liabilities"); pay to Debtor's chapter 11 estate ("Estate") ten percent (10%) of the revenue derived from any contracts renewed with NCE by the LHW Customers for up to one year; and pay to Debtor collections, if any, from existing receivables (the "Assets" and "Proposed Sale," respectively) is hereby approved in its entirety,

Case 8:07-bk-13347-ES    Doc 171    Filed 01/03/08    Entered 01/03/08 12:45:53    Desc
Main Document    Page 3 of 10

subject only to the modifications provided below.

4.   Paragraph 4.A.(ii) of the Purchase Agreement is hereby supplemented to include a covenant that NCE will use its commercially reasonable best efforts to try to cause LHW Customers to extend or renew the LHW contracts or to enter into new contracts with NCE.

5.   Paragraph 4.B. of the Purchase Agreement is hereby modified to include the following provision: concurrent with the timing of payments, Debtor has the right to obtain from NCE an accounting of NCE's obligations to the Debtor pursuant to the Purchase Agreement and to audit NCE's books and records as they relate to the LHW Customers to verify NCE's performance under the Purchase Agreement.

6.   Paragraph 5(C) of the Purchase Agreement is stricken.

7.   Paragraph 5(H) of the Purchase Agreement is modified to provide expressly that the Debtor maintains title to all trade names, trademarks, service marks, copyrights and other proprietary information pertaining to the LHW business, in accordance with Paragraph 5(F) of the Purchase Agreement.

8.   Paragraph 7(H) of the Purchase Agreement is hereby stricken.

9.   Paragraph 13 of the Purchase Agreement is amplified to clarify that it is subject to any information disclosed by the Debtor in connection with its obtaining Court approval of the Motion.

10.   Paragraph 24 of the Purchase Agreement is hereby superseded; any dispute will be resolved by the Bankruptcy Court.

11.   The Purchase Agreement as amended or modified here, is approved; and is deemed binding upon the parties to the Purchase Agreement, and on Canopy pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code. Upon entry of this Order, the covenants contained in the Purchase Agreement, as modified herein, shall be fully enforceable by the parties to the Purchase Agreement in accordance with and subject to the terms and conditions of the Purchase Agreement.

Order on Motion to Sell Certain of Debtor's Asset to NCE
3

12. The Debtor is authorized, empowered and directed, pursuant to Sections 105(a), 363, and 365 of the Bankruptcy Code, to perform all of its obligations under the Purchase Agreement and to execute and deliver such other documents and instruments and take such other actions as are reasonably necessary to effectuate the transactions contemplated by the Purchase Agreement and this Order (the "Closing").

**<u>Transfer of the Purchased Assets to the Buyer</u>**.

13. The transfer of the Purchased Assets, subject to the Assumed Liabilities, pursuant to this Order and the Purchase Agreement (the "Sale"), will vest the Buyer with good title to the Purchased Assets and the Assumed Liabilities and will be a legal, valid and effective transfer of the Purchased Assets free and clear of all defects or imperfections in title, encumbrances, interests, claims, pledges, security interests, leases, subleases, licenses, options, rights of first refusal, covenants, conditions, proxies, voting trusts or agreements or transfer restrictions under any agreement, and any and all rights, claims and interests of any nature whatsoever that may be asserted by any person, other than the Debtor, including without limitation, pursuant to that certain Order entered by this Court authorizing the Debtor's secured post-petition financing on a super-priority basis docketed November 13, 2007 (the "DIP Order") by Canopy, with all of the foregoing collectively defined as "Interests," within the meaning of section 363(f) of the Bankruptcy Code, with all such Interests to attach solely and exclusively to the revenues, if any, generated from the Sale with the same validity, priority, force, effect and extent as such Interests existed against the Purchased Assets immediately prior to the Closing.

14. All entities (as defined in the Bankruptcy Code) holding Interests in the Purchased Assets shall be, and they hereby are, forever barred from asserting such Interests against the Buyer, its successors and assigns or the Purchased Assets after the Closing.

15. The Court expressly finds that the Buyer has acted in good faith; and is deemed a "good faith purchaser" under section 363(m) of the Bankruptcy Code.

**Assumption of Assumed Liabilities**.

16. The Buyer's assumption of the Assumed Liabilities is approved pursuant to 11 U.S.C. Sections 105, 363, and 365.

17. No cure amounts are required to be paid by the Debtor to the Buyer at the Closing in order to effectuate the Buyer's assumption of the Assumed Liabilities to the Buyer.

**Other Provisions.**

18. Absent a timely stay of this Order, its effect will not be affected by the outcome of any appeal from this Order.

19. This Order shall be binding on any trustee appointed in the Case or in any converted case under chapter 7 of the Bankruptcy Code. Nothing contained in any plan of reorganization proposed in the Case ("Plan"), or any order confirming the Plan shall conflict with or derogate from the provisions of the Purchase Agreement or this Order.

20. Any conflict between the terms and provisions of this Order and the Purchase Agreement shall be resolved in favor of this Order.

21. The Debtor is authorized and directed to perform each and all of its obligations under the Purchase Agreement prior to Closing without further order of the Court.

22. The Sale is hereby approved free of transfer or similar taxes pursuant to section 1146(c).

23. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). As provided by Bankruptcy Rule 7062, this Order shall be effective and enforceable immediately. The provisions of Bankruptcy Rules 6004(h) and 6006(d) staying the effectiveness of this Order for 10 days are hereby waived, and this Order shall be effective, and the parties may consummate the transactions contemplated by the Purchase Agreement, immediately upon entry of this Order. The parties to the Purchase Agreement shall be authorized to close the sale as soon as possible consistent with the terms of the Purchase Agreement.

Order on Motion to Sell Certain of Debtor's Asset to NCE

1  **IT IS SO ORDERED.**

2                                      ###

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  DATED: January 3, 2008                    *Erithe A. Smith*

27                                      _____
                                        United States Bankruptcy Judge
28

Order on Motion to Sell Certain of Debtor's Asset to NCE

6

1 | Approved as to form and content:

2 | Dated: December 21, 2007        **SNELL & WILMER, LLP**

3

4 |                                 By:_____/S/_____
                                    Michael R. Johnson, Esq.
5 |                                 Attorneys for Canopy

6

7 | Approved as to form only:

8 | Dated: December 21, 2007        **WINTHROP COUCHOT, P.C.**

9

10 |                                By:_____/S/_____
                                    Robert Opera, Esq.
                                    Richard Golubow, Esq.
11 |                                Attorneys for the Official Committee of Unsecured Creditors

12

13

14 | Approved as to form and content:

    | Dated: December 21, 2007       **NATIONAL CUSTOMER ENGINEERING,**
15 |                                 **INC.**

16

17 |                                 By:_____/S/_____
                                    Keith Ranson
18 |                                 CFO, National Customer Engineering, Inc.

19

20

21

22

23

24

25

26

27

28

Order on Motion to Sell Certain of Debtor's Asset to NCE

7

## **PROOF OF SERVICE**

STATE OF CALIFORNIA,

COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 3424 Carson Street, Suite 350, Torrance, California, 90503.

     On **December 21, 2007** I served the foregoing document described as: **ORDER PURSUANT TO SECTIONS 105, 363(B), 363(F) AND 365 OF THE BANKRUPTCY CODE APPROVING ASSET PURCHASE AGREEMENT WITH NATIONAL CUSTOMER ENGINEERING, INC. AND SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS** on the interested parties in this action by placing the original thereof enclosed in a sealed envelope and by causing such envelope with postage thereon fully prepaid to be placed in the United States mail, at Torrance, California, addressed as follows:

     See Service List Attached

[**X**]   **(BY MAIL)** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Torrance, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **December 21, 2007**, at Torrance, California.

[X]   Federal:   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                                                            /S/
                                         Michelle Carpenter

Order on Motion to Sell Certain of Debtor's Asset to NCE

8

|    |                                                          |
|----|----------------------------------------------------------|
| 1  |                                                          |
| 2  | MTI Technology Corporation                               |

MTI Technology Corporation
Attn.: Thomas P. Raimondi, Jr
15641 Red Hill Ave., Suite 200
Tustin, CA  92780

United States Trustee
Attn.: Frank Cadigan
Terry Biers
411 West Fourth Street, Suite 904
Santa Ana, CA 92701-4593

Robert Opera, Esq.
Winthrop Couchot, P.C.
660 Newport Center Drive, 4th Floor
Newport Beach, CA  92660

Order on Motion to Sell Certain of Debtor's Asset to NCE

## SERVICE LIST FOR ENTERED ORDER

| **SERVED ELECTRONICALLY** | **SERVED BY U.S. MAIL** |
|---|---|
| Clarkson, Gore & Marsella<br>3424 Carson Street, Suite 350<br>Torrance CA  90503<br><br>Robert Opera, Esq.<br>Winthrop Couchot, P.C.<br>660 Newport Center Drive, 4th Floor<br>Newport Beach, CA  92660<br><br>United States Trustee<br>Attn.: Frank Cadigan<br>Terry Biers<br>411 West Fourth Street, Suite 904<br>Santa Ana, CA 92701-4593<br><br>Robert L. Eisenbach III<br>Cooley Godward Kronish LLP<br>101 California Street, 5th Floor<br>San Francisco, CA  94111-5800 | MTI Technology Corporation<br>Attn.: Thomas P. Raimondi, Jr<br>15641 Red Hill Ave., Suite 200<br>Tustin, CA  92780<br><br>William F. Govier<br>Bingham, McCutchen, LLP<br>335 S, Grand Ave.<br>Los Angeles, CA  90071<br><br>National Customer Engineering, Inc.<br>Attn: Keith I. Ranson, CFO<br>1973 Friendship Drive, Suite B<br>San Diego, CA  92020<br><br>Canopy Group<br>c/o Snell & Wilmer<br>Michael B. Reynolds, Esq.<br>600 Anton Blvd., Suite 1400<br>Costa Mesa, CA  92626<br><br>Michael R. Johnson, Esq.<br>Snell & Wilmer LLP<br>Gateway Tower West<br>15 West South Temple, Suite 1200<br>Salt Lake City, UT  84101 |

Order on Motion to Sell Certain of Debtor's Asset to NCE

10