ROBERT E. OPERA – State Bar No. 101182
RICHARD H. GOLUBOW - State Bar No. 160434
**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660

Telephone: (949) 720-4100
Facsimile:   (949) 720-4111

Counsel for the Official Committee
of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| In re: | Case No. 8:07-13347-ES |
|---|---|
| MTI TECHNOLOGY CORPORATION, a Delaware corporation, | Chapter 11 Proceeding |
| Debtor and Debtor-in-Possession. | **STIPULATION FURTHER EXTENDING TIME FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO OBJECT TO SECURED CLAIM OF WELLS FARGO BANK, NATIONAL ASSOCIATION**<br>[NO HEARING REQUIRED] |

#121308 v1 - MTI/Third Stipulation re WFB Claim

This Stipulation Further Extending Time for Official Committee of Unsecured Creditors to Object to Secured Claim of Wells Fargo Bank, National Association ("Stipulation") is entered into by and between the Official Committee of Unsecured Creditors ("Committee") for the estate of MTI Technology Corporation ("Debtor") and Wells Fargo Bank, National Association, acting through its Wells Fargo Business Credit operating division ("Wells Fargo"), based upon the following facts and circumstances:

## RECITALS

1. On October 15, 2007 ("Petition Date"), the Debtor filed a Chapter 11 petition for relief commencing this case.

2. The Committee is the duly appointed and acting official committee of creditors holding unsecured claims in the Debtor's case.

3. On November 27, 2006, the Debtor and Wells Fargo entered into that Account Purchase Agreement ("Purchase Agreement"), pursuant to which the Debtor granted to Wells Fargo a security interest in certain tangible and intangible property of the Debtor in accordance with the terms and subject to the conditions of the Purchase Agreement.

4. On November 13, 2007, this Court entered its Final Order Pursuant to Bankruptcy Code Sections 105, 361, 362, 363 and 364 (I) Authorizing Secured Post-Petition Financing on a Super-Priority Basis; (II) Authorizing Use of Cash Collateral; (III) Approving Agreements Related to the Foregoing; (IV) Modifying Automatic Stay; and (V) Granting Adequate Protection to Pre-Petition Lenders and Related Relief ("Financing Order"). Pursuant to the Financing Order, the Debtor granted to Wells Fargo perfected, post-petition security interests and liens on the Wells Fargo Adequate Protection Collateral, as such term is defined in the Financing Order.

5. The Financing Order provides that the Committee will have a period of ninety (90) days after the date of entry of the Financing Order within which to challenge Wells Fargo's claims and asserted security interests. Therefore, February 11, 2008 was the last day for the Committee to challenge Wells Fargo's secured claim and asserted security interests.

6. The Committee, through its counsel, performed an analysis of Wells Fargo's secured claim, and, based thereon, believes that grounds exist to object to Wells Fargo's secured

1  claim, and to recover payments made to or collected by Wells Fargo in connection with the
2  Purchase Agreement. Wells Fargo believes that its secured claim is valid and enforceable and
3  denies that any grounds exist for the Committee to object to Wells Fargo's secured claim or to
4  recover any payments made to or collected by Wells Fargo in connection with the Purchase
5  Agreement.

6      7.  In order to allow time sufficient for the Committee and Wells Fargo to assess their
7  respective positions with respect to Wells Fargo's secured claim and to avoid what could be
8  expensive and unnecessary litigation, the Committee requested, and Wells Fargo agreed, that the
9  time for the Committee to assert any objection to Wells Fargo's secured claim would be extended
10  from February 11, 2008 through and including March 12, 2008.

11      8.  On February 8, 2008, the Committee and Wells Fargo entered into that Stipulation
12  for Extension of Time for Official Committee of Unsecured Creditors to Object to Secured Claim
13  of Wells Fargo Bank, National Association ("First Stipulation"), extending from February 11,
14  2008 to March 12, 2008, the time for the Committee to assert any objection to Wells Fargo's
15  secured claim. On February 21, 2008, the Court entered its Order granting the First Stipulation.

16      9.  On March 11, 2008, the Committee and Wells Fargo entered into that Stipulation
17  Further Extending Time for Official Committee of Unsecured Creditors to Object to Secured
18  Claim of Wells Fargo Bank, National Association ("Second Stipulation"), extending from March
19  12, 2008 to March 26, 2008, the time for the Committee to assert any objection to Wells Fargo's
20  secured claim. On March 13, 2008, the Court entered its Order granting the Second Stipulation.

21      10.  Since the execution of the Second Stipulation, the Committee and Wells Fargo
22  have made substantial progress toward reaching an agreement resolving their disputes relative to
23  the Committee's challenge to the validity and enforceability of Wells Fargo's secured claim,
24  subject to documentation of such agreement. In order to allow time sufficient for the Committee
25  and Wells Fargo to finalize the terms of such agreement, the Committee has requested, and Wells
26  Fargo has agreed, that the time for the Committee to assert any challenge to Wells Fargo's secured
27  claim be extended from March 26, 2008 through and including April 2, 2008.
28

1  NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of
2  which are acknowledged by the parties, the parties, by and through their counsel of record, hereby
3  stipulate and agree as follows:

4  **STIPULATION**

5  1.   The Recitals stated above are hereby incorporated by reference into this Stipulation
6  as if set forth in it at length and are an integral part of this Stipulation.

7  2.   The time for the Committee to assert any challenge to Wells Fargo's secured claim
8  and asserted security interests is hereby extended from March 26, 2008 through and including
9  April 2, 2008.

10  3.   No notice or Court appearance shall be necessary to effectuate the foregoing.

11  DATED: March 25, 2008           **WINTHROP COUCHOT**
12                                   **PROFESSIONAL CORPORATION**

13                                   By: /s/ Richard H. Golubow
                                         Robert E. Opera
14                                       Richard H. Golubow
                                     Counsel for the Official Committee of Unsecured
15                                   Creditors

16
    DATED: March 25, 2008           **LAW OFFICE OF SUSAN LINSLEY**
17                                   **MARTINEAU**

18                                   By: /s/ Susan Linsley Martincau
19                                       Susan Linsley Martincau
                                     Counsel of Record to Wells Fargo Bank, National
20                                   Association

-4-

#121308 v1 - MTI Third Stipulation re WFB Claim

## CERTIFICATE OF SERVICE

I, Viann Corbin, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; and my business address is 660 Newport Center Drive, Fourth Floor, Newport Beach, California 92660, in said County and State.

On March 25, 2008, I served the following document(s): **STIPULATION FURTHER EXTENDING TIME FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO OBJECT TO SECURED CLAIM OF WELLS FARGO BANK, NATIONAL ASSOCIATION** on each of the interested parties as follows:

| | |
|---|---|
| **Via First Class Mail**<br>MTI Technology Corporation<br>Attn: Thomas P. Raimondi, Jr., Pres. & CEO<br>15641 Red Hill Avenue, Suite 200<br>Tustin, CA 92780 | **Debtor's Counsel:**<br>Clarkson, Gore & Marsella, SPLC<br>Scott C Clarkson, Esq.<br>3424 Carson St Ste 350<br>Torrance, CA 90503<br>sclarkson@lawcgm.com |
| **United States Trustee's Office**<br>Frank Cadigan, Esq.<br>411 W Fourth St., Suite 9041<br>Santa Ana, CA 92701-4593<br>Frank.cadigan@usdoj.gov | Wells Fargo Bank<br>c/op Susan Linsley Martineau<br>12151 Spruce St.<br>Denver, CO 80602<br>smartineau@martineau-law.com |
| John S. Cronin<br>6300 Station Mill Dr.<br>Norcross, GA 30092<br>compnology@comcast.net | Steven D. Saas, Esq.<br>9690 Deereco Rd.<br>Timonium, MD 21093<br>steven.sass@rmsna.com |
| **Committee Member:**<br>CCS Computer Configuration Services<br>Al Grasso<br>2532 White Road<br>Irvine CA 92614<br>al@ccseservers.com | **Business and Financial Advisors to the Committee:**<br>Richard Feferman, CIRA<br>Corporate Recovery Associates<br>3830 Valley Center Dr.<br>PMB 705-152<br>San Diego, CA 92130<br>bankruptcy@mac.com |

by the following means of service:

| | |
|---|---|
| ☒ | **BY MAIL**: I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. Under that practice, it would be deposited with the U.S. Postal Service on that same date with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |
| ☒ | **BY ELECTRONIC MAIL**: On the date set forth above, from Newport Beach, California, I caused each such document to be transmitted electronically to the parties at the e-mail address indicated above. To the best of my knowledge, the transmission was reported as complete, and no error was reported that the electronic transmission was not completed. A return receipt was requested at the time of the transmission of each such document and I did not receive a notice of failure of receipt of each such document. |
| ☒ | I am employed in the office of Winthrop Couchot Professional Corporation. Richard H. Golubow is a member of the bar of this Court. |
| ☒ | **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct. |

Executed on March 25, 2008, at Newport Beach, California.

/s/ Viann Corbin
Viann Corbin

Initials