BUCHALTER NEMER
    DENISE H. FIELD (SBN: 111532)
    CRAIG C. CHIANG (SBN: 209602)
    BRIAN T. HARVEY (SBN: 238991)
A Professional Corporation
333 Market Street, 25th Floor
San Francisco, CA 94105-2126
Telephone: (415) 227-0900
Facsimile: (415) 227-0770
Email: cchiang@buchalter.com

Attorneys for
Dell Financial Services, L.L.C.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>MTI TECHNOLOGY CORPORATION,<br><br>    Debtor and Debtor in Possession. | Case No. SA 07-13347-ES<br><br>Chapter 11<br><br>**DELL FINANCIAL SERVICES, L.L.C.'S MOTION FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS** |

    1.    Dell Financial Services, L.L.C. ("DFS"), files this its Motion for Allowance and Immediate Payment of Administrative Expense Claims (the "Motion"), and in support hereof, DFS respectfully shows the Court as follows:

## JURISDICTION

    2.    Under 28 U.S.C. §§ 1334 and 157, the Court has jurisdiction over this Motion and relief requested herein. Pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O), this Motion presents a core proceeding. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

    3.    Between May 30, 2004 and October 17, 2006, MTI Technology Corporation (the "Debtor") entered into thirteen separate lease agreements (collectively, the "Leases") with DFS

1  under which the Debtor leased computer equipment, peripherals, and related products
2  (collectively, the "Equipment") from DFS.[1]

3    4.    The Leases created obligations for the Debtor aside from monthly rental
4  obligations. Specifically, the Leases required the Debtor to protect the Equipment, maintain
5  insurance on the Equipment against theft, loss, or destruction, and upon termination of the Leases
6  promptly return the Equipment to DFS.

7    5.    On October 15, 2007 (the "Petition Date"), the Debtor filed a voluntary petition for
8  relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The
9  Debtor has remained in possession of its assets and continues to operate as a debtor in possession.

10    6.    On December 18, 2007 (the "Effective Rejection Date"), this Court entered an
11  order granting the Debtor's motion to reject the Leases. (*See* Docket No. 143.) Thereafter, DFS
12  diligently attempted to recover the Equipment from the Debtor. To that end, DFS and
13  representatives of the Debtor made arrangements for DFS to retrieve the Equipment from the
14  Debtor's premises. As of the date of this filing, however, the Debtor has returned only a small
15  portion of the Equipment to DFS. The unreturned Equipment is identified on Exhibit "A"
16  attached hereto. The value of the unreturned Equipment is $78,555.50.

17    7.    Moreover, as set forth in the Leases, the Debtor was obligated to make monthly
18  rental payments to DFS. The Debtor has failed to pay DFS the amounts due under the Leases
19  from the Petition Date to the Effective Rejection Date. $11,954.94 is due under the Leases for
20  this period. Pursuant to 11 U.S.C. §§ 507(a)(1) and 503(b)(1)(A), DFS is entitled to an
21  administrative claim for the Debtor's post petition use and retention of the Equipment.

22  **RELIEF REQUESTED**

23  A.    **DFS is Entitled to an Administrative Claim for Unpaid Post-Petition Rents**

24    8.    By this Motion, DFS respectfully requests that this Court enter an order that allows
25  and requires payment of its claim for the unpaid post-petition lease payments due under the Leases

---

[1] The Leases are identified in and attached as Exhibit B to the Debtor's Motion to Reject Executory Contracts and Leases with: (1) CIT Technology Financing Services, Inc.; (2) Dell Financial Services, L.P.; and (3) Needham & Company [Docket No. 107] filed on November 28, 2007, and are incorporated herein for all purposes.

as an administrative expense claim pursuant to 11 U.S.C. §§ 507(a)(1) and 503(b)(1)(A).

9. The Bankruptcy Code allows administrative expense claims for the "actual, necessary costs and expenses of preserving the estate, . . . ." 11 U.S.C. 11 § 503(b)(1)(A). The Bankruptcy Code further provides that administrative expense claims allowed under Section 503(b) have first priority. 11 U.S.C. § 507(a)(1).

10. DFS' claim for unpaid rents from the Petition Date until the Effective Rejection Date is an administrative expense claim pursuant to §§ 503(b)(1)(A) and 507(a)(1) of the Bankruptcy Code because it was incurred by the Debtor's estate and has preserved and added value to the estate. The Debtor benefited from the use of the Equipment prior to rejection of the leases. The amount of unpaid rent that accrued under the Leases from the Petition Date to the Effective Rejection Date is $11,954.94, and DFS is entitled to an administrative claim for this amount.

## B. DFS is Entitled to an Administrative Claim for the Value of the Unreturned Equipment

11. The Leases require that the Debtor preserve and protect the Equipment and maintain it in good repair, condition, and functional order. Moreover, under the Leases, the Debtor is "responsible for any loss, theft, damage to or destruction of the [Equipment] from any cause at all."

12. Despite the express requirement under the Leases that the Debtor preserve and protect the Equipment and return it to DFS upon termination of the Leases, the Debtor has failed to fulfill these lease obligations, as evidenced by its loss and/or failure to return the Equipment to DFS.[2]

13. At a minimum, the Debtor's failure to comply with its post-petition lease obligations to preserve, protect, and return the Equipment entitles DFS to an administrative claim in the mount of $78,555.50 for the value of the unreturned Equipment.

---

[2] The Leases further require the Debtor to provide and maintain insurance coverage against the loss, theft of, or damage to the Equipment. Therefore, in the event that the Equipment has been lost, stolen, or damaged, such that the Debtor is unable to locate and/or return the Equipment to DFS as required under the Leases, the Debtor would be entitled, assuming it maintained insurance as required under the Leases, to an insurance claim for such loss, theft, or damage.

14.     DFS is also entitled to an administrative claim for the value of the unreturned Equipment because the Debtor's failure to return the Equipment to DFS constitutes a post-petition tort and/or violation of its obligations. Specifically, DFS is the owner of the Equipment. The Leases merely authorized the Debtor to use and possess the Equipment in accordance with the terms of the Leases. Thus, the Debtor's unauthorized post-petition failure to return the Equipment without DFS' consent constitutes conversion or otherwise violates DFS' rights to the Equipment.

15.     It is well-settled that a party damaged by a debtor's post-petition tort is entitled to an administrative expense claim. *See, e.g., Reading Co. v. Brown*, 391 U.S. 471, 477 (1968) (concluding that party damaged by fire caused by trustee's negligence was entitled to administrative priority claim because of "one important, and here decisive, statutory objective: fairness to all persons having claims."). Here, the Debtor's extra-contractual conversion of the Equipment has damaged DFS in an amount of no less than $78,555.50 for the value of the unreturned Equipment, and it would be fundamentally unfair to deny DFS administrative priority. *See, e.g., In re Women First Healthcare, Inc.*, 332 B.R. 115, 123 (Bankr. D. Del. 2005) (granting administrative claim based on debtor's post-petition negligent misrepresentations made in connection with bid procedures order and sale motion and holding that even in a Chapter 11 liquidation case, "[s]o long as the activity of the Debtor was in furtherance of its case, . . . a tort committed by it can generate an administrative claim under *Reading* if fundamental fairness requires").

16.     For the foregoing reasons, DFS is entitled to an administrative claim in the amount of $78,555.50, the value of the unreturned Equipment.

C.     **Request for Immediate Payment of Administrative Claims**

17.     DFS also requests an order requiring that the Debtor immediately pay DFS these administrative claims in the total amount of $90,510.44. The Court has broad discretion to issue orders necessary to "carry out the provisions of this title" and the determination of when an administrative claim is to be paid is within the discretion of the Court. 11 U.S.C. § 105(2); *In re Verco Indus.*, 20 B.R. 664, 665 (B.A.P. 9th Cir. 1982); *see also In re Kaiser Steel Corp.*, 74 B.R.

885, 891 (Bankr. D. Colo. 1990) (allowing entry of an order authorizing interim payments to be made on allowed administrative claims). Under the circumstances of this case, it would also be inequitable to permit the Debtor to further delay payment of these claims.

18.  In the alternative, after allowing DFS' administrative expense claim pursuant to Bankruptcy Code § 503(b)(1)(A), the Court should order the Debtor to immediately pay DFS' administrative claim on a showing that the Debtor is administratively solvent. *See In re Amber Stores, Inc.*, 193 B.R. 819, 825 (Bankr. N.D. Tex. 1996) (stating that the court could order immediate payment where there are sufficient assets in the estate to pay administrative expenses in full). Currently, there is no reason to believe that the Debtor is administratively insolvent. DFS submits that if the Court were to compel the Debtor to timely pay DFS' administrative claim and if it later becomes clear that the Debtor is administratively insolvent, then DFS would be willing to disgorge whatever portion of the compelled payment was necessary for it to retain only a pro rata share of its administrative expense equal to the proportion paid to other claimants in that class, so long as all holders of administrative claims, including Debtor's counsel, received like treatment. *Id.*

WHEREFORE, Dell Financial Services, LLC respectfully requests the Court to enter an order (i) allowing its post-petition administrative expense claim in the amount of $11,954.94 for unpaid rents accrued from the Petition Date through the Effective Rejection Date; (ii) allowing its post-petition administrative expense claim in the amount of $78,555.50 for the unreturned Equipment; (iii) ordering immediate payment of these administrative claims; and (iv) granting DFS such other and further relief to which it may be entitled.

DATED: April 3, 2008                                 BUCHALTER NEMER
                                                     A Professional Corporation


                                                     By:  /s/ Craig Chiang
                                                          CRAIG C. CHIANG
                                                     Attorneys for Dell Financial Services, L.L.C.