FILED
APR - 3 2008
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY

**SCOTT C. CLARKSON, ESQ. SBN 143271**
**EVE A. MARSELLA, ESQ. SBN 165797**
**CLARKSON, GORE & MARSELLA**
**A PROFESSIONAL LAW CORPORATION**
**3424 Carson Street, Suite 350**
**Torrance, California 90503**
**(310) 542-0111 Telephone**
**(310) 214-7254 Facsimile**

Attorneys for MTI Technology Corporation, Debtor in Possession

ENTERED
APR 07 2008
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

LODGED
2008
APR - 2 2008
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>**MTI TECHNOLOGY CORPORATION**, a Delaware corporation,<br><br>Debtor in Possession. | Case No. 8:07-bk-13347-ES<br><br>Chapter 11<br><br>**ORDER SETTING DEADLINES FOR FILING PROOFS OF CLAIM AND PROOFS OF INTEREST**<br><br>Date: [No hearing required – LBR 9013-1(g)]<br>Time:<br>Ctrm: 5-A |

The United States Bankruptcy Court having considered the motion of the debtor in possession, MTI Technology Corporation, a Delaware corporation (the "Debtor"), for entry of an order: (1) fixing the deadlines[s] for filing proofs of claim in the Debtor's Chapter 11 case ("Case"), pursuant to Rule 3003 of the Federal Rules of Bankruptcy Procedure ("FRBP"), and (2) setting a deadline for the filing of objections, if any, to claims asserted in the Case pursuant to Rule 3007 of the FRBP ("Motion") and finding that no opposition to the Motion has been filed and that a hearing on the Motion is not required, for good cause, hereby

**GRANTS** the Motion, as modified hereby, and establishes the following deadlines, restrictions and requirements applicable to claims and interests asserted in the Case.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that:

**I.     Bar Date.**

a.    Except as set forth expressly herein to the contrary, the bar date for filing proofs of claim and proofs of interest is June 18, 2008 ("Bar Date").

b.    The Debtor has withdrawn its request to set a deadline for filing objections to claims, and no such deadline is set in the Case at this time.

c.    The Bar Date does not apply to the claims of professionals or obligations owed to the Office United States Trustee.

**II.    Claims Arising From the Rejection Of Unexpired Leases And Executory Contracts.**

a.    Claims arising from the rejection, prior to the entry of this Order, of any unexpired lease of real property or lease of personal property (including equipment) of the Debtor pursuant to section 365 of the Bankruptcy Code, whether pursuant to motion or by operation of law ("Rejection"), must be filed by the Bar Date.

b.    Any claim arising from the Rejection of any unexpired lease of real property or lease of personal property (including equipment) of the Debtor, which occurs after this Order is entered must be filed by the later of (i) the Bar Date, or (ii) the thirtieth (30th) calendar day after entry of the order approving the Rejection.

c.    Claims arising from the Rejection, prior to the entry of this Order, of any executory contract pursuant to section 365 of the Bankruptcy Code must be filed by the Bar Date.

d.    Any claim arising from the Rejection of any executory contract which occurs after this Order is entered must be filed by the later of (i) the Bar Date, or (ii) the thirtieth (30th) calendar day after entry of the order approving the Rejection.

**III.   Additional Provisions.**

a.    Any creditor or equity security holder whose claim or interest is not listed in the Schedules of Assets and Liabilities ("Schedules") filed by the Debtor on October 15, 2007

("Petition Date"), or whose claim or interest is listed in the Schedules as disputed, contingent, or unliquidated, must file a proof of claim or proof of interest by no later than the Bar Date.

b. Any creditor or equity security holder whose claim or interest is listed in the Schedules in an amount which the creditor or equity security holder believes to be incorrect, or who disagrees with the category of the claim (secured, priority, general unsecured, etc.) listed in the Schedules, must file a proof of claim or proof of interest by no later than the Bar Date, or such creditor or equity security holder shall be bound by the amount and category of its claim or interest listed in the Schedules.

c. All proofs of claim or proofs of interest must be served by mail, concurrently with the filing thereof, upon the Debtor's counsel, Eve A. Marsella, Esq. of Clarkson, Gore & Marsella, APLC, 3424 Carson Street, Suite 350, Torrance, California 90503, and upon counsel for the Official Committee of Unsecured Creditors, Robert E. Opera, Esq. of Winthrop Couchot Professional Corporation, 660 Newport Center Drive, Fourth Floor, Newport Beach, CA 92660.

d. Any creditor or equity security holder who desires to rely on the Schedules has the responsibility for determining that its claim or interest is listed accurately in the Schedules.

**IV. Notice of the Bar Dates.**

The form of the Notice of the Bar Date ("Bar Date Notice"), appended as Exhibit A hereto is APPROVED. The Debtor shall cause Omni Management, its employed claims register agent, to mail, within ten (10) days after entry of this Order, the Bar Date Notice to the following entities: (i) all creditors and equity security holders listed in the Schedules; (ii) all creditors and equity security holders who have filed claims or interests since the Case was commenced; (iii) all parties who have requested special notice in the case; and (iv) all other parties in interest as required by Bankruptcy Rule 2002.

**V. Amendments of the Schedules.**

a. In the event of the filing of any amendment to the Schedules ("Schedules Amendment") which reclassifies a claim or interest scheduled as undisputed, liquidated or non-contingent to a claim or interest scheduled as contingent, disputed or unliquidated, or which

adds a claim or interest which was not previously listed in the Schedules and classifies such claim or interest as contingent, disputed or unliquidated, the creditor or equity security holder affected by such Schedules Amendment must file a proof of claim or proof of interest by the later of (i) the Bar Date, or (ii) the thirtieth (30th) calendar day after the mailing to such creditor or equity security holder of notice of such Schedules Amendment pursuant to Rule 1009(a) of the FRBP, or such claim or interest shall be barred by such Schedules Amendment.

b. In the event of the filing of any Schedules Amendment which reduces the liquidated amount of a scheduled, undisputed, liquidated, non- contingent claim or interest, the creditor or equity security holder affected by such Schedules Amendment must file a proof of claim or proof of interest by the later of (i) the Bar Date, or (ii) the (30th) calendar day after the mailing to such creditor or equity security holder of notice of such Schedules Amendment pursuant to Rule 1009(a) of the FRBP, or such creditor's claim or such equity security holder's interest shall be allowed only in the amount set forth in such Schedules Amendment.

c. A creditor or equity security holder shall have no right to file, after the Bar Date, any amendment to its proof of claim or proof of interest on account of any Schedules Amendment if such Schedules Amendment increases the scheduled amount of such creditor's claim or such equity security holder's interest, and does not affect adversely the treatment of the claim of such creditor or interest of such equity security holder.

d. Any amendment to a claim filed by a creditor, and any amendment to an interest filed by an equity security holder, after the Bar Date shall be disallowed to the extent that (i) such amended claim or amended interest is not based on the same facts and circumstances as the creditor's claim or equity security holder's interest filed before the Bar Date, and (ii) any increased amounts included in the amended claim or amended interest were reasonably ascertainable by the creditor or equity security holder by the time of the Bar Date.

**VI. Claims Relating to Voidable Transfers.**

A claim asserted by a creditor arising from the recovery from such creditor of a voidable transfer must be filed on or before the later of: (i) the Bar Date, or (ii) the thirtieth (30th)

calendar day after the entry of an order or judgment voiding such transfer, or such creditor's claim based thereon shall be barred.

**VII. Claim of Governmental Unit.**

The Bar Date for a governmental unit (as such term is defined in Section 101(27) of the Bankruptcy Code) to file a proof of claim is the 180th day after the Petition Date (i.e., April 14, 2008).

**VIII. Effect of Bar Date.**

Any creditor (including, without limitation, any governmental unit) or equity security holder that is required to, but that does not, file a proof of claim or proof of interest in compliance with the procedures established, and within the time period fixed, by this Order shall be forever barred from: (i) participating in any manner in the Case; (ii) voting with respect to any Plan filed in the Case; and (iii) receiving any distribution on account of such claim or interest under any confirmed Plan or otherwise in the Case. Any such creditor or equity security holder shall not be entitled to receive any further mailings or notices in the Case. Any such creditor or equity security holder shall be bound by the terms of any confirmed Plan.

Presented by:
CLARKSON, GORE & MARSELLA, APLC

By:______________________
Scott C. Clarkson
Eve A. Marsella
Bankruptcy Counsel to MTI Technology Corporation, Chapter 11 Debtor and Debtor in Possession

WINTHROP COUCHOT PROFESSIONAL CORPORATION

By:______________________
Robert Opera
Richard Golubow
Attorneys for Official Committee of Unsecured Creditors

**IT IS SO ORDERED.**

Dated: April 3, 2008

HONORABLE ERITHE A. SMITH
UNITED STATES BANKRUPTCY JUDGE

Order Setting Deadline for Filing Proofs of Claim
6

# EXHIBIT "A"

**NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM AND PROOFS OF INTERESTS IN RE MTI TECHNOLOGY CORPORATION SA 07-13347-ES**

On April __, 2008, the United States Bankruptcy Court for the Central District of California entered an Order on Motion for Order Setting Bar Dates [etc.] ("Bar Date Order"). The Bar Date Order sets the Bar Date – the last day for you to file a proof of claim or proof of interest against MTI Technology Corporation, debtor in possession in the above-referenced chapter 11 case ("Debtor" and "Case" respectively). If you have previously done business with, or come into contact with, the Debtor or are a present or former shareholder of the Debtor, you may have a claim or interest in the Case. This notice sets forth certain deadlines for filing proofs of claims and proofs of interests. This notice may be deemed adequate even if you do not receive direct notice of these deadlines.

**Please read this notice carefully to ascertain whether these deadlines apply to you.**

Except as set forth expressly to the contrary in this Notice, the Bar Date for filing proofs of claim for creditors and proofs of interest for equity security holders is **June 18, 2008.** In order to assist in the review and reconciliation of proofs of claims and proofs of interest, copies of any invoice, statement or other document evidencing the amounts or basis of the proof of claim or proof of interest **MUST** accompany the form proof of claim or proof of interest. An original and two copies of each proof of claim or proof of interest shall be filed, by hand delivery or by mail, with the Bankruptcy Court at 411 West Fourth Street, Santa Ana, CA 92701-4593.

Any creditor whose claim is listed in the Debtor's Schedules of Assets and Liabilities which were filed on the Petition Date ("Schedules"), and whose claim was not listed as "disputed," "contingent," or "unliquidated," in the Schedules, and who agrees with the amount and category of the claim (secured, priority, general unsecured, etc.) may, but need not, file a proof of claim in the Case.

Any creditor or equity security holder whose claim, or interest is not listed in the Schedules, or whose claim or interest is listed in the Schedules as disputed, contingent, or unliquidated must file a proof of claim or proof of interest by no later than the Bar Date, or such creditor or equity security holder shall not be entitled to participate in the Case or to share in any distribution under any Chapter 11 plan ("Plan") confirmed in the Case.

Any creditor or equity security holder whose claim or interest is listed in the Schedules in an amount which the creditor or equity security holder believes to be incorrect, or who disagrees with the category of the claim (secured, priority, general unsecured, etc.) listed in the Schedules, must file a proof of claim or proof of interest by no later than the Bar Date, or such creditor or equity security holder shall be bound by the amount and category of its claim or interest listed in the Schedules.

All proofs of claim or proofs of interest must be served by mail upon the Debtor's counsel, Eve A. Marsella, Esq. of Clarkson, Gore & Marsella, APLC, 3424 Carson Street, Suite 350, Torrance, California 90503, and upon counsel for the Official Committee of

Unsecured Creditors, Robert E. Opera, Esq. of Winthrop Couchot Professional Corporation, 660 Newport Center Drive, Fourth Floor, Newport Beach, CA 92660.

Any creditor or equity security holder who desires to rely on the Schedules has the responsibility for determining that its claim or interest is listed accurately in the Schedules. The Debtor's schedules may be reviewed on line at the web site maintained by Omni Management Group at: www.omnimgt.com/files/frmDocsGen.aspx?cboclient=817&type=docket.

Claims arising prior to the date of entry of the Bar Date Order, from the rejection of any executory contract or unexpired lease of real property or personal property pursuant to Section 365 of the Bankruptcy Code, whether pursuant to motion or by operation of law ("Rejection"), must be filed by the Bar Date. Any creditor asserting a claim arising from the Rejection of any executory contract or unexpired lease of real property or personal property which occurs after the Bar Date Order is entered must file such claim by the later of (i) the Bar Date, or (ii) the thirtieth (30th) calendar day after the entry of the order approving the Rejection of such executory contract or such unexpired lease, or such creditor shall not be entitled to participate in the Case or to share in any distribution under any confirmed Plan on account of such claim.

In the event of the filing of any amendment to the Schedules ("Schedules Amendment") which reclassifies a claim or interest scheduled as undisputed, liquidated or noncontingent to a claim or interest scheduled as contingent, disputed or unliquidated, or which otherwise affects adversely the claim of a creditor or the interest of any equity security holder, or which adds a claim or interest which was not previously listed in the Schedules, the creditor or equity security holder affected by such Schedules Amendment must file a proof of claim or proof of interest by the later of (i) the Bar Date, or (ii) the thirtieth (30th) calendar day after the mailing to such creditor or equity security holder of the notice of such Schedules Amendment, or such claim or interest shall be barred by such Schedules Amendment.

A creditor or equity security holder shall have no extension of time to file a proof of claim or proof of interest if any Schedules Amendment increases the scheduled amount of an undisputed, liquidated, or noncontingent claim or interest, or otherwise does not affect adversely the treatment of the claim of such creditor or interest of such equity security holder. A creditor or equity security holder shall not be entitled to file, after the Bar Date, an "amendment" to its proof of claim or proof of interest to increase any claim or interest deemed filed by such creditor or equity security holder under Section 1111(a) of the Bankruptcy Code by virtue of the Debtor's listing of such claim or interest in the Schedules.

Any amendment to a claim filed by a creditor, and any amendment to an interest filed by an equity security holder, after the Bar Date shall be disallowed to the extent that (i) such amended claim or amended interest is not based on the same facts and circumstances as the creditor's claim or equity security holder's interest filed before the Bar Date, and (ii) any increased amounts included in the amended claim or amended interest were reasonably ascertainable by the creditor or equity security holder by the time of the Bar Date.

A claim asserted by a creditor arising from the recovery from such creditor of a voidable transfer must be filed on or before the later of: (i) the Bar Date, or (ii) the thirtieth (30th) calendar day after the entry of an order or judgment voiding such transfer, or such creditor shall

not be entitled to participate in the Case or to share in any distribution under any confirmed Plan on account of such claim.

The Bar Date for a governmental unit (as such term is defined in Section 101(27) of the Bankruptcy Code) to file a proof of claim is the 180th day after the Petition Date (i.e., April 14, 2008).

Any creditor (including, without limitation, any governmental unit) or equity security holder that is required to, but that does not, file a proof of claim or proof of interest in compliance with the procedures established, and within the time period fixed, by this Notice shall be forever barred from: (i) participating in any manner in the Case; (ii) voting with respect to any Plan filed in the Case; and (iii) receiving any distribution under any confirmed Plan. Any such creditor or equity security holder shall not be entitled to receive any further mailings or notices in the Case. Any such creditor or equity security holder shall be bound by the terms of any confirmed Plan.

Any creditor or equity security holder may also review the ORDER SETTING DEADLINES FOR FILING PROOFS OF CLAIM, which may be found at the web site maintained by Omni Management Group at: **www.omnimgt.com/files/frmDocsGen.aspx?cboclient=817&type=docket** for the full text of the order regarding the Bar Date.

**PROOF OF SERVICE**

STATE OF CALIFORNIA,

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 3424 Carson Street, Suite 350, Torrance, California, 90503.

On 4/2/08 I served the foregoing document described as: ORDER SETTING DEADLINES FOR FILING PROOFS OF CLAIM on the interested parties in this action by placing the original thereof enclosed in a sealed envelope and by causing such envelope with postage thereon fully prepaid to be placed in the United States mail, at Torrance, California, addressed as follows:

See Service List Attached

[X] **(BY MAIL)** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Torrance, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on 4/2/08 at Torrance, California.

[X] Federal: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Michelle Carpenter

MTI Technology Corporation

MTI Technology Corporation
Attn.: Thomas P. Raimondi, Jr
15641 Read Hill Ave., Suite 200
Tustin, CA 92780

United States Trustee
Attn.: Frank Cadigan
Terry Biers
411 West Fourth Street, Suite 904
Santa Ana, CA 92701-4593

Robert Opera, Esq.
Winthrop Couchot, P.C.
660 Newport Center Drive, 4th Floor
Newport Beach, CA 92660

Bingham, McCutchen, LLP
Attn.: William F. Govier
355 South Grand Ave.
Los Angeles, CA 90071

**NOTE TO USERS OF THIS FORM:**
*Physically attach this form as the last page of the proposed Order or Judgment. Do **not** file this form as a separate document.*

| In re<br>MTI TECHNOLOGY CORPORATION, a Delaware corporation<br>Debtor. | CHAPTER 11<br>CASE NUMBER: 8:07-bk-13347-ES |
|---|---|

## NOTICE OF ENTRY OF JUDGMENT OR ORDER AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

1. You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1(a)(1)(E), that a judgment or order entitled *(specify)*:

   Order Setting Deadlines for Filing Proof of Claim

   was entered on *(specify date)*: APR 0 7 2008

2. I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the persons and entities on the attached service list on (specify date): APR 0 7 2008

Dated: APR 0 7 2008

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

**By:** R. Reid
**Deputy Clerk**

*Rev. 1/01* This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California. **F 9021-1.1**

MTI Technology Corporation

MTI Technology Corporation
Attn.: Thomas P. Raimondi, Jr
15641 Read Hill Ave., Suite 200
Tustin, CA 92780

United States Trustee
Attn.: Frank Cadigan
Terry Biers
411 West Fourth Street, Suite 904
Santa Ana, CA 92701-4593

Robert Opera, Esq.
Winthrop Couchot, P.C.
660 Newport Center Drive, 4th Floor
Newport Beach, CA 92660

Bingham, McCutchen, LLP
Attn.: William F. Govier
355 South Grand Ave.
Los Angeles, CA 90071

Clarkson, Gore & Marsella, APLC
3424 Carson St., Suite 350
Torrance, CA 90503