SCOTT C. CLARKSON, ESQ. SBN 143271
EVE A. MARSELLA, ESQ. SBN 165797
CLARKSON, GORE & MARSELLA
A PROFESSIONAL LAW CORPORATION
3424 Carson Street, Suite 350
Torrance, California 90503
(310) 542-0111 Telephone
(310) 214-7254 Facsimile

Attorneys for MTI Technology Corporation

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA,

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>MTI TECHNOLOGY CORPORATION,<br>a Delaware corporation,<br><br>　　　　Debtor in Possession.<br><br>Federal Tax I.D. # 95-3601802 | Case No. SA 8:07-bk- 13347-ES<br><br>Chapter 11<br><br>**DEBTOR'S OBJECTION TO DELL FINANCIAL SERVICES, L.L.C.'S MOTION FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS** |

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE; THE CREDITORS' COMMITTEE, AND ITS COUNSEL; THE UNITED STATES TRUSTEE:

PLEASE TAKE NOTICE that MTI Technology Corporation, a Delaware corporation, the debtor in possession in the above-captioned chapter 11 case ("Debtor" and "Case"), hereby objects to Dell Financial Services, L.L.C.'s ("Dell") Motion for Allowance and Immediate Payment of Administrative Expense Claims ("Motion").

As set forth in the Motion, the Debtor leased computer equipment (the "Equipment") from Dell pursuant to certain leases (the "Leases"). The Leases were rejected post-petition, and some of the Equipment was returned to Dell. Dell now seeks an order from the Court allowing

and requiring payment on its alleged administrative claims for (1) unpaid post-petition rents due in the amount of $11,954.94 and (2) $78,555.50, which it alleges to be the value of the unreturned equipment.

As a preliminary matter, the Debtor notes that the Motion was not properly brought before the Court in any authorized manner. Moreover, the Debtor notes that the Motion is completely devoid of any evidentiary support and therefore Dell has not met its burden of proof.

As set forth in the Motion, Dell seeks allowance pursuant to 11 U.S.C. §503(b)(1)(A) (without following the requirements set forth therein), which provides, in pertinent part, as follows:

> (b) After notice and a hearing, there shall be allowed administrative expenses . . . including –
> (1)(A) the actual, necessary costs and expenses of preserving the estate. . . .

11 U.S.C. § 503(b)(1)(A).

To establish an administrative claim under this section, there must be (1) a post-petition transaction between the claimant and the estate and (2) a direct and substantial benefit to the estate. See, e.g., *Calpine Corp. v. O'Brien Envtl. Energy, Inc.*, 181 F.3d 527, 532-33 (3rd Cir. 1999); *In re Unidigital, Inc.*, 262 B.R. 283, 288 (Bankr. D. Del. 2001); *In re Mid-American Waste Sys., Inc.*, 228 B.R. 816, 821 (Bankr. D. Del. 1999); *In re DAK Indus.*, 66 F.3d 1091, 1094 (9th Cir. 1995); *Abercrombie v. Hayden Corp. (In re Abercrombie)*, 139 F.3d 755, 757 (9th Cir. 1998).

The claimant bears the burden of proving its actions conferred a benefit upon the estate. *See, e.g., O'Brien Envtl.*, 181 F.3d at 533; *In re Transamerican Natural Gas Corp.*, 978 F.2d 1409, 1416 (5th Cir. 1992) ("the burden of persuasion, by a preponderance of the evidence, remains with the movant"). Thus, Dell has the burden of proof that its claim qualifies for

1 | administrative expense priority. See, *Microsoft Corp. v. DAK Indus., Inc. (In re DAK Indus., Inc.)* 66 F.3d 1091 (9th Cir. 1995). Dell has not met this burden.

For instance, Dell asserts that the Debtor has benefited from the use of the Equipment, prior to rejection of the leases; yet, no evidentiary support for this assertion is provided. As set forth, however, in the Debtor's Motion To Reject Executory Contracts and Leases with: (1) CIT Technology Financing Services, Inc.; (2) Dell Financial Services, L.P. and, (3) Needham & Company; Declaration of Thomas Raimondi, Jr. In Support filed on November 28, 2007 (the "Rejection Motion"), the Debtor noted that, as part of its restructuring, its offices had been closed and that it had no use for the Equipment. The Equipment, then, was of no value to the Estate. Dell did not object to the Rejection Motion and an order approving the Rejection Motion was entered on December 18, 2007.

Moreover, Dell asserts that it is entitled to an administrative claim for the value of the unreturned equipment in the amount of $78,555.50. Dell does not provide any evidentiary support for the stated value amount. More importantly, however, Dell does not provide any legal justification, supported by any evidentiary and factual basis, justifying its request. Dell inappropriately accuses the Debtor of conversion without providing any evidence of same. The cases cited by Dell in the Motion are inapposite to the present Motion. They all refer to willful and active wrongdoing; none of which is alleged herein.

Accordingly, for the foregoing reasons, the Motion should be denied.

DATED: April 17, 2008

CLARKSON, GORE & MARSELLA
A Professional Law Corporation

By: /s/ [signature]
Scott C. Clarkson
Eve A. Marsella
Attorneys for MTI Technology

# PROOF OF SERVICE

STATE OF CALIFORNIA,

COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 3424 Carson Street, Suite 350, Torrance, California, 90503.

     On **April 21, 2008**, I served the foregoing document described as: **DEBTOR'S OBJECTION TO DELL FINANCIAL SERVICES, L.L.C.'S MOTION FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS** the interested parties in this action by placing the original thereof enclosed in a sealed envelope and by causing such envelope with postage thereon fully prepaid to be placed in the United States mail, at Torrance, California, addressed as follows:

     See Service List Attached

[X] (BY MAIL) As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Torrance, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **April 21, 2008**, at Torrance, California.

X____    Federal:    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Michelle Carpenter

MTI Technology Corporation

MTI Technology Corporation
Attn.: Thomas P. Raimondi, Jr
15641 Read Hill Ave., Suite 200
Tustin, CA 92780

United States Trustee
Attn.: Frank Cadigan
Terry Biers
411 West Fourth Street, Suite 904
Santa Ana, CA 92701-4593

Robert Opera, Esq.
Winthrop Couchot, P.C.
660 Newport Center Drive, 4th Floor
Newport Beach, CA 92660

Buchalter Nemer
A Professional Corporation
333 Market Street, 25th Floor
San Francisco, CA 94105-2126