**SCOTT C. CLARKSON, ESQ.** SBN 143271
**EVE A. MARSELLA, ESQ.** SBN 165797
**CLARKSON, GORE & MARSELLA**
**A PROFESSIONAL LAW CORPORATION**
**3424 Carson Street, Suite 350**
**Torrance, California 90503**
**(310) 542-0111 Telephone**
**(310) 214-7254 Facsimile**

Attorneys for MTI Technology Corporation

FILED & ENTERED

MAY 15 2008

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Duarte    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re <br><br> **MTI TECHNOLOGY CORPORATION,** <br> **a Delaware corporation,** <br><br> Debtor and <br> Debtor in Possession. | Case No. 8:07-bk-13347 ES <br><br> In a Chapter 11 Case <br><br> **ORDER PURSUANT TO SECTIONS 105, 363(b), 363(f) AND 365 OF THE BANKRUPTCY CODE APPROVING (1) AMENDED AND RESTATED CLIENT TRANSITION AGREEMENT WITH THE COLLECTIVE GROUP, LLC ; (2) SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS; AND (3) BIDDING PROCEDURES** <br><br> Date:    April 11, 2008 <br> Time:   10:30 a.m. <br> Ctrm:   5A <br>           411 West 4th Street <br>           Santa Ana, CA 92701 |

The motion of MTI Technology Corporation, debtor in possession in the above-captioned chapter 11 case ("Debtor" and "Case" respectively), for an order pursuant to sections 105, 363(b), 363 (f) and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") approving Debtor's agreement with The Collective Group, LLC ("Collective") (the "Motion") came on for hearing at the time, place and location set forth above. Eve A. Marsella, Esq., of Clarkson, Gore & Marsella, APLC, appeared on behalf of the Debtor.

Robert Opera, Esq., of Winthrop Couchot, P.C., appeared on behalf of the official committee of unsecured creditors appointed in the Case ("Committee").

Having considered the Motion, all supporting papers, including the Debtor's Supplement to Bidding Procedures and the Debtor's Second Supplement to Bidding Procedures, and after considering all relevant documents on file in the Case, as well as the arguments of counsel and representations made at the hearing on the Motion ("Hearing"); finding that notice of the Motion and the Hearing were good and sufficient under the circumstances, after due deliberation and other good and sufficient cause appearing, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED, EFFECTIVE IMMEDIATELY, AS FOLLOWS:**

**General Provisions.**

1. The Motion is granted.

2. All parties in interest have had the opportunity to object to the relief requested in the Motion and, to the extent that objections to the Motion, or the relief requested therein, have not been withdrawn, waived or settled, such objections and all reservations of rights included therein, are hereby overruled. The parties who did not object are deemed to have consented to the relief requested by the Debtor in the Motion pursuant to Section 363(f)(2) of the Bankruptcy Code.

**Approval of the Sale of the Purchased Assets to Collective and Approval of the Amended and Restated Client Transition Agreement, as Modified Herein.**

3. The Amended and Restated Client Transition Agreement entered into by and between the Debtor and Collective, attached hereto as Exhibit "1" and incorporated herein by this reference is hereby approved, subject only to the following modifications (the Amended and Restated Client Transition Agreement, as modified herein, shall be referred to herein as the "Agreement"):

(a) Collective guarantees collections of up to $160,000.00 of the outstanding accounts receivable by 90 days from the entry of this Order; and

(b) Collective fully releases the Estate of any and all liability for up to $100,000 of any administrative claim arising on or before the date of entry of this Order.

Collective acknowledges upon entry of this order and pursuant to the Agreement, Collective will assist the Debtor in the collection of the Debtor's accounts receivable. Collective shall have no right to file an administrative claim on this basis, and shall assert no offset against or defense to the amount that Collective owes to the Debtor pursuant to the Agreement. Notwithstanding the foregoing, Collective retains all rights, causes of action, and lawful setoff rights any nature whatsoever relating to or arising from any breach by the Debtor of the Debtor's obligations to Collective pursuant to the Agreement.

4.    The Agreement is binding upon the parties to the Agreement, pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code. Upon entry of this Order, the covenants contained in the Agreement shall be fully enforceable by the parties to the Agreement in accordance with and subject to the terms and conditions of the Agreement.

The Debtor is authorized, empowered and directed, pursuant to Sections 105(a), 363, and 365 of the Bankruptcy Code, to perform all of its obligations under the Agreement and to execute and deliver such other documents and instruments and take such other actions as are reasonably necessary to effectuate the transactions contemplated by the Agreement and this Order.

**Transfer of the Purchased Assets to the Buyer.**

5.    The Debtor's transfer to Collective of the assets purchased by Collective pursuant to the Agreement ("Purchased Assets"), pursuant to this Order and the Agreement (the "Sale"), will vest Collective with good title to the Purchased Assets and will be a legal, valid and effective transfer of the Purchased Assets free and clear of any interest in the Purchased Assets of an entity other than the Estate, including, without limitation, by Canopy Group, Inc. (collectively, "Interests") in accordance with the provisions of Section 363(f) of the Bankruptcy Code, with any such Interests to attach solely and exclusively to the proceeds, if any, generated from the Sale with the same validity, priority, force, effect and extent as any such Interests existed against the Purchased Assets immediately prior to the closing of the Sale ("Closing").

Case 8:07-bk-13347-ES    Doc 304    Filed 05/15/08    Entered 05/15/08 15:23:06    Desc
                          Main Document      Page 4 of 8

6. All entities holding any Interests in the Purchased Assets shall be, and hereby are, forever barred from asserting, after the Closing, any such Interests against Collective, or its successors or assigns, or against the Purchased Assets.

7. The Court expressly finds that Collective has acted in good faith and is a "good faith purchaser" under section 363(m) of the Bankruptcy Code.

**Other Provisions.**

8. In accordance with the provisions of Section 363(m) of the Bankruptcy Code, absent a timely stay of this Order, any reversal or modification on appeal of this Order shall not affect the validity of the Sale or the authorization granted by this Order.

9. This Order shall be binding on any trustee appointed in the Case or in any converted case under chapter 7 of the Bankruptcy Code. Nothing contained in any plan of reorganization proposed in the Case ("Plan"), or any order confirming the Plan shall conflict with or derogate from the provisions of the Agreement or this Order.

10. Any conflict between the terms and provisions of this Order and the Agreement shall be resolved in favor of this Order.

11. The Debtor is authorized to perform each and all of its obligations under the Agreement prior to the Closing without further order of the Court.

12. The Sale is hereby approved free of transfer or similar taxes pursuant to section 1146(c) of the Bankruptcy Code.

13. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). As provided by Bankruptcy Rule 7062, this Order shall be effective and enforceable immediately. The provisions of Bankruptcy Rules 6004(h) and 6006(d) staying the effectiveness of this Order for 10 days are hereby waived, and this Order shall be effective, and the parties may consummate the transactions contemplated by the Agreement, immediately upon entry of this Order. The parties to the Agreement shall be authorized to close the sale as soon as possible consistent with the terms of the Agreement.

Order re: Motion to Sell Certain of Debtor's Assits to
The Collective Group

1
2  **IT IS SO ORDERED.**
3                                        ###
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
DATED: May 15, 2008
25
                                        _____
                                        United States Bankruptcy Judge
26
27
28

Order re: Motion to Sell Certain of Debtor's Assits to
The Collective Group

5

**PROOF OF SERVICE**

STATE OF CALIFORNIA,

COUNTY OF LOS ANGELES

  I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 3424 Carson Street, Suite 350, Torrance, California, 90503.

  On **May 8, 2008** I served the foregoing document described as: **Order Pursuant to Sections 105, 363(b), 363(f), 365 of the Bankruptcy Code Approving (1) Amended and Restated Client Transition Agreement with The Collective Group, LLC ; (2) Sale of Assets Free and Clear of Liens, Claims and Interests; and (3) Bidding Procedures** on the interested parties in this action by placing the original thereof enclosed in a sealed envelope and by causing such envelope with postage thereon fully prepaid to be placed in the United States mail, at Torrance, California, addressed as follows:

See Service List Attached

[**X**] **(BY MAIL)** As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Torrance, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **May 8, 2008**, at Torrance, California.

[X] Federal:  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                 /S/
               Michelle Carpenter

| | |
|---|---|
| 1 | MTI Technology Corporation |
| 2 | |
| 3 | Kerry Peterson, Esq.<br>Wick Phillips, LLP<br>2100 Ross Avenue, Suite 950 |
| 4 | Dallas, TX  75201 |
| 5 | William F. Govier |
| 6 | Bingham, McCutchen, LLP<br>355 South Grand Ave.<br>Los Angeles, CA  90071 |
| 7 | |
| 8 | Robert Opera, Esq.<br>Winthrop Couchot, P.C.<br>660 Newport Center Drive, 4th Floor |
| 9 | Newport Beach, CA  92660 |
| 10 | United States Trustee<br>Attn.: Frank Cadigan |
| 11 | Terry Biers<br>411 West Fourth Street, Suite 904 |
| 12 | Santa Ana, CA 92701-4593 |
| 13 | MTI Technology Corporation<br>Attn.: Thomas P. Raimondi, Jr |
| 14 | 15641 Read Hill Ave., Suite 200<br>Tustin, CA  92780 |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

## SERVICE LIST FOR ENTERED ORDER

| **SERVED ELECTRONICALLY** | **SERVED BY U.S. MAIL** |
|---|---|
| Clarkson, Gore & Marsella<br>3424 Carson Street, Suite 350<br>Torrance CA  90503<br><br>Robert Opera, Esq.<br>Winthrop Couchot, P.C.<br>660 Newport Center Drive, 4th Floor<br>Newport Beach, CA  92660<br><br>United States Trustee<br>Attn.: Frank Cadigan<br>Terry Biers<br>411 West Fourth Street, Suite 904<br>Santa Ana, CA 92701-4593 | MTI Technology Corporation<br>Attn.: Thomas P. Raimondi, Jr<br>15641 Read Hill Ave., Suite 200<br>Tustin, CA  92780<br><br>William F. Govier<br>Bingham, McCutchen, LLP<br>335 S, Grand Ave.<br>Los Angeles, CA  90071<br><br>Kerry Peterson, Esq.<br>Wick Phillips, LLP<br>2100 Ross Avenue, Suite 950<br>Dallas, TX  75201 |

Order re: Motion to Sell Certain of Debtor's Assits to
8  The Collective Group