1  SCOTT C. CLARKSON, ESQ. SBN 143271
   EVE A. MARSELLA, ESQ. SBN 165797
2  CLARKSON, GORE & MARSELLA
   A PROFESSIONAL LAW CORPORATION
3  3424 Carson Street, Suite 350
   Torrance, California 90503
4  (310) 542-0111 Telephone
   (310) 214-7254 Facsimile

Attorneys for MTI Technology Corporation, Debtor and
Debtor in Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| In re | Case No. 8:07-bk-13347-ES |
|---|---|
| MTI TECHNOLOGY CORPORATION, a Delaware corporation, | Chapter 11 |
| Debtor and Debtor in Possession. | **NOTICE OF OMNIBUS MOTION AND OMNIBUS MOTION TO DISALLOW DUPLICATE CLAIMS, SET NO. 1 OF: ATLANTA CAPITAL MANAGEMENT (CLAIM NO. 513); BELL MICROPRODUCTS (CLAIM NOS. 295 & 368); BOWNE OF LOS ANGELES, INC. (CLAIM NOS. 235 & 353); COMPNOLOGY, INC. (CLAIM NO. 478); FINITI, LLC (CLAIM NO. 509); FIREFLY COMMUNICATIONS, LLC (CLAIM NO. 239); HEWLETT PACKARD CO. (CLAIM NO. 366); LIFEBOAT DISTRIBUTION (CLAIM NO. 383); MT OLIVE PICKLES (CLAIM NOS. 254 & 369); NORR STIEFENHOFER LUTZ (CLAIM NO. 375); O'HARE CENTRE VENTURE (CLAIM NO. 469); QUAKERBRIDGE VENTURES, LLC (CLAIM NO. 370); QUANTUM CORPROATION (CLAIM NO. 237); RIVIERA HOTEL AND CASINO (CLAIM NOS. 320 & 356); STATE OF NEW JERSEY DIVISION OF TAXATION (CLAIM NO.454); AND TECHNICAL CABLE CONCEPTS (CLAIM NO. 225)** |
| | **MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS IN SUPPORT** |
| | Date: April 14, 2009<br>Time: 10:30 a.m.<br>Ctrm: 5A<br>   411 West Fourth Street<br>   Santa Ana, CA |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE THAT** pursuant to §502 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, Debtor MTI Technology Corporation ("Debtor") hereby files this first set of omnibus objections (the "Objections") to duplicate ("Duplicate") claims identified below. The Debtor objects to the following Duplicate claims[1]:

| Claimant Name | Claim Nos. | Cross-referenced with Page(s):Line(s)[2] |
|---|---|---|
| Atlanta Capital Management | Claim No. 513 | 4:14-19 |
| Bell Microproducts | Claim Nos. 295 & 368 | 4:20-26 |
| Bowne of Los Angeles, Inc. | Claim Nos. 235 & 353 | 5:1-8 |
| Compnology, Inc. | Claim No. 478 | 5:9-14 |
| Finiti, LLC | Claim No. 509 | 5:15-20 |
| Firefly Communications, LLC | Claim No. 239 | 5:21-27 |
| Hewlett Packard Co. | Claim No. 366 | 6:1-6 |
| Lifeboat Distribution | Claim No. 383 | 6:7-12 |
| Mt. Olive Pickles | Claim Nos. 254 & 369 | 6:13-19 |
| Norr Stiefenhofer Lutz | Claim No. 375 | 6:20-25 |
| O'Hare Centre Venture | Claim No. 469 | 7:1-6 |
| Quakerbridge Ventures, LLC | Claim No. 370 | 7:7-13 |
| Quantum Corproation | Claim No. 237 | 7:14-19 |
| Riviera Hotel and Casino | Claim Nos. 320 & 356 | 7:20-26 |
| State of New Jersey Division of Taxation | Claim No. 454 | 8:1-6 |
| Technical Cable Concepts | Claim No. 225 | 8:7-12 |

This notice ("Notice") contains important time-sensitive information about asserted claims against the Debtor. Please read this Notice in its entirety. This Notice explains the procedures for responding to this Objection and the consequences of failing to submit a timely response to this Objection.

Complete copies of the Claims to which objection is made (the "Disputed Claims") are attached hereto.

///

---

[1] Claims are listed alphabetically in this Notice and Objection, by entity name or last name of the claimant pursuant to Bankruptcy Rule 3007(e). Exhibits are indexed numerically by claim number pursuant to Local Bankruptcy Rule 3007-1.

[2] Pursuant to Bankruptcy Rule 3007(e) each claim in the objection is cross-referenced to the pages in the omnibus objection pertinent to the stated grounds.

1  **PLEASE TAKE FURTHER NOTICE THAT** in accordance with Local Bankruptcy
2  Rule 3007-1 the Debtor has filed multiple objections grouped in a single notice according to the
3  grounds asserted. Some Disputed Claims may be subject to objection on multiple grounds;
4  claims may be objected to on more than one basis. The Debtor expressly reserves the right to
5  object to the Disputed Claims on other and different grounds.

6  **PLEASE TAKE FURTHER NOTICE THAT** Local Bankruptcy Rule 9013-1, made
7  applicable to this Objection pursuant to Local Bankruptcy Rule 3007-1, requires that any
8  response to the Objection be filed with the Clerk of the Court, 411 West 4th Street, Santa Ana,
9  CA 92701, and served upon the attorneys for the Debtor at the address set forth in the upper left-
10 hand corner of the first page hereof, and all other interested parties, not later than 14 days prior to
11 the hearing date. The failure to timely file and serve written opposition may be deemed by the
12 Court to be consent to the granting of the relief requested in the Motion.

13 Dated: March 3, 2009

CLARKSON, GORE & MARSELLA
A Professional Law Corporation

By: _____
Scott C. Clarkson
Eve A. Marsella
Attorneys for MTI Technology Corporation

# MEMORANDUM OF POINTS AND AUTHORITIES

## OBJECTION

### I.

### PREFATORY STATEMENT

The following objections are made by the Debtor to duplicate claims. Duplicate claims are those filed by creditors which are duplicative of previously filed claims by the same creditor. By this Objection, the Debtor is seeking disallowance of the duplicate claim and seeks no determination here as to the allowance of any creditor's remaining claim.

### II.

### CLAIMS OBJECTIONS

A.   OBJECTIONS TO DUPLICATE CLAIMS

The following objections to Claims are to duplicate claims filed by a particular creditor. Copies of these claims are attached hereto for the Court's inspection.

1. Atlanta Capital Management, Claim No. 513

Claim No 446, filed June 12, 2008, in the amount of $4,549.14, filed by Atlanta Capital Management, is duplicative of Claim No. 513, filed June 18, 2008, in the amount of $4,549.14, also filed by Atlanta Capital Management [See Proof of Claim, Nos. 446 and 513 attached hereto]. Accordingly, the Debtor objects to Claim Nos. 513 in its entirety as being duplicative of Claim No. 446. (See also pages 8-11, supra, regarding legal argument relevant to objection).

2. Bell Microproducts, Claim Nos. 295 & 368

Claim No 176, filed January 25, 2008, in the amount of $4,550.00, filed by Bell Microproducts, is duplicative of Claim No. 295, filed May 12, 2008, in the amount of $4,550.00, and Claim No. 368, filed May 27, 2008, in the amount of $4,550.00, both of which were also filed by Bell Microproducts. [See Proof of Claim, Nos. 176, 295 and 368 attached hereto]. Accordingly, the Debtor objects to Claim Nos. 295 and 368 in their entirety as being duplicative of Claim No. 176. (See also pages 8-11, supra, regarding legal argument relevant to objection).

///

3. <u>Bowne of Los Angeles, Inc., Claim Nos. 235 & 353</u>

Claim No. 229, filed April 23, 2008, in the amount of $45,015.00, filed by Bowne of Los Angeles, Inc. is duplicative of Claim No. 235, filed April 23, 2008, in the amount of $45,015.00 and Claim No. 353, filed May 27, 2008, in the amount of $45,015.00, both of which were also filed by Bowne of Los Angeles, Inc. [See Proof of Claim, Nos. 229, 235, and 353, attached hereto]. Accordingly, the Debtor objects to Claim Nos. 235 and 353 in their entirety as being duplicative of Claim No. 229. (See also pages 8-11, supra, regarding legal argument relevant to objection).

4. <u>Compnology, Inc., Claim No. 478</u>

Claim No. 391 filed June 2, 2008, in the amount of $58,400, filed by Compnology, Inc. is duplicative of Claim No. 478, filed June 13, 2008, in the amount of $58,400.00, filed by Compnology, Inc. [See Proof of Claim, Nos. 391 and 478, attached hereto]. Accordingly, the Debtor objects to Claim No. 478 in its entirety as being duplicative of Claim No. 391. (See also pages 8-11, supra, regarding legal argument relevant to objection).

5. <u>Finiti, LLC, Claim No. 509</u>

Claim No. 451 filed June 12, 2008, in the amount of $55,772.50, filed by Finiti, LLC. is duplicative of Claim No. 509, filed June 18, 2008, in the amount of $55,772.50, filed by Finiti, LLC. [See Proof of Claim, Nos. 451 and 509, attached hereto]. Accordingly, the Debtor objects to Claim No. 509 in its entirety as being duplicative of Claim No. 451. (See also pages 8-11, supra, regarding legal argument relevant to objection).

6. <u>Firefly Communications, LLC, Claim No. 239</u>

Claim No. 12 filed October 31, 2007, in the amount of $42,770.36, filed by Firefly Communications, LLC is duplicative of Claim No. 239, filed April 28, 2008, in the amount of $42,770.36, filed by Firefly Communications, LLC [See Proof of Claim, Nos. 12 and 239, attached hereto]. Accordingly, the Debtor objects to Claim No. 239 in its entirety as being duplicative of Claim No. 12. (See also pages 8-11, supra, regarding legal argument relevant to objection).

1    7. <u>Hewlett Packard Co., Claim No. 366</u>

2    Claim No. 240 filed April 28, 2008, in the amount of $14,419.00, filed by Hewlett Packard Co. is duplicative of Claim No. 366, filed May 27, 2008, in the amount of $14,419.00, filed by Hewlett Packard Co. [See Proof of Claim, Nos. 240 and 366, attached hereto]. Accordingly, the Debtor objects to Claim No. 366 in its entirety as being duplicative of Claim No. 240. (See also pages 8-11, supra, regarding legal argument relevant to objection).

7    8. <u>Lifeboat Distribution, Claim No. 383</u>

8    Claim No. 6 filed October 30, 2007, in the amount of $141,091.60, filed by Lifeboat Distribution is duplicative of Claim No. 383, filed May 27, 2008, in the amount of $141,091.60, filed by Lifeboat Distribution [See Proof of Claim, Nos. 6 and 383, attached hereto]. Accordingly, the Debtor objects to Claim No. 383 in its entirety as being duplicative of Claim No. 6. (See also pages 8-11, supra, regarding legal argument relevant to objection).

13    9. <u>Mt. Olive Pickles, Claim Nos. 254 & 369</u>

14    Claim No. 19 filed November 2, 2007, in the amount of $3,967.50, filed by Mt. Olive Pickles is duplicative of Claim No. 254, filed May 2, 2008, in the amount of $3,967.50, and Claim No. 369, filed May 27, 2008, in the amount of $3,967.50, each filed by Mt. Olive Pickles [See Proof of Claim, Nos. 19, 254 and 369, attached hereto]. Accordingly, the Debtor objects to Claim Nos. 254 and 369 in their entirety as being duplicative of Claim No. 19. (See also pages 8-11, supra, regarding legal argument relevant to objection).

20    10. <u>Norr Stiefenhofer Lutz, Claim No. 375</u>

21    Claim No. 277 filed May 19, 2008, in the amount of $13,576.60, filed by Norr Stiefenhofer Lutz. is duplicative of Claim No. 375, filed May 27, 2008, in the amount of $13,576.60, filed by Norr Stiefenhofer Lutz [See Proof of Claim, Nos. 277 and 375, attached hereto]. Accordingly, the Debtor objects to Claim No. 375 in its entirety as being duplicative of Claim No. 277. (See also pages 8-11, supra, regarding legal argument relevant to objection).

///

///

### 11. O'Hare Centre Venture, Claim No. 469

Claim No. 428 filed June 9, 2008, in the amount of $29,976.95, filed by O'Hare Centre Venture is duplicative of Claim No. 469, filed June 13, 2008, in the amount of $29,976.95, filed by O'Hare Centre Venture. [See Proof of Claim, Nos. 428 and 469, attached hereto]. Accordingly, the Debtor objects to Claim No. 469 in its entirety as being duplicative of Claim No. 428. (See also pages 8-11, supra, regarding legal argument relevant to objection).

### 12. Quakerbridge Ventures, LLC, Claim No. 370

Claim No. 243 filed April 29, 2008, in the amount of $34,841.50, filed by Quakerbridge Ventures, LLC is duplicative of Claim No. 370, filed May 27, 2008, in the amount of $34,841.50, filed by Quakerbridge Ventures, LLC. [See Proof of Claim, Nos. 243 and 370, attached hereto]. Accordingly, the Debtor objects to Claim No. 370 in its entirety as being duplicative of Claim No. 243. (See also pages 8-11, supra, regarding legal argument relevant to objection).

### 13. Quantum Corproation, Claim No. 237

Claim No. 210 filed April 2, 2008, in the amount of $144,449.90, filed by Quantum Corproation is duplicative of Claim No. 237, filed April 25, 2008, in the amount of $144,449.90, filed by Quantum Corproation. [See Proof of Claim, Nos. 210 and 237, attached hereto]. Accordingly, the Debtor objects to Claim No. 237 in its entirety as being duplicative of Claim No. 210. (See also pages 8-11, supra, regarding legal argument relevant to objection).

### 14. Riviera Hotel and Casino, Claim Nos. 320 & 356

Claim No. 297 filed May 14, 2008, in the amount of $3,678.31, filed by Riviera Hotel and Casino is duplicative of Claim No. 320, filed May 14, 2008, in the amount of $3,678.31, and Claim No. 356, filed May 27, 2008, in the amount of $3,678.31, both of which were also filed by Riviera Hotel and Casino. [See Proof of Claim, Nos. 297, 320 and 356, attached hereto]. Accordingly, the Debtor objects to Claim Nos. 320 and 356 in their entirety as being duplicative of Claim No. 297. (See also pages 8-11, supra, regarding legal argument relevant to objection).

///

15. <u>State of New Jersey Division of Taxation, Claim No. 454</u>

Claim No. 396 filed June 3, 2008, in the amount of $28,571.94, filed by State of New Jersey Division of Taxation is duplicative of Claim No. 454, filed June 13, 2008, in the amount of $28,571.94, filed by State of New Jersey Division of Taxation. [See Proof of Claim, Nos. 396 and 454, attached hereto]. Accordingly, the Debtor objects to Claim No. 454 in its entirety as being duplicative of Claim No. 396. (See also pages 8-11, supra, regarding legal argument relevant to objection).

16. <u>Technical Cable Concepts, Claim No. 225</u>

Claim No. 4 filed October 29, 2007, in the amount of $4,206.60, filed by Technical Cable Concepts is duplicative of Claim No. 225, filed April 23, 2008, in the amount of $4,206.60, filed by Technical Cable Concepts. [See Proof of Claim, Nos. 4 and 225, attached hereto]. Accordingly, the Debtor objects to Claim No. 225 in its entirety as being duplicative of Claim No. 4. (See also pages 8-11, supra, regarding legal argument relevant to objection).

## III.

## FACTS[3]

MTI Technology Corporation, debtor and debtor in possession filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on October 15, 2007. Allowed claims in this bankruptcy case presently include certain claims listed on the Debtor's Schedules (the "Schedules") (not listed as unliquidated, disputed, or contingent) and claims reflected by proofs of claim filed by claim holders under §501 of the Bankruptcy Code (the "Claims"). The Debtor has reviewed the Schedules, as well as each claim filed against the Debtor's estate and has reconciled the Schedules and Claims to the Debtor's books and records.

///

///

---

[3] The information set forth in this section is supported by the annexed declaration of Scott J. Poteracki ("Poteracki Declaration").

A.    **DUPLICATE CLAIMS**

Based upon the review of the Debtor's Schedules, books and records, and the filed claims, the Debtor has determined that a number of claimants filed proofs of claims which are duplicative of previously filed proofs of claims and that the duplicative claims are subject to objection. The Duplicate claims were filed based on the same facts and circumstances as previously filed claims. The claims are recorded twice on the Claims Register. True and correct copies of the original and duplicate claims are attached hereto and marked according to the claim numbers. There is no evidence in the Debtor's books and records that the Debtor is obligated to pay these debts twice, assuming any debt is owed.

**THIS OBJECTION DOES NOT SEEK TO AFFECT THE RIGHTS OF THE CLAIMANTS' ORIGINALLY FILED CLAIM; HOWEVER, THE OBJECTION DOES REQUEST THAT EACH DUPLICATE CLAIM BE DISALLOWED IN ITS ENTIRETY.**

IV.

**ARGUMENT**

A.    THE DEBTOR IS A PROPER PARTY TO OBJECT TO CLAIMS

Pursuant to §502 of the Bankruptcy Code, the allowance or disallowance of claims must be determined by the Court after an objection is made. Section 502 of the Bankruptcy Code provides, in relevant part:

> (a) A claim ... proof of which is filed under [11 U.S.C. §501] is deemed allowed, unless a party in interest ... objects.

11 U.S.C. §502. The Debtor not only may bring objections as a party in interest, but is the party upon which devolves the duty to bring objections.

///

///

///

///

B. **THE COURT MUST DETERMINE THE ALLOWABLE AMOUNT OF A CLAIM SUBJECT TO OBJECTION.**

With certain exceptions, §502(b) of the Bankruptcy Code requires that:

> ...if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim ... as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that --
>
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured ... or
>
> (9) proof of such claim is not timely filed ...

11 U.S.C. §502(b)(1) & (9). As set forth herein and in the attached Poteracki Declaration, the Disputed Claims to which the Debtor has objected should be disallowed based on the foregoing provisions.

C. **THE CLAIMANT MUST ESTABLISH THE VALIDITY OF THE CLAIM BY A PREPONDERANCE OF THE EVIDENCE**

A properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. If objection is made to the proof of claim, the creditor has the ultimate burden of persuasion as to the validity and amount of the claims. *In re Hold*, 931 F.2d 620, 623 (9th Cir. 1991); *see also In re Pugh*, 157 B.R. 898, 901 (Bankr. 9th Cir. 1993); *In re Fidelity Mortgage Holding Company, Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988) (affirming disallowance of claim -- "the claimant must ... 'prove the validity of the claim by a preponderance of the evidence.' The ultimate burden of proof always rests upon the claimant.").

> Usually, the objector must produce evidence sufficient to: negate the prima facie validity of the filed claim. In practice, the objector must produce evidence, which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.

*Consolidated Pioneer*, 178 B.R. at 226.

But, since "the ultimate burden of persuasion is always on the claimant", the burden of proof then "reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Id.; In re Pugh*, 157 B.R. 898 (9th Cir.BAP 1993); *In re Holm*, 931 F.2d 620 (9th Cir. 1991).

The Debtor has submitted evidence, the Poteracki Declaration, to negate the prima facie validity of the Disputed Claims. Thus, the burden is on the holders of the Disputed Claims to provide admissible evidence proving the validity of their claim.

As set forth above, the Duplicate claims were filed based on the same facts and circumstances as previously filed claims. The claims are recorded twice on the Claims Register. True and correct copies of the original and duplicate claims are attached hereto and marked according to the claim numbers. There is no evidence in the Debtor's books and records that the Debtor is obligated to pay these debts twice, assuming any debt is owed.

Therefore, the Duplicate claims should be disallowed in their entirety.

## V.

## CONCLUSION

For all of the foregoing reasons, the Debtor respectfully requests that the Court enter an order disallowing the Disputed Claims attached hereto.

Dated: March ___, 2009

CLARKSON, GORE & MARSELLA
A Professional Law Corporation

By: _____
Scott C. Clarkson
Eve A. Marsella
Attorneys for MTI Technology Corporation

### DECLARATION OF SCOTT J. POTERACKI

I, Scott J. Poteracki, declare as follows:

1. I am the Chief Restructuring Officer of MTI Technology Corporation, (the "Debtor"), the Debtor in the above-captioned proceeding. Prior to the Debtor's bankruptcy filing, I was the CFO and Executive Vice President of the Debtor with direct supervisory responsibilities over the financial affairs and operations of the Debtor. I have personal knowledge of the following, or have gained such knowledge from my review of the records of the Debtor, which are obtained, created and maintained in the ordinary course of business, and if called as a witness, could and would competently testify thereto.

2. The Debtor filed a Chapter 11 petition on October 15, 2007.

3. I am personally familiar with the books and records of the Debtor as they relate to the Debtor's accounts payable as of the date of the filing of the Debtor's bankruptcy case (the "Accounts Payable Books"). The Accounts Payable Books were made by the employees of the Debtor who had a business duty to enter the records of the Debtor accurately at or near the time of the event which they record such information, by or from information transmitted by someone with personal knowledge of the event or act. To the extent that information contained in the Debtor's books and records was computer-generated, the computers used by the Debtor were generally accepted in the Debtor's industry, were in good working order at all relevant times, and the computer operator possessed the knowledge and training to operate the computer correctly.

4. Based upon the review of the Debtor's Schedules, books and records, and the filed claims, the Debtor has determined that a number of claimants filed proofs of claims which are duplicative of previously filed proofs of claims and that the duplicative claims are subject to objection. The Duplicate claims were filed based on the same facts and circumstances as previously filed claims. The claims are recorded twice on the Claims Register. True and correct copies of the original and duplicate claims are attached hereto and marked according to the claim numbers. There is no evidence in the Debtor's books and records that the Debtor is obligated to pay these debts twice, assuming any debt is owed. The Debtor objects to the following claims:

a.  Atlanta Capital Management, Claim No. 513

Claim No 446, filed June 12, 2008, in the amount of $4,549.14, filed by Atlanta Capital Management, is duplicative of Claim No. 513, filed June 18, 2008, in the amount of $4,549.14, also filed by Atlanta Capital Management [See Proof of Claim, Nos. 446 and 513 attached hereto]. Accordingly, the Debtor objects to Claim Nos. 513 in its entirety as being duplicative of Claim No. 446.

b.  Bell Microproducts, Claim Nos. 295 & 368

Claim No 176, filed January 25, 2008, in the amount of $4,550.00, filed by Bell Microproducts, is duplicative of Claim No. 295, filed May 12, 2008, in the amount of $4,550.00, and Claim No. 368, filed May 27, 2008, in the amount of $4,550.00, both of which were also filed by Bell Microproducts. [See Proof of Claim, Nos. 176, 295 and 368 attached hereto]. Accordingly, the Debtor objects to Claim Nos. 295 and 368 in their entirety as being duplicative of Claim No. 176.

c.  Bowne of Los Angeles, Inc., Claim Nos. 235 & 353

Claim No. 229, filed April 23, 2008, in the amount of $45,015.00, filed by Bowne of Los Angeles, Inc. is duplicative of Claim No. 235, filed April 23, 2008, in the amount of $45,015.00 and Claim No. 353, filed May 27, 2008, in the amount of $45,015.00, both of which were also filed by Bowne of Los Angeles, Inc. [See Proof of Claim, Nos. 229, 235, and 353, attached hereto]. Accordingly, the Debtor objects to Claim Nos. 235 and 353 in their entirety as being duplicative of Claim No. 229.

d.  Compnology, Inc., Claim No. 478

Claim No. 391 filed June 2, 2008, in the amount of $58,400, filed by Compnology, Inc. is duplicative of Claim No. 478, filed June 13, 2008, in the amount of $58,400.00, filed by Compnology, Inc. [See Proof of Claim, Nos. 391 and 478, attached hereto]. Accordingly, the Debtor objects to Claim No. 478 in its entirety as being duplicative of Claim No. 391.

///

///

  e. <u>Finiti, LLC, Claim No. 509</u>

Claim No. 451 filed June 12, 2008, in the amount of $55,772.50, filed by Finiti, LLC. is duplicative of Claim No. 509, filed June 18, 2008, in the amount of $55,772.50, filed by Finiti, LLC. [See Proof of Claim, Nos. 451 and 509, attached hereto]. Accordingly, the Debtor objects to Claim No. 509 in its entirety as being duplicative of Claim No. 451.

  f. <u>Firefly Communications, LLC, Claim No. 239</u>

Claim No. 12 filed October 31, 2007, in the amount of $42,770.36, filed by Firefly Communications, LLC is duplicative of Claim No. 239, filed April 28, 2008, in the amount of $42,770.36, filed by Firefly Communications, LLC [See Proof of Claim, Nos. 12 and 239, attached hereto]. Accordingly, the Debtor objects to Claim No. 239 in its entirety as being duplicative of Claim No. 12.

  g. <u>Hewlett Packard Co., Claim No. 366</u>

Claim No. 240 filed April 28, 2008, in the amount of $14,419.00, filed by Hewlett Packard Co. is duplicative of Claim No. 366, filed May 27, 2008, in the amount of $14,419.00, filed by Hewlett Packard Co. [See Proof of Claim, Nos. 240 and 366, attached hereto]. Accordingly, the Debtor objects to Claim No. 366 in its entirety as being duplicative of Claim No. 240.

  h. <u>Lifeboat Distribution, Claim No. 383</u>

Claim No. 6 filed October 30, 2007, in the amount of $141,091.60, filed by Lifeboat Distribution is duplicative of Claim No. 383, filed May 27, 2008, in the amount of $141,091.60, filed by Lifeboat Distribution [See Proof of Claim, Nos. 6 and 383, attached hereto]. Accordingly, the Debtor objects to Claim No. 383 in its entirety as being duplicative of Claim No. 6.

  i. <u>Mt. Olive Pickles, Claim Nos. 254 & 369</u>

Claim No. 19 filed November 2, 2007, in the amount of $3,967.50, filed by Mt. Olive Pickles is duplicative of Claim No. 254, filed May 2, 2008, in the amount of $3,967.50, and Claim No. 369, filed May 27, 2008, in the amount of $3,967.50, each filed by Mt. Olive Pickles

[See Proof of Claim, Nos. 19, 254 and 369, attached hereto]. Accordingly, the Debtor objects to Claim Nos. 254 and 369 in their entirety as being duplicative of Claim No. 19.

  j. <u>Norr Stiefenhofer Lutz, Claim No. 375</u>

  Claim No. 277 filed May 19, 2008, in the amount of $13,576.60, filed by Norr Stiefenhofer Lutz. is duplicative of Claim No. 375, filed May 27, 2008, in the amount of $13,576.60, filed by Norr Stiefenhofer Lutz [See Proof of Claim, Nos. 277 and 375, attached hereto]. Accordingly, the Debtor objects to Claim No. 375 in its entirety as being duplicative of Claim No. 277.

  k. <u>O'Hare Centre Venture, Claim No. 469</u>

  Claim No. 428 filed June 9, 2008, in the amount of $29,976.95, filed by O'Hare Centre Venture is duplicative of Claim No. 469, filed June 13, 2008, in the amount of $29,976.95, filed by O'Hare Centre Venture. [See Proof of Claim, Nos. 428 and 469, attached hereto]. Accordingly, the Debtor objects to Claim No. 469 in its entirety as being duplicative of Claim No. 428.

  l. <u>Quakerbridge Ventures, LLC, Claim No. 370</u>

  Claim No. 243 filed April 29, 2008, in the amount of $34,841.50, filed by Quakerbridge Ventures, LLC is duplicative of Claim No. 370, filed May 27, 2008, in the amount of $34,841.50, filed by Quakerbridge Ventures, LLC. [See Proof of Claim, Nos. 243 and 370, attached hereto]. Accordingly, the Debtor objects to Claim No. 370 in its entirety as being duplicative of Claim No. 243.

  m. <u>Quantum Corporation, Claim No. 237</u>

  Claim No. 210 filed April 2, 2008, in the amount of $144,449.90, filed by Quantum Corporation is duplicative of Claim No. 237, filed April 25, 2008, in the amount of $144,449.90, filed by Quantum Corporation. [See Proof of Claim, Nos. 210 and 237, attached hereto]. Accordingly, the Debtor objects to Claim No. 237 in its entirety as being duplicative of Claim No. 210.

///

n. <u>Riviera Hotel and Casino, Claim Nos. 320 & 356</u>

Claim No. 297 filed May 14, 2008, in the amount of $3,678.31, filed by Riviera Hotel and Casino is duplicative of Claim No. 320, filed May 14, 2008, in the amount of $3,678.31, and Claim No. 356, filed May 27, 2008, in the amount of $3,678.31, both of which were also filed by Riviera Hotel and Casino. [See Proof of Claim, Nos. 297, 320 and 356, attached hereto]. Accordingly, the Debtor objects to Claim Nos. 320 and 356 in their entirety as being duplicative of Claim No. 297.

o. <u>State of New Jersey, Claim No. 454</u>

Claim No. 396 filed June 3, 2008, in the amount of $28,571.94, filed by State of New Jersey is duplicative of Claim No. 454, filed June 13, 2008, in the amount of $28,571.94, filed by State of New Jersey. [See Proof of Claim, Nos. 396 and 454, attached hereto]. Accordingly, the Debtor objects to Claim No. 454 in its entirety as being duplicative of Claim No. 396.

p. <u>Technical Cable Concepts, Claim No. 225</u>

Claim No. 4 filed October 29, 2007, in the amount of $4,206.60, filed by Technical Cable Concepts is duplicative of Claim No. 225, filed April 23, 2008, in the amount of $4,206.60, filed by Technical Cable Concepts. [See Proof of Claim, Nos. 4 and 225, attached hereto]. Accordingly, the Debtor objects to Claim No. 225 in its entirety as being duplicative of Claim No. 4.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration is executed on February 27 2009, at TUSTIN, California.

Scott J. Poteracki