Main Document    Page 1 of 10

SCOTT C. CLARKSON (STATE BAR NO. 143271)
EVE A. MARSELLA (STATE BAR NO. 165797)
CLARKSON, GORE & MARSELLA
A PROFESSIONAL LAW CORPORATION
3424 CARSON STREET, SUITE 350
Telephone: (310) 542-0111
Facsimile: (310) 214-7254

Attorneys for MTI Technology Corporation
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>**MTI TECHNOLOGY CORPORATION,**<br>**a Delaware corporation,**<br><br>Debtor and Debtor in Possession. | Chapter 11<br><br>Case No. 8:07-bk-13347-ES<br><br>**MOTION FOR ORDER PURSUANT TO FED. R. BANKR. P. 9019 APPROVING:**<br><br>1. **STIPULATION FIXING CLAIM OF QUAKERBRIDGE VENTURES LLC (CLAIM NO. 243); AND**<br><br>2. **STIPULATION FIXING CLAIM OF CH REALTY IV/ROYAL CENTRE, LLC (CLAIM NO. 485)**<br><br>**DECLARATION IN SUPOPRT**<br><br>[NO HEARING REQUIRED -<br>Local Bankruptcy Rule 9013-1(g)(1)(M)] |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, AND ALL PARTIES ENTITLED TO NOTICE:**

**PLEASE TAKE NOTICE** that MTI Technology Corporation, the above-captioned debtor and debtor in possession (the "Debtor"), hereby files with the Court a motion for an Order Pursuant to Fed. R. Bankr. P. 9019 Approving: (1) Stipulation Fixing Claim of Quakerbridge Ventures LLC (Claim No. 243); and (2) Stipulation Fixing Claim of CH Realty IV/Royal Centre, LLC (Claim no. 485) (the "Motion").

1    Pursuant to Local Bankruptcy Rule 9013(g)(1)(M), the Debtor is requesting that the Court
2 approve the Motion without a hearing.
3    By this Motion, the Debtor requests the entry of an order pursuant to Federal Rule of
4 Bankruptcy Procedure 9019(a) approving the: (1) Stipulation Fixing Claim of Quakerbridge
5 Ventures LLC (Claim No. 243); and (2) Stipulation Fixing Claim of CH Realty IV/Royal Centre,
6 LLC (Claim no. 485).  A true and correct copy of each Stipulation, along with the corresponding
7 Proof of Claim, is attached thereto as **Exhibits "A"and "B"**.
8    Under the terms of the Stipulation with Quakerbridge Ventures LLC, as more fully set forth
9 in Exhibit "A", Quakerbridge Ventures LLC shall have an allowed unsecured claim in the amount of
10 $24,841.50, will retain the security deposit of $10,000 provided by the Debtor pre-petition, and will
11 waive any and all other pre and post petition claims.
12    Under the terms of the Stipulation with CH Realty IV/Royal Centre, LLC, as more fully set
13 forth in Exhibit "B", CH Realty IV/Royal Centre, LLC shall have an allowed unsecured claim in the
14 amount of $7,983.41, will retain the security deposit of $4,902.19 provided by the Debtor pre-
15 petition, and will waive any and all other pre and post petition claims.
16    The parties have engaged in good faith negotiations concerning the resolution of the parties'
17 claims. The Debtor urges the Court to approve the compromises memorialized in the Stipulations,
18 pursuant to Federal Rule of Bankruptcy Procedure 9019(a), as fair and equitable to all parties and in
19 the best interests of the Debtor's estate and creditors. The Motion is based upon this Motion, the
20 attached Memorandum of Points and Authorities and supporting Declaration, the Stipulations, the
21 Court's files in this Chapter 11 case and upon such other evidence as may be presented to the Court.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  **PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(g)(1)(I) & (M)

2  state that an order may be obtained without a hearing on motions to approve a compromise under

3  Rule 9019 of the Federal Rules of Bankruptcy Procedure, unless a hearing is specifically requested

4  within 15 days of the date of service of this Motion by filing and serving a written response and

5  request for hearing that complies with Local Bankruptcy Rule 9013-1(a)(7).

6  July 21, 2009

CLARKSON, GORE & MARSELLA, APLC

By: _____
Scott C. Clarkson
Eve A. Marsella
Counsel for MTI Technology Corporation
Debtor and Debtor in Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

### Preliminary Statement

After arms' length negotiations, the Debtor and several of its creditors have entered into Stipulations resolving the Debtor's disputes over their filed proofs of claims. For the reasons stated more fully below, the Stipulations represent fair and equitable compromises which are in the best interests of the Debtor and the creditors of the Debtor's Estate.

**A. General Information**

The Debtor filed a voluntary Chapter 11 proceeding on October 15, 2007. The Debtor has ceased operating, sold most of its significant assets and is in the process of winding down its affairs. The claims bar date was June 18, 2008. The Debtor is reviewing the filed proofs of claims and has begun the claims review/objection process.

**B. The Stipulations and Factual Background for Each**

(1)   <u>Stipulation Fixing Claim of Quakerbridge Ventures LLC (Claim No. 243)</u>

Quakerbridge Ventures LLC ("Quakerbridge") is a former landlord of the Debtor. On or about March 1, 2003, the Debtor had leased from Quakerbridge real property located at 788 Shrewsbury Avenue, Tinton Falls, New Jersey, 07724. Pursuant to the terms of the lease, the Debtor agreed to pay $5,755.38 per month and paid a $10,000 security deposit. On June 14, 2004, the terms of the lease were modified, providing the Debtor with additional space, and increasing the monthly rent to $6,968.30.

The Debtor vacated the premises on September 30, 2007, and rejected the lease, by an order entered January 4, 2008.

Quakerbridge filed two unsecured proofs of claim, claim No. 243 on April 29, 2008 in the amount of $34,841.50 and Claim No. 370 on May 27, 2008 in the amount of $34,814.50. Claim No. 370 is a duplicate of Claim No. 243. The Debtor previously objected to claim no. 243 as a duplicate, which objection was sustained.

The Debtor's lease with Quakerbridge expired on February 29, 2008; thus, Quakerbridge's claim is limited to rent at $6,968.30 for five months, less the security deposit paid. Quakerbridge

asserts that it hired a broker and placed signage outside the premises advertising the available space in an attempt to mitigate it damages.

Under the terms of the Stipulation with Quakerbridge Ventures LLC, as more fully set forth in Exhibit "A", the parties have agreed that Quakerbridge Ventures LLC shall have an allowed unsecured claim in the amount of $24,841.50, will retain the security deposit of $10,000 provided by the Debtor pre-petition, and will waive any and all other pre and post petition claims.

(2)  Stipulation Fixing Claim of CH Realty IV/Royal Centre, LLC (Claim no. 485)

Ch Realty IV/Royal Centre, LLC ("CH Realty") is a former landlord of the Debtor. On or about January 26, 1999, the Debtor, as tenant and Allianz Life Insurance Company of North America, as landlord, entered into a lease agreement for the real property located at 11575 Great Oaks Way, City of Alpharetta, County of Fulton, State of Georgia.  Pursuant to the terms of the lease, the Debtor paid CH Realty a security deposit of $4,902.19 and agreed to pay a base monthly rent of $20.25 per rentable square foot for 2,875 rentable square feet. On July 12, 2007, the Debtor sublet the premises to Pramana, Inc. ("Pramana") on a "pass-through" basis.

An order rejecting the lease was entered on January 4, 2008.

On February 1, 2008, CH Realty entered into a one year lease agreement with Pramana, thereby mitigating some of its damages. CH Realty filed Proof of Claim, Claim No. 485, on June 17, 2008 in the amount of $19,885.60.  The Debtor notified CH Realty that it had objections to the proof of claim and the parties, after negotiations, agreed as follows:  Under the terms of the Stipulation with CH Realty IV/Royal Centre, LLC, as more fully set forth in Exhibit "B", CH Realty IV/Royal Centre, LLC shall have an allowed unsecured claim in the amount of $7,983.41, will retain the security deposit of $4,902.19 provided by the Debtor pre-petition, and will waive any and all other pre and post petition claims.

## II.

## ARGUMENT

### THE COURT SHOULD APPROVE THE COMPROMISE

The Court should approve the agreements contained in the Stipulations.

The Ninth Circuit has long held that "[t]he bankruptcy court has great latitude in approving compromise agreements." *Woodson v. Fireman's Fund Insurance Co. (In re Woodson)*, 839 F.2d

610, 620 (9th Cir. 1987). In determining whether a settlement agreement is fair and equitable, the Ninth Circuit has directed that a court should consider, among other things, "the probability of success in the litigation, the complexity, expense, inconvenience and delay involved in the litigation, and the paramount interest of the creditors." *Martin v. Kane (In re A & C Properties)*, 784 F. 2d 1377, 1381 (9th Cir.), *cert. denied*, 479 U.S. 854 (1986). The court should consider these factors as a whole and need not "conduct a trial or mini-trial, or decide the merits of the individual issues." *In re Lee Way Holding Co.,* 120 B.R. 881, 890 (Bankr. S.D. Ohio 1990). Analysis of these facts here uniformly supports Court approval of the compromises contained in the Stipulations.

First, the probability of success for the Debtor in objecting to the three claims in their entirety is the key factor weighing in favor of the Court's approval of the Stipulations. Each of the three claims are based upon agreements entered into with the Debtor. The Debtor has successfully negotiated a significant reduction of each claim.

The Debtor has negotiated a $10,000 reduction of the Quakerbridge claim, an $11,902.19 reduction of the CH Realty claim and a $12,768.05 reduction of the Pramana claim. In addition, the Debtor has obtained waivers of any pre and post petition additional claim which could be potentially asserted by these claimants. After an opportunity to thoroughly research the underlying backgrounds of each claim, the Debtor has determined that each claim would be entitled to an allowed amount. Approval of the Stipulations, therefore, saves the Debtor the expense of litigating a claim objection and eliminates the uncertainty surrounding the amount. Thus, the Stipulation allows the Debtor and the claimants to "avoid the expense and burdens associated with litigating sharply contested and dubious claims." *United States v. Alaska National Bank (In re Walsh Constr., Inc.)* 669 F.2d 1325, 1328 (9th Cir. 1982).

Finally, approving the Stipulation swill not have any detrimental effects on the Debtor's Estate or its creditors; to the contrary, in light of the uncertainty involved, it will benefit the Estate by preventing a further depletion of resources available for distribution to the creditors and reduce the creditor claims. Given the uncertainty of the probability of success on the merits as discussed above, there is no apparent benefit to be gained for the creditors in compelling adjudication of the claim objections.

## III.

## CONCLUSION

The Stipulations present fair and equitable compromises in the best interests of the Debtor's estate. Thus, the Debtor respectfully requests that the Court enter an order approving the Stipulations under Federal Rule of Bankruptcy Procedure 9019(a).

July 21, 2009

CLARKSON, GORE & MARSELLA, APLC

By: _____
Scott C. Clarkson
Eve A. Marsella
Counsel for MTI Technology Corporation
Debtor and Debtor in Possession

## DECLARATION OF SCOTT POTERACKI

I, Scott Poteracki, declare:

1. I am the CRO of MTI Technology Corporation, Debtor and Debtor in Possession herein. I have either personal knowledge of the following facts or have gained such knowledge from my review of the Debtor's books and records, which are created, obtained and maintained in the ordinary course of business. If called as a witness, I would and could testify completely thereto.

2. I submit this declaration in support of the motion for an order pursuant to Federal Rule of Bankruptcy Procedure 9019 approving: (1) Stipulation Fixing Claim of Quakerbridge Ventures LLC (Claim No. 243); (2) Stipulation Fixing Claim of CH Realty IV/Royal Centre, LLC (Claim no. 485); and (3) Stipulation Fixing Claim of Pramana Inc. (Claim No. 214).

3. A true and correct copy of the Stipulation Fixing Claim of Quakerbridge Ventures LLC (Claim No. 243) is attached hereto as Exhibit "A", along with this claimant's proof of claim.

4. A true and correct copy of the Stipulation Fixing Claim of CH Realty IV/Royal Centre, LLC (Claim no. 485) is attached hereto as Exhibit "B", along with their proof of claim.

5. The Debtor filed a voluntary Chapter 11 proceeding on October 15, 2007. The Debtor has ceased operating, sold most of its significant assets and is in the process of winding down its affairs. The claims bar date was June 18, 2008. The Debtor is reviewing the filed proofs of claims and has begun the claims review/objection process.

6. Quakerbridge Ventures LLC ("Quakerbridge") is a former landlord of the Debtor. On or about March 1, 2003, the Debtor had leased from Quakerbridge real property located at 788 Shrewsbury Avenue, Tinton Falls, New Jersey, 07724. Pursuant to the terms of the lease, the Debtor agreed to pay $5,755.38 per month and paid a $10,000 security deposit. On June 14, 2004, the terms of the lease were modified, providing the Debtor with additional space, and increasing the monthly rent to $6,968.30. The Debtor vacated the premises on September 30, 2007, and rejected the lease, by an order entered January 4, 2008.

7. Quakerbridge filed two unsecured proofs of claim, claim No. 243 on April 29, 2008 in the amount of $34,841.50 and Claim No. 370 on May 27, 2008 in the amount of $34,814.50. Claim No. 370 is a duplicate of Claim No. 243.

379752v1

1      8.     The Debtor previously objected to Quakerbridge's duplicate claim, which objection was sustained.

9.     The Debtor's lease with Quakerbridge expired on February 29, 2008; thus, Quakerbridge's claim is limited to rent at $6,968.30 for five months, less the security deposit paid. Quakerbridge asserts that it hired a broker and placed signage outside the premises advertising the available space in an attempt to mitigate it damages.

10.    Under the terms of the Stipulation with Quakerbridge Ventures LLC, as more fully set forth in Exhibit "A", the parties have agreed that Quakerbridge Ventures LLC shall have an allowed unsecured claim in the amount of $24,841.50, will retain the security deposit of $10,000 provided by the Debtor pre-petition, and will waive any and all other pre and post petition claims.

11.    Ch Realty IV/Royal Centre, LLC ("CH Realty") is a former landlord of the Debtor. On or about January 26, 1999, the Debtor, as tenant and Allianz Life Insurance Company of North America, as landlord, entered into a lease agreement for the real property located at 11575 Great Oaks Way, City of Alpharetta, County of Fulton, State of Georgia. Pursuant to the terms of the lease, the Debtor paid CH Realty a security deposit of $4,902.19 and agreed to pay a base monthly rent of $20.25 per rentable square foot for 2,875 rentable square feet. On July 12, 2007, the Debtor sublet the premises to Pramana, Inc. ("Pramana") on a "pass-through" basis. An order rejecting the lease was entered on January 4, 2008.

12.    On February 1, 2008, CH Realty entered into a one year lease agreement with Pramana, thereby mitigating some of its damages. CH Realty filed Proof of Claim, Claim No. 485, on June 17, 2008 in the amount of $19,885.60. The Debtor notified CH Realty that it had objections to the proof of claim and the parties, after negotiations, agreed as follows: Under the terms of the Stipulation with CH Realty IV/Royal Centre, LLC, as more fully set forth in Exhibit "B", CH Realty IV/Royal Centre, LLC shall have an allowed unsecured claim in the amount of $7,983.41, will retain the security deposit of $4,902.19 provided by the Debtor pre-petition, and will waive any and all other pre and post petition claims.

14.    Based upon the exercise of its business judgment, the Debtor has determined that approval of these three stipulations are in the best interests of the Debtor's estate.. Each of the three claims are based upon agreements entered into with the Debtor. The Debtor has successfully

1  negotiated a significant reduction of each claim.    Approving the Stipulation swill not have any
2  detrimental effects on the Debtor's Estate or its creditors; to the contrary, in light of the uncertainty
3  involved, it will benefit the Estate by preventing a further depletion of resources available for
4  distribution to the creditors and reduce the creditor claims.  Given the uncertainty of the probability
5  of success on the merits as discussed above, there is no apparent benefit to be gained for the creditors
6  in compelling adjudication of the claim objections.
7      I declare under penalty of perjury under the laws of the United States of America that the
8  foregoing is true and correct and that this Declaration is executed on July __, 2009, at Tustin,
9  California.

/s/ Scott J. Poteracki

Scott J. Poteracki