1  **SCOTT C. CLARKSON, ESQ.** SBN 143271
   **EVE A. MARSELLA, ESQ.** SBN 165797
2  **CHRISTINE M. FITZGERALD, ESQ.** SBN 259014
   **CLARKSON, GORE & MARSELLA**
3  **A PROFESSIONAL LAW CORPORATION**
   **3424 Carson Street, Suite 350**
4  **Torrance, California 90503**
   **(310) 542-0111 Telephone**
5  **(310) 214-7254 Facsimile**

6  Attorneys for MTI Technology Corporation, Debtor and
   Debtor in Possession

7

8                 **UNITED STATES BANKRUPTCY COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

10  In re                                  Case No.  8:07-bk-13347-ES

11  MTI TECHNOLOGY CORPORATION, a          Chapter 11
    Delaware corporation,
12                                         **NOTICE OF OMNIBUS MOTION AND**
           Debtor and Debtor               **MOTION TO DISALLOW DUPLICATE**
13         in Possession.                  **CLAIMS, SET NO. 3 OF: MATTHEW BAKER**
                                           **(CLAIM NO. 274); CECIL S. BURNETTE**
14                                         **(CLAIM NO. 141); MAULIK DESAI (CLAIM**
                                           **NO. 517); STEVEN MICHAEL DIGIUSEPPE**
15                                         **(CLAIM NO. 355); OGLETREE, DEAKINS,**
                                           **NASH, SMOAK & STEWART, P.C. (CLAIM**
16                                         **NO. 459); JENNIFER K. PLANK (CLAIM NO.**
                                           **347); JOSEPH S. SAHLI (CLAIM NO. 144);**
17                                         **RONALD SCHNIEBER (CLAIM NO. 309);**
                                           **RANDY S. TURER (CLAIM NO. 241); AND**
18                                         **KURT WINOWICH (CLAIM NO. 238);**

19                                         **MEMORANDUM OF POINTS AND**
                                           **AUTHORITIES; DECLARATION OF SCOTT**
20                                         **J. POTERACKI IN SUPPORT THEREOF**

21                                         Date:  September 15, 2009
                                           Time:  10:30 a.m.
22                                         Ctrm:  5A
                                                  411 West Fourth Street
23                                                Santa Ana, CA

24

25

26          **TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY**

27  **JUDGE AND ALL INTERESTED PARTIES:**

28

**PLEASE TAKE NOTICE THAT** pursuant to §502 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, Debtor MTI Technology Corporation ("Debtor") hereby files this second set of omnibus objections (the "Objections") to duplicate ("Duplicate") claims identified below. The Debtor objects to the following Duplicate claims[1]:

| Claimant Name | Claim Nos. | Cross-referenced with Page(s):Line(s)[2] |
|---|---|---|
| Matthew Baker | Claim No. 274 | 4:14-19 |
| Cecil S. Burnette | Claim No. 141 | 4:20-25 |
| Maulik Desai | Claim No. 517 | 5:1-6 |
| Steven Michael DiGiuseppe | Claim No. 355 | 5:7-12 |
| Ogletree, Deakins, Nash, Smoak & Stewart, P.C. | Claim No. 459 | 5:13-19 |
| Jennifer K. Plank | Claim No. 347 | 5:20-25 |
| Joseph S. Sahli | Claim No. 144 | 6:1-6 |
| Ronald Schnieber | Claim No. 309 | 6:7-12 |
| Randy S. Turer | Claim No. 241 | 6:13-19 |
| Kurt Winowich | Claim No. 238 | 6:19-24 |

This notice ("Notice") contains important time-sensitive information about asserted claims against the Debtor. Please read this Notice in its entirety. This Notice explains the procedures for responding to this Objection and the consequences of failing to submit a timely response to this Objection.

Complete copies of the Claims to which objection is made (the "Disputed Claims") are attached hereto.

**PLEASE TAKE FURTHER NOTICE THAT** in accordance with Local Bankruptcy Rule 3007-1 the Debtor has filed multiple objections grouped in a single notice according to the grounds asserted. Some Disputed Claims may be subject to objection on multiple grounds; claims may be objected to on more than one basis. The Debtor expressly reserves the right to object to the Disputed Claims on other and different grounds.

///

---

[1] Claimants are listed alphabetically in this Notice and Objection, by entity name or last name of the claimant pursuant to Bankruptcy Rule 3007(e). Exhibits are indexed numerically by claim number pursuant to Local Bankruptcy Rule 3007-1.

[2] Pursuant to Bankruptcy Rule 3007(e) each claim in the objection is cross-referenced to the pages in the omnibus objection pertinent to the stated grounds.

1    **PLEASE TAKE FURTHER NOTICE THAT** Local Bankruptcy Rule 9013-1, made

2    applicable to this Objection pursuant to Local Bankruptcy Rule 3007-1, requires that any

3    response to the Objection be filed with the Clerk of the Court, 411 West 4th Street, Santa Ana,

4    CA 92701, and served upon the attorneys for the Debtor at the address set forth in the upper left-

5    hand corner of the first page hereof, and all other interested parties, not later than 14 days prior to

6    the hearing date.  The failure to timely file and serve written opposition may be deemed by the

7    Court to be consent to the granting of the relief requested in the Motion.

8    Dated: August 10, 2009                    CLARKSON, GORE & MARSELLA
                                               A Professional Law Corporation
9

10                                             By:
                                               Scott C. Clarkson
11                                             Eve A. Marsella
                                               Christine M. Fitzgerald
12                                             Attorneys for MTI Technology Corporation

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## OBJECTION

## I.

## PREFATORY STATEMENT

The following objections are made by the Debtor to duplicate claims. Duplicate claims are those filed by creditors which are duplicative of previously filed claims by the same creditor. By this Objection, the Debtor is seeking disallowance of the duplicate claim and seeks no determination here as to the allowance of any creditor's remaining claim.

## II.

## CLAIMS OBJECTIONS

A.     OBJECTIONS TO DUPLICATE CLAIMS

The following objections to Claims are to duplicate claims filed by a particular creditor. Copies of these claims are attached hereto for the Court's inspection.

1. Matthew Baker, Claim No. 274

Claim No. 274, filed May 6, 2009 in the amount of $16,483.38 by Matthew Baker, is duplicative of Claim No. 56, filed November 9, 2007, in the amount of $16,483.38, also filed by Matthew Baker. [See Proof of Claim, Nos. 56 and 274 attached hereto]. Accordingly, the Debtor objects to Claim No. 274 in its entirety as being duplicative of Claim No. 56. (See also pages 7-10, supra, regarding legal argument relevant to objection).

2. Cecil S. Burnette, Claim No. 141

Claim No. 141, filed December 26, 2007 in the amount of $8,787.52, filed by Cecil S. Burnette is duplicative of Claim No. 76, filed November 19, 2007, in the amount of $8,787.52[3] also filed by Cecil S. Burnette [See Proof of Claim, Nos. 76 and 141, attached hereto]. Accordingly, the Debtor objects to Claim No. 141 in its entirety as being duplicative of Claim No. 76. (See also pages 7-10, supra, regarding legal argument relevant to objection).

///

---

[3] The Court's Claims Registrar incorrectly reflects the amount of Claim No. 76 as $8,777.52

1

    3.  Maulik Desai, Claim No. 517

2

        Claim No. 517, filed June 18, 2008 in the amount of $4,808.93 filed by Maulik Desai., is

3  duplicative of Claim No.  51, filed November 6, 2007, in the amount of $4,808.93, also filed by

4  Maulik Desai [See Proof of Claim, Nos. 517 and 51 attached hereto]. Accordingly, the Debtor

5  objects to Claim No. 517 in its entirety as being duplicative of Claim No. 51. (See also pages 7-

6  10, supra, regarding legal argument relevant to objection).

7

    4.  Steven Michael DiGiuseppe, Claim No. 355

8

        Claim No. 355, filed May 27, 2008, in the amount of $17,692.49, filed by Steven Michael

9  DiGiuseppe is duplicative of Claim No. 324, filed May 27, 2008, in the amount of $17,692.49,

10  filed by Steven Michael DiGiuseppe [See Proof of Claim, Nos. 324 and 355, attached hereto].

11  Accordingly, the Debtor objects to Claim No. 355 in its entirety as being duplicative of Claim

12  No. 324. (See also pages 7-10, supra, regarding legal argument relevant to objection).

13

    5.  Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Claim No. 459

14

        Claim No. 459, filed June 13, 2008 in the amount of $3,675.00 filed by Ogletree,

15  Deakins, Nash, Smoak & Stewart, P.C., is duplicative of Claim No. 164, filed January 8, 2008, in

16  the amount of $3,675.00, also filed by Ogletree, Deakins, Nash, Smoak & Stewart, P.C. [See

17  Proof of Claim, Nos. 164 and 459 attached hereto]. Accordingly, the Debtor objects to Claim No.

18  459 in its entirety as being duplicative of Claim No. 164. (See also pages 7-10, supra, regarding

19  legal argument relevant to objection).

20

    6.  Jennifer K. Plank, Claim No. 347

21

        Claim No. 347, filed May 27, 2008, in the amount of $10,615.84, filed by Jennifer K.

22  Plank is duplicative of Claim No. 276, filed May 6, 2008, in the amount of $10,615.84, filed by

23  Jennifer K. Plank [See Proof of Claim, Nos. 276 and 347, attached hereto].  Accordingly, the

24  Debtor objects to Claim No. 347 in its entirety as being duplicative of Claim No. 276. (See also

25  pages 7-10, supra, regarding legal argument relevant to objection).

26  ///

27  ///

28

1          7.   Joseph S. Sahli, Claim No. 144

2          Claim No. 144, filed December 26, 2007 in the amount of $13,688.80 filed by Joseph S.

3      Sahli is duplicative of Claim No. 84, filed November 20, 2007, in the amount of $13,688.80 also

4      filed by Joseph S. Sahli [See Proof of Claim, Nos. 84 and 144, attached hereto]. Accordingly, the

5      Debtor objects to Claim No. 144 in its entirety as being duplicative of Claim No. 84. (See also

6      pages 7-10, supra, regarding legal argument relevant to objection).

7          8.   Ronald Schnieber, Claim No. 309

8          Claim No. 309, filed May 13, 2008 in the amount of $9,491.38 filed by Ronald Schnieber

9      is duplicative of Claim No. 112, filed December 3, 2007, in the amount of $9,491.38 also filed

10     by Ronald Schnieber [See Proof of Claim, Nos. 112 and 309, attached hereto]. Accordingly, the

11     Debtor objects to Claim No. 309 in its entirety as being duplicative of Claim No. 112. (See also

12     pages 7-10, supra, regarding legal argument relevant to objection).

13         9.   Randy S. Turer, Claim No. 241

14         Claim No. 241 filed April 28, 2008 in the amount of $10,950.00 by Randy S. Turer, is

15     duplicative of Claim No. 58, filed November 9, 2007, in the amount of $10,950.00 by Randy S.

16     Turer.  [See Proof of Claim, Nos. 58 and 241, attached hereto]. Accordingly, the Debtor objects

17     to Claim No. 241 in its entirety as being duplicative of Claim No. 58. (See also pages 7-10,

18     supra, regarding legal argument relevant to objection).

19         10. Kurt Winowich, Claim No. 238

20         Claim No. 238, filed April 25, 2008, in the amount of $7,452.88, filed by Kurt Winowich

21     is duplicative of Claim No. 213, filed March 31, 2008, in the amount of $7,452.88, filed by Kurt

22     Winowich [See Proof of Claim, Nos. 213 and 238, attached hereto].  Accordingly, the Debtor

23     objects to Claim No. 238 in its entirety as being duplicative of Claim No. 213. (See also pages 7-

24     10, supra, regarding legal argument relevant to objection).

25     ///

26     ///

27     ///

28

# III.

## FACTS[3]

MTI Technology Corporation, debtor and debtor in possession filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on October 15, 2007.  Allowed claims in this bankruptcy case presently include certain claims listed on the Debtor's Schedules (the "Schedules") (not listed as unliquidated, disputed, or contingent) and claims reflected by proofs of claim filed by claim holders under §501 of the Bankruptcy Code (the "Claims"). The Debtor has reviewed the Schedules, as well as each claim filed against the Debtor's estate and has reconciled the Schedules and Claims to the Debtor's books and records.

### A.    DUPLICATE CLAIMS

Based upon the review of the Debtor's Schedules, books and records, and the filed claims, the Debtor has determined that a number of claimants filed proofs of claims which are duplicative of previously filed proofs of claims and that the duplicative claims are subject to objection. The Duplicate claims were filed based on the same facts and circumstances as previously filed claims. The claims are recorded twice on the Claims Register.   True and correct copies of the original and duplicate claims are attached hereto and marked according to the claim numbers.  There is no evidence in the Debtor's books and records that the Debtor is obligated to pay these debts twice, assuming any debt is owed.

**THIS OBJECTION DOES NOT SEEK TO AFFECT THE RIGHTS OF THE CLAIMANTS' ORIGINALLY FILED CLAIM; HOWEVER, THE OBJECTION DOES REQUEST THAT EACH DUPLICATE CLAIM BE DISALLOWED IN ITS ENTIRETY.**

///

///

///

---

[3] The information set forth in this section is supported by the annexed declaration of Scott J. Poteracki ("Poteracki Declaration").

1

## IV.

2

## ARGUMENT

3    A.    THE DEBTOR IS A PROPER PARTY TO OBJECT TO CLAIMS

4          Pursuant to §502 of the Bankruptcy Code, the allowance or disallowance of claims must

5    be determined by the Court after an objection is made.  Section 502 of the Bankruptcy Code

6    provides, in relevant part:

7          (a) A claim ... proof of which is filed under [11 U.S.C. §501] is deemed allowed,
           unless a party in interest ... objects.

8

9    11 U.S.C. §502. The Debtor not only may bring objections as a party in interest, but is the party

10   upon which devolves the duty to bring objections.

     B.    THE COURT MUST DETERMINE THE ALLOWABLE AMOUNT OF A
11
           CLAIM SUBJECT TO OBJECTION.
12

13         With certain exceptions, §502(b) of the Bankruptcy Code requires that:

14         ...if such objection to a claim is made, the court, after notice and a hearing, shall
           determine the amount of such claim ... as of the date of the filing of the petition,
15         and shall allow such claim in such amount, except to the extent that --

16         (1)    such claim is unenforceable against the debtor and property of the debtor,
                  under any agreement or applicable law for a reason other than because s
17                uch claim is contingent or unmatured ... or

18         (9)    proof of such claim is not timely filed ...

19   11 U.S.C. §502(b)(1) & (9). As set forth herein and in the attached Poteracki Declaration, the

20   Disputed Claims to which the Debtor has objected should be disallowed based on the foregoing

     provisions.
21
     C.    THE CLAIMANT MUST ESTABLISH THE VALIDITY OF THE CLAIM BY
22
           A PREPONDERANCE OF THE EVIDENCE
23

24         A properly filed proof of claim is prima facie evidence of the validity and amount of the

25   claim. If objection is made to the proof of claim, the creditor has the ultimate burden of

26   persuasion as to the validity and amount of the claims. *In re Hold,* 931 F.2d 620, 623 (9th Cir.

27   1991); *see also In re Pugh,* 157 B.R. 898, 901 (Bankr. 9th Cir. 1993); *In re Fidelity Mortgage*

28   *Holding Company, Ltd.,* 837 F.2d 696, 698 (5th Cir. 1988) (affirming disallowance of claim --

1  "the claimant must ... 'prove the validity of the claim by a preponderance of the evidence.' The

2  ultimate burden of proof always rests upon the claimant.").

3       Usually, the objector must produce evidence sufficient to:

4      negate the prima facie validity of the filed claim.  In practice, the objector must
   produce evidence, which, if believed, would refute at least one of the allegations
5      that is essential to the claim's legal sufficiency.

6  *Consolidated Pioneer,* 178 B.R. at 226.

7       But, since "the ultimate burden of persuasion is always on the claimant", the burden of

8  proof then "reverts to the claimant to prove the validity of the claim by a preponderance of the

9  evidence." *Id.; In re Pugh*, 157 B.R. 898 (9th Cir.BAP 1993); *In re Holm*, 931 F.2d 620 (9th Cir.

10  1991).

11       The Debtor has submitted evidence, the Poteracki Declaration, to negate the prima facie

12  validity of the Disputed Claims. Thus, the burden is on the holders of the Disputed Claims to

13  provide admissible evidence proving the validity of their claim.

14       As set forth above, the Duplicate claims were filed based on the same facts and

15  circumstances as previously filed claims. The claims are recorded twice on the Claims Register.

16  True and correct copies of the original and duplicate claims are attached hereto and marked

17  according to the claim numbers.  There is no evidence in the Debtor's books and records that the

18  Debtor is obligated to pay these debts twice, assuming any debt is owed.

19       Therefore, the Duplicate claims should be disallowed in their entirety.

20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

Objection to Duplicate Claims , Set No. 3

9

## V.

## CONCLUSION

For all of the foregoing reasons, the Debtor respectfully requests that the Court enter an order disallowing the Disputed Claims attached hereto.

Dated: August 10, 2009

CLARKSON, GORE & MARSELLA
A Professional Law Corporation

By: _Christine M. Fitzgerald_
Scott C. Clarkson
Eve A. Marsella
Christine M. Fitzgerald
Attorneys for MTI Technology Corporation

# DECLARATION OF SCOTT J. POTERACKI

I, Scott J. Poteracki, declare as follows:

1.        I am the Chief Restructuring Officer of MTI Technology Corporation, (the "Debtor"), the Debtor in the above-captioned proceeding.  Prior to the Debtor's bankruptcy filing, I was the CFO and Executive Vice President of the Debtor with direct supervisory responsibilities over the financial affairs and operations of the Debtor.   I have personal knowledge of the following, or have gained such knowledge from my review of the records of the Debtor, which are obtained, created and maintained in the ordinary course of business, and if called as a witness, could and would competently testify thereto.

2.        The Debtor filed a Chapter 11 petition on October 15, 2007.

3.        I am personally familiar with the books and records of the Debtor as they relate to the Debtor's accounts payable as of the date of the filing of the Debtor's bankruptcy case (the "Accounts Payable Books").  The Accounts Payable Books were made by the employees of the Debtor who had a business duty to enter the records of the Debtor accurately at or near the time of the event which they record such information, by or from information transmitted by someone with personal knowledge of the event or act. To the extent that information contained in the Debtor's books and records was computer-generated, the computers used by the Debtor were generally accepted in the Debtor's industry, were in good working order at all relevant times, and the computer operator possessed the knowledge and training to operate the computer correctly.

4.        Based upon the review of the Debtor's Schedules, books and records, and the filed claims, the Debtor has determined that a number of claimants filed proofs of claims which are duplicative of previously filed proofs of claims and that the duplicative claims are subject to objection. The Duplicate claims were filed based on the same facts and circumstances as previously filed claims. The claims are recorded twice on the Claims Register.   True and correct copies of the original and duplicate claims are attached hereto and marked according to the claim numbers.  There is no evidence in the Debtor's books and records that the Debtor is obligated to pay these debts twice, assuming any debt is owed.    The Debtor objects to the following claims:

1     a. Matthew Baker, Claim No. 274

2    Claim No. 274, filed May 6, 2009 in the amount of $16,483.38 by Matthew Baker, is

3 duplicative of Claim No. 56, filed November 9, 2007, in the amount of $16,483.38, also filed by

4 Matthew Baker. [See Proof of Claim, Nos. 56 and 274 attached hereto]. Accordingly, the Debtor

5 objects to Claim No. 274 in its entirety as being duplicative of Claim No. 56.

6     b. Cecil S. Burnette, Claim No. 141

7    Claim No. 141, filed December 26, 2007 in the amount of $8,787.52, filed by Cecil S.

8 Burnette is duplicative of Claim No. 76, filed November 19, 2007, in the amount of $8,787.52[5]

9 also filed by Cecil S. Burnette [See Proof of Claim, Nos. 76 and 141, attached hereto].

10 Accordingly, the Debtor objects to Claim No. 141 in its entirety as being duplicative of Claim

11 No. 76.

12     c. Maulik Desai, Claim No. 517

13    Claim No. 517, filed June 18, 2008 in the amount of $4,808.93 filed by Maulik Desai., is

14 duplicative of Claim No. 51, filed November 6, 2007, in the amount of $4,808.93, also filed by

15 Maulik Desai [See Proof of Claim, Nos. 517 and 51 attached hereto]. Accordingly, the Debtor

16 objects to Claim No. 517 in its entirety as being duplicative of Claim No. 51.

17     d. Steven Michael DiGiuseppe, Claim No. 355

18    Claim No. 355, filed May 27, 2008, in the amount of $17,692.49, filed by Steven Michael

19 DiGiuseppe is duplicative of Claim No. 324, filed May 27, 2008, in the amount of $17,692.49,

20 filed by Steven Michael DiGiuseppe [See Proof of Claim, Nos. 324 and 355, attached hereto].

21 Accordingly, the Debtor objects to Claim No. 355 in its entirety as being duplicative of Claim

22 No. 324.

23 ///

24 ///

25 ///

26 ///

27

28 [5] The Court's Claims Registrar incorrectly reflects the amount of Claim No. 76 as $8,777.52

1    e.  Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Claim No. 459

2    Claim No. 459, filed June 13, 2008 in the amount of $3,675.00 filed by Ogletree,

3    Deakins, Nash, Smoak & Stewart, P.C., is duplicative of Claim No. 164, filed January 8, 2008, in

4    the amount of $3,675.00, also filed by Ogletree, Deakins, Nash, Smoak & Stewart, P.C. [See

5    Proof of Claim, Nos. 164 and 459 attached hereto]. Accordingly, the Debtor objects to Claim No.

6    459 in its entirety as being duplicative of Claim No. 164.

7    f.  Jennifer K. Plank, Claim No. 347

8    Claim No. 347, filed May 27, 2008, in the amount of $10,615.84, filed by Jennifer K.

9    Plank is duplicative of Claim No. 276, filed May 6, 2008, in the amount of $10,615.84, filed by

10   Jennifer K. Plank [See Proof of Claim, Nos. 276 and 347, attached hereto].  Accordingly, the

11   Debtor objects to Claim No. 347 in its entirety as being duplicative of Claim No. 276.

12   g.  Joseph S. Sahli, Claim No. 144

13   Claim No. 144, filed December 26, 2007 in the amount of $13,688.80 filed by Joseph S.

14   Sahli is duplicative of Claim No. 84, filed November 20, 2007, in the amount of $13,688.80 also

15   filed by Joseph S. Sahli [See Proof of Claim, Nos. 84 and 144, attached hereto]. Accordingly, the

16   Debtor objects to Claim No. 144 in its entirety as being duplicative of Claim No. 84.

17   h.  Ronald Schnieber, Claim No. 309

18   Claim No. 309, filed May 13, 2008 in the amount of $9,491.38 filed by Ronald Schnieber

19   is duplicative of Claim No. 112, filed December 3, 2007, in the amount of $9,491.38 also filed

20   by Ronald Schnieber [See Proof of Claim, Nos. 112 and 309, attached hereto]. Accordingly, the

21   Debtor objects to Claim No. 309 in its entirety as being duplicative of Claim No. 112.

22   i.  Randy S. Turer, Claim No. 241

23   Claim No. 241 filed April 28, 2008 in the amount of $10,950.00 by Randy S. Turer, is

24   duplicative of Claim No. 58, filed November 9, 2007, in the amount of $10,950.00 by Randy S.

25   Turer.  [See Proof of Claim, Nos. 58 and 241, attached hereto]. Accordingly, the Debtor objects

26   to Claim No. 241 in its entirety as being duplicative of Claim No. 58.

27   ///

28

j.   <u>Kurt Winowich, Claim No. 238</u>

Claim No. 238, filed April 25, 2008, in the amount of $7,452.88, filed by Kurt Winowich is duplicative of Claim No. 213, filed March 31, 2008, in the amount of $7,452.88, filed by Kurt Winowich [See Proof of Claim, Nos. 213 and 238, attached hereto].  Accordingly, the Debtor objects to Claim No. 238 in its entirety as being duplicative of Claim No. 213.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration is executed on August 5, 2009, at TUSTIN, California.

Scott J. Poteracki