1  **SCOTT C. CLARKSON, ESQ.** SBN 143271
   **EVE A. MARSELLA, ESQ.** SBN 165797
2  **CLARKSON, GORE & MARSELLA**
   **A PROFESSIONAL LAW CORPORATION**
3  **3424 Carson Street, Suite 350**
   **Torrance, California 90503**
4  **(310) 542-0111 Telephone**
   **(310) 214-7254 Facsimile**
5
   Attorneys for MTI Technology Corporation, Debtor and
6  Debtor in Possession

7                **UNITED STATES BANKRUPTCY COURT**

8      **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

9  | In re | Case No.  8:07-bk-13347-ES |
10 | | |
   | MTI TECHNOLOGY CORPORATION, a | Chapter 11 |
11 | Delaware corporation, | |
12 | Debtor and Debtor | **NOTICE OF OMNIBUS MOTION AND** |
   | in Possession. | **MOTION TO DISALLOW, IN WHOLE OR IN** |
13 | | **PART, PRIORITY CLAIMS, SET NO. 2 OF:** |
   | | **JOHN M. BISAHA (CLAIM NOS. 99, 589);** |
14 | | **HERME CLOETE (CLAIM NO. 157); STEVEN** |
   | | **M. DIGIUSEPPE (CLAIM NOS. 78, 324);** |
15 | | **TARA DUVAL (CLAIM NO. 155); NORMAN** |
   | | **EISENBERG  (CLAIM NOS. 110, 482); JAMES** |
16 | | **R. GALLAGHER (CLAIM NOS. 126, 480, 518);** |
   | | **ROGER D. SANDS (CLAIM NO. 587);** |
17 | | **RONALD SCHNIEBER (CLAIM NOS. 112, 306,** |
   | | **309); RICHARD T. RUGGIRELO  (CLAIM** |
18 | | **NOS. 143, 458); JONATHAN TIPTON (CLAIM** |
   | | **NO. 26) AND TED TURKINGTON (CLAIM** |
19 | | **NO. 71)** |
20 | | **MEMORANDUM OF POINTS AND** |
   | | **AUTHORITIES; DECLARATION IN** |
21 | | **SUPPORT** |
22 | | Date:  November 3, 2009 |
   | | Time:  10:30 a.m. |
23 | | Ctrm: 5A |
   | | 411 West Fourth Street |
24 | | Santa Ana, CA |

25      **TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY**

26  **JUDGE AND ALL INTERESTED PARTIES:**
27

28

                                          Objection to Priority Claims , Set No. 2

**PLEASE TAKE NOTICE THAT** pursuant to §502 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, Debtor MTI Technology Corporation ("Debtor") hereby files this second set of omnibus objections (the "Objections") to the disputed claims ("Disputed Claims") identified below, based upon the Debtor's books and records. The Debtor objects to the following Disputed Claims[1]:

| Claimant Name | Claim Nos. | Cross-referenced with Page(s):Line(s)[2] |
|---|---|---|
| John M. Bisaha | 99, 589 | 8:1-27-9:1-4 |
| Herme Cloete | 157 | 12:23-27-13:1-9 |
| Steven M. DiGiuseppe | 78, 324 | 7:10-27 |
| Tara Duval | 155 | 12:13-22 |
| Norman Eisenberg | 110, 482 | 9:5-23 |
| James R. Gallagher | 126, 480, 518 | 10:20-27-11:1-19 |
| Roger D. Sands | 587 | 13:10-25 |
| Ronald Schnieber | 112, 306, 309 | 9:24-27-10:1-19 |
| Richard T. Ruggirelo | 143, 458 | 11:20-27-12:1-12 |
| Jonathan Tipton | 26 | 5:25-27-6:1-17 |
| Ted Turkington | 71 | 6:18-27-7:1-9 |

This notice ("Notice") contains important time-sensitive information about asserted claims against the Debtor.  Please read this Notice in its entirety. This Notice explains the procedures for responding to this Objection and the consequences of failing to submit a timely response to this Objection.

Complete copies of the Disputed Claims to which objection is made are attached hereto.

**PLEASE TAKE FURTHER NOTICE THAT** in accordance with Local Bankruptcy Rule 3007-1 the Debtor has filed multiple objections grouped in a single notice according to the grounds asserted. Some Disputed Claims may be subject to objection on multiple grounds; claims may be objected to on more than one basis.  The Debtor expressly reserves the right to

---

[1]   Claims are listed alphabetically in this Notice and Objection, by entity name or last name of the claimant pursuant to Bankruptcy Rule 3007(e).  Exhibits are indexed numerically by claim number pursuant to Local Bankruptcy Rule 3007-1.

[2]   Pursuant to Bankruptcy Rule 3007(e) each claim in the objection is cross-referenced to the pages in the omnibus objection pertinent to the stated grounds.

Objection to Priority Claims , Set No. 2

1    object to the Disputed Claims on other and different grounds.

2         **PLEASE TAKE FURTHER NOTICE THAT** Local Bankruptcy Rule 9013-1, made

3    applicable to this Objection pursuant to Local Bankruptcy Rule 3007-1, requires that any

4    response to the Objection be filed with the Clerk of the Court, 411 West 4th Street, Santa Ana,

5    CA 92701, and served upon the attorneys for the Debtor at the address set forth in the upper left-

6    hand corner of the first page hereof, and all other interested parties, not later than 14 days prior to

7    the hearing date.  The failure to timely file and serve written opposition may be deemed by the

8    Court to be consent to the granting of the relief requested in the Motion.

9    Dated: September 25, 2009                    CLARKSON, GORE & MARSELLA
                                                   A Professional Law Corporation
10

11                                                 By: _____

12                                                    Scott C. Clarkson
                                                      Eve A. Marsella
13                                                    Christine M. Fitzgerald
                                                      Attorneys for MTI Technology Corporation

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## <u>OBJECTION</u>

### I.

### PREFATORY STATEMENT

The Debtor objects to the below claims, filed by the Debtor's former employees, on the grounds that the Debtors' books and records reflect different pre-petition amounts are due the claimants. In addition, certain of the claims are duplicates of previously filed claims. The Debtor objects only to the extent that the filed amounts exceed that reflected in its books and records, and the categorization of the claims as either priority or unsecured, or they are duplicative of other claims, as set forth in the below summary chart.

| Claim No(s). | Claimant | Proof of Claim Amount | Amount sought to be Allowed, with categorization[3] | Amount sought to be Disallowed |
|---|---|---|---|---|
| 26 | Jonathan Tipton | $6,062.00 Priority | <u>$6,916.62:</u> $3,650.25 P $3,266.37 U | $0.00 |
| 71 | Ted Turkington | <u>$18,104.42:</u> $10,950.00 P $7,154.22 U | <u>$17,787.35:</u> $6,933.35 P $10,854.00 U | $317.07 |
| 78 amended by 324 | Steven M. DiGiuseppe | <u>$17,692.49:</u> (324) $10,950.00 P $6,742.42 U | <u>$11,642.50:</u> $3,850.00 P $7,792.50 U | $6,049.99 |
| 99 amended by 216, amended by 589 | John M. Bisaha | <u>$46,218.47:</u> (589) $10,950.00 P $35,268.47 U | <u>$15,400.27:</u> $8,917.75 P $6,482.52 U | $30,818.20 |
| 110 amended by 482 | Norman Eisenberg | <u>$14,665.78:</u> (482) $10,950.00 P $3,715.78 U | <u>$10,253.46:</u> $3,850.00 P $6,403.46 U | $4,412.32 |

[3] "U" stands for Unsecured. "P" stands for Priority.

Objection to Priority Claims , Set No. 2

| | | | | |
|---|---|---|---|---|
| 112<br>Duplicated by:<br>306 &<br>309 | Ronald Schnieber | $9,491.38 P (112)<br>$9,491.38 P (306)<br>$9,491.38 P (309) | $5,925.10:<br>$2,013.25 P<br>$3,911.85 U | $3,566.28 (112)<br>$9,491.38 (306)<br>$9,491.38 (309) |
| 126<br>Amended by<br>480,<br>which is duplicated by<br>518 | James R. Gallagher | $19,167.81: (480)<br>Priority<br>$19,167.81 (518)<br>Priority | $19,766.49:<br>$10,950.00 P<br>$8,816.49 U | $0.00 (480)<br>$19,167.81 (518) |
| 143 as amended by 458 | Richard T. Ruggirelo | $14,074.47: (458)<br>$10,950.00 P<br>$3,124.47 U | $14,074.47:<br>$9,461.40 P<br>$4,613.07 U | $0.00 |
| 155 | Tara Duval | $845.74 P | $485.80 P | $359.94 |
| 157 | Herme Cloete | $5,020.18:<br>$3,426.92 P<br>$1,593.25 U | $4,807.31:<br>$3,368.52 P<br>$1438.79 U | $212.87 |
| 587 | Roger D. Sands | $10,154.90:<br>$5,919.90 P<br>$4,235.00 U | $10,154.90:<br>$4,235.00 P<br>$5,919.90 U | $0.00 |

The objections are set forth below in more detail.

## II.

## CLAIMS OBJECTIONS[4]

The following objections to Claims are to claims filed by the Debtor's former employees.

Copies of these claims are attached hereto for the Court's inspection.

1. Jonathan Tipton, Claim No. 26

Claim No. 26, filed November 2, 2007 by Jonathan Tipton, a former employee, asserts a

---

[4] See, also, Section IV – Argument, commencing at page 14, for the legal argument applicable to the objections.

priority claim in the amount of $6,062.00. [See Proof of Claim No. 26]. The Debtor objects to this claim because its books and records reflect that the following amounts are owed to this claimant: $3,266.37 unsecured and $3,650.25 priority, for a total of $6,916.62. These amounts were derived as follows: the Debtor reviewed its books and records and determined that the claimant was owed unreimbursed expenses in the amount of $782.62, $2,399 in commissions and for accrued vacation of $3,735.00 (119.52 hours), $1,251.25 (40.04 hours) of which was accrued in the 180 days prior to the Petition Date. Attached as **Exhibit "A"** is a true and correct copy of the Debtor's vacation spreadsheet, detailing all accrued vacation owed to former employees. Attached hereto as **Exhibit "B"** is a true and correct copy of the Debtor's detail records indicating the amount of commissions owed the claimant. Although the claimant's proof of claim includes requests for additional commissions, pursuant to MTI's 2007 Commission Plan, commissions were deemed earned upon revenue recognition by the Debtor. The Debtor was never paid the revenue for which the additional commissions are sought by this claimant; thus, no additional amounts are owed.

Accordingly, the Debtor objects to Claim No. 26, filed as a priority claim in the amount of $6,062.00 and proposes that it be allowed in the amount of $6,916.62, with $3,266.37 as a general unsecured claim and $3,650.25 as a priority claim.

2. Ted Turkington, Claim No. 71

Claim No. 71, filed November 16, 2007 by Ted Turkington, a former employee, asserts a priority claim in the amount of $10,950.00 and an unsecured claim in the amount of $7,154.42. [See Proof of Claim, No. 71 attached hereto]. The Debtor objects to this claim because its books and records reflect that the following amounts are owed to this claimant: $10,854.00 unsecured and $6,933.35 priority, for a total of $17,787.35. These amounts were derived as follows: the Debtor reviewed its books and records and determined that the claimant was owed for accrued vacation of $11,339.43. See attached **Exhibit "A,"** which is a true and correct copy of the Debtor's vacation spreadsheet, detailing all accrued vacation owed to former employees. This claimant had accrued 157.24 hours as of the Chapter 11 filing date. 40.04 hours (or $2,887.50)

1   was accrued within the 180 days prior to the filing, leaving a remaining balance of 117.2 hours

2   ($8,451.92) due and owing as an unsecured claim. In addition, the claimant is owed $2,402.08 in

3   unreimbursed expenses. A true and correct copy of the Debtor's account payable ledger as to the

4   outstanding expenses owed this claimant is attached hereto as **Exhibit "C".**   Finally, the

5   claimant is owed $5,212.85 in commissions.  A true and correct copy of the Debtor's ledger

6   indicating the commissions owed this claimant is attached hereto as **Exhibit "D".**

7          Accordingly, the Debtor objects to Claim No. 71, in the amount of $18,104.42 and

8   proposes that it be allowed in the amount of $17,787.35, with $10,854.00 as a general unsecured

9   claim, $6,933.35 as a priority claim, and $317.07 disallowed in its entirety.

10         3.   Steven M. DiGiuseppe, Claim No. 78, as amended by 324

11         Claim No. 78, filed November 20, 2007 by former employee Steven M. DiGiuseppe

12   asserts a claim in the amount of $17,692.49 ($7,834.80 unsecured and $9,857.69 priority). The

13   claimant amended Claim No. 78 by filing Claim No. 324 on May 27, 2008, asserting the same

14   total amount ($17,692.49), but altered the categorization of the amounts: $10,950, priority and

15   $6,742.49 as unsecured. [See Proof of Claim, Nos. 78 & 324 attached hereto].  The Debtor

16   objects to these claims because its books and records reflect that the following amounts are owed

17   to this claimant: $7,792.50 unsecured and $3,850.00 priority, for a total of $11,642.50.   These

18   amounts were derived as follows:  the Debtor reviewed its books and records and determined

19   that the claimant was owed for accrued vacation of $11,538.46 (240.00 hours), $3,850.00 (80.08

20   hours) of which was incurred during the $180 day period prior to the petition date . See attached

21   **Exhibit "A."**   Finally, the Debtor's books and records indicate that the claimant is owed

22   $104.04 in unreimbursed expenses, which corresponds with the documents attached to Claim

23   No. 324.

24         Accordingly, the Debtor objects to Claim No. 78 as amended by 324, in the amount of

25   $17,629.49 and proposes that Claim No. 78 be disallowed in its entirety and that Claim No. 324

26   be allowed in the amount of $11,642.50, with $7,792.50 as a general unsecured claim, $3,850.00

27   as a priority claim, and $6,049.99 disallowed in its entirety.

28

Objection to Priority Claims , Set No. 2

4. <u>John M. Bisaha, Claim No. 99 and 589</u>

Claim No. 99, filed November 28, 2007, by John Bisaha, a former employee, asserts a priority claim in the amount of $10,950.00. The claimant amended Claim No. 99 by filing Claim No. 216 on April 11, 2008, asserting a claim of $46,766.94, of which $10,950.00 is asserted as a priority in box 5 and $35,816.94 is asserted as an unsecured claim in box 5 (although box 4 indicates that the $35,816.94 is asserted as a priority claim). The claimant withdrew Claim No. 216 by filing a Withdrawal of Claim on January 29, 2009 (a true and correct copy of the claim withdrawal is attached as Exhibit "E") and filed another amended Claim No. 589 on January 29, 2009, asserting a claim of $46,218.47, of which $10,950.00 is asserted as a priority claim and $35,268.47 is asserted as an unsecured claim. [See Proof of Claim Nos. 69, 216 and 589 attached hereto]. The Debtor objects to this claim because its books and records reflect that the following amounts are owed to this claimant: $6,482.52 unsecured and $8,917.75 priority, for a total of $15,400.27. These amounts were derived as follows: the Debtor reviewed its books and records and determined that the claimant was owed for vacation of $3,176.25 (40.04 hours) which accrued within 180 days prior to the filing. The claimant is also owed additional accrued vacation pay for 35.16 hours ($2,789.13) for vacation which accrued prior to the 180 day period. See attached **Exhibit "A."**   In addition, the claimant is owed non-reimbursed expenses in the amount of $3,693.39. Attached as **Exhibit "F"** is a true and correct copy of the Debtor's accounts payable transaction inquiry, and approved expense sheets, regarding this claimant.

The claimant is also owed for commissions. Attached hereto as **Exhibit "G"** is a true and correct copy of the Debtor's updated commission sheet related to this claimant. The claimant's commission sheet attached to his Proof of Claim No. 216 (which was withdrawn – See Exhibit "E") indicates commissions owed to the claimant in a significantly higher amount (the additional commissions were related to a Rockwell sale). The additional Rockwell commissions were never authorized by the Debtor for payment since the vendor did not pay, which is prerequisite for payment of the commission to the claimant.

Accordingly, the Debtor objects to Claim No. 99 filed as a priority claim in the amount of

1  $10,950, as amended by the withdrawn Claim No. 216, as amended by Claim No. 589, filed in

2  the amount of $46,218.47 and proposes that only Claim No. 589 be allowed in the amount of

3  $15,400.27, with $6,482.52 as a general unsecured claim, $8,917.75 as a priority claim and

4  $30,818.20 disallowed in its entirety.

5      5.  Norman Eisenberg, Claim Nos. 110, as amended by 482

6      Claim No. 110, filed November 29, 2007 by Norman Eisenberg, a former employee,

7  asserts a claim in the amount of $10,576.36. The claimant amended this claim by filing Claim

8  No. 482 on June 7, 2008, asserting a claim in the amount of $14,665.78, with $10,950.00 as

9  priority and $3,715.78 as unsecured. [See Proof of Claim, Nos. 110 and 482 attached hereto].

10  The Debtor objects to this claim because its books and records reflect that the following amounts

11  are owed to this claimant: $6,403.46 unsecured and $3,850.00 priority, for a total of $10,253.46.

12  These amounts were derived as follows:  the Debtor reviewed its books and records and

13  determined that the claimant was owed for accrued priority vacation of $3,850.00.  See attached

14  **Exhibit "A."**  This claimant had accrued 80.08 hours ($3,850.00) as of the Chapter 11 filing

15  date, all of which was accrued within the 180 days prior to the filing. The claimant is also owed

16  $3,747.11 (77.94 hours) for accrued vacation time outside of the 180 day period.  Finally, the

17  claimant is also owed $2,656.35 in non-reimbursed expenses.  Attached hereto as **Exhibit "H"** is

18  a true and correct copy of an expense listing, segregated by employee, indicating that the

19  unreimbursed expenses owed to this claimant are $2,656.35.

20      Accordingly, the Debtor objects to Claim No. 110, as amended by Claim No. 482, filed in

21  the amount of $14,665.78 and proposes that only Claim No. 482 be allowed in the amount of

22  $10,253.46, with $6,403.46 as a general unsecured claim, $3,850.00 as a priority claim, and

23  $4,412.32 disallowed in its entirety.

24      6.  Ronald Schnieber, Claim Nos. 112, 306 and 309

25      Claim No. 112, filed December 3, 2007, filed by former employee Ronald Schnieber,

26  asserts a priority claim in the amount of $9,491.38.  Claim Nos. 306 and 309, both filed May 13,

27  2008, also filed by this claimant, also assert priority claims in the amount of $9,491.38 each.

28

1  Claim Nos. 306 and 309 are duplicates of each other and of Claim No. 112. [See Proofs of

2  Claim Nos. 112, 306 and 309 attached hereto]. The Debtor objects to Claim Nos. 306 and 309 in

3  their entirety and requests that they be disallowed in their entirety.

4       The Debtor objects to Claim No. 112 because its books and records reflect that the

5  following amounts are owed to this claimant: $3,911.85 unsecured and $2,013.25 priority, for a

6  total of $5,925.10. These amounts were derived as follows: the Debtor reviewed its books and

7  records and determined that the claimant was owed for vacation of $5,010.10 (122.60 hours) -

8  $41,636.25 (40.04 hours) accrued within 180 days prior to the filing and $3,373.85 (85.56 hours)

9  accrued prior to the 180 day period. See attached **Exhibit "A."** This claimant is also owed

10  unreimbursed commissions, which accrued within the 180 days prior to filing, in the amount of

11  $377.00. Attached hereto as **Exhibit "I"** is a true and correct copy of the Debtor's updated

12  commission sheet related to this claimant.

13       Accordingly, the Debtor objects to Claim No. 112 filed as a priority claim in the amount

14  of $9,491.38 and proposes that it be allowed in the amount of $5,925.10, with $3,911.85 as a

15  general unsecured claim, $2,013.25 as a priority claim, and $3,566.28 disallowed.

16       The Debtor also objects to Claim No. 308 filed as a priority claim in the amount of

17  $9,491.38 and requests that it be disallowed in its entirety.

18       The Debtor also objects to Claim No. 309 filed as a priority claim in the amount of

19  $9,491.38 and requests that it be disallowed in its entirety.

20       7.  <u>James R. Gallagher, Claim Nos. 126, as amended by 480, which is duplicated by 518</u>

21       Claim No. 126, filed December 10, 2007, by former employee James R. Gallagher,

22  asserts a claim in the amount of $14,318.38, with $7,027.38 as priority and $7,291.00 as

23  unsecured. Claim No. 126 was amended by Claim No. 480, filed by the claimant on June 16,

24  2008, which asserted a priority claim in the amount of $19,167.81, which was duplicated by

25  Claim No. 518, filed June 18, 2008. [See Proofs of Claim Nos. 126, 480 and 518 attached

26  hereto].  The Debtor objects to Claim No. 518 in its entirety as a duplicate of 480.

27       The Debtor objects to Claim No. 126, as amended by Claim No. 480, because its books

28

1   and records reflect that the following amounts are owed to this claimant: $8,816.49 unsecured

2   and $10,950.00 priority, for a total of $19,766.49.   These amounts were derived as follows:  the

3   Debtor reviewed its books and records and determined that the claimant was owed for vacation

4   of $9,925.39 (240 hours) - $3,311.77 (80.08 hours) accrued within 180 days prior to the filing

5   and $6,613.62 (159.92 hours) accrued prior to the 180 day period.  See attached **Exhibit "A."**

6   In addition, the Debtor's books and records reflect the claimant is owed $9,481.10 in

7   unreimbursed commissions. Attached as **Exhibit "J"** is a true and correct copy of an email from

8   Phillip Hornsey, then Vice President of Finance and Administration, indicating the outstanding

9   amount owed in commissions to this claimant.

10       In the claimant's proof of claim, the claimant also asserts a claim for unreimbursed

11   expenses.  None of the expenses asserted by the claimant were approved by the Debtor, as

12   required by the Debtor's reimbursement policy, and are therefore not eligible for reimbursement.

13   Accordingly, the Debtor's books and records do not reflect any expense amount owed this

14   claimant.

15       Accordingly, the Debtor objects to Claim No. 126, as amended by Claim No. 480, filed

16   as a priority claim in the amount of $19,167.81 and proposes that Claim No. 480 only be allowed

17   in the amount of $19,766.49, with $8,816.49 as a general unsecured claim and $10,950.00 as a

18   priority claim. Claim No. 126 should be disallowed in its entirety. Claim No. 518 should also be

19   disallowed in its entirety, as a duplicate of Claim No. 480.

20       8.   Richard T. Ruggirello, Claim No. 143, as amended by Claim No. 458

21       Claim No. 143, filed December 26, 2007, by former employee Richard T. Ruggirello,

22   asserts a claim in the amount of $14,074.47, with $9,436.01 as priority and $4,638.46 as

23   unsecured.  Claim No. 143 was amended by Claim No. 458, filed June 13, 2008, and asserts a

24   claim in the amount of $14,074.47, with $10,950.00 as priority and $3,124.47 as unsecured. [See

25   Proof of Claim Nos. 143 and 458 attached hereto].   The Debtor objects to the amended claim,

26   No. 458; the Debtor's books and records indicate that the claimant's originally filed claim, No.

27   143, is correct and should be allowed as originally filed.

28

The Debtor's books and records indicate the following amounts are owed this claimant: the Debtor reviewed its books and records and determined that the claimant was owed for vacation of $6,923.06 (240 hours – which matches the amount listed on the documentation attached to the claimant's proof of claim) - $2,310.00 (80.08 hours) accrued within 180 days prior to the filing and $4,613.07 (159.92 hours) accrued prior to the 180 day period.  See attached **Exhibit "A."**

Additionally, the Debtor's books and records indicate that the claimant is owed $7,151.40 in commissions.  This amount matches the commission amounts identified in the claimant's proof of claims.

Accordingly, the Debtor objects to Claim No. 458 in its entirety and proposes that Claim No. 143 be allowed in the following amounts: $14,074.47, with $9,461.40 as a priority and $4,613.07 unsecured.

9.  Tara Duval, Claim No. 155

Claim No. 155, filed December 28, 2007, by former employee Tara Duval, asserts a priority claim in the amount of $845.74.  [See Proof of Claim No. 155 attached hereto].  The Debtor objects to this claim because its books and records reflect that the following amount is owed to this claimant: $485.80.   The difference of $359.94 is related to an asserted Microsoft bonus plan, which was never approved by MTI.  Accordingly, the Debtor objects to the portion of the claim which relates to the unapproved commission.

The Debtor objects to Claim No. 155 filed as a priority claim in the amount of $845.74 and proposes that it be allowed only in the amount of $485.80, as a priority claim, with $359.94 disallowed.

10. Herme Cloete, Claim No. 157

Claim No. 157, filed December 31, 2007, by former employee Herme Cloete, asserts a claim in the amount of $5,020.18, with $3,426.92 as priority and $1,593.25 unsecured.  [See Proof of Claim No. 157 attached hereto].  The Debtor objects to this claim because its books and records reflect that the following amounts are owed to this claimant: $1,438.79 unsecured and

1   $33,368.52 priority, for a total of $4,807.31. These amounts were derived as follows: the

2   Debtor reviewed its books and records and determined that the claimant was owed for accrued

3   priority vacation of $3,368.52. See attached **Exhibit "A."**   The claimant is also owed $1,438.79

4   in non-reimbursed expenses. The documentation attached to the claimant's proof of claim

5   matches the $1,438.79 indicated by the Debtor's books and records. The claimant has not

6   provided any documentation pertaining to the higher amount of $1,593.26 asserted.

7          Accordingly, the Debtor objects to Claim No. 157, filed in the amount of $5,020.18 and

8   proposes that it be allowed in the amount of $4,807.31, with $1,438.79 as a general unsecured

9   claim, $3,368.52 as a priority claim, and $212.87 disallowed in its entirety.

10          11. Roger D. Sands, Claim No. 587

11          Claim No. 587, filed January 15, 2009 by former employee Roger D. Sands asserts a

12   priority claim in the amount of $5,919.90 and an unsecured claim in the amount of $4,235.00.

13   [See Proof of Claim, No. 587 attached hereto]. The Debtor objects to this claim because its

14   books and records reflect that the following amounts are owed to this claimant: $5,919.90

15   unsecured and $4,235.00 priority, for a total of $10,154.90.   The claimant inadvertently

16   transposed the priority and the unsecured amounts when he completed box #5 on the Proof of

17   Claim. The claimant correctly completed the Proof of Claim form when he completed box

18   number 4. These amounts were derived as follows: the Debtor reviewed its books and records

19   and determined that the claimant was owed for vacation of $10,154.90 (192.02 hours) -

20   $4,235.00 (80.08 hours) accrued within 180 days prior to the filing and $5,919.90 (111.94 hours)

21   accrued prior to the 180 day period. See attached **Exhibit "A."**

22          Accordingly, the Debtor objects to Claim No. 587 filed as a priority claim in the amount

23   of $5,919.90 and an unsecured claim in the amount of $4,235.00 and proposes that it be allowed

24   in the same amount but with $5,919.90 as a general unsecured claim and $4,235.00 as a priority

25   claim.

26

27

28

1

# III.

2

# FACTS[5]

3        MTI Technology Corporation, debtor and debtor in possession filed a voluntary petition

4    for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on

5    October 15, 2007.  Allowed claims in this bankruptcy case presently include certain claims listed

6    on the Debtor's Schedules (the "Schedules") (not listed as unliquidated, disputed, or contingent)

7    and claims reflected by proofs of claim filed by claim holders under §501 of the Bankruptcy

8    Code (the "Claims"). The Debtor has reviewed the Schedules, as well as each claim filed against

9    the Debtor's estate and has reconciled the Schedules and Claims to the Debtor's books and

10   records.

11

# IV.

12

# ARGUMENT

13   A.       THE DEBTOR IS A PROPER PARTY TO OBJECT TO CLAIMS

14       Pursuant to §502 of the Bankruptcy Code, the allowance or disallowance of claims must

15   be determined by the Court after an objection is made.  Section 502 of the Bankruptcy Code

16   provides, in relevant part:

17           (a) A claim ... proof of which is filed under [11 U.S.C. §501] is deemed allowed,
            unless a party in interest ... objects.

18

19   11 U.S.C. §502. The Debtor not only may bring objections as a party in interest, but is the party

20   upon which devolves the duty to bring objections.

21   B.       THE COURT MUST DETERMINE THE ALLOWABLE AMOUNT OF A

             CLAIM SUBJECT TO OBJECTION.

22       With certain exceptions, §502(b) of the Bankruptcy Code requires that:

23

24           ...if such objection to a claim is made, the court, after notice and a hearing, shall
            determine the amount of such claim ... as of the date of the filing of the petition,
            and shall allow such claim in such amount, except to the extent that --

25

26   _____

27   [5]  The information set forth in this section is supported by the annexed declaration of
    Scott J. Poteracki ("Poteracki Declaration").

28

(1)    such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured ... or

(9)    proof of such claim is not timely filed ...

11 U.S.C. §502(b)(1) & (9). As set forth herein and in the attached Poteracki Declaration, the Disputed Claims to which the Debtor has objected should be disallowed based on the foregoing provisions.

C.    <u>THE CLAIMANT MUST ESTABLISH THE VALIDITY OF THE CLAIM BY A</u>
<u>PREPONDERANCE OF THE EVIDENCE</u>

A properly filed proof of claim is <u>prima facie</u> evidence of the validity and amount of the claim. If objection is made to the proof of claim, the creditor has the ultimate burden of persuasion as to the validity and amount of the claims. *In re Hold*, 931 F.2d 620, 623 (9th Cir. 1991); *see also In re Pugh*, 157 B.R. 898, 901 (Bankr. 9th Cir. 1993); *In re Fidelity Mortgage Holding Company, Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988) (affirming disallowance of claim -- "the claimant must ... 'prove the validity of the claim by a preponderance of the evidence.' The ultimate burden of proof always rests upon the claimant.").

Usually, the objector must produce evidence sufficient to:

negate the prima facie validity of the filed claim.  In practice, the objector must produce evidence, which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.

*Consolidated Pioneer,* 178 B.R. at 226.

But, since "the ultimate burden of persuasion is always on the claimant", the burden of proof then "reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Id.; In re Pugh*, 157 B.R. 898 (9th Cir.BAP 1993); *In re Holm*, 931 F.2d 620 (9th Cir. 1991).

The Debtor has submitted evidence, the Poteracki Declaration, to negate the prima facie validity of the Disputed Claims. Thus, the burden is on the holders of the Disputed Claims to provide admissible evidence proving the validity of their claim.

As set forth above, the Debtor's books and records indicate that the Debtor is obligated to

pay these claims only in the amounts, if any, as noted above.  Therefore, the Disputed Claims should be disallowed as set forth herein.

### D.   CLAIMS ASSERTED ON SOME OTHER BASIS SHOULD BE DISALLOWED FOR FAILURE TO SET FORTH THE BASIS OF THE CLAIM

To the extent that any of the claimants assert Claims on some other basis, their respective proofs of claim fail to set forth the basis of their claim, and should be disallowed for that reason. Well- established case law requires that a proof of claim set forth facts sufficient to establish the debtor's liability to the claimant. *In re Circle J. Dairy*, 112 B.R. 297, 300 (W.D.Ark. 1989) (quoting Collier on Bankruptcy). This minimal requirement is necessary to avoid abuses of the claim process and to ensure that the debtor has sufficient information to prepare an objection to a proof of claim. *In re All American-Auxiliary Association*, 95 B.R. 540, 545 (S.D. Ohio 1989). Without a recitation of facts underlying the alleged liability, the debtor cannot meet its burden of going forward with evidence to establish the invalidity of the claim. *See, Id.*  A debtor can hardly be expected to prove a negative, that is, to present evidence disproving the undisclosed facts and theories of a claimant. Imposing such a burden is contrary to the rationale underlying allocation of the burden of proof. *In re Jordan*, 91 B.R. 673, 684 (E.D. Pa. 1988) (the logic of allocation of burden of proof is that it is necessarily placed on the party who has the most knowledge, and the best means of proof on a given issue at his disposal). Thus, when a proof of claim fails to set forth facts sufficient to enable the Debtor to ascertain the nature of the claim asserted, the Court should disallow the claim in its entirety.

### V.

### CONCLUSION

For all of the foregoing reasons, the Debtor respectfully requests that the Court enter an order disallowing the Disputed Claims attached hereto.

Dated: September 25, 2009

CLARKSON, GORE & MARSELLA
A Professional Law Corporation

By: _____
Scott C. Clarkson
Eve A. Marsella
Attorneys for MTI Technology Corporation

## **DECLARATION OF SCOTT J. POTERACKI**

I, Scott J. Poteracki, declare as follows:

1.      I am the Chief Restructuring Officer of MTI Technology Corporation, (the "Debtor"), the Debtor in the above-captioned proceeding.  Prior to the Debtor's bankruptcy filing, I was the CFO and Executive Vice President of the Debtor with direct supervisory responsibilities over the financial affairs and operations of the Debtor.   I have personal knowledge of the following, or have gained such knowledge from my review of the records of the Debtor, which are obtained, created and maintained in the ordinary course of business, and if called as a witness, could and would competently testify thereto.

2.      The Debtor filed a Chapter 11 petition on October 15, 2007.

3.      I am personally familiar with the books and records of the Debtor as they relate to the Debtor's accounts payable as of the date of the filing of the Debtor's bankruptcy case (the "Accounts Payable Books").  The Accounts Payable Books were made by the employees of the Debtor who had a business duty to enter the records of the Debtor accurately at or near the time of the event which they record such information, by or from information transmitted by someone with personal knowledge of the event or act. To the extent that information contained in the Debtor's books and records was computer-generated, the computers used by the Debtor were generally accepted in the Debtor's industry, were in good working order at all relevant times, and the computer operator possessed the knowledge and training to operate the computer correctly.

4.      I am personally familiar with the books and records of the Debtor as they relate to the Debtor's employees, and vacation and all other amounts accrued and owed each of the Debtor's employees.  The Debtor employed regular personnel, who had a business duty to regularly track and maintain such data in an Excel spreadsheet.

5.      Effective as of December 31, 2001, the Debtor implemented the business policy of having an Excel spreadsheet created and maintained, which contained every employee name, hourly pay rate, and department information.  Vacation balances per the ADP payroll system were input onto this spreadsheet (the "Vacation Spreadsheet") and tied out to an ADP vacation

report downloaded from the ADP system.   This business policy initially started in preparation for the payroll system to be converted over to Zurich Payroll Solutions, which did not have an accurate method of reporting and tracking accrued vacation earned and vacation taken. However, after the conversion to Zurich Payroll Solutions, the Debtor subsequently converted the payroll system back to ADP, at which point the Vacation Spreadsheet was then tied out with the ADP data to ensure the accuracy of the conversion to ADP.   The Vacation Spreadsheet was continually maintained, because the Debtor then subsequently converted the payroll system from ADP to Ceridian Payroll, and again the Vacation Spreadsheet was tied out with the ADP data and used to ensure the accuracy of the conversion to Ceridian.   The Debtor then converted the payroll system back to ADP once again and tied out the Vacation Spreadsheet to the ADP payroll reports.   The Vacation Spreadsheet was maintained by Kimberly Torrence, Manager of General Accounting, from 12/31/2001 through 06/13/2008 (the date she left the Debtor's employment).

6.     The Vacation Spreadsheet was updated each biweekly payroll period using the payroll provider's applicable reports showing vacation hours earned during the period (which were then multiplied by the employee's current hourly rate as determined by the applicable payroll report) and any vacation taken.   The Vacation Spreadsheet was then tied out with the hard copy payroll system reports to ensure all data had been input appropriately into the Excel spreadsheet.   All biweekly hard copy payroll reports used in maintaining the Vacation Spreadsheet were retained by Kimberly Torrence, Manager of General Accounting, with notations indicating the Vacation Spreadsheet and the payroll reports had been tied out.

7.     When the Debtor acquired Collective Technologies ("CT"), the Vacation balances that were brought onto the Debtor's books from CT were input into the Vacation Spreadsheet and tied out to CT's Vacation balance report provided to the Debtor, along with their biweekly accrual rates, and hourly pay rate information.   The Vacation Spreadsheet was also tied out to the applicable ADP payroll reports at this time.

8.     The Debtor's payroll was always paid 5 days in arrears for each two-week period,

1  which began on Monday and ended on Sunday.  In some instances, the payroll provider's records

2  were not accurate in reflecting vacation hours earned (especially in cases where employees

3  terminated employment mid-payroll-period and were paid out vacation hours earned through the

4  date of termination, but the payroll provider's software only reflected the hours earned through

5  the last regular payroll run and did not accrue the additional hours to the employee, since the

6  payroll system indicated the employee was terminated; or in rare cases where a new hire was not

7  properly set up in the payroll system to accrue vacation hours).  This is where the Vacation

8  Spreadsheet was determined to be more accurate than the payroll system, since <u>all</u> hours earned

9  and paid out were manually added to the spreadsheet based on the actual payment records and

10  new hire records.  The use of this spreadsheet acted as a double-check on the accuracy of data

11  input by the payroll clerk into the payroll system.

12       9.    During several annual audits of the Debtor's financial records, the Vacation

13  Spreadsheet and the reports used in maintaining it were examined by the professional audit team,

14  and the Vacation Spreadsheet was accepted by the auditors.

15       10.    In creating the Vacation Spreadsheet used for the priority claim amounts, the

16  Vacation Spreadsheet existing at the time of the Petition Date was used and "frozen" at 10/15/07.

17  (A new spreadsheet for the post-bankruptcy period was then created and used to track any

18  vacation earned and paid out after the 10/15/07 cutoff date.)  The priority claim amounts were

19  determined by calculating the vacation earned in the 180 days prior to the Petition Date of

20  10/15/07, and comparing that to the actual vacation balance on the Vacation Spreadsheet at

21  10/15/07.  If the hours calculated as accrued in the 180 days prior to 10/15/07 were higher than

22  the actual vacation balance per the Vacation Spreadsheet (indicating the employee had taken

23  vacation during that time), then the lower, actual amount was used as the priority unsecured

24  liability claim amount.  Any excess vacation balance earned prior to the 180-day period was

25  included in the regular unsecured liability claim column.  The totals of these two columns

26  represent the total accrued vacation per the Vacation Spreadsheet at 10/15/07.  A true and correct

27  copy of the Vacation Spreadsheet is attached hereto as **Exhibit "A".**

28

11.     The following objections to Claims are to claims filed by the Debtor's former employees.  Copies of these claims are attached hereto for the Court's inspection.

a.   Jonathan Tipton, Claim No. 26

Claim No. 26, filed November 2, 2007 by Jonathan Tipton, a former employee, asserts a priority claim in the amount of $6,062.00. [See Proof of Claim No. 26].  The Debtor objects to this claim because its books and records reflect that the following amounts are owed to this claimant: $3,266.37 unsecured and $3,650.25 priority, for a total of $6,916.62.  These amounts were derived as follows:  the Debtor reviewed its books and records and determined that the claimant was owed unreimbursed expenses in the amount of $782.62, $2,399 in commissions and for accrued vacation of $3,735.00 (119.52 hours), $1,251.25 (40.04 hours) of which was accrued in the 180 days prior to the Petition Date.  Attached as **Exhibit "A"** is a true and correct copy of the Debtor's vacation spreadsheet, detailing all accrued vacation owed to former employees.  Attached hereto as **Exhibit "B"** is a true and correct copy of the Debtor's detail records indicating the amount of commissions owed the claimant. Although the claimant's proof of claim includes requests for additional commissions, pursuant to MTI's 2007 Commission Plan, commissions were deemed earned upon revenue recognition by the Debtor.  The Debtor was never paid the revenue for which the additional commissions are sought by this claimant; thus, no additional amounts are owed.

Accordingly, the Debtor objects to Claim No. 26, filed as a priority claim in the amount of $6,062.00 and proposes that it be allowed in the amount of $6,916.62, with $3,266.37 as a general unsecured claim and $3,650.25 as a priority claim.

b.   Ted Turkington, Claim No. 71

Claim No. 71, filed November 16, 2007 by Ted Turkington, a former employee, asserts a priority claim in the amount of $10,950.00 and an unsecured claim in the amount of $7,154.42. [See Proof of Claim, No. 71 attached hereto]. The Debtor objects to this claim because its books and records reflect that the following amounts are owed to this claimant: $10,854.00 unsecured and $6,933.35 priority, for a total of $17,787.35.  These amounts were derived as follows:  the

1   Debtor reviewed its books and records and determined that the claimant was owed for accrued

2   vacation of $11,339.43.  See attached **Exhibit "A,"** which is a true and correct copy of the

3   Debtor's vacation spreadsheet, detailing all accrued vacation owed to former employees.  This

4   claimant had accrued 157.24 hours as of the Chapter 11 filing date.  40.04 hours (or $2,887.50)

5   was accrued within the 180 days prior to the filing, leaving a remaining balance of 117.2 hours

6   ($8,451.92) due and owing as an unsecured claim. In addition, the claimant is owed $2,402.08 in

7   unreimbursed expenses. A true and correct copy of the Debtor's account payable ledger as to the

8   outstanding expenses owed this claimant is attached hereto as **Exhibit "C".**   Finally, the

9   claimant is owed $5,212.85 in commissions.  A true and correct copy of the Debtor's ledger

10   indicating the commissions owed this claimant is attached hereto as **Exhibit "D".**

11       Accordingly, the Debtor objects to Claim No. 71, in the amount of $18,104.42 and

12   proposes that it be allowed in the amount of $17,787.35, with $10,854.00 as a general unsecured

13   claim, $6,933.35 as a priority claim, and $317.07 disallowed in its entirety.

14       c.   <u>Steven M. DiGiuseppe, Claim No. 78, as amended by 324</u>

15       Claim No. 78, filed November 20, 2007 by former employee Steven M. DiGiuseppe

16   asserts a claim in the amount of $17,692.49 ($7,834.80 unsecured and $9,857.69 priority). The

17   claimant amended Claim No. 78 by filing Claim No. 324 on May 27, 2008, asserting the same

18   total amount ($17,692.49), but altered the categorization of the amounts: $10,950, priority and

19   $6,742.49 as unsecured. [See Proof of Claim, Nos. 78 & 324 attached hereto].  The Debtor

20   objects to these claims because its books and records reflect that the following amounts are owed

21   to this claimant: $7,792.50 unsecured and $3,850.00 priority, for a total of $11,642.50.   These

22   amounts were derived as follows:  the Debtor reviewed its books and records and determined

23   that the claimant was owed for accrued vacation of $11,538.46 (240.00 hours), $3,850.00 (80.08

24   hours) of which was incurred during the $180 day period prior to the petition date .  See attached

25   **Exhibit "A."**   Finally, the Debtor's books and records indicate that the claimant is owed

26   $104.04 in unreimbursed expenses, which corresponds with the documents attached to Claim

27   No. 324.

28

1    Accordingly, the Debtor objects to Claim No. 78 as amended by 324, in the amount of

2  $17,629.49 and proposes that Claim No. 78 be disallowed in its entirety and that Claim No. 324

3  be allowed in the amount of $11,642.50, with $7,792.50 as a general unsecured claim, $3,850.00

4  as a priority claim, and $6,049.99 disallowed in its entirety.

5    d.  <u>John M. Bisaha, Claim No. 99 and 589</u>

6    Claim No. 99, filed November 28, 2007, by John Bisaha, a former employee, asserts a

7  priority claim in the amount of $10,950.00.  The claimant amended Claim No. 99 by filing Claim

8  No. 216 on April 11, 2008, asserting a claim of $46,766.94, of which $10,950.00 is asserted as a

9  priority in box 5 and $35,816.94 is asserted as an unsecured claim in box 5 (although box 4

10 indicates that the $35,816.94 is asserted as a priority claim). The claimant withdrew Claim No.

11 216 by filing a Withdrawal of Claim on January 29, 2009 (a true and correct copy of the claim

12 withdrawal is attached as Exhibit "E") and filed another amended Claim No. 589 on January 29,

13 2009, asserting a claim of $46,218.47, of which $10,950.00 is asserted as a priority claim and

14 $35,268.47 is asserted as an unsecured claim. [See Proof of Claim Nos. 69, 216 and 589 attached

15 hereto].  The Debtor objects to this claim because its books and records reflect that the following

16 amounts are owed to this claimant: $6,482.52 unsecured and $8,917.75 priority, for a total of

17 $15,400.27.   These amounts were derived as follows:  the Debtor reviewed its books and records

18 and determined that the claimant was owed for vacation of $3,176.25 (40.04 hours) which

19 accrued within 180 days prior to the filing.  The claimant is also owed additional accrued

20 vacation pay for 35.16 hours ($2,789.13) for vacation which accrued prior to the 180 day period.

21 See attached **Exhibit "A."**    In addition, the claimant is owed non-reimbursed expenses in the

22 amount of $3,693.39.  Attached as **Exhibit "F"** is a true and correct copy of the Debtor's

23 accounts payable transaction inquiry, and approved expense sheets, regarding this claimant.

24    The claimant is also owed for commissions.  Attached hereto as **Exhibit "G"** is a true

25 and correct copy of the Debtor's updated commission sheet related to this claimant. The

26 claimant's commission sheet attached to his Proof of Claim No. 216 (which was withdrawn –

27 See Exhibit "E") indicates commissions owed to the claimant in a significantly higher amount

28

1  (the additional commissions were related to a Rockwell sale).  The additional Rockwell

2  commissions were never authorized by the Debtor for payment since the vendor did not pay,

3  which is prerequisite for payment of the commission to the claimant.

4       Accordingly, the Debtor objects to Claim No. 99 filed as a priority claim in the amount of

5  $10,950, as amended by the withdrawn Claim No. 216, as amended by Claim No. 589, filed in

6  the amount of $46,218.47 and proposes that only Claim No. 589 be allowed in the amount of

7  $15,400.27, with $6,482.52 as a general unsecured claim, $8,917.75 as a priority claim and

8  $30,818.20 disallowed in its entirety.

9       e.   <u>Norman Eisenberg, Claim Nos. 110, as amended by 482</u>

10       Claim No. 110, filed November 29, 2007 by Norman Eisenberg, a former employee,

11  asserts a claim in the amount of $10,576.36. The claimant amended this claim by filing Claim

12  No. 482 on June 7, 2008, asserting a claim in the amount of $14,665.78, with $10,950.00 as

13  priority and $3,715.78 as unsecured. [See Proof of Claim, Nos. 110 and 482 attached hereto].

14  The Debtor objects to this claim because its books and records reflect that the following amounts

15  are owed to this claimant: $6,403.46 unsecured and $3,850.00 priority, for a total of $10,253.46.

16  These amounts were derived as follows:  the Debtor reviewed its books and records and

17  determined that the claimant was owed for accrued priority vacation of $3,850.00.  See attached

18  **Exhibit "A."**   This claimant had accrued 80.08 hours ($3,850.00) as of the Chapter 11 filing

19  date, all of which was accrued within the 180 days prior to the filing. The claimant is also owed

20  $3,747.11 (77.94 hours) for accrued vacation time outside of the 180 day period.  Finally, the

21  claimant is also owed $2,656.35 in non-reimbursed expenses.  Attached hereto as **Exhibit "H"** is

22  a true and correct copy of an expense listing, segregated by employee, indicating that the

23  unreimbursed expenses owed to this claimant are $2,656.35.

24       Accordingly, the Debtor objects to Claim No. 110, as amended by Claim No. 482, filed in

25  the amount of $14,665.78 and proposes that only Claim No. 482 be allowed in the amount of

26  $10,253.46, with $6,403.46 as a general unsecured claim, $3,850.00 as a priority claim, and

27  $4,412.32 disallowed in its entirety.

28

f.  Ronald Schnieber, Claim Nos. 112, 306 and 309

Claim No. 112, filed December 3, 2007, filed by former employee Ronald Schnieber, asserts a priority claim in the amount of $9,491.38.  Claim Nos. 306 and 309, both filed May 13, 2008, also filed by this claimant, also assert priority claims in the amount of $9,491.38 each. Claim Nos. 306 and 309 are duplicates of each other and of Claim No. 112.  [See Proofs of Claim Nos. 112, 306 and 309 attached hereto]. The Debtor objects to Claim Nos. 306 and 309 in their entirety and requests that they be disallowed in their entirety.

The Debtor objects to Claim No. 112 because its books and records reflect that the following amounts are owed to this claimant: $3,911.85 unsecured and $2,013.25 priority, for a total of $5,925.10.  These amounts were derived as follows:  the Debtor reviewed its books and records and determined that the claimant was owed for vacation of $5,010.10 (122.60 hours) - $41,636.25 (40.04 hours) accrued within 180 days prior to the filing and $3,373.85 (85.56 hours) accrued prior to the 180 day period.  See attached **Exhibit "A."**  This claimant is also owed unreimbursed commissions, which accrued within the 180 days prior to filing, in the amount of $377.00.  Attached hereto as **Exhibit "I"** is a true and correct copy of the Debtor's updated commission sheet related to this claimant.

Accordingly, the Debtor objects to Claim No. 112 filed as a priority claim in the amount of  $9,491.38 and proposes that it be allowed in the amount of $5,925.10, with $3,911.85 as a general unsecured claim, $2,013.25 as a priority claim, and $3,566.28 disallowed.

The Debtor also objects to Claim No. 308 filed as a priority claim in the amount of $9,491.38 and requests that it be disallowed in its entirety.

The Debtor also objects to Claim No. 309 filed as a priority claim in the amount of $9,491.38 and requests that it be disallowed in its entirety.

g.  James R. Gallagher, Claim Nos. 126, as amended by 480, which is duplicated by 518

Claim No. 126, filed December 10, 2007, by former employee James R. Gallagher, asserts a claim in the amount of $14,318.38, with $7,027.38 as priority and $7,291.00 as unsecured. Claim No. 126 was amended by Claim No. 480, filed by the claimant on June 16,

2008, which asserted a priority claim in the amount of $19,167.81, which was duplicated by Claim No. 518, filed June 18, 2008. [See Proofs of Claim Nos. 126, 480 and 518 attached hereto].   The Debtor objects to Claim No. 518 in its entirety as a duplicate of 480.

The Debtor objects to Claim No. 126, as amended by Claim No. 480, because its books and records reflect that the following amounts are owed to this claimant: $8,816.49 unsecured and $10,950.00 priority, for a total of $19,766.49.   These amounts were derived as follows:  the Debtor reviewed its books and records and determined that the claimant was owed for vacation of $9,925.39 (240 hours) - $3,311.77 (80.08 hours) accrued within 180 days prior to the filing and $6,613.62 (159.92 hours) accrued prior to the 180 day period.  See attached **Exhibit "A."** In addition, the Debtor's books and records reflect the claimant is owed $9,481.10 in unreimbursed commissions. Attached as **Exhibit "J"** is a true and correct copy of an email from Phillip Hornsey, then Vice President of Finance and Administration, indicating the outstanding amount owed in commissions to this claimant.

In the claimant's proof of claim, the claimant also asserts a claim for unreimbursed expenses.  None of the expenses asserted by the claimant were approved by the Debtor, as required by the Debtor's reimbursement policy, and are therefore not eligible for reimbursement. Accordingly, the Debtor's books and records do not reflect any expense amount owed this claimant.

Accordingly, the Debtor objects to Claim No. 126, as amended by Claim No. 480, filed as a priority claim in the amount of $19,167.81 and proposes that Claim No. 480 only be allowed in the amount of $19,766.49, with $8,816.49 as a general unsecured claim and $10,950.00 as a priority claim. Claim No. 126 should be disallowed in its entirety. Claim No. 518 should also be disallowed in its entirety, as a duplicate of Claim No. 480.

h.   <u>Richard T. Ruggirello, Claim No. 143, as amended by Claim No. 458</u>

Claim No. 143, filed December 26, 2007, by former employee Richard T. Ruggirello, asserts a claim in the amount of $14,074.47, with $9,436.01 as priority and $4,638.46 as unsecured.  Claim No. 143 was amended by Claim No. 458, filed June 13, 2008, and asserts a

1    claim in the amount of $14,074.47, with $10,950.00 as priority and $3,124.47 as unsecured. [See

2    Proof of Claim Nos. 143 and 458 attached hereto].   The Debtor objects to the amended claim,

3    No. 458; the Debtor's books and records indicate that the claimant's originally filed claim, No.

4    143, is correct and should be allowed as originally filed.

5        The Debtor's books and records indicate the following amounts are owed this claimant:

6    the Debtor reviewed its books and records and determined that the claimant was owed for

7    vacation of $6,923.06 (240 hours – which matches the amount listed on the documentation

8    attached to the claimant's proof of claim) - $2,310.00 (80.08 hours) accrued within 180 days

9    prior to the filing and $4,613.07 (159.92 hours) accrued prior to the 180 day period.  See

10   attached **Exhibit "A."**

11       Additionally, the Debtor's books and records indicate that the claimant is owed $7,151.40

12   in commissions.  This amount matches the commission amounts identified in the claimant's

13   proof of claims.

14       Accordingly, the Debtor objects to Claim No. 458 in its entirety and proposes that Claim

15   No. 143 be allowed in the following amounts: $14,074.47, with $9,461.40 as a priority and

16   $4,613.07 unsecured.

17       i.   Tara Duval, Claim No. 155

18       Claim No. 155, filed December 28, 2007, by former employee Tara Duval, asserts a

19   priority claim in the amount of $845.74.  [See Proof of Claim No. 155 attached hereto].  The

20   Debtor objects to this claim because its books and records reflect that the following amount is

21   owed to this claimant: $485.80.   The difference of $359.94 is related to an asserted Microsoft

22   bonus plan, which was never approved by MTI.  Accordingly, the Debtor objects to the portion

23   of the claim which relates to the unapproved commission.

24       The Debtor objects to Claim No. 155 filed as a priority claim in the amount of $845.74

25   and proposes that it be allowed only in the amount of $485.80, as a priority claim, with $359.94

26   disallowed.

27   ///

28

j.   Herme Cloete, Claim No. 157

Claim No. 157, filed December 31, 2007, by former employee Herme Cloete, asserts a claim in the amount of $5,020.18, with $3,426.92 as priority and $1,593.25 unsecured.  [See Proof of Claim No. 157 attached hereto].  The Debtor objects to this claim because its books and records reflect that the following amounts are owed to this claimant: $1,438.79 unsecured and $33,368.52 priority, for a total of $4,807.31.  These amounts were derived as follows:  the Debtor reviewed its books and records and determined that the claimant was owed for accrued priority vacation of $3,368.52.  See attached **Exhibit "A."**   The claimant is also owed $1,438.79 in non-reimbursed expenses.  The documentation attached to the claimant's proof of claim matches the $1,438.79 indicated by the Debtor's books and records.  The claimant has not provided any documentation pertaining to the higher amount of $1,593.26 asserted.

Accordingly, the Debtor objects to Claim No. 157, filed in the amount of $5,020.18 and proposes that it be allowed in the amount of $4,807.31, with $1,438.79 as a general unsecured claim, $3,368.52 as a priority claim, and $212.87 disallowed in its entirety.

k.   Roger D. Sands, Claim No. 587

Claim No. 587, filed January 15, 2009 by former employee Roger D. Sands asserts a priority claim in the amount of $5,919.90 and an unsecured claim in the amount of $4,235.00. [See Proof of Claim, No. 587 attached hereto]. The Debtor objects to this claim because its books and records reflect that the following amounts are owed to this claimant: $5,919.90 unsecured and $4,235.00 priority, for a total of $10,154.90.   The claimant inadvertently transposed the priority and the unsecured amounts when he completed box #5 on the Proof of Claim.  The claimant correctly completed the Proof of Claim form when he completed box number 4.  These amounts were derived as follows:  the Debtor reviewed its books and records and determined that the claimant was owed for vacation of $10,154.90 (192.02 hours) - $4,235.00 (80.08 hours) accrued within 180 days prior to the filing and $5,919.90 (111.94 hours) accrued prior to the 180 day period.  See attached **Exhibit "A."**

Accordingly, the Debtor objects to Claim No. 587 filed as a priority claim in the amount

1  of $5,919.90 and an unsecured claim in the amount of $4,235.00 and proposes that it be allowed

2  in the same amount but with $5,919.90 as a general unsecured claim and $4,235.00 as a priority

3  claim.

4        I declare under penalty of perjury under the laws of the United States of America that the

5  foregoing is true and correct and that this Declaration is executed on September 17, 2009, at

6  Tustin, California.

7

8                                      Scott J. Poteracki

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28