SCOTT C. CLARKSON (STATE BAR NO. 143271)
EVE A. MARSELLA (STATE BAR NO. 165797)
CLARKSON, GORE & MARSELLA
A PROFESSIONAL LAW CORPORATION
3424 CARSON STREET, SUITE 350
Telephone: (310) 542-0111
Facsimile: (310) 214-7254

Attorneys for MTI Technology Corporation
Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>**MTI TECHNOLOGY CORPORATION,**<br>**a Delaware corporation,**<br><br>Debtor and Debtor in Possession. | Chapter 11<br><br>Case No. 8:07-bk-13347-ES<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER PURSUANT TO FED. R. BANKR. P. 9019 APPROVING SETTLEMENT AGREEMENT WITH, AND FIXING CLAIM OF, ROCKWELL COLLINS, INC. (CLAIM #209)**<br><br>**DECLARATION IN SUPOPRT**<br><br>[NO HEARING REQUIRED -<br>Local Bankruptcy Rule 9013-1(o)] |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, AND ALL PARTIES ENTITLED TO NOTICE:**

**PLEASE TAKE NOTICE** that MTI Technology Corporation, the above-captioned debtor and debtor in possession (the "Debtor"), hereby files with the Court a motion for an Order Pursuant to Fed. R. Bankr. P. 9019 Approving the Settlement Agreement with, and Fixing the Claim of, Rockwell Collins, Inc. (Claim #209) (the "Motion").

Pursuant to Local Bankruptcy Rule 9013-1(o), the Debtor is requesting that the Court approve the Motion without a hearing.

By this Motion, the Debtor requests the entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019(a) approving the Settlement Agreement with, and Fixing the Claim of, Rockwell Collins, Inc. (Claim #209) (the "Agreement"). A true and correct copy of the Agreement, along with Proof of Claim #209, is attached hereto as **Exhibits "A" and "209,"** respectively.

Under the terms of the Agreement, as more fully set forth in Exhibit "A", Rockwell Collins, Inc. ("Rockwell") will pay the Debtor $67,575.00 and will have an allowed general unsecured claim in the amount of $47,240.00. The Agreement also contains full releases by both parties as to any and other pre and post petition claims, with certain limited exceptions as set forth therein.

The parties have engaged in good faith negotiations concerning the resolution of the parties' claims. The Debtor urges the Court to approve the compromise memorialized in the Agreement, pursuant to Federal Rule of Bankruptcy Procedure 9019(a), as fair and equitable to all parties and in the best interests of the Debtor's estate and creditors. The Motion is based upon this Motion, the attached Memorandum of Points and Authorities and supporting Declaration, the Agreement, the Court's files in this Chapter 11 case and upon such other evidence as may be presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(o)(1) requires that any response and request for hearing must be filed with the court and served on the movant and the United States trustee within 15 days after the date of service of the notice.

October 29, 2009

CLARKSON, GORE & MARSELLA, APLC

By: _____
Scott C. Clarkson
Eve A. Marsella
Counsel for MTI Technology Corporation
Debtor and Debtor in Possession

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

### Preliminary Statement

At the time of the Debtor's filing of its voluntary chapter 11 petition on October 15, 2007, the Debtor identified on Schedule B several assets, including outstanding accounts receivables owed to it by third parties as of the petition date. One such receivable was owed by Rockwell Collins, Inc. in the amount of $83,075.00. After further review, the parties agreed that this amount, however, included costs for services never performed by the Debtor and that the actual amount owed by Rockwell as of the petition date was $69,575.00.

As a result of the Debtor's failure to perform the services referenced above, Rockwell failed to pay the outstanding receivable and asserted that it was required to obtain replacement services and to incur an obligation to EMC Corporation related to such replacement services in the amount of $47,240.00. Accordingly, Rockwell filed a Proof of Claim, No. 209, dated on or about April 3, 2008, as a general unsecured claim in the amount of $47,240.00.

After arms' length negotiations, the Debtor and Rockwell Collins, Inc. ("Rockwell") have entered into an Agreement resolving the parties' disputes over the balance owed and the proof of claim. The parties have agreed that Rockwell will pay the Debtor $69,575.00, that Rockwell's Proof of Claim No. 209 will be allowed as a general unsecured claim in the amount of $47,240.00 and the parties fully release each other of any pre and post petition claims, with certain limited exceptions as set forth therein. A true and correct copy of the Agreement is attached hereto as Exhibit "A". For the reasons stated more fully below, the Agreement represents a fair and equitable compromise which is the best interests of the Debtor and the creditors of the Debtor's Estate.

### A. General Information

The Debtor filed a voluntary Chapter 11 proceeding on October 15, 2007. The Debtor has ceased operating, sold most of its significant assets and is in the process of winding down its affairs. The claims bar date was June 18, 2008. The Debtor is reviewing the filed proofs of claims and has begun the claims review/objection process.

**B. The Agreement and Factual Background**

The Debtor has alleged that Rockwell owed the Debtor a pre-petition account receivable, as reflected by Invoice No. 141234, dated October 1, 2007, in the amount of $83,075.00 from the sale of certain equipment and services (the "Outstanding Amount"). Rockwell acknowledged that it received the equipment, but asserts that it never received certain services. After further review, the parties agreed that the Outstanding Amount included costs for services never performed by the Debtor and that the actual amount owed by Rockwell as of the petition date was $69,575.00.

As a result of the Debtor's failure to perform the services referenced above, Rockwell failed to pay the outstanding receivable and asserted that it was required to obtain replacement services and to incur an obligation to EMC Corporation related to such replacement services in the amount of $47,240.00. Accordingly, Rockwell filed a Proof of Claim, No. 209, dated on or about April 3, 2008, as a general unsecured claim in the amount of $47,240.00. A true and correct copy of the Proof of Claim is attached hereto as "No. 209".

After arms' length negotiations, the Debtor and Rockwell Collins, Inc. ("Rockwell") have entered into an Agreement resolving the parties' disputes over the balance owed and the proof of claim. The parties have agreed that Rockwell will pay the Debtor $69,575.00, that Rockwell's Proof of Claim No. 209 will be allowed as a general unsecured claim in the amount of $47,240.00 and the parties fully release each other of any pre and post petition claims, with certain limited exceptions as set forth therein.

## II.

## ARGUMENT

## THE COURT SHOULD APPROVE THE COMPROMISE

The Court should approve the Agreement.

The Ninth Circuit has long held that "[t]he bankruptcy court has great latitude in approving compromise agreements." *Woodson v. Fireman's Fund Insurance Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1987). In determining whether a settlement agreement is fair and equitable, the Ninth Circuit has directed that a court should consider, among other things, "the probability of success in the litigation, the complexity, expense, inconvenience and delay involved in the litigation, and the paramount interest of the creditors." *Martin v. Kane (In re A & C Properties)*, 784 F. 2d

1377, 1381 (9th Cir.), *cert. denied*, 479 U.S. 854 (1986). The court should consider these factors as a whole and need not "conduct a trial or mini-trial, or decide the merits of the individual issues." *In re Lee Way Holding Co.,* 120 B.R. 881, 890 (Bankr. S.D. Ohio 1990). Analysis of these facts here uniformly supports Court approval of the compromises contained in the Agreement.

First, the probability of success for the Debtor in prosecuting a recovery action as to the outstanding receivable and objecting to Rockwell's claim in its entirety are the key factors weighing in favor of the Court's approval of the Agreement. The Debtor's claim against Rockwell is based upon the value of the equipment sold and received by Rockwell. The Debtor believes that it would be successful in its recovery action. Rockwell's proof of claim is based upon the Debtor's asserted failure to provide contracted services. Rockwell believes that it would prevail on its proof of claim, should an objection be taken.

To avoid the costs of litigation, the Debtor has negotiated the Agreement regarding the parties' mutual claims. As fully set forth in the Agreement, Rockwell will pay the Estate the full value of the equipment received and its Proof of Claim will be allowed as a general unsecured claim. In addition, the parties have released any pre and post petition additional claim which could be potentially asserted by either party, with certain limited exceptions specifically set forth in the Agreement. After an opportunity to thoroughly research the underlying background of Rockwell's claim, the Debtor has determined that the claim would probably be entitled to an allowed amount, and that it would likely prevail on its recovery action. Approval of the Agreement, therefore, saves the Debtor the expense of litigating a recovery action as to the outstanding amount, a claim objection and eliminates the uncertainty surrounding the matter. Thus, the Agreement allows the Debtor and Rockwell to "avoid the expense and burdens associated with litigating sharply contested and dubious claims." *United States v. Alaska National Bank (In re Walsh Constr., Inc.)* 669 F.2d 1325, 1328 (9th Cir. 1982).

Finally, approving the Agreement will not have any detrimental effects on the Debtor's Estate or its creditors; to the contrary, in light of the uncertainty involved, it will benefit the Estate by $67,575.00 and will prevent a further depletion of resources available for distribution to the creditors. Given the uncertainty of the probability of success on the merits as discussed above, there

5

1  is no apparent benefit to be gained for the creditors in compelling adjudication of any recovery
2  action or a claim objection.

### III.
### CONCLUSION

The Agreement presents fair and equitable compromises in the best interests of the Debtor's estate. Thus, the Debtor respectfully requests that the Court enter an order approving the Agreement under Federal Rule of Bankruptcy Procedure 9019(a).

October 29, 2009                                CLARKSON, GORE & MARSELLA, APLC

                                                By: _____
                                                    Scott C. Clarkson
                                                    Eve A. Marsella
                                                    Counsel for MTI Technology Corporation
                                                    Debtor and Debtor in Possession

6

# DECLARATION OF SCOTT POTERACKI

I, Scott Poteracki, declare:

1. I am the CRO of MTI Technology Corporation, Debtor and Debtor in Possession herein. I have either personal knowledge of the following facts or have gained such knowledge from my review of the Debtor's books and records, which are created, obtained and maintained in the ordinary course of business. If called as a witness, I would and could testify completely thereto.

2. I submit this declaration in support of the motion for an order pursuant to Federal Rule of Bankruptcy Procedure 9019 approving the Settlement Agreement with, and Fixing the Claim of, Rockwell Collins, Inc. (Claim #209) (the "Agreement"). A true and correct copy of the Agreement, along with Proof of Claim #209, is attached thereto as **Exhibits "A" and "209,"** respectively.

3. The Debtor filed a voluntary Chapter 11 proceeding on October 15, 2007. The Debtor has ceased operating, sold most of its significant assets and is in the process of winding down its affairs. The claims bar date was June 18, 2008. The Debtor is reviewing the filed proofs of claims and has begun the claims review/objection process.

4. The Debtor has alleged that Rockwell owed the Debtor a pre-petition account receivable, as reflected by Invoice No. 141234, dated October 1, 2007, in the amount of $83,075.00 from the sale of certain equipment and services (the "Outstanding Amount"). Rockwell acknowledged that it received the equipment, but asserts that it never received certain services. After further review, the parties agreed that this amount, however, included costs for services never performed by the Debtor and that the actual amount owed by Rockwell as of the petition date was $69,575.00.

5. As a result of the Debtor's failure to perform the services referenced above, Rockwell failed to pay the outstanding receivable and asserted that it was required to obtain replacement services and to incur an obligation to EMC Corporation related to such replacement services in the amount of $47,240.00. Accordingly, Rockwell filed a Proof of Claim, No. 209, dated on or about April 3, 2008, as a general unsecured claim in the amount of $47,240.00.

6. After arms' length negotiations, the Debtor and Rockwell Collins, Inc. ("Rockwell") have entered into an Agreement resolving the parties' disputes over the balance owed and the proof

of claim. The parties have agreed that Rockwell will pay the Debtor $69,575.00, that Rockwell's Proof of Claim No. 209 will be allowed as a general unsecured claim in the amount of $47,240.00 and the parties fully release each other of any pre and post petition claims, with certain limited exceptions specifically identified in the Agreement.

7. Based upon the exercise of its business judgment, the Debtor has determined that approval of the Agreement is in the best interests of the Debtor's estate because it will avoid the cost of litigating a recovery action and claim objection, the best result for which is what is obtained in the attached Agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration is executed on October 28, 2009, at Tustin, California.

Scott J. Poteracki