SCOTT C. CLARKSON, ESQ.  SBN 143271
EVE A. MARSELLA, ESQ.  SBN 165797
**CLARKSON, GORE & MARSELLA**
**A PROFESSIONAL LAW CORPORATION**
3424 Carson Street, Suite 350
Torrance, California 90503
(310) 542-0111 Telephone
(310) 214-7254 Facsimile

Attorneys for MTI Technology Corporation,
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>MTI TECHNOLOGY CORPORATION,<br>a Delaware corporation,<br><br>               Debtor and<br>               Debtor-in-Possession. | Case No. 8:07-bk-13347-ES<br><br>Chapter 11 Proceeding<br><br>**STIPULATION TO CONTINUE (1) DEBTOR'S CASE STATUS CONFERENCE AND (2) HEARING ON APPROVAL OF DISCLOSURE STATEMENT; OR ALTERNATIVELY, REQUEST TO SHORTEN TIME ON WHICH DISCLOSURE STATEMENT MAY BE HEARD**<br><br>Current Hearing Date:<br>DATE:   April 8, 2010<br>TIME:   10:30 a.m.<br>PLACE:   Courtroom 5A |

1   This Stipulation to Continue (1) Debtor's Case Status Conference, and (2) Hearing on the
2   Approval of the Disclosure Statement, or alternatively, to Shorten Time on Which the Disclosure
3   Statement May be Heard is entered into by and between Debtor MTI Technology Corporation
4   ("Debtor") and the Official Unsecured Creditors' Committee ("Committee"), in accordance with
5   the terms and subject to the conditions set forth herein.
6   The hearing on the Debtor's Disclosure Statement is scheduled for April 8, 2010. The
7   Debtor filed its Disclosure Statement, jointly with the Committee, on or about March 25, 2010.
8   The parties delayed in filing the Disclosure Statement pending a March 4, 2010 mediation in
9   ongoing significant litigation, the successful resolution of which could, and did, significantly alter
10  the financial disclosures required in the Disclosure Statement.  As a result of the successful
11  mediation, the Estate will obtain an additional $1,900,000 in cash, and a waiver of over
12  approximately $5,000,000 in claims.  This resolution also eliminated a previous objection to the
13  Debtor's prior Disclosure Statement. These amounts were significant enough that they
14  substantially altered the disclosures required in the Disclosure Statement. Given the proximity of
15  the March 4, 2010 mediation and the preparation and filing of the Disclosure Statement, the
16  parties determined that it was in the creditor's best interests to delay the filing.

17  **RECITALS**

18  A.    On October 15, 2007, the Debtor filed a petition for relief under Chapter 11 of the
19  Bankruptcy Code.  The Debtor is administering its assets as a debtor-in-possession pursuant to
20  Sections 1107 and 1108 of the Bankruptcy Code.
21  B.    The Committee is the duly appointed and acting official committee of creditors
22  holding unsecured claims in the Debtor's case.
23  C.    After significant negotiations, the Committee and the Debtor have reached
24  agreement regarding the terms of a joint, consensual Chapter 11 plan in this case, which
25  negotiations included significant investigations into maximizing the Estate's assets for the benefit
26  of its creditors.  Many of the Estate's assets include pending litigation matters.
27
28

1  D. A Chapter 11 Case Status Conference and the hearing on the approval of the Debtor's Disclosure Statement are currently scheduled for April 8, 2010. The Committee and the Debtor filed a joint Disclosure Statement and Plan on March 25, 2010.

E. The parties delayed the filing of the joint Disclosure Statement and Plan as a result of the following: on March 4, 2010, the Committee, the Debtor and EMC Corporation engaged in a lengthy mediation in the action entitled *MTI Technology Corporation v. EMC Corporation*, Adv. No. 8:09-01267-ES, which resulted in a settlement of $1,900,000 million to the Estate, and a waiver of over $5,000,000 in claims[1]. This settlement result significantly impacted the Estate and caused a substantial impact to the disclosures required in the Disclosure Statement.

F. Subsequent to the March 4, 2010 mediation, the Committee and the Debtor have diligently worked together to revise the Plan and Disclosure Statement and thereafter have prepared consensual joint documents, approved by both the Committee and the Debtor.

G. Based upon the foregoing, the Committee and the Debtor believe that it is in the best interests of the Debtor's creditors for the Court to continue the Case Status Conference and hearing on the Disclosure Statement, or alternatively, to shorten the time for which the Disclosure Statement hearing may occur.

WHEREFORE, based upon the foregoing Recitals, and for good and sufficient cause, the Committee and the Debtor, by and through their respective counsel of record, agree and stipulate as follows:

## STIPULATION

1. The Case Status Conference and the hearing on the Disclosure Statement shall be continued until the first date available on the Court's calendar after May 7, 2010 so that notice of the hearing on the approval of the Disclosure Statement can be given in accordance with the requirements of the Local Bankruptcy Rules, or alternatively, the Court may shorten the time for giving notice of the hearing on the approval of the Disclosure Statement so that the Disclosure Statement may be heard on the present April 8, 2010 date therefor.

---

[1] The parties are in the process of finalizing the settlement agreement and expect to file it with the Court, seeking approval of the compromise, shortly. The settlement will also eliminate a prior objection to the Debtor's previously filed Disclosure Statement.

1  2. In the event the Case Status Conference and hearing on Disclosure Statement is
2  continued, any opposition to the Disclosure Statement shall be filed and served no later than
3  fourteen (14) days before the date of the hearing on the Disclosure Statement. Any reply to any
4  such opposition shall be filed no later than seven (7) days before the date of the hearing on the
5  Disclosure Statement. The Debtor shall provide notice of the Case Status Conference and the
6  hearing on the Disclosure Statement to all creditors entitled to notice thereof.

7  DATED: March 25, 2010

**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**

By: _____
Robert E. Opera
Counsel for the Official Unsecured Creditors' Committee

DATED: March 26, 2010

**CLARKSON, GORE & MARSELLA**

By: _____
Eve Marsella
General Insolvency Counsel for the Debtor

| In re: | CHAPTER: 11 |
|---|---|
| MTI TECHNOLOGY CORPORATION  Debtor(s). | CASE NUMBER: 8:07-BK-13347-ES |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3424 Carson Street, Suite 350, Torrance, CA 90503

A true and correct copy of the foregoing document described **STIPULATION TO CONTINUE (1) DEBTOR'S CASE STATUS CONFERENCE AND (2) HEARING ON APPROVAL OF DISCLOSURE STATEMENT; OR ALTERNATIVELY, REQUEST TO SHORTEN TIME ON WHICH DISCLOSURE STATEMENT MAY BE HEARD** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **MARCH 26, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**U.S. Trustee**
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☒    Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **MARCH 26, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Judge**
Honorable Erithe A. Smith
411 W. Fourth St., Suit e5041
Santa Ana, CA 92701-4593

☒    Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 26, 2010 | Brenda L. Campos | _(signature)_ |
|---|---|---|
| Date | Type Name | Signature |

| In re:<br>MTI TECHNOLOGY CORPORATION | | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 8:07-BK-13347-ES |

### SERVED BY U.S. MAIL OR OVERNIGHT MAIL

**Debtor**
MTI Technology Corporation
Attn: Scott J. Poteracki
15641 Red Hill Ave., Suite 200
Tustin, CA  92780

### TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

**Counsel for Creditor Committee**
Richard H Golubow     pj@winthropcouchot.com
Robert E Opera     pj@winthropcouchot.com

**Counsel for EMC Corporation**
David L Wilson     dlwilson@winston.com

Also served on:

**Special Notice**
Michael B Reynolds     mreynolds@swlaw.com, kcollins@swlaw.com

**Counsel for Verizon**
Mark A Shaiken     mshaiken@stinson.com

**Counsel for Collective Group**
Patricia B Tomasco     ptomasco@mailbmc.com

**Counsel for AM-PM, Inc. dba Aries Internet Services, Inc**
Sharon Z Weiss     sweiss@richardsonpatel.com

**Counsel for American Express Travel Related Svcs Co Inc Corp Card**
Gilbert B Weisman     notices@becket-lee.com

**Counsel for Argo Partners**
Matthew A Gold     courts@argopartners.net

**Counsel for Copper Holdings, LLC**
Robert L Eisenbach     reisenbach@cooley.com

**Counsel for Dell Financial Services, LLC**
Brian T Harvey     bharvey@buchalter.com, IFS_filing@buchalter.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                          F 9013-3.1

| In re:<br>MTI TECHNOLOGY CORPORATION | Debtor(s). | CHAPTER: 11<br>CASE NUMBER: 8:07-BK-13347-ES |
|---|---|---|

## SERVICE LIST VIA NEF CONTINUED

**Counsel for Rockwell Collins, Inc**
Lesley A Hawes    lhawes@mckennalong.com, pcoates@mckennalong.com

John O Campbell
ocampbell@houser-law.com

Jeffrey D. Cawdrey
jcawdrey@gordonrees.com klasky@gordonrees.com

Ivan L Kallick  ikallick@manatt.com ihernandez@manatt.com

Alexander Kazhokin akazhokin@buchalter.com  salarcon@buchalter.com  ifs_filing@buchalter.com

Payam Khodadadi pkhodadadi@winthropcouchot.com

Adam Lewis  alewis@mofo.com

Elmer Dean Martin elmermartin@msn.com

Eric S. Pezold  epezold@swlaw.com    dwlewis@swlaw.com

Michael A. Wallin  mwallin@sheppardmullin.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                  F 9013-3.1