1  ROBERT E. OPERA – State Bar No. 101182
   ropera@winthropcouchot.com
2  RICHARD H. GOLUBOW – State Bar No. 160434
   rgolubow@winthropcouchot.com
3  PAYAM KHODADADI – State Bar No. 239906
   pkhodadadi@winthropcouchot.com
4  **WINTHROP COUCHOT**
   **PROFESSIONAL CORPORATION**
5  660 Newport Center Drive, Fourth Floor
   Newport Beach, CA 92660
6  Telephone: (949) 720-4100
   Facsimile:   (949) 720-4111
7
   Counsel for the Official Committee
8  of Unsecured Creditors

9  Scott C. Clarkson, Esq. (CA Bar No. 143271)
   Eve A. Marsella, Esq. (CA Bar No. 165797)
10 **CLARKSON, GORE & MARSELLA, APLC**
   3424 Carson Street, Suite 350
11 Torrance, California  90503
   Telephone: 310/542-0111
12 Facsimile:  310/214-7254
   Email: sclarkson@lawcgm.com
13
   Counsel for Debtor and Debtor-in-Possession
14 MTI Technology Corporation

15

16                    **UNITED STATES BANKRUPTCY COURT**

17                    **CENTRAL DISTRICT OF CALIFORNIA**

18                         **SANTA ANA DIVISION**

19

20 In re:                              Case No. 8:07-13347-ES

21 MTI TECHNOLOGY CORPORATION,         Chapter 11 Proceeding
   a Delaware corporation,
22                                     **ORDER CONFIRMING JOINT FOURTH**
                                       **AMENDED CHAPTER 11 PLAN**
23                Debtor and
24                Debtor-in-Possession.  **Plan Confirmation Hearing**

25                                     Date:      August 26, 2010
                                       Time:      10:30 a.m.
26                                     Place:     Courtroom 5A
                                                  411 West Fourth Street
27                                                  Santa Ana, CA
28

Order#28507#94c06ff2-aea7-4b7d-adae-c08cf0dee224

FILED & ENTERED

SEP 01 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY reid        DEPUTY CLERK

1      The matter of the confirmation of the Joint Fourth Amended Chapter 11 Plan ("Fourth

2  Amended Plan") filed jointly by Debtor MTI Technology Corporation ("Debtor") and by the

3  Official Committee of Unsecured Creditors ("Committee") came on for hearing on August 26,

4  2010, at about 10:30 a.m., before the Honorable Erithe A. Smith, United States Bankruptcy Judge,

5  in the above-entitled Court. [1]   Robert E. Opera, Esq. of Winthrop Couchot Professional

6  Corporation appeared on behalf of the Committee.  Eve A. Marsella, Esq. of Clarkson, Gore &

7  Marsella, APLC appeared on behalf of the Debtor.  Other appearances, if any, were as reflected on

8  the record of the proceedings.

9      This Order is based, in part, upon the following pleadings before this Court:

10          A.      Debtor's and Committee's Joint Third Amended Chapter 11 Plan;

11          B.      Debtor's and Committee's Joint Third Amended Disclosure Statement

12  Describing Debtor's and Committee's Third Amended Chapter 11 Plan;

13          C.      Summary of Debtor's and Committee Joint Third Amended Chapter 11

14  Plan;

15          D.      Order Approving Debtor's and Committee's Joint Third Amended

16  Disclosure Statement Describing Debtor's and Committee's Joint Third Amended

17  Chapter 11 Plan;

18          E.      Proof of Service of Nova George Regarding Service of "Plan Package"

19  Documents;

20          F.      Notice of:  (1) Approval of Debtor's and Committee's Joint Third

21  Amended Disclosure Statement; (2) Plan Confirmation Hearing; (3) Dates and Deadlines

22  Relating to Plan Confirmation; and (4) Manner of Service;

23          G.      Motion to Make Non-Material Modifications to Debtor's and

24  Committee's Joint Third Amended Chapter 11 Plan ("Plan Modification Motion");

25          H.      Fourth Amended Plan;

26

27

28

---

[1] Unless otherwise defined herein, the definitions of the capitalized terms contained herein are as set forth in the
Fourth Amended Plan.

1    I.    Declaration of Brian K. Osborne Re Analysis of Ballots for Accepting or

2    Rejecting Debtor's and Committee's Joint Third Amended Chapter 11 Plan ("Osborne

3    Declaration");

4    J.    Declaration of Scott Poteracki in Support of Confirmation of Debtor's and

5    Committee's Joint Fourth Amended Chapter 11 Plan ("Poteracki Declaration");

6    K.    Committee's and Debtor's Brief in Support of Confirmation of Joint

7    Fourth Amended Chapter 11 Plan;

8    L.    Objection of U.S. Securities and Exchange Commission to Confirmation

9    of Debtor's and Committee's Third Amended Chapter 11 Plan;

10    M.    Withdrawal of Objection of U.S. Securities and Exchange Commission to

11    Confirmation of Debtor's and Committee's Joint Third Amended Chapter 11 Plan

12    ("Objection Withdrawal"); and

13    N.    Order Approving Motion to Make Non-Material Modifications to Joint

14    Third Amended Chapter 11 Plan ("Plan Modification Order").

15    Based upon the foregoing pleadings, the other pleadings and documents on file in the

16    Case, this Court's Findings of Fact and Conclusions of Law entered in support hereof, this

17    Court's issuance of the Plan Modification Order, the Objection Withdrawal filed by the United

18    States Securities and Exchange Commission, and, as a consequence thereof, the lack of any

19    pending objections to the confirmation of the Fourth Amended Plan, the arguments presented at

20    the Confirmation Hearing, and for other good and sufficient cause,

21    **IT IS HEREBY ORDERED THAT:**

22    1.    The Fourth Amended Plan, a true and complete copy of which has been

23    filed as Docket #1265 and is incorporated herein by this reference, is hereby confirmed,

24    and all of the provisions of the Fourth Amended Plan are hereby approved.

25    2.    In accordance with the provisions of Section 2.1.56 of the Fourth

26    Amended Plan, the Effective Date of the Fourth Amended Plan shall be the eleventh day

27    following the waiver or satisfaction of the conditions set forth in Section 6.3 of the

28    Fourth Amended Plan.

Order#28507#94c06ff2-aea7-4b7d-adae-c08cf0dee224

3.  The Administrative Claims Bar Date, set forth by Section 3.1.2 of the Fourth Amended Plan, is hereby approved, and any holder of an Administrative Claim that is required to file a request for payment of its Administrative Claim by the Administrative Claims Bar Date and that does not file by the Administrative Claims Bar Date such request for payment of its Administrative Claim shall be forever barred from asserting such Administrative Claim against the Debtor, the Reorganized Debtor, the Estate or any of the property or assets of the Debtor or the Reorganized Debtor.

4.  In accordance with the provisions of Section 5.4 of the Fourth Amended Plan, Canopy shall be paid, without alteration or modification, any and all amounts to which Canopy is entitled pursuant to paragraphs 2 and 3 of the Canopy Agreement.

5.  In accordance with the provisions of Section 5.6 of the Fourth Amended Plan, on the Effective Date of the Fourth Amended Plan, all Interests shall be cancelled and Interest Holders shall receive no Post-Effective Date Stock or any other Interest of any nature whatsoever in the Reorganized Debtor, and Interest Holders shall not receive any Distributions on account of their Interests, except only as provided expressly to the contrary in Section 5.6.1.1 of the Fourth Amended Plan.

6.  In accordance with the provisions of Section 6.6 of the Fourth Amended Plan, except as otherwise specifically provided in the Fourth Amended Plan, on the Effective Date, all property and rights of the Estate shall revest in, or be transferred to, the Reorganized Debtor, free and clear of all Claims, Liens and rights of Creditors and Interests of Interest Holders.  As of the Effective Date, the Reorganized Debtor may operate its business and use, acquire, and dispose of property and settle and compromise Claims without the supervision of or any authorization from, this Court or the United States Trustee, and free of any restriction of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions specifically provided for in the Fourth Amended Plan.

7.  The appointment of the Plan Agent pursuant to the Fourth Amended Plan is hereby approved, and the Plan Agent shall have the rights, powers and duties provided for by the Fourth Amended Plan and the Plan Agent Disclosure filed in the Case.

Order#28507#94c06ff2-aea7-4b7d-adae-c08cf0dee224

8.    In accordance with the provisions of Section 6.8.3 of the Fourth Amended Plan, the Plan Agent shall be, and hereby is, appointed as the representative of the Estate pursuant to sections 1123(a)(5), 1123(a)(7) and 1123(b)(3)(B) of the Bankruptcy Code.

9.    The limitation of liability provisions contained in Sections 6.8.5, 7.2.5, 12.1 and 12.3 of the Fourth Amended Plan are hereby approved as being reasonable and consistent with the requirements of applicable law.

10.    In accordance with the provisions of Section 6.9 of the Fourth Amended Plan, as of the Effective Date, all duties of the Committee in the Case shall be terminated, and the Committee shall be replaced by the Post-Effective Date Committee. The Post-Effective Date Committee shall have the rights, responsibilities and functions set forth in the Fourth Amended Plan.

11.    In accordance with the provisions of Section 6.10 of the Fourth Amended Plan, the Debtor, as the Reorganized Debtor, shall continue to exist after the Effective Date, and the Reorganized Debtor shall have all of the powers and rights of a corporation under the laws of the State of Delaware, and, except as set forth in the Fourth Amended Plan expressly to the contrary, shall continue to have all corporate powers and rights accorded to it under its Articles of Incorporation, Bylaws and other corporate governance agreements.

12.    The Plan Agent is hereby authorized to pursue, if appropriate, for the benefit of holders of Allowed General Unsecured Claims a Merger Transaction in accordance with the terms and conditions of Section 6.18 of the Fourth Amended Plan.

13.    In accordance with the provisions of Section 8.5 of the Fourth Amended Plan, any Avoidance Action Payment Claim shall be forever barred, shall not be enforceable against the Debtor or the Reorganized Debtor, and shall not be entitled to any Distribution under the Fourth Amended Plan, unless a Proof of Claim for such Avoidance Action Payment Claim is filed and served on the Plan Agent within 30 days after the later of (a) the date of entry of the order of the Bankruptcy Court adjudging the

Order#28507#94c06ff2-aea7-4b7d-adae-c08cf0dee224

Creditor's liability to the Debtor or to the Reorganized Debtor on account of such

Avoidance Action, or (b) the Effective Date.

14.    In accordance with the provisions of Section 10.2 of the Fourth Amended

Plan, the Debtor is hereby authorized to reject, on the Effective Date of the Fourth

Amended Plan, pursuant to the provisions of section 365 of the Bankruptcy Code, the

Debtor's interests in any and all executory contracts and unexpired leases of the Debtor.

15.    In accordance with the provisions of Section 10.4 of the Fourth Amended

Plan, any Rejection Claim shall be forever barred, shall not be enforceable against the

Debtor or the Reorganized Debtor, and shall not be entitled to any Distribution under the

Fourth Amended Plan, unless a Proof of Claim for such Rejection Claim is filed and

served on the Plan Agent within 30 days after the later of (a) the date of entry of the

order of the Bankruptcy Court approving the rejection of the executory contract or

unexpired lease, or (b) the Effective Date.

16.    In accordance with the provisions of Section 11.1 of the Fourth Amended

Plan, effective as of the Effective Date, confirmation of the Fourth Amended Plan shall

have all of the effects provided by section 1141 of the Bankruptcy Code which are not

inconsistent with the terms of the Fourth Amended Plan.  Except as otherwise specifically

provided in the Fourth Amended Plan or in this Order, pursuant to section 1141(d) of the

Bankruptcy Code, the Distributions and rights that are provided in the Fourth Amended

Plan shall be in complete satisfaction, settlement, release and discharge, effective as of the

Effective Date, of all known or unknown Claims and Administrative Claims against, rights

against, liabilities of, obligations of, and any Liens encumbering the Debtor's assets and

property, including, but not limited to, Claims of the kind specified in sections 502(g),

502(h) and 502(i) of the Bankruptcy Code, in each case whether or not (a) a Proof of Claim

based upon such Claim is filed or deemed filed under section 501 of the Bankruptcy Code,

(b) such Claim is allowed under section 502 of the Bankruptcy Code, or (c) the holder for

such Claim accepted the Fourth Amended Plan.

Order#28507#94c06ff2-aea7-4b7d-adae-c08cf0dee224

17.    In accordance with the provisions of Section 11.2 of the Fourth Amended Plan, except as otherwise expressly provided in the Fourth Amended Plan, on and after the Effective Date, all Creditors who have held, hold, or may hold a Claim, discharged pursuant to the terms of the Fourth Amended Plan (including, but not limited to, states and other governmental units, and any state official, employee or other entity acting in an individual or official capacity on behalf of any state or other governmental unit) shall be permanently enjoined from the following:  (a) taking any of the following actions on account of any such discharged Claim:  (i) commencing or continuing in any manner any action or other proceeding against the Debtor, the Reorganized Debtor, their successors, or their property; (ii) enforcing, attaching, executing, collecting, or recovering in any manner any judgment, award, decree, or order against the Debtor, the Reorganized Debtor, their successors, or their property; (iii) creating, perfecting, or enforcing any Lien against the Debtor, the Reorganized Debtor, their successors, or their property; (iv) asserting any set off, right of subrogation, or recoupment of any kind against any obligation due to the Debtor, the Reorganized Debtor, their successors, or their property; and (v) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Fourth Amended Plan; and (b) taking any actions on account of any claims or rights of action that are revested in, or transferred to, the Reorganized Debtor as of the Effective Date of the Fourth Amended Plan, including, without limitation, commencing or continuing in any manner any Avoidance Action.

18.    In accordance with the provisions of Section 11.3 of the Fourth Amended Plan, except as otherwise provided in the Fourth Amended Plan or in this Order, the rights afforded under the Fourth Amended Plan and the treatment of all Claims under the Fourth Amended Plan shall be in exchange for and complete satisfaction, settlement, release and discharge of all Claims (including Administrative Claims and any interest accrued on any Claim from and after the Petition Date) against the Debtor and the Reorganized Debtor and any of their respective assets and property.  Except as otherwise provided in the Fourth Amended Plan or in this Order, upon the Effective Date, each Creditor and party-in-interest

Order#28507#94c06ff2-aea7-4b7d-adae-c08cf0dee224

in the Case shall be deemed to have irrevocably and unconditionally settled and released, fully and forever, any Claims against the Debtor and the Reorganized Debtor, and their respective assets and properties.  Except as otherwise provided in the Fourth Amended Plan or in this Order, all Creditors shall be precluded from asserting all Claims against the Debtor and the Reorganized Debtor, and their respective assets and properties.

19.    Until the Case is closed, this Court shall retain jurisdiction over the Case in order to ensure that the purposes and intent of the Fourth Amended Plan are carried out. Without limiting the generality of the foregoing, this Court shall retain jurisdiction over the Case for the purposes set forth in Section 13.10 of the Fourth Amended Plan.

20.    In accordance with the provisions of Section 13.17 of the Fourth Amended Plan, pursuant to sections 105 and 1142 of the Bankruptcy Code, the Debtor and the Reorganized Debtor are authorized and empowered to execute such documents and to take such actions as may be necessary or appropriate to effectuate the terms and conditions of the Fourth Amended Plan.

21.    This Order shall be deemed to constitute all of the approvals and consents required, if any, by the laws, rules or regulations of any state or any other governmental unit, and by the Articles of Incorporation, Bylaws, and other corporate governance agreements of the Debtor, with respect to the implementation or consummation of the Fourth Amended Plan and any documents, instruments or agreements contemplated by the Fourth Amended Plan.

22.    The transactions contemplated by the Fourth Amended Plan are in compliance with and satisfy all applicable provisions of the Bankruptcy Code, and the terms and conditions of the Fourth Amended Plan are fair and reasonable.

23.    The provisions of this Order, and, upon the Effective Date of the Fourth Amended Plan, all provisions of the Fourth Amended Plan, shall be binding in all respects upon the Debtor and each Creditor and Interest Holder, whether or not such Creditor or Interest Holder has accepted the Fourth Amended Plan.

Order#28507#94c06ff2-aea7-4b7d-adae-c08cf0dee224

24.    In accordance with the provisions of Section 12.1 of the Fourth Amended Plan, as specified in section 1125(e) of the Bankruptcy Code, neither the Debtor, the Reorganized Debtor, nor any of their respective members, officers, directors, employees, agents, representatives, advisors or professionals shall have or incur any liability to any Creditor or party-in-interest, on account of their solicitation of acceptances or rejections of the Fourth Amended Plan or their participation in the offer, issuance, sale or purchase of a security, offered or sold under the Fourth Amended Plan, for violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of the Fourth Amended Plan or the offer, issuance, sale, or purchase of securities.

25.    **On or before February 3, 2011, the Plan Agent shall file, on behalf of the Reorganized Debtor, a status report ("Status Report") explaining the progress that has been made toward consummation of the Fourth Amended Plan.  The Status Report shall be served on the United States Trustee, the Reorganized Debtor, and any party who requests after the Effective Date special notice in the Case.  A Post-Confirmation Status Conference will be held on February 17, 2011 at 10:30 a.m.  Further Status Reports shall be filed as ordered by this Court.**  Each Status Report shall include the following information:

a.    A schedule listing for each Claim in each Class of Claims:  the total amount required to be paid under the Fourth Amended Plan; the amount required to be paid as of the date of the Status Report; the amount actually paid as of the date of the Status Report; and the deficiency, if any, in required payments;

b.    A schedule of any and all post-confirmation tax liabilities that have accrued or come due, and a detailed explanation of payments thereon;

c.    The Plan Agent's projection as to the Reorganized Debtor's continuing ability to comply with the terms of the Fourth Amended Plan;

d.    An estimate of the date for consummation of the Fourth Amended Plan and the filing of an application for Final Decree; and

Order#28507#94c06ff2-aea7-4b7d-adae-c08cf0dee224

e.      Any other pertinent information necessary to explain the progress

toward consummation of the Fourth Amended Plan.

26.      The failure to reference or discuss any particular provision of the Fourth

Amended Plan in this Order shall have no effect on the validity, binding effect and

enforceability of such provision and such provision shall have the same validity, binding

effect and enforceability as every other provision of the Fourth Amended Plan.

27.      The provisions of Rule 3020(e) and, to the extent otherwise applicable,

Rules 6004(h), 6006(d) and 7062, of the Federal Rules of Bankruptcy Procedure shall not

apply to this Order, and this Order shall take effect immediately and shall not be stayed.

**PRESENTED BY:**

**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**


By:____/s/ Robert E. Opera_____
            Robert E. Opera
Counsel for the Official Committee of
Unsecured Creditors


**CLARKSON, GORE &
MARSELLA, APLC**

By:____/s/ Scott C. Clarkson_____
            Scott C. Clarkson
Attorneys for Debtor and Debtor-in-
Possession MTI Technology Corporation

####

United States Bankruptcy Judge

DATED: September 1, 2010

Order#28507#94c06ff2-aea7-4b7d-adae-c08cf0dee224

Case 8:07-bk-13347-ES   Doc 1285   Filed 09/01/10   Entered 09/01/10 13:57:47   Desc
Main Document   Page 11 of 13

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as: **ORDER CONFIRMING JOINT FOURTH AMENDED CHAPTER 11 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On _____, 2010  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 25, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

- Scott C Clarkson    sclarkson@lawcgm.com
- Eve A Marsella    emarsella@lawcgm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 25, 2010 | Susan Connor | /s/ Susan Connor |
|---|---|---|
| Date | Type Name | Signature |

Order#28507#94c06ff2-aea7-4b7d-adae-c08cf0dee224

1

2

# NOTICE OF ENTERED ORDER AND SERVICE LIST

3

Notice is given by the court that a judgment or order entitled (*specify*):  **ORDER CONFIRMING JOINT FOURTH AMENDED CHAPTER 11 PLAN** was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below:

4

5

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of August 25, 2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

6

7

8

9
☒    Service information continued on attached page

10

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

11

12

13

14
☐    Service information continued on attached page

15

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

16

17

18

19

20

21
☐    Service information continued on attached page

22

23

24

25

26

27

28

Order#28507#94c06ff2-aea7-4b7d-adae-c08cf0dee224

1

2
**ADDITIONAL SERVICE INFORMATION** (if needed):

3
NEF SERVICE BY COURT

4
- Robert C Briseno    rbriseno@swlaw.com

5
- John O Campbell    ocampbell@houser-law.com
- Jeffrey D Cawdrey    jcawdrey@gordonrees.com, ebojorquez@gordonrees.com

6
- Scott C Clarkson    sclarkson@lawcgm.com
- Robert L Eisenbach    reisenbach@cooley.com

7
- Christine M Fitzgerald    cfitzgerald@lawcgm.com
- Matthew A Gold    courts@argopartners.net

8
- Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com

9
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com
- Lesley A Hawes    lhawes@mckennalong.com, pcoates@mckennalong.com

10
- Ivan L Kallick    ikallick@manatt.com, ihernandez@manatt.com
- Alexandra Kazhokin    akazhokin@buchalter.com,

11
  salarcon@buchalter.com;ifs_filing@buchalter.com
- Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com

12
- Sandra W Lavigna    lavignas@sec.gov
- Adam A Lewis    alewis@mofo.com

13
- Eve A Marsella    emarsella@lawcgm.com
- Elmer D Martin    elmermartin@gmail.com

14
- Robert E Opera    pj@winthropcouchot.com, sconnor@winthropcouchot.com

15
- Eric S Pezold    epezold@swlaw.com, dwlewis@swlaw.com
- Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com

16
- Mark A Shaiken    mshaiken@stinson.com
- Daniel C Silva    dsilva@gordonrees.com

17
- Patricia B Tomasco    ptomasco@mailbmc.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

18
- Michael A Wallin    mwallin@sheppardmullin.com

19
- Gilbert B Weisman    notices@becket-lee.com
- Sharon Z Weiss    sharon.weiss@hro.com

20
- Charmaine M Wilson    sg@primeshares.com
- David L Wilson    dlwilson@winston.com

21

22

23

24

25

26

27

28

Order#28507#94c06ff2-aea7-4b7d-adae-c08cf0dee224