ROBERT E. OPERA – State Bar No. 101182
    ropera@winthropcouchot.com
RICHARD H. GOLUBOW – State Bar No. 160434
    rgolubow@winthropcouchot.com
PAYAM KHODADADI – State Bar No. 239906
    pkhodadadi@winthropcouchot.com
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile:   (949) 720-4111

Counsel for the Plan Agent

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>MTI TECHNOLOGY CORPORATION, a Delaware corporation,<br><br>Reorganized Debtor  . | Case No. 8:07-13347-ES<br><br>Chapter 11 Proceeding<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY WITH MORRISON & FOERSTER LLP; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF RICHARD H. GOLUBOW IN SUPPORT THEREOF**<br><br>[Fed. R. Bankr.P. 9019 and Local Bankruptcy Rule 9013-1(o)]<br><br>[No Hearing Necessary] |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; DEBTOR, MTI TECHNOLOGY CORPORATION; AND OTHER PARTIES-IN-INTEREST:**

Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, the Plan Agent Richard Feferman (the "Plan Agent"), appointed pursuant to the Joint Fourth Amended Plan (the "Plan"), in the Chapter 11 case of MTI Technology Corporation (the "Debtor"), hereby moves ("Motion") the Court for an order approving the compromise of controversy with Morrison & Foerster LLP (the "Defendant"), which was named as a Defendant in an avoidance action (Case No. 8:09-01610-ES) commenced by the Official Committee of Creditors Holding Unsecured Claims (the "Pre-Effective Date Committee") to avoid and recover transfers of property of the Debtor pursuant to Sections 547 and 550 of the Bankruptcy Code, and to disallow claims of the Defendant pursuant to Section 502(d) of the Bankruptcy Code. Pursuant to the Plan, the rights to prosecute and to settle the avoidance action were transferred to, and vest in, the Plan Agent.

Pursuant to the terms of the Settlement Agreement and Mutual Release, entered into by and between the Plan Agent and the Defendant (the "Settlement Agreement"), the Defendant will pay the sum of $150,000 to the Plan Agent, will waive its right to assert a claim under Section 502(h) of the Bankruptcy Code, and will waive fifty percent (50%) of its Proof of Claim No. 397, which was asserted in the amount of $121,489.85 for the purposes of calculating any distribution made under the Plan. Good cause exists for granting this Motion. As set forth in the Declaration of Richard H. Golubow appended hereto ("Golubow Declaration"), the Settlement Agreement was negotiated at arm's length, and the Settlement Agreement is fair and reasonable and in the best interests of the Debtor, its estate, and its creditors.

This Motion is made and based on the above allegations and representations, the Memorandum of Points and Authorities and the Golubow Declaration appended hereto, all pleadings, papers and other documents on file with the Court and such other evidence, both oral and documentary, that may be presented to the Court with respect to this Motion.

**IF YOU DO NOT OPPOSE THE MOTION DESCRIBED ABOVE, YOU NEED TAKE NO FURTHER ACTION. HOWEVER, IF YOU OBJECT TO THE MOTION,**

1    PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1(o), OBJECTIONS MUST BE

2    FILED WITH THE COURT WITHIN FOURTEEN (14) DAYS OF THE DATE OF

3    SERVICE OF THIS MOTION.  YOU MUST FILE YOUR OBJECTION AND REQUEST

4    FOR A HEARING WITH THE CLERK OF THE UNITED STATES BANKRUPTCY

5    COURT, LOCATED AT 411 WEST FOURTH STREET, SUITE 2030, SANTA ANA, CA

6    92701.  YOU MUST SERVE A COPY OF YOUR OBJECTION TO THE MOTION, AND

7    REQUEST FOR A HEARING, UPON THE PLAN AGENT'S COUNSEL AT THE

8    MAILING ADDRESS INDICATED IN THE UPPER LEFT CORNER OF THE FIRST

9    PAGE OF THE MOTION, THE DEBTOR'S COUNSEL, EVE A. MARSELLA, ESQ. C/O

10   CLARKSON GORE & MARSELLA, APC, 3424 CARSON STREET, SUITE 350,

11   TORRANCE, CA 90503, AND UPON THE OFFICE OF THE UNITED STATES

12   TRUSTEE LOCATED AT 411 WEST FOURTH STREET, SUITE 9041, SANTA ANA, CA

13   92701-8000.  UPON RECEIPT OF A WRITTEN OBJECTION AND REQUEST FOR A

14   HEARING, THE PLAN AGENT'S COUNSEL WILL OBTAIN A HEARING DATE AND

15   GIVE APPROPRIATE NOTICE THEREOF.  ANY FAILURE TO TIMELY FILE AND

16   SERVE OBJECTIONS MAY RESULT IN ANY SUCH OBJECTIONS BEING WAIVED.

17       / / /

18       / / /

19       / / /

MAINDOCS-#155846-v2-MTI_Motion_to_Approve_Comp_with_MoFo.DOC

1    **WHEREFORE**, the Plan Agent prays that this Court enter its order granting the following

2  relief:

3         1.      Granting the Motion;

4         2.      Approving the Settlement Agreement;

5         3.      Authorizing the Plan Agent to enter into the Settlement Agreement;

6         4.      Authorizing the Plan Agent and/or the Debtor to execute all documents and take all

7  acts necessary to effectuate the Settlement Agreement; and

8         5.      Granting to the Plan Agent such other and further relief as the Court deems just and

9  proper.

10  DATED:  January 11, 2011                    **WINTHROP COUCHOT**
                                                **PROFESSIONAL CORPORATION**
11

12                                              By:___*/s/ Richard H. Golubow*_____
13                                                     Robert E. Opera
                                                       Richard H. Golubow
14                                                     Payam Khodadadi
                                                Counsel for the Plan Agent
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## FACTUAL BACKGROUND

### A.    Case Commencement and Status.

On October 15, 2007 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 petition for relief commencing its bankruptcy case under Chapter 11 of Title 11 of the U.S. Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Bankruptcy Court"), as Case No. 8:07-13347-ES ("Bankruptcy Case").

The Pre-Effective Date Committee was the duly-appointed and acting official committee of creditors holding unsecured claims in the Debtor's Bankruptcy Case.

On March 12, 2009, the Bankruptcy Court entered an order authorizing the duly-appointed and acting Official Committee of Creditors Holding Unsecured Claims in the Bankruptcy Case ("Pre-Effective Date Committee") to file certain actions and proceedings on behalf of the Debtor's bankruptcy estate (the "Estate").

On October 14, 2009, the Pre-Effective Date Committee filed adversary proceeding number 8:09-01610 ES (the "Avoidance Action") against Morrison & Foerster LLP (the "Defendant").  The Avoidance Action was commenced pursuant to Sections 547, 550 and 502(d) of the Bankruptcy Code against the Defendant seeking to (a) avoid and recover transfers (the "Transfers") made to the Defendant in the (90) days preceding the Petition Date and (b) to disallow the claim no. 397, which was asserted by the Defendant in the amount of $121,489.85 prior to commencement of the Avoidance Action.

On September 1, 2010, the Bankruptcy Court entered an order confirming that Joint Fourth Amended Chapter 11 Plan ("Plan") filed jointly by the Debtor and by the Pre-Effective Date Committee.  The Effective Date of the Plan ("Effective Date") was September 27, 2010.

As of the Effective Date of the Plan, the Pre-Effective Date Committee was terminated and disbanded and was replaced by the Post-Effective Date Committee.

As of the Effective Date of the Plan, the Debtor's financial affairs were reorganized pursuant to the terms and conditions of the Plan, and the Reorganized Debtor, as successor to the

1    Debtor under the Plan, continues in existence with the rights, powers and duties set forth in the

2    Plan.

3          As of the Effective Date of the Plan, the Plan Agent was appointed, in part, to administer

4    the Plan and to make distributions to the Debtor's creditors in accordance with the terms and

5    conditions of the Plan.  Pursuant to the Plan, the rights to prosecute and to settle the Litigation are

6    transferred to, and vest in, the Plan Agent.

7          **B.     General Description of the Terms of the Settlement Agreement.**

8          The Defendant believes that valid defenses exist, in full or in part, to the Transfers asserted

9    in the Avoidance Action filed against the Defendant.  The Plan Agent and the Defendant have

10   engaged in extensive negotiations to resolve the disputes between the Plan Agent and the

11   Defendant regarding the allegations set forth in the Avoidance Action.  As a part of the settlement

12   process, the Plan Agent and the Defendant exchanged documents and other information setting

13   forth their respective factual and legal positions.  Thereafter, the Plan Agent and the Defendant

14   entered into the Settlement Agreement to resolve the disputes between the Plan Agent and the

15   Defendant.  Pursuant to the terms of the Settlement Agreement, the Defendant will pay the sum of

16   $150,000 to the Plan Agent, will waive its right to assert a claim under Section 502(h) of the

17   Bankruptcy Code, and will waive fifty percent (50%) of its Proof of Claim No. 397, which was

18   asserted in the amount of $121,489.85, for the purposes of calculating any distribution made under

19   the Plan.

20                                **II.**

21          **APPROVAL OF THE SETTLEMENT, ON THE TERMS SET FORTH IN**

22       **THE SETTLEMENT AGREEMENT, IS IN THE BEST INTERESTS OF CREDITORS**

23          Rule 9019(a) of the Bankruptcy Rules provides as follows:

24                On motion of the trustee and after notice and a hearing, the court
                  may approve a compromise or settlement.  Notice shall be given to
25                creditors, the United States Trustee, the debtor and indenture trustees
                  as provided in Rule 2002 and to any other entity as the court may
26                direct.

27   Fed. R. Bankr. P. 9019(a).

28

1    Compromises are favored in bankruptcy.  See, In re A & C Properties, 784 F.2d 1377,

2    1381 (9th Cir. 1986) ("The law favors compromise and not litigation for its own sake…"); In re

3    Michael, 183 B.R. 230, 233 (Bankr.D.Mont. 1995) ("it is also well established that the law favors

4    compromise") citing In re Blair, 538 F.2d 849, 851 (9th Cir.1976); In re Stein, 236 B.R. 34, 37

5    (D.Or. 1999) ("Pursuant to Bankruptcy Rule 9019(a), compromises are favored in bankruptcy");

6    In re Pierce Packing Co., 1994 WL 831374, *2 (Bankr.D.Mont. 1994) ("it is also well

7    established that the law favors compromise"); 9 Collier on Bankruptcy, ¶ 9019.03 at 9019-3

8    (15th ed. rev'd 2007); Case v. Los Angeles Lumber Products Company, 308 U.S. 106, 130, 60

9    S.Ct. 1 (1939) (compromises "are a normal part of the reorganization process").

10    The Ninth Circuit Court of Appeals has recognized that "[t]he bankruptcy court has great

11    latitude in approving compromise agreements."  In re Woodson, 839 F.2d 610, 620 (9th Cir.

12    1999); In re A & C Properties, 784 F.2d at 1380-81 ("The purpose of a compromise agreement is

13    to allow the debtor and the creditors to avoid the expenses and burdens associated with litigating

14    sharply contested and dubious claims").  The decision to approve a compromise rests in the

15    sound discretion of the bankruptcy court.  In re Stein, supra.  In this regard, the Stein court stated

16    as follows:

17    Pursuant to Bankruptcy Rule 9019(a), compromises are favored in bankruptcy;
therefore, the decision of the bankruptcy judge to approve or disapprove the

18    compromise of the parties rests in his or her sound discretion.  The law is
settled that the proper standard of review for an order approving a settlement by

19    a trustee in bankruptcy is abuse of discretion.  In re Sassalos, 160 B.R. 646, 653
(D.Or.1993) (Frye, J.), citing 9 Collier on Bankruptcy, § 9019.03 (15th ed.).  In

20    In re Sassalos, this court stated:
The standards for approval of a proposed settlement have been enunciated in

21    the Ninth Circuit, and in order to determine whether a proposed settlement is
fair and equitable, the bankruptcy court must consider four factors:

22    (a) The probability of success in the litigation; (b) the difficulties, if any, to be
encountered in the matter of collection; (c) the complexity of the litigation

23    involved, and the expense, inconvenience and delay necessarily attending it; (d)
the paramount interest of the creditors and a proper deference to their

24    reasonable views in the premises.

25

26    In re Stein, 236 B.R. at 37.

27    In evaluating a proposed compromise in a bankruptcy case, a bankruptcy court need not

28    conduct an exhaustive investigation of the disputed issues or conduct a trial with respect to such

1    issues, but need find only that the proposed compromise is fair and equitable and that the

2    negotiations between the parties were conducted in good faith.  A & C Properties, supra

3    ("bankruptcy court need not conduct an exhaustive investigation into the validity of the asserted

4    claim"); Matter of Walsh Const., 669 F.2d 1325, 1328 (9th Cir. 1982); In re Blair, 538 F.2d

5    at 851-52 (bankruptcy court need not conduct a mini-trial on the merits of claims sought to be

6    compromised in a bankruptcy); In re Edwards, 228 B.R. 552, 569 (Bankr. E.D.Pa. 1998) ("The

7    court's role is not to conduct a trial or mini-trial, or to decide the merits of individual issues."); In

8    re Schmitt, 215 B.R. 417, 423 (9th Cir. BAP 1997) ("When assessing a compromise, courts need

9    not rule upon disputed facts and questions of law, but rather only canvass the issues.  A mini trial

10   on the merits is not required.").

11          A compromise proposed in a bankruptcy case should be approved if it falls above the

12   lowest point in the range of reasonableness.  In re Milden, 111 F.3d 138, 1997 WL 189302, *3

13   (9th Cir. 1997) ("Rather than conducting a detailed evaluation of the merits of the state court

14   action, the bankruptcy court's function is to examine the proposed settlement to determine if it

15   falls below the lowest point in the range of reasonableness."); Cosoff v. Rodman (In re W.T. Grant

16   Company), 699 F.2d 599, 608 (2nd Cir. 1983); Newman v. Stein, 464 F.2d 689, 693 (2d Cir.1972)

17   ("The responsibility of the bankruptcy judge...is not to decide the numerous questions of law and

18   fact raised...but rather to canvass the issues and see whether the settlement 'fall[s] below the

19   lowest point in the range of reasonableness.'"); In re United Shipping Co., 1989 WL 12723, *9

20   (Bankr. D.Minn. 1989) ("the court need only examine the issues to determine that the settlement

21   does not fall below the lowest point in the range of reasonableness").  In this regard, in the case, In

22   re Drexel Burnham Lambert Group, Inc., 134 B.R. 499 (Bankr. S.D.N.Y. 1991), the court held as

23   follows:

24          [A]lthough we may consider a creditor's objection to the proposed compromise,
            the objection is not controlling, and will not bar approval, when a review of the
25          settlement shows it does not "fall below the lowest point in the range of
            reasonableness."  When assessing a compromise and settlement, we are not
26          obliged to determine and rule upon disputed facts and questions of law, but
            rather only to "canvass" the issues.  A trial or "mini trial" on the merits is not
27          required. Further, the Court need not conduct a wholly independent
            investigation in formulating its opinion as to the reasonableness of a settlement.

28

-8-

> We may give weight to the informed judgments of the trustee or debtor-in-possession and their counsel that a compromise is fair and equitable, and consider the competency and experience of counsel who support the compromise.  And indeed, a Court may approve a settlement even if it believes that the trustee or debtor-in-possession ultimately would be successful at trial.  Finally, we must consider the principle that "the law favors compromise."

In re Drexel Burnham Lambert Group, Inc., 134 B.R. at 505.

Decisional law regarding the exercise of a bankruptcy court's discretion in determining whether a compromise satisfies the reasonableness standard is "remarkably consistent in establishing that there are but four considerations which a court must address."  In re Grant Broadcasting of Philadelphia, Inc., 71 B.R. 390, 395 (Bankr. E.D.Pa. 1987).  These considerations are:

> (i)    The probability of success in the litigation;
>
> (ii)   The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it;
>
> (iii)  The likely difficulty in collection; and
>
> (iv)   The paramount interests of creditors.

In re A&C Properties, Inc., 784 F.2d 1377, 1381 (9th Cir. 1986).

Application of these considerations to the facts of this case militates in favor of approving the proposed Settlement Agreement.

## A.    The Probability of Success in Litigation.

While the Plan Agent believes that it would be able to prevail, in whole or in part, in the Avoidance Action, the Plan Agent acknowledges that the Defendant has or may have valid defenses, in whole or in part, to the causes of actions alleged in the Avoidance Action.  In addition, the Plan Agent acknowledges that results of litigation are never certain and that there would be risk that the Plan Agent would not be able to prevail in litigation and, accordingly, would not be able to recover for the benefit of creditors any amount of the funds on deposit received pursuant to the Settlement Agreement.  Accordingly, the Plan Agent submits that this consideration weighs in favor of granting this Motion.

## B.    The Expense, Complexity, Inconvenience and Delay of Litigation.

1   The second factor that must be considered in evaluating the proposed Settlement

2   Agreement is the expense, complexity, inconvenience and delay that would be associated with any

3   litigation in the Avoidance Action.  If the Plan Agent is required to undertake and to prosecute

4   litigation with the Defendant, such litigation or collection activity would raise further cost and

5   expense to the Debtor's estate.  Accordingly, the Plan Agent has agreed to settle the Avoidance

6   Action with the Defendants.  Settlement of the Plan Agent's disputes with the Defendant,

7   therefore, will save the Debtor's estate substantial expense and will avoid the significant delays

8   attendant to litigation.  Accordingly, the Plan Agent submits that this consideration also weighs in

9   favor of granting this Motion.

10      **C.      Difficulty in Collection**.

11      If the Plan Agent were required to litigate the Avoidance Action, there likely would be a

12   very substantial delay in collecting any funds pursuant to the litigation, to the detriment of the

13   estate and its creditors.  In addition, there exists the possibility that the Defendant may not have

14   the funds necessary to pay any judgment obtained by the Plan Agent against the Defendant.  This

15   is especially true where the Defendant is operating in an admittedly tough and turbulent economy.

16   Accordingly, the Plan Agent submits that this consideration further weighs in favor of granting

17   this Motion.

18      **D.      The Interests of Creditors**.

19      The final, but most significant, part of the analysis involves an evaluation of whether the

20   Settlement Agreement is in the best interests of creditors.  See, In re Flight Trans. Corp. Securities

21   Litigation, 730 F.2d 1128, 1135-1136 (8th Cir. 1984).  Here, the proposed Settlement Agreement

22   is in the best interests of creditors because the Settlement Agreement increases the rate of return

23   for creditors.  Specifically, the Settlement Agreement (a) increases the cash available for

24   distribution to holders of allowed unsecured claims; (b) disallows a portion of Claim No. 397

25   claims asserted by the Defendant against the Debtor and therefore increases the prospective pro-

26   rata distribution to holders of allowed unsecured claims; (c) decreases the expenses that would

27   otherwise be incurred by the estate if the Plan Agent pursues litigation and therefore increases the

28   distribution to the holders of allowed unsecured claims; and (d) resolves any risk of non-collection

1    of the Transfers inherent in litigation and therefore increases the likelihood of a higher rate of

2    return to holders of allowed unsecured claims.

3    **III.**

4    **<u>CONCLUSION</u>**

5       Based upon the foregoing, the Plan Agent respectfully submits that the Court's approval of

6    the Settlement Agreement is in the best interests of the estate and its creditors and, therefore, this

7    Court should grant to the Plan Agent all relief requested by this Motion.

8    DATED:  January 11, 2011     **WINTHROP COUCHOT**

9                 **PROFESSIONAL CORPORATION**

10

11              By:___*/s/ Richard H. Golubow*_____

12                Robert E. Opera

            Richard H. Golubow

            Payam Khodadadi

13              Counsel for the Plan Agent

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DECLARATION OF RICHARD H. GOLUBOW

2      I, Richard H. Golubow, declare and state as follows:

3      1.      I am a shareholder with the law firm of Winthrop Couchot Professional

4  Corporation ("Winthrop Couchot"), counsel for the Plan Agent Richard Feferman (the "Plan

5  Agent"), appointed pursuant to the Joint Fourth Amended Plan (the "Plan") ,in the Chapter 11

6  case of Debtor MTI Technology Corporation ("Debtor").  The matters set forth herein are within

7  my own personal knowledge, and, if called as a witness, I could and would competently testify

8  thereto.

9      2.      This Declaration is provided in support of the Committee's Motion for Order

10 Approving Compromise of Controversy ("Motion")[1] with Morrison & Foerster LLP (the

11 "Defendant").

12     3.      On October 15, 2007 (the "Petition Date"), the Debtor filed a voluntary Chapter 11

13 petition for relief commencing its bankruptcy case under Chapter 11 of Title 11 of the U.S. Code

14 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of

15 California, Santa Ana Division (the "Bankruptcy Court"), as Case No. 8:07-13347-ES

16 ("Bankruptcy Case").

17     4.      The Pre-Effective Date Committee was the duly-appointed and acting official

18 committee of creditors holding unsecured claims in the Debtor's Bankruptcy Case.

19     5.      On March 12, 2009, the Bankruptcy Court entered an order authorizing the duly-

20 appointed and acting Official Committee of Creditors Holding Unsecured Claims in the

21 Bankruptcy Case ("Pre-Effective Date Committee") to file certain actions and proceedings on

22 behalf of the Debtor's bankruptcy estate (the "Estate").

23     6.      On October 14, 2009, the Pre-Effective Date Committee filed adversary

24 proceeding number 8:09-01610 ES (the "Avoidance Action") against Morrison & Foerster LLP

25 (the "Defendant").  The Avoidance Action was commenced pursuant to Sections 547, 550 and

26 502(d) of the Bankruptcy Code against the Defendant seeking to (a) avoid and recover transfers

27 (the "Transfers") made to the Defendant in the (90) days preceding the Petition Date and (b) to

28

---

[1] Unless otherwise defined herein, the definitions of the capitalized terms contained herein are as set forth in the Motion.

1  disallow the claim no. 397, which was asserted by the Defendant in the amount of $121,489.85

2  prior to commencement of the Avoidance Action.

3      7.      On September 1, 2010, the Bankruptcy Court entered an order confirming that

4  Joint Fourth Amended Chapter 11 Plan ("Plan") filed jointly by the Debtor and by the Pre-

5  Effective Date Committee.  The Effective Date of the Plan ("Effective Date") was September 27,

6  2010.

7      8.      As of the Effective Date of the Plan, the Pre-Effective Date Committee was

8  terminated and disbanded and was replaced by the Post-Effective Date Committee.

9      9.      As of the Effective Date of the Plan, the Debtor's financial affairs were

10  reorganized pursuant to the terms and conditions of the Plan, and the Reorganized Debtor, as

11  successor to the Debtor under the Plan, continues in existence with the rights, powers and duties

12  set forth in the Plan.

13      10.     As of the Effective Date of the Plan, the Plan Agent was appointed, in part, to

14  administer the Plan and to make distributions to the Debtor's creditors in accordance with the

15  terms and conditions of the Plan.  Pursuant to the Plan, the rights to prosecute and to settle the

16  Litigation are transferred to, and vest in, the Plan Agent.

17      11.     The Defendant believes that valid defenses exist, in full or in part, to the Transfers

18  asserted in the Avoidance Action filed against the Defendant.

19      12.     The Plan Agent and the Defendant have engaged in extensive negotiations to

20  resolve the disputes between the Plan Agent and the Defendant regarding the allegations set forth

21  in the Avoidance Action.  As a part of the settlement process, the Plan Agent and the Defendant

22  exchanged documents and other information setting forth their respective factual and legal

23  positions.  Thereafter, the Plan Agent and the Defendant entered into a Settlement Agreement to

24  resolve the disputes between the Plan Agent and the Defendant.

25      13.     Pursuant to the terms of the Settlement Agreement, a copy of which is attached

26  hereto as Exhibit "1", the Defendant will pay the sum of $150,000 to the Plan Agent, will waive

27  its right to assert a claim under Section 502(h) of the Bankruptcy Code, and will waive fifty

28

percent (50%) of its Proof of Claim No. 397, which was asserted in the amount of $121,489.85,

for the purposes of calculating any distribution made under the Plan.

14.     While the Plan Agent believes that it would be able to prevail, in whole or in part,

in the Avoidance Action, the Plan Agent acknowledges that the Defendant has or may have valid

defenses, in whole or in part, to the causes of actions alleged in the Avoidance Action.  In

addition, the results of litigation are never certain and that there would be risk that the Plan Agent

would not be able to prevail in litigation and, accordingly, would not be able to recover for the

benefit of creditors any amount of the funds on deposit received pursuant to the Settlement

Agreement.  Accordingly, this consideration weighs in favor of granting this Motion.

15.     If the Plan Agent is required to undertake and to prosecute litigation with the

Defendant, such litigation or collection activity would raise further cost and expense to the

Debtor's estate.  Accordingly, settlement of the disputes with the Defendant will save the

Debtor's estate substantial expense and will avoid the significant delays attendant to litigation.

That this consideration also weighs in favor of granting the Motion.

16.     If the Plan Agent were required to litigate the disputes, there likely would be a very

substantial delay in collecting any funds pursuant to the litigation, to the detriment of the estate

and its creditors.  In addition, there exists the possibility that the Defendant may not have the

funds necessary to pay any judgment obtained by the Plan Agent against the Defendant.  This is

especially true where the Defendant is operating in an admittedly tough and turbulent economy.

Accordingly, this consideration further weighs in favor of granting the Motion.

17.     The proposed Settlement Agreement is in the best interests of creditors because the

Settlement Agreement increases the rate of return for creditors.  Specifically, the Settlement

Agreement (a) increases the cash available for distribution to holders of allowed unsecured

claims; (b) disallows various claims asserted by the Defendant against the Debtor and therefore

increases the prospective pro-rata distribution to holders of allowed unsecured claims;

(c) decreases the expenses that would otherwise be incurred by the estate if the Plan Agent

pursues litigation and therefore increases the distribution to the holders of allowed unsecured

claims; and (d) resolves any risk of non-collection of the Transfers inherent in litigation and

1    therefore increases the likelihood of a higher rate of return to holders of allowed unsecured

2    claims.

3          I declare under penalty of perjury under the laws of the State of California that the

4    foregoing is true and correct to the best of my knowledge.

5          Executed this 11th day of January 2011, in Newport Beach, California.

6

7                              */s/ Richard H. Golubow*

8                              Richard H. Golubow

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MAINDOCS-#155846-v2-MTI_Motion_to_Approve_Comp_with_MoFo.DOC

# EXHIBIT "1"

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (this "Agreement") is entered into as of the first date upon which this Agreement is fully executed by all parties (the "Effective Date"), by and between (i) Richard J. Feferman, in his capacity as the Plan Agent (the "Plan Agent"), appointed pursuant to the Joint Fourth Amended Chapter 11 Plan (the "Plan")for the estate of MTI Technology Corporation (the "Debtor"), and (ii) Morrison & Foerster LLP (the "Defendant").

## RECITALS

A.       On or about October 15, 2007 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), styled *In re MTI Technology Corporation*, Case No. 8:07-13347-ES.

B.       On June 30, 2008, the Defendant filed Proof of Claim No. 397 in the amount of $121,489.85 ("Claim No. 397").

C.       On or about October 14, 2009, the Committee filed its *Complaint to Avoid and Recover Transfers Property* [11 U.S.C. §§ 547 and 550], styled *Official Committee of Creditors Holding Unsecured Claims v. Morrison & Foerster LLP*, Case No. 8:09-01610-ES (the "Adversary Proceeding").

D.       On September 1, 2010, the Bankruptcy Court entered an order confirming the Plan. The effective date of the Plan was September 27, 2010 ("Effective Date").

E.       As of the Effective Date , the Official Committee of Creditors Holding Unsecured Claims was terminated and disbanded and was replaced by the Official Post-Effective Date Committee of Creditors Holding Unsecured Claims.

F.       As of the Effective Date , the Debtor's financial affairs were reorganized pursuant to the terms and conditions of the Plan, and the reorganized debtor, as successor to the Debtor under the Plan, continues in existence with the rights, powers and duties set forth in the Plan.

G.       As of the Effective Date , the Plan Agent was appointed, in part, to administer the Plan and to make distributions to the Debtor's creditors in accordance with the terms and conditions of the Plan. Pursuant to the Plan, the rights to prosecute and to settle the Adversary Proceeding are transferred to, and vest in, the Plan Agent.

H.       The parties have exchanged information and support for their respective positions. As a result thereof, the parties have reached a compromise and settlement involving all matters. To avoid further expense and delay, and the uncertainty inherent in litigation, the Plan Agent and the Defendant have agreed to the following settlement, subject to the approval of the Bankruptcy Court, to resolve all matters relating to their disputes.

SAN_FRANCISCO-#2931538-v2-Settlement_Agreement.DOC

sf-2931538

NOW, THEREFORE, in consideration of the above-mentioned recitals and the mutual covenants herein, the parties hereto stipulate and agree as follows:

AGREEMENT

1.    <u>Recitals</u>. The foregoing recitals are incorporated herein by reference.

2.    <u>Order Approving Settlement Agreement</u>. This Agreement is contingent upon entry of a final, nonappealable order of the Bankruptcy Court approving this Agreement ("Order"). The parties will in good faith exercise all reasonable efforts required to obtain the entry of the Order, including executing and delivering any motions, declarations or other items of support reasonably required in connection therewith. Consistent with the preceding sentence, the Plan Agent will promptly prepare a motion to approve compromise of controversy pursuant to Federal Rule of Bankruptcy Procedure 9019 ("Motion"). The Plan Agent shall file the Motion with the Bankruptcy Court and serve the Motion upon those parties entitled to notice thereof.

3.    <u>Compromise and Settlement.</u> Nothing in this Agreement or any negotiations or proceedings in connection therewith shall constitute or be deemed or claimed to be evidence of an admission of any liability by any party, or of the merit or lack of merit of any claim or defense of any party. All communications (whether oral or in writing) between and/or among the parties to this Agreement, their counsel and/or their respective representatives relating to, concerning or in connection with this Agreement, or the matters covered herein, shall be governed and protected in accordance with Federal Rule of Evidence 408 to the fullest extent permitted by law.

4.    <u>Settlement Payment.</u> The Plan Agent agrees to accept, and the Defendant agrees to pay to the Plan Agent, the sum of $150,000.00 (the "Settlement Amount"). The Settlement Amount shall become due and payable within five (5) business days following the date the Order is entered and shall be delivered to Winthrop Couchot Professional Corporation, 660 Newport Center Drive, Fourth Floor, Newport Beach, California 92660, Attention Richard H. Golubow, either by (i) an electronic wire or (ii) a cashier's check. In the event the Defendant defaults in payment of the Settlement Amount, the Defendant hereby stipulates to a judgment equal to $342,813.62, which is the amount subject to avoidance and recovery as alleged by the Committee in the Complaint and further agrees to pay all attorneys' fees and costs incurred in connection with the collection of such amount.

5.    <u>Claims of Defendant.</u> The Defendant agrees to waive any and all rights that it may have under Bankruptcy Code Section 502(h) and Federal Rule of Bankruptcy Procedure 3002(c)(3) to file a proof of claim for the Settlement Amount. The Defendant further agrees to waive fifty percent (50%) of its Claim No. 397 for the purposes of calculating any distribution made under the plan of reorganization confirmed in the Debtor's case to the Defendant.

6.    <u>The Defendant's Waivers and Releases.</u>

a.    Excepting only those claims and obligations arising under this Agreement, the Defendant hereby releases and forever discharges the Committee, the Debtor, the Reorganized Debtor, and the Plan Agent, and their respective directors, officers, shareholders, agents, attorneys, representatives, employees, insurers, predecessors, successors, and assigns from any and all claims, demands, costs, liabilities,

2
SAN_FRANCISCO-#2931538-v2-Settlement_Agreement.DOC

obligations, actions and causes of action of every nature, kind or description, whether legal or equitable, known or unknown, liquidated or unliquidated, contingent or non-contingent, suspected or unsuspected.

        b.      With respect to the releases provided above, the Defendant hereby knowingly, voluntarily and expressly waives any and all rights that the Defendant may have pursuant to Section 1542 of the California Civil Code, which reads as follows:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Defendant acknowledges that it may hereafter discover facts different from or in addition to those now known or believed to be true with respect to the matters released hereunder, and agrees that this Agreement and the releases provided above shall remain effective in all respects notwithstanding the discovery or existence of any such different or additional facts.

7.      The Plan Agent's Waivers and Releases.

        a.      Excepting only those claims and obligations arising under this Agreement, the Plan Agent hereby releases and forever discharges the Defendant, and its respective directors, officers, shareholders, agents, attorneys, representatives, employees, insurers, predecessors, successors, and assigns from any and all claims, demands, costs, liabilities, obligations, actions and causes of action of every nature, kind or description, whether legal or equitable, known or unknown, liquidated or unliquidated, contingent or non-contingent, suspected or unsuspected.

        b.      With respect to the releases provided above, the Plan Agent hereby knowingly, voluntarily and expressly waives any and all rights that the Plan Agent may have pursuant to Section 1542 of the California Civil Code, which reads as follows:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Plan Agent acknowledges that it may hereafter discover facts different from or in addition to those now known or believed to be true with respect to the matters released hereunder, and agrees that this Agreement and the releases provided above shall remain effective in all respects notwithstanding the discovery or existence of any such different or additional facts.

8.      Representations and Warranties.

        a.      Representations and Warranties by the Plan Agent.  The Plan Agent represents and warrants to the Defendant that:

SAN_FRANCISCO-#2931538-v2-Settlement_Agreement.DOC

sf-2931538

i. Subject only to the approval of the Bankruptcy Court, the Plan Agent has all requisite power and authority to execute, deliver and perform this Agreement and the transactions contemplated herein and the execution, delivery and performance by it of this Agreement and the consummation of the transactions contemplated herein have been duly authorized by all necessary action on the part of the Plan Agent;

ii. The execution, delivery and performance by the Plan Agent of this Agreement and the consummation of the transactions contemplated herein will not, with or without the giving of notice or the lapse of time, or both, require any consent, approval (other than approval of the Bankruptcy Court), authorization, exemption or waiver, violate any provision of any law, rule, regulation or any order, judgment or decree to which the Plan Agent may be subject; or conflict with, or result in, a breach or default under any term or condition of any agreement or instrument to which the Plan Agent is a party to which the Plan Agent may be bound; and

iii. The Plan Agent has freely and voluntarily entered into this Agreement and has been fully advised by its attorneys concerning its rights and has further been advised by its attorneys as to the terms and effects of this Agreement.

b. <u>Representations and Warranties by the Defendant</u>. The Defendant represents and warrants to the Plan Agent that:

i. The Defendant has all requisite power and authority to execute, deliver and perform this Agreement and the transactions contemplated herein and the execution, delivery and performance by it of this Agreement and the consummation of the transactions contemplated herein have been duly authorized on the part of the Defendant;

ii. The execution, delivery and performance by the Defendant of this Agreement and the consummation of the transactions contemplated herein will not, with or without the giving of notice or the lapse of time, or both, require consent, approval, authorization, exemption or waiver, violate any provision of law, rule or regulation to which the Defendant may be subject or any order, judgment or decree to which the Defendant may be subject, or conflict with, or result in, a breach or default under, any term or condition of any agreement or instrument to which the Defendant is a party or by which the Defendant may be bound; and

iii. The Defendant has freely and voluntarily entered into this Agreement and has been fully advised by its attorneys concerning its rights and has further been advised by its attorneys as to the terms and effects of this Agreement.

9. <u>Payments/Continuing Rights and Obligations.</u> Notwithstanding any contrary provision in this Agreement, the Plan Agent and the Defendant each acknowledge and agree that

4

it will retain all of its respective rights, and perform all of its respective duties and obligations under this Agreement. All payments to be made pursuant to terms of this Agreement shall be made in accordance with the terms hereof and all applicable laws.

10.    No Assignment. Each of the Plan Agent and the Defendant represent and warrant to each other that such party is the only person or entity who, to its knowledge, has any interest in any claims, causes of action, costs or demands herein released and that none of such claims, causes of action, costs or demands, nor any part thereof, have been assigned, granted or transferred in any way to any person, persons, entity or entities.

11.    Intended Beneficiaries. To the extent that this Agreement inures to the benefit of persons or entities not signatories hereto, such persons or entities shall be deemed to be intended beneficiaries and this Agreement is hereby declared to be made in and for their respective benefits and uses.

12.    Waivers and Amendments. A provision of this Agreement may be waived only by a writing signed by the waiving party, and a provision may be amended only by a writing signed by all parties to this Agreement.

13.    Further Cooperation. The parties agree to take such further acts and execute such additional documents as may be necessary or appropriate to carry out the provisions and purposes of this Agreement.

14.    Counterparts. This Agreement may be executed in two or more counterparts, including facsimile counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

15.    Authority to Execute Agreement. Each person whose signature appears hereon individually represents and warrants to all parties hereto that he or she has been duly authorized, and has full authority, to execute this Agreement on behalf of the entity on whose behalf this Agreement is executed.

16.    Successors and Assigns. This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

17.    Attorneys' Fees. Each party shall be responsible for the payment of its own legal fees and costs, and all of its expenses, in connection with the disputes referred to herein, all matters referred to in this Agreement, and any action or proceeding to enforce this Agreement.

18.    Interpretation. The parties acknowledge and agree that they all participated in drafting this Agreement. The parties therefore agree that any statutory provision or rule of law providing for the interpretation of an instrument against the drafting party shall not be applicable to this Agreement.

19.    Notices. All notices under this Agreement shall be in writing and shall be effective upon receipt whether delivered by personal delivery or recognized overnight delivery service, facsimile, e-mail, or sent by United States registered or certified mail, return receipt requested, postage prepaid, addressed to the respective parties as follows:

5

SAN_FRANCISCO-#2931538-v2-Settlement_Agreement.DOC

If to the Plan Agent:
    Richard H. Golubow, Esq.
    Winthrop Couchot Professional Corporation
    660 Newport Center Drive, Fourth Floor
    Newport Beach, California 92660
    Telephone No.: (949) 720-4100
    Facsimile No.: (949) 720-4111
    Email: rgolubow@winthropcouchot.com

If to the Defendant:
    Adam A. Lewis, Esq.
    Morrison & Foerster LLP
    425 Market Street
    San Francisco, California 94105
    Telephone No.: (415) 268-7232
    Facsimile No.: (415) 268-7522
    email: alewis@mofo.com

Any party may notify the other party of a change of contact information by giving the other party written notice of the new contact information.

20.    Governing Law.   This Agreement shall be governed by, and construed in accordance with, the internal laws of the State of California.

21.    Jurisdiction.   Each of the parties to this Agreement consents to the exclusive jurisdiction of the Bankruptcy Court as to any litigation or dispute that arises from or relates to this Agreement or any breach thereof.

22.    Severability.   In the event that any term or provision of this Agreement is held by any court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, then the remaining portions of this Agreement shall nonetheless remain in full force and effect, unless such portion of the Agreement is so material that its deletion would violate the obvious purpose and intent of the parties.

23.    Entire Agreement.   This Agreement constitutes the complete, exclusive, and final agreement between the parties concerning the subject matter hereof, and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the parties hereto or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Agreement. The parties acknowledge that they have not relied on any representations, inducements, promises, agreements, or warranties, oral or otherwise, which are not expressly embodied in this Agreement. Rather, the parties to this Agreement relied entirely upon their own judgment, beliefs and interest and the advice of their own counsel, and had a reasonable period of time to consider this Agreement.

IN WITNESS WHEREOF, the parties to this Agreement have read, understood and agreed to the terms of this Agreement, and have voluntarily executed the Agreement as of the dates set forth below by and through their undersigned and duly authorized representatives.

6
SAN_FRANCISCO-#2931538-v2-Settlement_Agreement.DOC

**PLAN AGENT**                                    **MORRISON & FOERSTER LLP**

BY: _____      BY: _____
    Richard H. Golubow, Esq.,              Adam A. Lewis, Esq.
    Attorney for the Plan Agent            Attorney for the Defendant

Date: December 14, 2010            Date: December 13, 2010

SAN_FRANCISCO-#2931538-v2-Settlement_Agreement.DOC

sf-2931538

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive., 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as **NOTICE OF MOTION AND MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY WITH MORRISON & FOERSTER LLP; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF RICHARD H. GOLUBOW IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On January 11, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒   Service information continued on attached page

**II.   SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On January 11, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Honorable Erithe Smith**
USBC – Santa Ana Division
Ronald Reagan Federal Bldg.
411 W. Fourth St., Suite 5041
Santa Ana, CA 92701

☐   Service information continued on attached page

**III.   SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, 2011 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 11, 2011 | Viann Corbin | /s/ Viann Corbin |
|---|---|---|
| Date | Type Name | Signature |

MAINDOCS-#155846-v2-MTI_Motion_to_Approve_Comp_with_MoFo.DOC

# NEF SERVICE LIST

- Robert C Briseno     rbriseno@swlaw.com
- John O Campbell     ocampbell@houser-law.com
- Jeffrey D Cawdrey     jcawdrey@gordonrees.com, ebojorquez@gordonrees.com
- Scott C Clarkson     sclarkson@lawcgm.com
- Robert L Eisenbach     reisenbach@cooley.com
- Christine M Fitzgerald     cfitzgerald@scckg.com
- Matthew A Gold     courts@argopartners.net
- Richard H Golubow     rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- Brian T Harvey     bharvey@buchalter.com, IFS_filing@buchalter.com
- Lesley A Hawes     lhawes@mckennalong.com, pcoates@mckennalong.com
- Ivan L Kallick     ikallick@manatt.com, ihernandez@manatt.com
- Alexandra Kazhokin     akazhokin@buchalter.com,
  salarcon@buchalter.com;ifs_filing@buchalter.com
- Payam Khodadadi     pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
- Sandra W Lavigna     lavignas@sec.gov
- Adam A Lewis     alewis@mofo.com  -  **Defendant's attorney ( party to settlement
  agreement)**
- Eve A Marsella     emarsella@lawcgm.com
- Elmer D Martin     elmermartin@gmail.com
- Robert E Opera     ropera@winthropcouchot.com,
  sconnor@winthropcouchot.com;pj@winthropcouchot.com
- Eric S Pezold     epezold@swlaw.com, dwlewis@swlaw.com
- Michael B Reynolds     mreynolds@swlaw.com, kcollins@swlaw.com
- Mark A Shaiken     mshaiken@stinson.com
- Daniel C Silva     dsilva@gordonrees.com
- Patricia B Tomasco     ptomasco@mailbmc.com
- United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
- Michael A Wallin     mwallin@sheppardmullin.com
- Gilbert B Weisman     notices@becket-lee.com
- Sharon Z Weiss     sharon.weiss@hro.com
- Charmaine M Wilson     sg@primeshares.com
- David L Wilson     dlwilson@winston.com