1  **BARRY R. GORE, ESQ. SBN 143278**
   **CHRISTINE M. FITZGERALD, ESQ. SBN 259014**
2  **SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE**
   **A Professional Law Corporation**
3  **3424 Carson Street, Suite 350**
   **Torrance, California 90503**
4  **(310) 542-0111 Telephone**
   **(310) 214-7254 Facsimile**

5
   Special Counsel to Corporate Recovery  Associates,
6  Solely in its capacity as Plan Agent

7              **UNITED STATES BANKRUPTCY COURT**

8      **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

9
   In re                                    Case No.  8:07-bk-13347-ES
10
   MTI TECHNOLOGY CORPORATION, a            Chapter 11
11 Delaware corporation,

12         Debtor.                          **NOTICE OF MOTION AND MOTION TO**
                                            **EXTEND CLAIM OBJECTION**
13                                          **DEADLINE TO SEPTEMBER 22, 2011;**
                                            **MEMORANDUM OF POINTS AND**
14                                          **AUTHORITIES AND DECLARATIONS OF**
                                            **RICHARD FEFERMAN IN SUPPORT**
15                                          **THEREOF**

16                                          Date:  February 17, 2011
                                            Time:  10:30 a.m.
17                                          Ctrm:  5A
                                                   411 West Fourth Street
18                                                 Santa Ana, CA

19

20

21

22

23

24

25

26

27

28

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE POST-EFFECTIVE DATE COMMITTEE, THE REORGANIZED DEBTOR, CANOPY AND ANY CREDITOR THAT FILES AFTER THE EFFECTIVE DATE A REQUEST FOR NOTICE OF ANY PROCEEDINGS IN THE CASE:**

**PLEASE TAKE NOTICE** that Corporate Recovery Associates ("CRA"), acting as the duly appointed plan agent (the "Plan Agent")[1] of the Reorganized MTI Technology Corporation ("Debtor"), hereby moves this Court, by and through its undersigned counsel, under section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an order extending the Claims Objection Deadline (defined below) to September 22, 2011 (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on the attached Memorandum of Points and Authorities and Declarations of Richard Feferman, the arguments of counsel, the record in this case, any oral or documentary evidence presented at or prior to the hearing on the Motion, and any other admissible evidence properly brought before the Court. In addition, the Plan Agent requests that the Court take judicial notice of all documents filed with the Court in this case.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be heard in this Court on February 17, 2011, at 10:30 a.m., or as soon thereafter as it may be heard.

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(f) requires that any response to the Motion must be filed with the Court and served on the counsel for the Plan Agent at the address appearing on the upper-left hand corner of the caption page to this Motion and the United States Trustee not later than 14 days before the date designated for the

---

[1] Pursuant to the terms of the *Debtor's and Committee's Joint Fourth Amended Chapter 11 Plan* [Docket No. 1265] (the "Plan"), which was confirmed by an order of this Court [Docket No. 1285] (the "Confirmation Order") entered on September 1, 2010, all of the Debtor's assets, including but not limited to its books and records, claims, and causes of action, were transferred to the Reorganized Debtor as of the Plan's Effective Date, which occurred on September 27, 2010. Pursuant to Section 8.1 of the Plan, the Plan Agent has the exclusive right to object to claims.

hearing (i.e., by February 3, 2011). The failure to timely file and serve written response may be deemed by the Court to be consent to the granting of the relief requested in the Motion.

**PLEASE TAKE FURTHER NOTICE** that over 330 proofs of claim asserted against the Debtor's estate have been been the subjects of objections to date, but additional time is required to analyze and address the many claims that remain outstanding in order to be fair to creditors. The Plan Agent respectfully requests that the Court extend the deadline by which the Plan Agent may file objections to claims asserted in this chapter 11 case, through and including September 22, 2011.

**WHEREFORE**, the Plan Agent respectfully requests that the Court enter an order approving the Motion and granting such other and further relief as this Court deems just and proper.

Dated: January 27, 2011

SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE
A Professional Law Corporation

By: *Christine M. Fitzgerald*
Barry R. Gore
Christine M. Fitzgerald
Special Counsel to Corporate Recovery Associates,
Solely in its capacity as Plan Agent

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION[2]

As the Court is aware, this was one of the largest cases filed in the Central District during 2007. Over 1,500[3] claims were scheduled and approximately 628 proofs of claim were filed in this case, with an aggregate amount in excess of $61 million. Objections have been filed to over 330 claims, and as a result, over $20 million in claims have been disallowed, either in whole or in part. In addition, as a result of a number of significant adversary proceedings, the Debtor and the Plan Agent generated over $3,000,000 of settlement proceeds and further reduced the body of creditor claims by more than $7,700,000 million. Further, at least $10,645,000 has been accumulated on behalf of the estate.

Since the Effective Date of the Plan, when the Plan Agent was appointed, the Plan Agent has worked diligently to address all outstanding claims in this case, to seek additional recoveries for creditors, including analysis of potentially valuable intangible assets and potential claims against third parties, and to carry out its other duties under the Plan. In this regard, the Plan Agent has been reviewing claims and expects to file an additional 30 objections within the next few weeks. A number of more complex claims are still under review and/or in the process of informal discussions with the claimant in an attempt to avoid formal claims litigation.

However, due to the magnitude of this case, the large number of claims and their complexity, the Plan Agent believes it will need at least an additional six months in order to effectively discharge its duties and to maximize the amounts payable to the general unsecured creditors. Another factor contributing to this request is that the Plan Agent's ability to address claims has been hampered by the fact that only two former employees of the Debtor are available to work on claims analysis and the other issues in this case, and one of them was unavailable

---

[2]  The information set forth in this section is supported by the annexed declaration of
Richard Feferman ("Feferman Declaration").

[3]  Some scheduled claims were for $0.00.

1 | since late November 2010 due to a family emergency through January 25, 2011. The Plan Agent

2 | has determined that the specific claim-related knowledge of these two individuals and their

3 | involvement in this case are critical to avoiding duplication of effort and minimizing expenses to

4 | the estate.

5 | ## II.

6 | ## JURISDICTION

7 |     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

8 | Venue of this case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and

9 | 1409. The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy

10 | Code and Bankruptcy Rule 9006(b).

11 | ## III.

12 | ## BACKGROUND

13 |     On October 15, 2007 (the "Petition Date"), MTI Technology Corporation, the above-

14 | named debtor (the "Debtor") filed a voluntary petition for relief under chapter 11 of the

15 | Bankruptcy Code. This was one of the largest Chapter 11 cases filed in this District in 2007.

16 |     Following the commencement of this case, the Debtor filed its Schedules of Assets and

17 | Liabilities with the Court. The Debtor subsequently filed its first amended Schedules of Assets

18 | and Liabilities and then the currently applicable second amended Schedules of Assets and

19 | Liabilities (the "Schedules"). The Schedules, which are based on the Debtor's books and records

20 | on the Petition Date, list over one thousand five hundred claims against the Debtor. In addition,

21 | claimants filed more than 620 proofs of claim against the Debtor. On September 1, 2010, the

22 | Court entered the Confirmation Order, which confirmed the Plan. The Plan became effective on

23 | September 27, 2010 (the "Effective Date"). On the Effective Date, the Reorganized Debtor was

24 | established and CRA was appointed as the Plan Agent, with Richard Feferman acting on behalf

25 | of CRA and the Reorganized Debtor.

26 |     The initial deadline under the Plan for objecting to claims (the "Claims Objection

27 | Deadline") is one hundred eighty (180) days from the Effective Date, unless extended by the

28 |

MOTION TO EXTEND CLAIM OBJECTION DEADLINE TO
SEPTEMBER 22, 2011

1    Court (or a longer period applies for a particular Claim).[4]  Prior to the Effective Date, the Debtor

2    initiated claims objections and filed objections to over 330 claims.  Upon Plan Confirmation, the

3    Plan Agent took over the claims objection process.  As a result, the Plan Agent has until March

4    28, 2011[5] to object to all of the remaining filed claims, unless the Court extends that deadline for

5    filing objections.

6            More than 330 objections have been filed against the proofs of claim filed in this case ,

7    and as a result, those claims were disallowed in whole or in part.  The Plan Agent is currently

8    analyzing the remaining proofs of claim and scheduled claims.  The remaining group of claims

9    includes claims where the Plan Agent is in negotiations with claimants in an effort to resolve the

10   claim without formal claims litigation or without proceeding to a formal resolution of a claim

11   objection.

12           Prior to the Petition Date, the Debtor had more than 500 employees.  Shortly after the

13   Petition Date, the employment of most of those employees was terminated.  Since the Petition

14   Date and through the Effective Date, the Debtor for the most part had only two full-time

15   employees (or independent contractors) and two former officers, who provided assistance to the

16   Debtor.  Since the Effective Date, the two officers have been available on a limited basis, and

17   only the other two individuals have remained to assist the Plan Agent.  Unfortunately, the

18   individual with the most historical knowledge of claims has had a family emergency (a gravely

19   ill sibling, who recently passed away) that kept him out of the office from late November 2010

20   through January 25, 2011.

21   _____

22   [4]  Section 2.134 of the Plan defines "Claims Objection Deadline" as "the latest of the following
         dates: (a) the one hundred eightieth (180th) day after the Effective Date; (b) with respect to a
23       specific Claim, the ninetieth (90th) day after a Proof of Claim with respect to such Claim is
         filed by a Creditor; (c) with respect to a Claim that is not listed in the Bankruptcy Schedules,
24       the ninetieth (90th) day after the Plan Agent learns of the existence of such Claim; or (d)
         such greater period of limitation as may be fixed or extended by the Bankruptcy Court or by
25       agreement between the Plan Agent and the Creditor.  By the Motion, the Plan Agent only
         seeks to extend the deadline set by Section 2.134(a) (i.e., the 180th day after the Effective
26       Date); the Plan Agent recognizes that the other potential extensions of the deadline for a
         particular Claim in Section 2.134(b) – (d) will still apply for any such Claim.

27   [5]  180 days after the Effective Date is March 26, 2011, which is a Saturday, so the current
28       deadline is the following Monday, March 28, 2011.

1    In the early stages of this case, no recovery was expected for creditors. With the efforts

2    of the Debtor, the pre-confirmation Creditors' Committee and the Plan Agent (both when it was

3    an advisor to that Committee and since becoming Plan Agent), the Plan Agent estimates that

4    creditors now are likely to receive a distribution on their claims.[6] The Plan Agent's efforts in

5    resolving the remaining claims are intended to increase recoveries for creditors of the estate.

6    In carrying out the Plan Agent's duties, the Plan Agent has determined that the claims to

7    which objections have not been filed need to be thoroughly reviewed in addition to his other

8    duties. The Plan Agent has also been analyzing the Debtor's intangible assets and other potential

9    recoveries for the estate, including approximately $900,000 in accounts receivable, potential

10   actions against third parties, and funds classified by government agencies as unclaimed property,

11   and addressing the other issues that need to be resolved to implement the Plan fully, including

12   resolving significant litigation by the Reorganized Debtor and determining the regulatory and

13   other requirements for the Reorganized Enterprise. Considering the foregoing, the Plan Agent

14   has concluded that additional time is required to properly analyze, negotiate and, if necessary,

15   object to the remaining claims in addition to carrying out the Plan Agent's other duties in order

16   to maximize recoveries for creditors of the estate.

17   Accordingly, the Plan Agent respectfully requests that the Court extend the Claims

18   Objection Deadline, as authorized under the Plan, through and including September 22, 2011.

19   ## IV.

20   ## ARGUMENT

21   Section 2.134 of the Plan provides as follows:

22   "Claims Objection Deadline" means the latest of the following dates: (a) the one
     hundred eightieth (180th) day after the Effective Date; (b) with respect to a
23   specific Claim, the ninetieth (90th) day after a Proof of Claim with respect to such
     Claim is filed by a Creditor; (c) with respect to a Claim that is not listed in the
24   Bankruptcy Schedules, the ninetieth (90th) day after the Plan Agent learns of the
     existence of such Claim; or (d) **such greater period of limitation as may be**
25   **fixed or extended by the Bankruptcy Court** or by agreement between the Plan
     Agent and the Creditor.

26

27   ---
     [6]  Until a number of issues are resolved and all claims are reviewed and resolved, it is unclear
28   what distribution will be made to creditors.

Plan, Section 2.134 (**emphasis added**). Pertinent excerpts of the Plan are attached hereto as Exhibit A. Thus, the Plan contemplates appropriate extensions of the Claims Objection Deadline.

In addition to the specific authority set forth in the Plan, the Court has broad discretion to control its schedule and docket. Section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to take such actions and implement such procedures as are necessary to enforce the provisions of the Bankruptcy Code and/or its orders, including the enlargement of prescribed time periods and deadlines. *See* 11 U.S.C. § 105(a).

In addition, Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides, in relevant part, that when an act is required or allowed to be done at or within a specified period, the court for cause shown may at any time in its discretion "with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order." Courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and the privilege of extension has not been abused. 10 Lawrence P. King, *Collier on Bankruptcy* 9006.06[2] (15th ed. rev. 2007). Since the current Claims Objection Deadline does not expire until March 28, 2011, this Motion is timely filed within the meaning of Rule 9006(b) of the Bankruptcy Rules. Further, this Motion is the first request for an extension and is filed in good faith. *See* attached Declaration of Richard Feferman.

This extension is consistent with extensions of similar deadlines that have been approved by the Bankruptcy Court of the Central District of California. *See, e.g., In re National R.V. Holdings, Inc. et al.*, Case No. 6:07-bk-17941-DS, Order entered March 17, 2009 [Docket No. 1137] (extended claim objection deadline by approximately 6 months) and Order entered September 8, 2009 [Docket No. 1485] (extended objection deadline by an additional 3 months).

Numerous reasons justify extending the Claims Objection Deadline. First, as set forth above, in excess of 620 claims were filed in this case, and over 1,500 others were scheduled.

1    Over 330 objections to claims have been filed, and the related claims have been disallowed in

2    whole or in part.  The Plan Agent has obtained the Debtor's records, has retained personnel and

3    counsel familiar with them, and is diligently moving through the claims process within the time

4    allotted by the Court to this point.  Given the remaining claims, the other activities required of

5    the Plan Agent, the personnel available to the Plan Agent, and the stages of negotiation with

6    certain claimants, it is not practical to resolve those remaining matters before the current Claims

7    Objection Deadline.  The Plan Agent anticipates that a significant number of additional claims

8    objections will have to be filed.

9           Second, the issues presented affecting the resolution of a number of the remaining claims

10   turn on unique issues of law and/or facts.  Numerous remaining claims are premised on vendor

11   claims involving detailed factual analysis, tax law, and fact intensive interpretation of contracts.

12   As such, the objections and negotiations are very time consuming.  If this motion is denied, then

13   the Plan Agent will be preoccupied with simply filing objections, some that may prove

14   unnecessary, and others on issues that may not be in dispute if further research could be finished.

15   In some cases, counsel are working through these issues through informal discovery in lieu of a

16   formal objections or in lieu of forcing formal resolutions of filed objections.

17          Third, the Plan Agent has utilized former employees and counsel of the Debtor familiar

18   with the Debtor's records, their storage, and the various data bases.  However, those employees

19   are very limited in number.  The Plan Agent has retained two former employees to assist with the

20   project, and one of them was almost completely unavailable from late November of 2010

21   through January 25, 2011 as a result of a family emergency.  Accessing the Debtor's records

22   requires a search of multiple locations within the Debtor's software system and in some instances

23   hard copies of records.  This multiple step process takes time and requires manual integration of

24   the data into a single source for purposes of the particular claim objection, a process which

25   requires time and effort.  The aforementioned process is utilized in reconciling "books and

26   records" of the Debtor with those of various claimants.  Of the upcoming objections, certain

27   contemplated objections are so-called "books and records" objections in which the analysis has

28

MOTION TO EXTEND CLAIM OBJECTION DEADLINE TO
SEPTEMBER 22, 2011

1    been ongoing and additional time is needed.

2         Fourth, if the current Claims Objection Deadline is not extended, then creditors will

3    potentially suffer a reduced distribution because of the likely additional costs to the Reorganized

4    Debtor from legal services and costs involved in preparing objections that could prove to be

5    unnecessary if time for informal review and negotiation is allowed.  In addition, many creditors

6    may have their rights impacted if objectionable claims are not disallowed.  In contrast, extending

7    the Claims Objection Deadline for the brief period requested will not prejudice the creditor body

8    or any individual creditor and will allow sufficient time for the Plan Agent to determine the

9    actual creditors of the estate and the amounts of their claims.

10        For all the foregoing reasons, the Plan Agent respectfully requests that the Claims

11   Objection Deadline be extended to September 22, 2011.

12                                         **V.**

13                                      **NOTICE**

14        Notice of this Motion has been provided to the parties on Post-Effective Date Notice

15   Parties and those requiring special notice. In light of the circumstances and the relief requested

16   herein, the Plan Agent submits that no other or further notice is required.

17                                        **VI.**

18                                   **CONCLUSION**

19        WHEREFORE, the Plan Agent respectfully requests that the Court enter an Order

20   extending the Claims Objection Deadline through and including September 22, 2011 in

21   accordance with the Plan, and grant such other and further relief as the Court deems appropriate

22   and just.

23   Dated: January 27, 2011          SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE
                                      A Professional Law Corporation
24

25                                    By: _Christine M. Fitzgerald_
                                      Barry R. Gore
26                                    Christine M. Fitzgerald
                                      Attorneys for Corporate Recovery Associates, Solely in its
27                                    capacity as Plan Agent

28

1

2                           [This page was intentionally left blank]

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF RICHARD FEFERMAN

I, Richard Feferman, declare as follows:

1.      I am the principal of Corporate Recovery Associates.  Pursuant to the Chapter 11 Plan, confirmed by an Order of the Court entered September 1, 2010, Corporate Recovery Associates is the Plan Agent of MTI Technology Corporation, (the "Debtor" or "MTI"), the Reorganized Debtor in the above-captioned proceeding.  Corporate Recovery Associates is also the CEO of the Reorganized Debtor. Prior to Plan confirmation, Corporate Recovery Associates was the financial advisor to the Official Committee of Unsecured Creditors (the "Committee"). In connection with its role as financial advisor to the Committee, I personally interacted at various times with the Debtor, through its employees, including Scott Poteracki, the Debtor's former Chief Financial Officer and former Chief Reorganization Officer, throughout the life of the Chapter 11 case to review and become familiar with the Debtor's books and records.   I have personal knowledge of the following, or have gained such knowledge from my review of the records of the Debtor, which were obtained, created and maintained in the ordinary course of business, and if called as a witness, could and would competently testify thereto.

2.      I am personally familiar with the books and records of the Debtor as they relate to the Debtor's accounts payable as of the date of the filing of the Debtor's bankruptcy case (the "Accounts Payable Books").  I am informed and believe the Accounts Payable Books were made by the employees of the Debtor who had a business duty to enter the records of the Debtor accurately at or near the time of the event which they record such information, by or from information transmitted by someone with personal knowledge of the event or act. To the extent that information contained in the Debtor's books and records was computer-generated, the computers used by the Debtor were generally accepted in the Debtor's industry, were in good working order at all relevant times, and the computer operator possessed the knowledge and training to operate the computer correctly.

3.      I hereby submit this Declaration in support of the *Motion To Extend Claim Objection Deadline To September 22, 2011* (the "Motion").  Capitalized terms that are not defined herein are defined in the Motion.

4.      I have reviewed and analyzed the Debtor's Schedules of Assets and Liabilities (the "Schedules"), the proofs of claim filed in this case, and the database of claims information maintained for the Debtor by Omni Management Group in order to assist in the preparation of the Motion.

5.      On October 15, 2007 (the "Petition Date"), MTI Technology Corporation, the above-named debtor (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  This was one of the largest Chapter 11 cases filed in this District in 2007.

6.      Following the commencement of this case, the Debtor filed its Schedules of Assets and Liabilities with the Court.  The Debtor subsequently filed its first amended Schedules of Assets and Liabilities and then the currently applicable second amended Schedules of Assets and Liabilities (the "Schedules").  The Schedules, which are based on the Debtor's books and records on the Petition Date, list over one thousand five hundred claims against the Debtor.  In addition, claimants filed more than 620 proofs of claim against the Debtor.  On September 1, 2010, the Court entered the Confirmation Order, which confirmed the Plan. The Plan became effective on September 27, 2010 (the "Effective Date").  On the Effective Date, the Reorganized Debtor was established and CRA was appointed as the Plan Agent, with me acting on behalf of CRA and the Reorganized Debtor.

7.      Prior to the Effective Date, the Debtor initiated claims objections and filed objections to over 330 claims.  Upon Plan Confirmation, the Plan Agent took over the claims objection process.

8.      More than 330 objections have been filed against the proofs of claim filed in this case, and as a result, those claims were disallowed in whole or in part.  The Plan Agent is currently analyzing the remaining proofs of claim and scheduled claims.  The remaining group of claims includes claims where the Plan Agent is in negotiations with claimants in an effort to

1  resolve the claim without formal claims litigation or without proceeding to a formal resolution of

2  a claim objection.

3        9.    Prior to the Petition Date, the Debtor had more than 500 employees.  Shortly after

4  the Petition Date, the employment of most of those employees was terminated.  Since the

5  Petition Date and through the Effective Date, the Debtor for the most part had only two full-time

6  employees (or independent contractors) and two former officers, who provided assistance to the

7  Debtor.  Since the Effective Date, the two officers have been available on a limited basis, and

8  only the other two of these individuals of these individuals have remained to assist the Plan

9  Agent.  Unfortunately, the individual with the most historical knowledge of claims has had a

10  family emergency (a gravely ill sibling, who recently passed away) that kept him out of the

11  office from late November 2010 through January 25, 2011.

12        10.    In the early stages of this case, no recovery was expected for creditors.  With the

13  efforts of the Debtor, the pre-confirmation Creditors' Committee and the Plan Agent (both when

14  it was an advisor to that Committee and since becoming Plan Agent), the Plan Agent estimates

15  that creditors now are likely to receive a distribution on their claims.   The Plan Agent's efforts

16  in resolving the remaining claims are intended to increase recoveries for creditors of the estate.

17        11.    In carrying out the Plan Agent's duties, the Plan Agent has determined that the

18  claims to which objections have not been filed need to be thoroughly reviewed in addition to his

19  other duties.  The Plan Agent has also been analyzing the Debtor's intangible assets and other

20  potential recoveries for the estate, including approximately $900,000 in accounts receivable,

21  potential actions against third parties, and funds classified by government agencies as unclaimed

22  property, and addressing the other issues that need to be resolved to implement the Plan fully,

23  including resolving significant litigation by the Reorganized Debtor and determining the

24  regulatory and other requirements for the Reorganized Enterprise.  Considering the foregoing,

25  the Plan Agent has concluded that additional time is required to properly analyze, negotiate and,

26  if necessary, object to the remaining claims in addition to carrying out the Plan Agent's other

27  duties in order to maximize recoveries for creditors of the estate.

28

12.     It is my understanding that this was one of the largest cases filed in the Central District during 2007. Over 1,500[7] claims were scheduled and approximately 628 proofs of claim were filed in this case, with an aggregate amount in excess of $61 million. Objections have been filed to over 330 claims, and as a result, over $20 million in claims have been disallowed, either in whole or in part. In addition, as a result of a number of significant adversary proceedings, the Debtor and the Plan Agent generated over $3,000,000 of settlement proceeds and further reduced the body of creditor claims by more than $7,700,000 million. Further, at least $10,645,000 has been accumulated on behalf of the estate.

13.     Since the Effective Date of the Plan, when the Plan Agent was appointed, the Plan Agent has worked diligently to address all outstanding claims in this case, to seek additional recoveries for creditors, including analysis of potentially valuable intangible assets and potential claims against third parties, and to carry out its other duties under the Plan. In this regard, the Plan Agent has been reviewing claims and expects to file an additional 30 objections within the next few weeks. A number of more complex claims are still under review and/or in the process of informal discussions with the claimant in an attempt to avoid formal claims litigation.

14.     However, due to the magnitude of this case, the large number of claims and their complexity, the Plan Agent believes it will need at least an additional six months in order to effectively discharge its duties and to maximize the amounts payable to the general unsecured creditors. Another factor contributing to this request is that the Plan Agent's ability to address claims has been hampered by the fact that only two former employees of the Debtor are available to work on claims analysis and the other issues in this case, and one of them was unavailable since late November 2010 due to a family emergency through January 25, 2011. The Plan Agent has determined that the specific claim-related knowledge of these two individuals and their involvement in this case are critical to avoiding duplication of effort and minimizing expenses to the estate.

---

[7]     Some scheduled claims were for $0.00.

15.    Accordingly, the Plan Agent has determined that it is in the best interests of the estate and creditors to extend the Claims Objection Deadline, as authorized under the Plan, through and including September 22, 2011.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration is executed on January 27, 2011, at _San Diego_, California.

Richard Feferman

EXHIBIT "A"

Scott C. Clarkson, Esq. (CA Bar No. 143271)
Eve A. Marsella, Esq. (CA Bar No. 165797)
Clarkson, Gore & Marsella, APLC
3424 Carson Street, Suite 350
Torrance, California 90503
Telephone: 310/542-0111
Facsimile: 310/214-7254
Email: sclarkson@lawcgm.com

Attorneys for Debtor and Debtor-in-Possession
MTI Technology Corporation

Robert E. Opera, Esq. (CA Bar No. 101182)
Winthrop Couchot Professional Corporation
660 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: 949/720-4100
Facsimile: 949/720-4111
Email: ropera@winthropcouchot.com

Attorneys for the Official Committee
of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>MTI TECHNOLOGY CORPORATION, a Delaware corporation,<br><br>                Debtor | Case No.: 8:07-13347-ES<br><br>Chapter 11<br><br>**DEBTOR'S AND COMMITTEE'S JOINT FOURTH AMENDED CHAPTER 11 PLAN**<br><br>Date:     August 26, 2010<br>Time:    10:30 a.m.<br>Location:  Courtroom 5A<br><br>Judge:    The Honorable Erithe A. Smith |

CLARKSON, GORE & MARSELLA, APLC
ATTORNEYS AT LAW
TORRANCE, CALIFORNIA

CLARKSON, GORE & MARSELLA, APLC
ATTORNEYS AT LAW
TORRANCE, CALIFORNIA

**2.1.32** "**Causes of Action**" means any and all claims, demands, rights, actions, causes of action and suits of the Debtor or the Estate, of any kind or character whatsoever, known or unknown, suspected or unsuspected, whether arising prior to, on or after the Petition Date, in contract or in tort, at law or in equity or under any other theory of law, that the Debtor or the Debtor's Estate has or asserts, or may have or assert, against third parties, whether or not brought as of the Effective Date, and which have not been settled or otherwise resolved by Final Order as of the Effective Date, including but not limited to (a) rights of setoff, counterclaim or recoupment, (b) claims on contracts or for breaches of duties imposed by law, (c) rights to object to Claims or Interests, (d) such claims and defenses as fraud, mistake, duress or usury, (e) Avoidance Actions, (f) claims for tax refunds, (g) claims to recover accounts receivable, and (h) any other claims which may be asserted against third parties.

**2.1.33** "**Claim**" means a "claim" against the Debtor, as such term is defined in section 101(5) of the Bankruptcy Code.

**2.1.34** "**Claims Objection Deadline**" means the latest of the following dates: (a) the one hundred eightieth (180th) day after the Effective Date; (b) with respect to a specific Claim, the ninetieth (90th) day after a Proof of Claim with respect to such Claim is filed by a Creditor; (c) with respect to a Claim that is not listed in the Bankruptcy Schedules, the ninetieth (90th) day after the Plan Agent learns of the existence of such Claim; or (d) such greater period of limitation as may be fixed or extended by the Bankruptcy Court or by agreement between the Plan Agent and the Creditor.

**2.1.35** "**Class**" means a group of Claims or Interests as classified in Article IV of this Plan.

**2.1.36** "**Collateral**" means any property or interest in property of the Estate subject to a Lien of a Secured Creditor that is not subject to avoidance under the Bankruptcy Code or otherwise invalid under the Bankruptcy Code or applicable federal or state law.

**2.1.37** "**Committee**" means the Official Committee of Unsecured Creditors appointed in the Case by the United States Trustee.

8

1    **6.4    Implementation of Plan.** On or soon as practicable after the Effective Date, the

2  following shall occur with respect to the implementation of this Plan: (a) all acts, documents and

3  agreements appropriate to implement this Plan shall be effected or executed; (b) the Plan Agent, as

4  Disbursing Agent under this Plan, shall make all Distributions required to be made on or about the

5  Effective Date of this Plan; and (c) the Plan Agent, as Disbursing Agent under this Plan, shall fund

6  the Reserves required to be funded on or about the Effective Date of this Plan.

7    **6.5    Corporate Action.** Upon the Effective Date, all transactions and matters provided

8  for under this Plan shall be deemed to have been authorized and approved by the Debtor without

9  any requirement of further action by the Debtor, the Debtor's Interest Holders, or by the Debtor's

10  board of directors.

11    **6.6    Plan Agent/Vesting of Assets.** In accordance with the provisions of Section 6.6.1

12  hereof, on the Effective Date, a Plan Agent shall be appointed who shall have the rights, powers and

13  duties provided for by this Plan and the Confirmation Order. In accordance with the provisions of

14  Section 6.6.2 hereof, on the Effective Date, and subject to Canopy's rights under the Canopy

15  Agreement, the Assets shall be transferred to and vest in, the Reorganized Debtor, to be

16  administered by the Plan Agent.

17      **6.6.1    Employment of Plan Agent.** On the Effective Date, a Plan Agent shall be

18      appointed to administer the Plan Assets in accordance with the terms of this Plan and to

19      make Distributions in accordance with the terms of this Plan. The Plan Agent shall have the

20      rights, powers and duties provided for by this Plan and the Confirmation Order.

21      **6.6.2    Transfer of Assets.** On the Effective Date, pursuant to sections 1123, 1141

22      and 1146(a) of the Bankruptcy Code, the Debtor and its Estate are authorized to, and shall,

23      transfer, grant, assign, convey, set over, and deliver to the Reorganized Debtor, to be

24      administered by the Plan Agent for the benefit of the holders of Allowed Claims and

25      Interest Holders to the extent that Interest Holders are entitled to receive Distributions under

26      Section 5.6.1.1 hereof, all of the Debtor's and the Estate's right, title and interest in and to

27      the Assets, including Causes of Action, free and clear of all Liens, Claims, and Interests of

28      any kind, except as provided expressly to the contrary in this Plan. All Creditors and other

CLARKSON, GORE & MARSELLA, APLC
ATTORNEYS AT LAW
TORRANCE, CALIFORNIA

MTI Plan v3.0

MAINDOCS-#149105-v3-MTI_4th_Amended_Ch_11_Plan.DOC

parties-in-interest shall cooperate with the Debtor and the Plan Agent by executing any

documents, and by taking any acts, appropriate to implement the transfers of the Assets to

the Reorganized Debtor.  From and after the Effective Date, the transfer of the Assets from

the Estate to the Reorganized Debtor, and the vesting of the Assets in the Reorganized

Debtor, shall be deemed to be final and irrevocable.

**6.6.3    Disposition of Plan Assets.**  The Plan Agent, under the supervision of the

Post-Effective Date Committee, may administer, manage, use, convey, transfer, encumber,

assign and otherwise dispose of any and all of the Plan Assets and take all acts appropriate

to effectuate the same, free of any restrictions imposed by the Bankruptcy Code or by the

Bankruptcy Rules.

**6.7    Termination of Debtor's Officers, Directors, Employees and Professionals.**

Except as otherwise provided by this Plan or as otherwise retained by the Plan Agent, the Debtor's

officers, directors, employees and Professionals shall be terminated and relieved of any

responsibilities to the Debtor or to the Reorganized Debtor as of the Effective Date.

**6.8    Plan Fund Proceeds/Plan Administration.**

**6.8.1    Distributions of Plan Fund Proceeds.**  Distributions of Plan Fund Proceeds

shall be made solely to the holders of Allowed General Unsecured Claims, to Canopy on

account of any Canopy Claim and, in accordance with the provisions of Sections 5.5.1.1

and 5.6.1.1 hereof, in the unlikely event that Allowed General Unsecured Claims are paid in

full, holders of Allowed Subordinated Claims, and, if Allowed Subordinated Claims are

paid in full, Interest Holders.  The holders of Allowed General Unsecured Claims shall

receive Distributions from the Plan Fund solely as provided for by this Plan and Canopy

shall receive on account of the Canopy Claim Distributions from the Plan Fund solely as

provided for by this Plan and the terms of the Canopy Agreement.

**6.8.2    Plan Agent's Implementation of Plan.**  Subject to Canopy's rights under

the Canopy Agreement, the Plan Agent, under the supervision of the Post-Effective Date

Committee, shall be authorized to, and shall, take all acts appropriate to implement the

provisions of this Plan as are contemplated to be taken by the Plan Agent under this Plan,

CLARKSON, GORE & MARSELLA, APLC
ATTORNEYS AT LAW
TORRANCE, CALIFORNIA

33

MTI Plan v3.0

1    including, without limitation, making Distributions to holders of Allowed Claims, objecting

2    to Disputed Claims, prosecuting or settling the Causes of Action and, if the Plan Agent

3    deems appropriate, effectuating a Merger Transaction.

4        **6.8.3    Representative of the Estate.**  The Plan Agent, under the supervision of the

5    Post-Effective Date Committee, shall be, and hereby is, appointed as the representative of

6    the Estate pursuant to sections 1123(a)(5), 1123(a)(7) and 1123(b)(3)(B) of the Bankruptcy

7    Code and, as such, shall be vested with the authority and power, subject to the provisions of

8    this Plan, to take, among others, the following acts on behalf of the Reorganized Debtor:

9    (a) manage, administer and dispose of Plan Assets for the benefit of holders of Allowed

10    Claims; (b) file, litigate, prosecute, settle, adjust, retain, enforce, collect and abandon all

11    Causes of Action in the name of, and for the benefit of, the Estate; (c) make all Distributions

12    provided for by this Plan; and (d) such other acts as may be appropriate to administer,

13    wind-down, and close the Case.  As the representative of the Estate, the Plan Agent, under

14    the supervision of the Post-Effective Date Committee, shall succeed to all of the rights and

15    powers of the Debtor and the Estate with respect to all Causes of Action, and shall be

16    substituted for, and shall replace, the Debtor, the Estate and the Committee, as applicable, as

17    the party-in-interest in all such litigation pending as of the Effective Date.

18        **6.8.4    Plan Agent Disclosure.**  On or before the thirtieth (30th) day prior to the

19    Confirmation Hearing Date, the Plan Proponents shall file with the Bankruptcy Court a

20    pleading disclosing the identity of the Plan Agent, its credentials, and any and all relevant

21    information regarding the retention of the Plan Agent, including, without limitation, any and

22    all affiliations, connections and actual or potential conflicts of interest that the Plan Agent

23    may have in the Case ("Plan Agent Disclosure").  A copy of the Plan Agent's engagement

24    agreement shall be attached to the Plan Agent Disclosure.

25        **6.8.5    No Liability of Post-Effective Date Committee, the Plan Agent or the**

26    **Reorganized Debtor.**  To the maximum extent permitted by law, the Post-Effective Date

27    Committee, the Plan Agent and the Reorganized Debtor, and their respective employees,

28    officers, directors, shareholders, agents, members, representatives, and Professionals

CLARKSON, GORE & MARSELLA, APLC
ATTORNEYS AT LAW
TORRANCE, CALIFORNIA

34

MTI Plan v3.0

sections 542, 543, 550 or 553 of the Bankruptcy Code, or otherwise, or that is a transferee of a transfer avoidable pursuant to a Final Order of the Bankruptcy Court under sections 522, 544, 545, 547, 548 or 549 of the Bankruptcy Code or otherwise, shall pay to the Plan Agent the amount, or turn over to the Plan Agent any such property, for which such Creditor is liable to the Debtor.

### VIII.

### OBJECTIONS TO DISPUTED CLAIMS

**8.1**    **Exclusive Right to Object to Claims.**  From and after the Effective Date, the Plan Agent shall have the sole and exclusive right to file, litigate and settle objections to Disputed Claims. As the representative of Estate, the Plan Agent, under the supervision of the Post-Effective Date Committee, shall succeed to all of the rights and powers of the Debtor and the Estate with respect to all objections to Disputed Claims, and shall be substituted for, and shall replace, the Debtor, the Estate and the Committee, as applicable, as the party-in-interest in all litigation regarding Disputed Claims pending as of the Effective Date.

**8.2**    **Claims Objection Deadline.**  Unless another date is established by order of the Bankruptcy Court, an objection to a Claim must be filed with the Bankruptcy Court and served on the Creditor holding such Claim on or before the Claims Objection Deadline.  The Plan Agent shall have the right to request that the Bankruptcy Court extend the Claims Objection Deadline for cause shown.

**8.3**    **Investigation Regarding Disputed Claims.**  Notwithstanding the fact that the Plan Agent shall have, after the Effective Date, the sole and exclusive right to file objections to Disputed Claims, nothing contained herein shall be deemed to obligate the Plan Agent to file any objection to a Claim, which action shall be determined by the Plan Agent in the exercise of its sole and absolute discretion.

**THE PLAN PROPONENTS HAVE NOT COMPLETED THEIR INVESTIGATION REGARDING THE CLAIMS IN THE CASE AND THE FILING OF OBJECTIONS TO DISPUTED CLAIMS.  THIS INVESTIGATION IS ONGOING AND, SUBJECT TO THE CLAIMS OBJECTION DEADLINE, MAY OCCUR AFTER THE CONFIRMATION DATE.**

48

MTI Plan v3.0

CLARKSON, GORE & MARSELLA, APLC
ATTORNEYS AT LAW
TORRANCE, CALIFORNIA

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3424 Carson Street, Suite 350, Torrance, CA  90503**

A true and correct copy of the foregoing document described as **NOTICE OF MOTION AND MOTION TO EXTEND CLAIM OBJECTION DEADLINE TO SEPTEMBER 22, 2011; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF RICHARD FEFERMAN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 27, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**See attached service list**

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On **January 27, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**See attached service list**

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 27, 2011 | Carla Benson | *(signature)* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9013-3.1.PROOF.SERVICE**

## Service List

**SECTION I**

**TO BE SERVED BY VIA NOTICE OF ELECTRONIC FILING ("NEF")**

**Former Counsel for Creditor Committee**
Richard H Golubow    pj@winthropcouchot.com
Robert E Opera    pj@winthropcouchot.com, sconnor@winthropcouchot.com
Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com

**Counsel for Verizon**
Mark A Shaiken    mshaiken@stinson.com

**Counsel for Carolina Casualty Insurance Company**
Daniel C Silva    dsilva@gordonrees.com

**Counsel for Collective Group**
Patricia B Tomasco    ptomasco@mailbmc.com

**United States Trustee**
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**Counsel for AM-PM, Inc. dba Aries Internet Services, Inc**
Sharon Z Weiss    sharon.weiss@hro.com

**Counsel for American Express Travel Related Svcs Co Inc Corp Card**
Gilbert B Weisman    notices@becket-lee.com

**Counsel for Argo Partners**
Matthew A Gold    courts@argopartners.net

**Counsel for Copper Holdings, LLC**
Robert L Eisenbach    reisenbach@cooley.com

**Counsel for Dell Financial Services, LLC**
Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com

**Counsel for Rockwell Collins, Inc**
Lesley A Hawes    lhawes@mckennalong.com, pcoates@mckennalong.com

**Counsel for EMC Corporation**
David L Wilson    dlwilson@winston.com

**Counsel for Pencom Systems Incorporated**
Michael A Wallin    mwallin@sheppardmullin.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                **F 9013-3.1.PROOF.SERVICE**

**Counsel for Primeshares**
Charmaine M Wilson    sg@primeshares.com

**Counsel for U. S. Securities and Exchange Commission**
Sandra W Lavigna    lavignas@sec.gov

**Reorganization Tax Counsel the Debtor**
Elmer D Martin elmermartin@gmail.com

**Interested Parties**
Robert C Briseno    rbriseno@swlaw.com
John O Campbell    ocampbell@houser-law.com
Jeffrey D Cawdrey    jcawdrey@gordonrees.com, ebojorquez@gordonrees.com
Ivan L Kallick    ikallick@manatt.com, ihernandez@manatt.com
Alexandra Kazhokin    akazhokin@buchalter.com, salarcon@buchalter.com;ifs_filing@buchalter.com
Adam A Lewis    alewis@mofo.com
Eric S Pezold    epezold@swlaw.com, dwlewis@swlaw.com
Michael B. Reynolds mreynolds@swlaw.com  kcollins@swlaw.com

**Counsel for the Plan Agent**
Christine M Fitzgerald    cfitzgerald@scckg.com

**SECTION II**

**SERVED VIA US MAIL**

**Judge**
Honorable Erithe A. Smith
411 West Fourth Street
Suite 5041
Santa Ana, CA 92701

**Debtor**
MTI Technologies Inc.
Scott Poteracki
15641 Red Hill Avenue, Suite 200
Tustin, CA 92780

**Creditor Committee**
CCS Computer Configuration Services
Al Grasso
3002 Dow Ave. Suite 402
Tustin, CA 92780-7236

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                 **F 9013-3.1.PROOF.SERVICE**

**Creditor Committee**
Compnology, Inc
John Cronin
6300 Station Mill Drive
Norcross, GA 30092

**Creditor Committee**
Mid Atlantic Corporate Services
Michael Buxton
812 Oregon Ave., Suite H
Linthicum, Md 21090

**Creditor Committee**
Fed Ex Custom Critical
Steven D Saas, Esq.
C/O RMS
307 International Circle, Ste 270
Hunt Valley, ND 21030

**Creditor Committee**
Fed Ex Custom Critical
Jorrissen Roy
C/O RMS
307 International Circle, Ste 270
Hunt Valley, MD 21030

**Accountants for the Debtor**
Squar, Milner, Peterson, Miranda & Willamson, LLP
4100 Newport Place, Suite 300
Newport Beach, CA 92660

**Secured Creditor**
Xerox Capital Services
Paul Williams
P.O. Box 660501
Dallas, TX 75266

**Secured Creditor**
Xerox Capital Services
Paul Williams
1301 Rideview Bldg. 300
Lewisville, TX 75057

**Secured Creditor**
Pitney Bowes
P.O. Box 856460
Louisville, KY 40285

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                         **F 9013-3.1.PROOF.SERVICE**

## SECTION II (CONTINUED)

## SERVED VIA US MAIL

### Secured Creditor
Primeshares
261 Fifth Avenue, 22nd Floor
NewYork, NY 10016
Attntion: RVS

### Secured Creditor
De Lage Landen Financial Srvs, Inc.
111 Old Eagle School Road
Wayne, PA 19087

### Special Notice and Canopy
Snell & Wilmer LLP
Michael Johnson
15 West South Temple, Suite 1200
Salt Lake City, UT 84101

### Special Notice
American Express Travel Related Svcs Co Inc
Corp Card
C/O Becket and Lee LLP
P.O. Box 3001
Malver, PA 19355-0701

### Special Notice
Bronwen Price, Attorneys At Law
Attn.: Gail B. Price, Esq.
2600 Mission Street, Suite 206
San Marion CA 91108

### Special Notice
FusionWare Corp
William Lawrence
5605 NE Elam Young Parkway
Hillsboro, OR 97124

### Special Notice
IBM Corporation
Vicky Namken
13800 Doplomat Drive.
Dallas, TX 75234

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                    **F 9013-3.1.PROOF.SERVICE**

## SECTION II (CONTINUED)

## SERVED VIA US MAIL

**Special Notice**
R. Frederick Linfesty, Esq.
Iron Mountain Information Management, Inc.
745 Atlantic Ave., 10th Floor
Boston, MA  02111

**Special Notice**
**Attorney for Frank Parsons Paper Company**
Lawrence S. Jacobs & Associates, PC
Lawrence S. Jacobs, Esq.
110 North Washington Street, Suite 400
Rockville, MD  20850

**Special Notice**
Missouri Department of Revenue
Bankruptcy Unit, Attn: Sheryl L. Moreau
P.O. Box 475
Jefferson City, MO  65105-0475

**Special Notice**
Munsch Hardt Kofp & Harr, PC
Kevin M. Lippman
3800 Lincoln Plaza
500 N. Akard Street
Dallas, TX  75201

**Special Notice**
Tennessee Department of Revenue
c/o TN Attorney General's Office, Bankruptcy Division
P.O. Box 20207
Nashville, TN 37202-0207

**Counsel for Zinc Holdings, LLC**
Bingham McCutchen LLP
William F. Govier
William Bates
355 South Grand Ave
Los Angeles, CA  90071

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9013-3.1.PROOF.SERVICE**

## SECTION II (CONTINUED)

## SERVED VIA US MAIL

**Canopy**
Canopy Grou, Inc.
c/o Brandon Tidwell
333 South 520, West, Suite 300
Lindon, UT 84042

Danny C. Kelly, Esq.
Stoel Rives LLP
201 S. Main St., #1100
Salt Lake City, UT 87111

## SECTION III

## SERVED VIA EMAIL

**Plan Agent**
Richard Fefferman
richard@crarecovery.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                    F 9013-3.1.PROOF.SERVICE