BARRY R. GORE, ESQ. SBN 143278
CHRISTINE M. FITZGERALD, ESQ. SBN 259014
SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE
A Professional Law Corporation
3424 Carson Street, Suite 350
Torrance, California 90503
Telephone:  (310) 542-0111
Facsimile:  (310) 214-7254

Special Counsel to Corporate Recovery Associates,
Solely in its capacity as Plan Agent.

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>MTI TECHNOLOGY CORPORATION, a<br>Delaware corporation,<br><br>          Reorganized Debtor. | Case No.  8:07-bk-13347-ES<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION TO DISALLOW PORTION OF CLAIM OF MEDIALAB TECHNOLOGIES, INC. (CLAIM NO. 193); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT**<br><br>Date:  March 8, 2011<br>Time:  10:30 a.m.<br>Ctrm:  5A<br>          411 West Fourth Street<br>          Santa Ana, CA |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE THAT** pursuant to §502 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, Corporate Recovery Associates, as Plan Agent ("Plan Agent") of the Reorganized Debtor MTI Technology Corporation ("Debtor" or "MTI") hereby files this objection (the "Objection") to the disputed claim ("Disputed Claim") of **Medialab Technologies, Inc., Claim No. 193,** based upon the Debtor's books and records.  A true and correct copy of Proof of Claim No. 193 ("Claim No. 193" or the "Disputed Claim"), which was filed by the Claimant and to which objection is taken, is attached hereto.

1    **PLEASE TAKE FURTHER NOTICE THAT** this notice ("Notice") contains important

2    time-sensitive information about asserted claims against the Debtor.  Please read this Notice in

3    its entirety. This Notice explains the procedures for responding to this Objection and the

4    consequences of failing to submit a timely response to this Objection.

5    **PLEASE TAKE FURTHER NOTICE THAT** Local Bankruptcy Rule 9013-1, made

6    applicable to this Objection pursuant to Local Bankruptcy Rule 3007-1, requires that any

7    response to the Objection be filed with the Clerk of the Court, 411 West 4th Street, Santa Ana,

8    CA 92701, and served upon the attorneys for the Plan Agent at the address set forth in the upper

9    left-hand corner of the first page hereof, and all other interested parties, not later than 14 days

10    prior to the hearing date.  The failure to timely file and serve written opposition may be deemed

11    by the Court to be consent to the granting of the relief requested in the Objection.

12    Dated: January 27, 2011

SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE
A Professional Law Corporation

14    By: _____

15    Christine M. Fitzgerald
Special Counsel to Corporate Recovery Associates,
Solely in its capacity as Plan Agent

# MEMORANDUM OF POINTS AND AUTHORITIES

## OBJECTION

## I.

## PREFATORY STATEMENT

The Plan Agent objects to a portion of the unsecured claim of a Medialab Technologies, Inc. ("Medialab")[1]. MTI retained Medialab to provide consulting services on its behalf to third parties pursuant to certain work orders and/or contracts. When MTI filed its petition, it stopped operating. With MTI no longer operating, a void was created regarding the unfulfilled work orders or contracts. In certain instances, a third party, The Collective Group, stepped in to complete certain work orders and/or contracts. In one such instance, after MTI filed its petition, Medialab performed services on behalf of The Collective Group, and not MTI. Thus, the Plan Agent objects to the portion of Medialab's claim which relates to its post-petition services performed for The Collective Group, in the amount of $6,654.30.

## II.

## CLAIM OBJECTION[2]

The Plan Agent hereby objects to Claim No. 193 filed on or about February 20, 2007 by Medialab Technologies, Inc. as an unsecured claim in the amount of $50,264.87. [See Proof of Claim No. 193 attached hereto]. MTI retained Medialab to provide consulting services on its behalf to third parties pursuant to certain work orders and/or contracts. When MTI filed its petition, it stopped operating. With MTI no longer operating, a void was created regarding the unfulfilled work orders or contracts. In certain instances, a third party, The Collective Group, stepped in to complete certain work orders and/or contracts. For instance, MTI had an agreement with Adobe to perform certain consulting services and had retained Medialab to provide such

---

[1] Pursuant to the terms of the "Debtor's and Committee's Joint Fourth Amended Chapter 11 Plan" [Docket 1265] (the "Plan"), confirmed by an order entered September 1, 2010, all of the Debtor's assets, including books and records, claims, causes of action, etc., were transferred to the Reorganized Debtor as of the Effective Date of the Plan, which occurred on September 27, 2010. Pursuant to §8.1 of the confirmed Plan, the Plan Agent has the exclusive right to object to claims.

[2] See, also, Section IV – Argument, commencing at page 5, for the legal argument applicable to the objections.

services. When MTI filed its petition, The Collective Group (pursuant to a Client Transition

Agreement with MTI), coordinated with Adobe to perform the services in MTI's place.

Accordingly, Medialab performed the services relative to Adobe, as noted on the documents

attached to the Proof of Claim, on October 19, 2007, on behalf of The Collective Group, and not

MTI. Attached to the Proof of Claim are copies of the invoices related to the consulting services

performed. Invoice No. 352, however, for $4,000 and the corresponding expense report for

$2,654.30, are each dated post-petition, October 19, 2007, and were in fact performed by

Collective Technology. Therefore, MTI's books and records do not reflect any amount owed to

Medialab for Invoice 352 and the corresponding expense report, for a total of $6,654.30.

Attached hereto as **Exhibit "A"** is a true and correct copy of an exchange of emails

between MTI and Collective Technology in which Collective Technology indicates that it

performed the services. Thus, the Plan Agent objects to the portion of Medialab's claim which

relates to its post-petition services performed for The Collective Group, in the amount of

$6,654.30.

Accordingly, the Plan Agent objects to Claim No. 193, (which was filed as a general

unsecured, nonpriority claim in the amount of $50,264.87) to the extent that it exceeds

$43,610.57.

### III.

### FACTS[3]

MTI Technology Corporation, debtor and debtor in possession filed a voluntary petition

for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on

October 15, 2007. Allowed claims in this bankruptcy case presently include certain claims listed

on the Debtor's Schedules (the "Schedules") (not listed as unliquidated, disputed, or contingent)

and claims reflected by proofs of claim filed by claim holders under §501 of the Bankruptcy

Code (the "Claims"). The Debtor has reviewed the Schedules, as well as each claim filed against

---

[3]   The information set forth in this section is supported by the annexed declaration of
Richard Feferman ("Feferman Declaration").

the Debtor's estate and has reconciled the Schedules and Claims to the Debtor's books and

records.  Pursuant to the confirmed Plan, the Reorganized Debtor is in possession of the Debtor's

books and records and the Plan Agent is the CEO of the Reorganized Debtor.

## IV.

## ARGUMENT

### A.     THE PLAN AGENT IS A PROPER PARTY TO OBJECT TO CLAIMS

Pursuant to §502 of the Bankruptcy Code, the allowance or disallowance of claims must

be determined by the Court after an objection is made.  Section 502 of the Bankruptcy Code

provides, in relevant part:

> (a) A claim ... proof of which is filed under [11 U.S.C. §501] is deemed allowed,
> unless a party in interest ... objects.

11 U.S.C. §502.  The Plan Agent not only may bring objections as a party in interest, but is the

party upon which devolves the duty to bring objections.

### B.     THE COURT MUST DETERMINE THE ALLOWABLE AMOUNT OF A
### CLAIM SUBJECT TO OBJECTION.

With certain exceptions, §502(b) of the Bankruptcy Code requires that:

> ...if such objection to a claim is made, the court, after notice and a hearing, shall
> determine the amount of such claim ... as of the date of the filing of the petition,
> and shall allow such claim in such amount, except to the extent that --

> (1)     such claim is unenforceable against the debtor and property of the debtor,
> under any agreement or applicable law for a reason other than because
> such claim is contingent or unmatured ... or

> (9)     proof of such claim is not timely filed ...

11 U.S.C. §502(b)(1) & (9).  As set forth herein and in the attached Feferman Declaration, the

Disputed Claim to which the Plan Agent has objected should be disallowed based on the

foregoing provisions.

### C.     THE CLAIMANT MUST ESTABLISH THE VALIDITY OF THE CLAIM BY
### A PREPONDERANCE OF THE EVIDENCE

A properly filed proof of claim is _prima_ _facie_ evidence of the validity and amount of the

claim. If objection is made to the proof of claim, the creditor has the ultimate burden of

persuasion as to the validity and amount of the claims. *In re Hold,* 931 F.2d 620, 623 (9th Cir. 1991); *see also In re Pugh,* 157 B.R. 898, 901 (Bankr. 9th Cir. 1993); *In re Fidelity Mortgage Holding Company, Ltd.,* 837 F.2d 696, 698 (5th Cir. 1988) (affirming disallowance of claim -- "the claimant must ... 'prove the validity of the claim by a preponderance of the evidence.' The ultimate burden of proof always rests upon the claimant.").

Usually, the objector must produce evidence sufficient to:

> negate the prima facie validity of the filed claim. In practice, the objector must produce evidence, which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.

*Consolidated Pioneer,* 178 B.R. at 226.

But, since "the ultimate burden of persuasion is always on the claimant", the burden of proof then "reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Id.; In re Pugh,* 157 B.R. 898 (9th Cir.BAP 1993); *In re Holm,* 931 F.2d 620 (9th Cir. 1991).

The Plan Agent has submitted evidence, the Feferman Declaration, to negate the prima facie validity of the Disputed Claim. Thus, the burden is on the holder of the Disputed Claim (i.e., Medialab) to provide admissible evidence proving the validity of its claim.

As set forth above, the Debtor's books and records do not indicate that there is any basis for a portion of this claim. The services were performed post-petition and Medialab's damages were mitigated in the amount of $6,654.30. Therefore, the Disputed Claim of Medialab, Claim No. 193 should be disallowed to the extent it exceeds $43,610.57.

D.    <u>CLAIMS ASSERTED ON SOME OTHER BASIS SHOULD BE DISALLOWED</u>
<u>FOR FAILURE TO SET FORTH THE BASIS OF THE CLAIM</u>

To the extent that the claimant asserts a claim on some other basis, his proof of claim fails to set forth the basis of his claim, and should be disallowed for that reason. Well-established case law requires that a proof of claim set forth facts sufficient to establish the debtor's liability to the claimant. *In re Circle J. Dairy,* 112 B.R. 297, 300 (W.D.Ark. 1989) (quoting Collier on Bankruptcy). This minimal requirement is necessary to avoid abuses of the claim process and to ensure that the debtor has sufficient information to prepare an objection to a proof of claim. *In re*

1  *All American-Auxiliary Association*, 95 B.R. 540, 545 (S.D. Ohio 1989). Without a recitation of

2  facts underlying the alleged liability, the debtor cannot meet its burden of going forward with

3  evidence to establish the invalidity of the claim. *See, Id.*  A debtor can hardly be expected to

4  prove a negative, that is, to present evidence disproving the undisclosed facts and theories of a

5  claimant. Imposing such a burden is contrary to the rationale underlying allocation of the burden

6  of proof. *In re Jordan*, 91 B.R. 673, 684 (E.D. Pa. 1988) (the logic of allocation of burden of

7  proof is that it is necessarily placed on the party who has the most knowledge, and the best means

8  of proof on a given issue at his disposal). Thus, when a proof of claim fails to set forth facts

9  sufficient to enable the Debtor to ascertain the nature of the claim asserted, the Court should

10  disallow the claim.

**V.**

**CONCLUSION**

For all of the foregoing reasons, the Plan Agent respectfully requests that the Court enter

an Order disallowing Medialab's Claim No. 193 (which was filed as a general unsecured,

nonpriority claim in the amount of $50,264.87) to the extent that it exceeds $43,610.57 and

granting such other relief as is just and proper.

Dated: January 27, 2011

SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE
A Professional Law Corporation

By: Christine M. Fitzgerald
Christine M. Fitzgerald
Special Counsel to Corporate Recovery Associates,
Solely in its capacity as Plan Agent

**DECLARATION OF RICHARD FEFERMAN**

I, Richard Feferman, declare as follows:

1.       I am the principal of Corporate Recovery Associates.  Pursuant to the Debtor's and Committee's Joint Fourth Amended Chapter 11 Plan, confirmed by an Order of the Court entered September 1, 2010, Corporate Recovery Associates is the Plan Agent of MTI Technology Corporation, (the "Debtor" or "MTI"), the Reorganized Debtor in the above-captioned proceeding.  Corporate Recovery Associates is also the CEO of the Reorganized Debtor. Prior to Plan confirmation, Corporate Recovery Associates was the financial advisor to the Official Committee of Unsecured Creditors (the "Committee").  In connection with its role as financial advisor to the Committee, I personally interacted at various times with the Debtor, through its employees, including Scott Poteracki, the Debtor's former Chief Financial Officer and former Chief Reorganization Officer, throughout the life of the Chapter 11 case to review and become familiar with the Debtor's books and records.   I have personal knowledge of the following, or have gained such knowledge from my review of the records of the Debtor, which were obtained, created and maintained in the ordinary course of business, and if called as a witness, could and would competently testify thereto.

2.       The Debtor filed a Chapter 11 petition on October 15, 2007.

3.       I am personally familiar with the books and records of the Debtor as they relate to the Debtor's accounts payable as of the date of the filing of the Debtor's bankruptcy case (the "Accounts Payable Books").  I am informed and believe the Accounts Payable Books were made by the employees of the Debtor who had a business duty to enter the records of the Debtor accurately at or near the time of the event, which they record such information, by or from information transmitted by someone with personal knowledge of the event or act. To the extent that information contained in the Debtor's books and records was computer-generated, the computers used by the Debtor were generally accepted in the Debtor's industry, were in good working order at all relevant times, and the computer operator possessed the knowledge and training to operate the computer correctly.

4.      The Plan Agent hereby objects to Claim 193 filed on or about February 20, 2007 by Medialab Technologies, Inc. as an unsecured claim in the amount of $50,264.87. [See Proof of Claim No. 193 attached hereto]. MTI retained Medialab to provide consulting services on its behalf to third parties pursuant to certain work orders and/or contracts. When MTI filed its petition, it stopped operating. With MTI no longer operating, a void was created regarding the unfulfilled work orders or contracts.  In certain instances, a third party, The Collective Group, stepped in to complete certain work orders and/or contracts. For instance, MTI had an agreement with Adobe to perform certain consulting services and had retained Medialab to provide such services. When MTI filed its petition, The Collective Group (pursuant to a Client Transition Agreement with MTI), coordinated with Adobe to perform the services in MTI's place. Accordingly, Medialab performed the services relative to Adobe, as noted on the documents attached to the Proof of Claim, on October 19, 2007, on behalf of The Collective Group, and not MTI.  Attached to the Proof of Claim are copies of the invoices relative to the consulting services performed.  Invoice No. 352, however, for $4,000 and the corresponding expense report for $2,654.30, are each dated post-petition, October 19, 2007, and were in fact performed by Collective Technology. Therefore, the Debtor's books and records do not reflect any amount owed to Medialab for Invoice 352 and the corresponding expense report, for a total of $6,654.30.

5.      Attached hereto as **Exhibit "A"** is a true and correct copy of an exchange of emails between MTI and Collective Technology in which Collective Technology indicates that it performed the services. Thus, the Plan Agent objects to the portion of Medialab's claim which relates to its post-petition services performed for The Collective Group, in the amount of $6,654.30.

6.      Accordingly, the Plan Agent objects to Claim No. 193, and requests that the claim be disallowed to the extent that it exceeds $43,610.57.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration is executed on January 26, 2011, at San Diego, California.

Richard Feferman

CLAIM NO. 193

Form B10 (Official Form 10) (04/07)

| United States Bankruptcy Court      Central District of California | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>MTI Technology Corporation | Case Number<br>07-bk-13347-ES |
|---|---|

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>Medialab Technologies, Inc. | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Name and address where notices should be sent:<br>27 Pilgrim Rd<br>Mansfiled, MA 02048 | ☐ Check box if you have never received any notices from the bankruptcy court in this case. |
| | ☑ Check box if the address differs from the address on the envelope sent to you by the court. |
| Telephone number: (508) 641-0842 | |

FILED

FEB 2 0 2008

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

This space is for Court use only.

| Last four digits of account or other number by which creditor identifies debtor: | Check here if this claim ☐ replaces ☐ amends   a previously filed claim, dated: _____ |
|---|---|

| 1. Basis for Claim | |
|---|---|
| ☐ Goods sold<br>☑ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☐ Other _____ | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (Fill out below)<br><br>Last four digits of your Social Security number:<br>Unpaid compensation for services performed<br>from _____ to _____<br>    (date)        (date) |

2. Date debt was incurred: 8/23/06       3. If court judgment, date obtained:

4. **Total Amount of Claim at Time Case Filed:** $ 50,264.87 _____ $ _____ $ _____ $ 50,264.87
    (unsecured)        (secured)        (priority)        (Total)

   If all or part of your claim is secured or entitled to priority, also complete item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. **Secured Claim.**<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>☐ Real Estate   ☐ Motor Vehicle<br>☐ Other _____<br><br>Value of Collateral:   $ _____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any $ _____<br>6. **Unsecured Nonpriority Claim.**   $ _____<br>☐ Check this box if (a) there is no collateral or lien securing your claim, or (b) your claim exceeds the value of the property securing it or (c) none or only part of your claim is entitled to priority. | 7. **Unsecured Priority Claim.**<br>☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority.<br>Amount entitled to priority   $ _____<br>Specify the priority of the claim:<br>☐ Wages, salaries or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).<br>☐ Up to $2,425* of deposits toward purchase, lease or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).<br>☐ Domestic support obligations under - 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).<br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8 |
|---|---|

| 8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>9. **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS.  If the documents are not available, explain.  If the documents are voluminous, attach a summary.<br>10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | This space is for Court use only. |
|---|---|

| Date<br>12/14/07 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>*[signature]* Srinivass Yelavarthy   President |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**Proof of Claim support documentation**

Debtor: **MTI Technology Corporation**

Case # **07-bk-13347-ES**

Sub: Proof of claim support documentation

      Medialab Technologies, Inc. is a single employee/owner corporation with 95% of revenues from MTI at the time of bankruptcy filed by MTI. Medialab provided consulting services to Symantec Corporation's customers through MTI. Whenever a project is completed a set of paper work (Time sheets, Trip reports, Expense reports) are submitted to both Symantec and MTI. The following expenses and invoices are outstanding. My attempts (email communication attached) to acquire all purchase orders (Schedule As) were unsuccessful. All the pertaining paper work for each project is submitted for your reference. Please match the "Number" in the number column with the number on the attached paperwork for your reference.

      You can contact me with any questions regarding this claim. Email is preferred at yalavarthy@gmail.com .

| Number | Date | Client Name | Location | Type | Invoice # | Amount | Schedule -A/PO |
|--------|------|-------------|----------|------|-----------|--------|----------------|
| 1 | 8/23/2006 | AIG | New York, NY | Expenses | | 2,567.56 | Yes |
| 2 | 6/9/2007 | HISNA | Irvine, CA | Invoice | 330 | 3,200.00 | Yes |
| 3 | 7/11/2007 | State Street | Remote | Invoice | 339 | 2,400.00 | Yes |
| 4 | 7/23/2007 | NYPD | NYC | Invoice | 341 | 4,000.00 | Yes |
| 5 | 7/25/2007 | **Entergy** | Little Rock AR | Invoice | 342 | 1,600.00 | |
| 6 | 7/30/2007 | NYPD | NYC | Invoice | 343 | 1,600.00 | Yes |
| 7 | 7/30/2007 | **Entergy** | Remote | Invoice | 344 | 2,400.00 | |
| 8 | 8/17/2007 | **Global Crossing** | Remote | Invoice | 345 | 2,400.00 | |
| 9 | 9/18/2007 | **Digicel** | Paramaribo, Suriname | Invoice | 347 | 2,400.00 | yes |
| 10 | 9/18/2007 | at&t | Dallas | Invoice | 348 | 4,000.00 | yes |
| 11 | 9/24/2007 | at&t | Middletown, NJ | Invoice | 349 | 4,000.00 | yes |
| 12 | 10/2/2007 | at&t | Middletown, NJ | Invoice | 350 | 4,000.00 | yes |
| 13 | 10/1/2007 | at&t | Middletown, NJ | Expenses | | 2,195.08 | yes |
| 14 | 10/9/2007 | at&t | Middletown, NJ | Invoice | 351 | 4,000.00 | yes |
| 15 | 10/9/2007 | at&t | Middletown, NJ | Expenses | | 2,847.93 | yes |
| 16 | 10/19/2007 | **Adobe** | San Jose, CA | Invoice | 352 | 4,000.00 | |
| 17 | 10/19/2007 | **Adobe** | San Jose, CA | Expenses | | 2,654.30 | |
| | | | | Total | | 50,264.87 | |

MTI acknowledged via email (see attached email communication) that they have the following purchase order info in their account system and rest is with collective folks in Austin, TX who is stonewalling my request.

| Project Number | PO Number | PO Date | PO Total |
|---|---|---|---|
| 33079 | 903340-2717512 | 05-14-07 | $8,500 |
| 33109 | 903340-2722515 | 05-29-07 | $5,368 |
| 33123 | 903340-2724519 | 06-13-07 | $8,204 |
| 33220 | 903340-2729535 | 07-17-07 | $10,457.31 |
| 33305 | 903340-2737865 | 09-13-07 | $2,400 |
| 33265 | 903340-2741888 | 10-08-07 | $25,600 |

Sincerely

Srinivasa Yalavarthy

Medialab Technologies, Inc.

27 Pilgrim Rd

Mansfield, MA 02048

508 641 0842

## Srinivas Yalavarthy



| | |
|---|---|
| **From:** | Jim Strong [strong@colltech.com] |
| **Sent:** | Wednesday, August 30, 2006 12:38 PM |
| **To:** | Srinivas Yalavarthy |
| **Subject:** | FW: CT-SUB-PPWK: Symantec/AIG/1-2USO3V/Week of 08/22/06 |
| **Attachments:** | Symantec_Trip_Report_AIG_082106.doc; TimeSheet_AIG_SY_082206.doc; SYMC_Exp_Report_AIG_082106.xls; Alfrare_AIG_082106.pdf; Marriott-Your Aug 21, 2006 - Aug 24, 2006stay.pdf; collective_Symantec_AIG_082106_Reciepts1.jpg; collective_Symantec_AIG_082106_Reciepts2.jpg; collective_Symantec_AIG_082106_Reciepts3.jpg |

Srini,

Patti and I have processed/approved your expense report for payment, can you also try to get better visible scans of the 47.30 cab and 4.93 Starbucks receipts?

When you do, just take your original email, and resend everything, but also include the additional scan so that every one (symc_sub_ppwk and ct-sub-ppwk) has a copy.

Thanks!

--
Jim Strong | Principal Consultant
Services Division - MTI Technology Corporation
voice: 919-744-5505 | fax: 815-301-8587

**From:** ct-sub-ppwk-bounces@colltech.com [mailto:ct-sub-ppwk-bounces@colltech.com] **On Behalf Of** Srinivas Yalavarthy
**Sent:** Saturday, August 26, 2006 8:08 AM
**To:** CON Subcontractor Paperwork
**Cc:** ct-sub-ppwk@colltech.com
**Subject:** CT-SUB-PPWK: Symantec/AIG/1-2USO3V/Week of 08/22/06

AIG Expenses
Documentation.

1

## Schedule A
## No: 20060808-SYMC-SRI

**Partner Name:** Symantec
**Symantec Project:** 1-2USO3V
**Collective Project:** 32420
**Partner Delivery Owner:** Shankar Swagathahalli / shankar_swagathahalli@symantec.com / Cell: 732-771-5040
**Contractor:** MediaLab Technologies, Inc. / Srinivasa Yalavarthy

**Term:** 7 Billable days.  August 21, 2006 through August 29, 2006.

**Rate:** Daily rate of $800 per billable day.  Travel time is not billable.
A billable day is any workday in which 4 or more hours are worked and considered billable.  Additional hours may not be invoiced or billed for daily rate contracts.  Additional days may not be invoiced or billed without written approval from Collective Technologies.

**Expenses:** Travel expenses will be reimbursed in accordance with Collective and Symantec policies. Expenses are billable for this engagement, up to a total maximum of $5,000.00.
Meals  up to $90 per billable day with receipts.

**End Client Name, Work Address:**
AIG
70 Pine St
New York, NY
Orlando Bagasala / 212-770-7332 / Orlando.Bagasala@aig.com,
Andrew Hanulec / 212-770-9274 / andrew.hanulec@aig.com
Joe Masi / 212-770-3544 / joseph.masi@aig.com

**Description of Tasks:** SFHA Oracle RAC

**Deliverables (Due NLT noon Mondays):**
-   Symantec Timesheet signed by consultant and customer
-   Symantec Trip Report
-   Symantec Expense Report and actual receipts for all expenses

| **Collective Technologies** | **MediaLab Technologies, Inc.** |
|---|---|
| *a division of MTI* | |
| By: | By: |
| Name:  James F. Strong | Name: |
| Title:  Principal | Title: |
| Date:  8/18/06 | Date: |
| FEIN:  74-2844607 | FEIN:  04-3437197 |



# symantec.

## CONSULTING SERVICES DAILY RATE TIMESHEET

| Consultant Name | Srinivas Yalavarthy |
|---|---|
| Customer | AIG |
| Customer Site | NYC |
| Project Number | 1-2USO3V |
| Week End Date | 8/25/06 |

**Enter the number of hours (0-24) worked each day.**

| Saturday | Sunday | Monday | Tuesday | Wednesday | Thursday | Friday |
|---|---|---|---|---|---|---|
| | | 7 | 8 | 8 | 5 | |

**Description of Services Performed:**

Cluster SAP Java and Oracle with SF/HA 4.1 MP1 on Solaris 10 containers

**Customer Comments (optional)**

| Customer | Consultant |
|---|---|
| Signed: | Signed: Srinivas Yalavarthy |
| Printed Name: Giuseppe Zizza | Printed Name: Srinivas Yalavarthy |
| Title: Vice President | Title: Sr. Solutions Consultant |
| Date: 9/26/2006 | Date: 08/25/06 |

**Please Fax this signed timesheet to: 650-527-1226 before 5PM each Friday.**

Copyright 2005 SYMANTEC CORPORATION. All rights reserved. SYMANTEC CORPORATION, the SYMANTEC CORPORATION logo, and all other SYMANTEC CORPORATION product names and slogans are trademarks or registered trademarks of SYMANTEC CORPORATION in the US and/or other countries. Other product names and/or slogans mentioned herein may be trademarks or registered trademarks of their respective companies. Last revised October 13, 2005



### Symantec Corporation Consulting Services
### Trip Report

| Consultant Name, Phone, Email: | | Customer Install Address: |
|---|---|---|
| Srinivas Yalavarthy<br>508 641 0842<br>yalavarthy@gmail.com | **AIG**<br>I-2USO3V | 70 Pine St<br>New York, NY |

### Job Info

| Dates: | 08/21/06 – 08/24/06 | Client Info: | |
|---|---|---|---|
| Client POC Name,#: | | Symantec Sales Rep: | |
| Charge Number: | | Symantec SE: | Shankar Swagathahali |
| Description of services: | VCS clustering SAP Application | | |

### Customer POC's

| Name | Phone | Email | Notes |
|---|---|---|---|
| Orlando Bagasala | 212 770 7332 | Orlando.bagasala@aig.com | |

### Environment

SF/HA 4.1 MP1 on Solaris 10 with containers

### Required Tasks and Documentation

Cluster SAP Java add-in server environment on 6 different Solaris 10 containers running on 2 physical V490 systems. HP EVA 5000 is shared storage with secure path 3.0D SP1 providing path failover.

### Tasks Performed

- Troubleshoot VXFS file systems not being mounted during boot process
- Validate existing SF/HA configuration
- Prepare VCS nodes for SAP clustering
- Test manual failover of SAP and Oracle stack
- Install SAP NW and Oracle agents on both nodes
- Configure Application agent to cluster SAP and Oracle
- Test failover of SAP and Oracle

### Notes

**Issues/Problems**

Secure path 3.0D SP1 multi-pathing software is not supported with VM 4.1 MP1.

## Summary

Cluster SAP and Oracle in SF/HA 4.1 MP1 on Solaris 10 containers.

## Follow-up required

5 more self contained SAP/Oracle instances need to be clustered. Customer will be ready in 2-3 weeks. Rest of the work can be done remotely.

# symantec.

## Travel & Business Expense Report

| EMPLOYEE NAME | | | | | | | | City Visited | State | Service Pe |
|---|---|---|---|---|---|---|---|---|---|---|
| **Srinivas Yalavarthy** | | | | | | | | NYC | NY | SF/HA 4. |

| BILLABLE: | ◉ Customer Engagement   ○ Customer Training |
|---|---|
| NOT BILLABLE: | ○ OJT   ○ Meeting   ○ Training   ○ Other |

| PROJECT NUMBER (REQUIRED): | I-2USO3V |
|---|---|
| CUSTOMER NAME: | AIG |

| DAY (example 1/1/00) DATE | SAT | SUN | MON 8/21/2006 | TUE 8/22/2006 | WED 8/23/2006 | THUR 8/24/2006 | FRI 8/25/2006 | EXPENSE CURRENCY USD CONV. RATE | |
|---|---|---|---|---|---|---|---|---|---|

### REIMBURSABLE EXPENSES

| | SAT | SUN | MON | TUE | WED | THUR | FRI | EXPENSE TOTAL | USD TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| Dates On Site: | | | | | | | | | |
| MILEAGE ALLOWANCE   MILES DRIVEN | | | | | | | | | |
| (Personal Auto Use)   USD AMOUNT DUE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| AIRFARE (Enclose Ticket Coupon) | | | 628.60 | | | | | 628.60 | 628.60 |
| LODGING (Room and Tax Only) | | | 467.20 | 467.20 | 467.20 | | | 1401.60 | 1401.60 |
| CAR RENTAL (Enclose Rental Agreement) | | | | | | | | 0.00 | 0.00 |
| GROUND TRANSPORTATION | | | 127.30 | | | 152.00 | | 279.30 | 279.30 |
| PARKING/TOLLS | | | | | | | | 0.00 | 0.00 |
| TIPS (Excluding Meal Tips) | | | 2.00 | | | 2.00 | | 4.00 | 4.00 |
| LAUNDRY | | | | | | | | 0.00 | 0.00 |
| GAS | | | | | | | | 0.00 | 0.00 |
| SUBSCRIPTIONS | | | | 14.03 | 14.03 | | | 28.06 | 28.06 |
| MEMBERSHIP DUES | | | | | | | | 0.00 | 0.00 |
| TELEPHONE/FAX | | | | | | | | 0.00 | 0.00 |
| CELLULAR PHONE CHARGES | | | | | | | | 0.00 | 0.00 |
| OFFICE SUPPLIES | | | | | | | | 0.00 | 0.00 |
| POSTAGE | | | | | | | | 0.00 | 0.00 |
| MEALS:   BREAKFAST | | | 7.28 | 4.93 | 4.93 | 4.93 | | 22.07 | 22.07 |
| LUNCH | | | 12.23 | 10.60 | 23.85 | 22.10 | | 68.78 | 68.78 |
| DINNER | | | 54.00 | 58.55 | 22.60 | | | 135.15 | 135.15 |

| -DESCRIPTION- | EMPLOYEE SIGNATURE | DATE | 8/26/2006 | | |
|---|---|---|---|---|---|
| | | | **TOTAL EXPENSE** | | 2567.56 |
| | APPROVAL SIGNATURE | DATE | | | |
| | ADDITIONAL SIGNATURE (If Required) | DATE | | | |

HALE & HEARTY SOUPS
55 BROAD STREET
NEW YORK, NY 10004

MC #04
REG C04     08-23-2006 01:02 PM 077850

| | | |
|---|---|---|
| 1 | THREE LENTIL CHILI | $4.99 |
| 1 | WATER-AQUAFINA | $1.60 |
| 1 | FRUIT SALAD LRG | $3.19 |
| 1 | THREE LENTIL CHILI | $8.19 |
| | COMB TUNA WRAP | |
| 1 | COMBO BREAD | $0.25 |
| 1 | WATER-AQUAFINA | $1.60 |
| 1 | FRUIT SALAD SM | $2.19 |
| | TA1 | $22.01 |
| | TX1 | $1.84 |
| | TL | $23.85 |
| | CASH | $24.00 |
| | CG | $0.15 |

***************************************
THANK YOU
PLEASE COME AGAIN
***************************************

SALE

MOKSHA
18 MURRAY ST
NEW YORK, NY 10007
2127913510
TID: 000052MT

DATE: 08/22/06          TIME: 20:17
MID: 000455507201950

SEQ: 010  SALE/SWIPED AO
AX XXXXXXXXXXXX008
INVOICE: 360D10
SERVER: 1
APPROVAL CODE: 571216

FOOD/BEV/TAX

$   51.05

TIP        $___7.50

TOTAL    $_58.55

THANK YOU
COME AGAIN
GRATUITY GUIDELINE
15=7.65   20=10.21

BUTTON COPY-CUSTOMER

---

OFFICIAL
TAXI RECEIPT

Date 8/24 2006

FROM Marriott

TO LGA

FARE $58 .. TOLL $4 .. TOTAL $62

SIGNATURE _____ # _____

Amount $ 80

CAB COMPANY

Cab Fare   from Home

to Logan

Date 8/24/06
RECEIVED PAYMENT

---

EXPIRATION
DATE
CHECKED

082230

| QTY. | CLASS | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|---|
| | | | | |
| | | | | |
| DATE | | AUTHORIZATION | SUB TOTAL | |
| REFERENCE NO. | | | SERVER | TAX |
| ID-FOLIO / CHECK NO. / LIC. NO. STATE REG/DEPT | | | CLERK | TIP |
| | | | | MISC |

SALES SLIP

R & N 410 R & &
***** CREDIT CARD VOUCHER *****
*****************************
NEW YORK FINANCIAL CENTER
New York, NY 10006
**** STARBUCKS ****
CHECK:        3841
SERVER:       3005 Benjamin
DATE:         AUG22'06  9:12AM
CARD TYPE:    AMERICAN EXPRESS
ACCT #:       XXXXXXXXXXX1008
EXP DATE:     XX/XX
AUTH CODE:    553761
     SRINIVASA YALAVARTHY

SUBTOTAL:              4.93

TOTAL  $ _____

SIGNATURE _____

---

Salaam Bombay
319 Greenwich Street
New York, NY 10013
(212) 226-9400
www.SalaamBombay.com
Date:        Aug21'06 08:36PM
Card Type:   amex
Acct #:      XXXXXXXXXXX1008
Exp Date:    06/09
Auth Code:   524866
Check:       2958
Table:       14/1
Server:      5 TEMPA
     SRINIVASA      YALAVARTHY

Subtotal:            46.60

TIP                   7.40

TOTAL                54.00

SIGNATURE  Y. Srinivasa
Thank-you for dining with us!

Customer Copy

NAME $ 90
B COMPANY
$ Fare  From  Logan
              Home
       8/24/06
RECEIVED PAYMENT

---

GREENLEAF
U S AIR TERMINAL
FLUSHING, NY 11371
TERMINAL I.D.: 18815845
MERCHANT #: 19000000365601

AMEX
371541186831008
SALE
BATCH: 006250         06/09
DATE: AUG 24, 06   TIME: 12:50
APN: 00030000
               INV: 127408
               AUTH: 515587

TOTAL              $22.10

SRINIVASA YALAVARTHY
X _____
APPR _____

---

IALE & HEARTY SOUPS
55 BROAD STREET
New York, NY 10004

                    HC #04
REG C04    06-21-2006 01:10 PM 077585

1  WATER-AQUAFINA      $1.60
1  THREE LENTIL CHILI  $4.99
1  ORANGE              $0.75
                       $7.34
   TAX                 $0.61
   TX                  $7.95
   TL                 $10.00
   CASH
   CG                  $2.05

*************************************
          THANK YOU
       PLEASE COME AGAIN
*************************************

---

** STARBUCKS COFFEE COMPANY **

55 BROAD STREET          #07416
NEW YORK       NY10004
1 VT CAPPUCCINO          3.95
SUBTOTAL                 3.95
TAX 8.375                0.33
TOTAL                    4.28
AMEX                     4.28
   CARD#: XXXXXXXXXXX1008
CHANGE DUE               0.00

07416 0262 706986  001041796E
08/21/06             19:34
   Love What You Do.
   Talk to a store manager
  about working at Starbucks or
  visit Starbucks.com/careers.

HALE & HEARTY SOUPS
55 BROAD STREET
NEW YORK, NY 10004

```
                         HC #02
REG  C02       08-22-2006 12:47 PM 080468

  1  FRUIT SALAD LRG          $3.19
  1  WATER-AQUAFINA           $1.60
  1  THREE LENTIL CHILI       $4.99
     TA1                      $9.78
     TX1                      $0.82
     TL                      $10.60
     CASH                    $20.00
     CG                       $9.40
```

***********************************
THANK YOU
PLEASE COME AGAIN
***********************************

```
& & & 430 & & &
****** CREDIT CARD VOUCHER ****
*****************************
NEW YORK FINANCIAL CENTER
New York, NY 10006
**** STARBUCKS ****
CHECK:         3653
SERVER:    3007 KISBEL
DATE:      AUG24'06  8:36AM
CARD TYPE: AMERICAN EXPRESS
ACCT #:    XXXXXXXXXX1008
EXP DATE:  XX/XX
AUTH CODE: 500528
           SRINIVASA YALAVARTHY

SUBTOTAL:             4.93

TOTAL    $_____

SIGNATURE _____
```

```
         Logan Airport
Au Bon Pain Cafe
      # 16413
   BOSTON, MA 02128
    2006-08-21
```

SALE

```
NAME      : YALAVARTHY/SRINIVASA
AUTH CODE : 525707
American Express
************1008
CASHIER   : DIANA
CHECK     : 1181
```

AUTH AMOUNT $7.28

TOTAL CHARGE: $7.28

```
X_____
   I Agree to above total amount
   as per card issuer agreement
```

```
2006-08-21      L1 T1        7:27 AM
       BOTTOM COPY FOR GUEST
```



Srinivas Yalavarthy <yalavarthy@gmail.com>

# Your Aug 21, 2006 - Aug 24, 2006 stay at the New York Marriott Financial Center Downtown

1 message

**Thanks for staying! <efolio@marriott.com>**
Reply-To: Thanks for staying! <efolio@marriott.com>
To: YALAVARTHY@gmail.com

**Sat, Aug 26, 2006 at 5:27 AM**

Thank you for choosing the New York Marriott Financial Center Downtown for your recent stay.

As requested, below is a billing summary or adjustment for your stay. **If you have questions about your bill, please contact us at (866) 435-7627 or mbs.customer.svc@marriott.com.**

Make another reservation >>



You have elected to receive eFolio email messages after every stay.

Modify your email preferences >>

Summary of Your Stay

Hotel:  New York Marriott Financial Center
        Downtown
        85 West Street
        New York, New York 10006
        USA
        (212) 385-4900

Guest:  YALAVARTHY/SRINIVASA
        11 ROLLING MEADOW DR
        MILLIS, MA 020541053
        USA

Dates of stay: Aug 21, 2006 - Aug 24, 2006
Guest number: 9042
Marriott Rewards number: XXXXX2308

Room number: 3414
Group number:

| Date | Description | Reference | Charges | Credits |
|---|---|---|---|---|
| 08/21/06 | ROOM | 3414, 1 | 409.00 | |
| 08/21/06 | ROOMTX | 3414, 1 | 34.25 | |
| 08/21/06 | CITYTAX | 3414, 1 | 20.45 | |
| 08/21/06 | OCC JAV | OCC TAX | 3.50 | |
| 08/22/06 | TELECOMM | TELECOM | 12.95 | |
| 08/22/06 | STATETAX | TELECOM | 1.08 | |
| 08/22/06 | ROOM | 3414, 1 | 409.00 | |
| 08/22/06 | ROOMTX | 3414, 1 | 34.25 | |
| 08/22/06 | CITYTAX | 3414, 1 | 20.45 | |
| 08/22/06 | OCC JAV | OCC TAX | 3.50 | |
| 08/22/06 | LOCPHONE | 0950-LOC | 0.00 | |

8/26/2006 6:31 AM

Gmail - Your Aug 21, 2006 - Aug 24, 2006 stay at the New York Marrio...      http://mail.google.com/mail/?&ik=898a30dccf&view=pt&th=10d49ce7...

| 08/23/06 | TELECOMM | TELECOM | 12.95 | |
| 08/23/06 | STATETAX | TELECOM | 1.08 | |
| 08/23/06 | ROOM | 3414, 1 | 409.00 | |
| 08/23/06 | ROOMTX | 3414, 1 | 34.25 | |
| 08/23/06 | CITYTAX | 3414, 1 | 20.45 | |
| 08/23/06 | OCC JAV | OCC TAX | 3.50 | |
| 08/24/06 | Payment - American Express XXXXXXXXXXXX1008 | | | 1,429.66 |

**Total balance**                                                           **0.00** USD

Important Information

Do Not Reply to this Email
This email is an auto-generated message. Replies to automated messages are not monitored. If you have any questions please contact the hotel directly at (212) 385-4900.

Why Have I Received this Email?
You received this email because you subscribed to eFolio, a feature enabling you to receive an electronic version of your hotel bill by email after every stay. Modify your email preferences >>

Availability
Electronic versions of your hotel bill, available by email from our over 2,300 participating properties in the Marriott family of hotels in the USA and Canada, are emailed to you within 72 hours of check-out. These email messages reflect changes made to your bill up to 11pm on your day of departure. Any adjustments after that time may not be shown.

If you have received this email in error, please notify us.

Learn more about eFolio, receiving your hotel bills by email.

Authenticity of Bills
Marriott retains official records of all charges and credits to your account and will honor only those records.

Privacy
Your privacy is important to Marriott. For full details of our privacy policy, please visit our Internet Privacy Statement.

Credit of Marriott Rewards Points
After a stay, it may take up to 7 days for Marriott Rewards points to be credited to your account.

Terms of Use::Internet Privacy Statement(c)1996-2006 Marriott International, Inc. All rights reserved. Marriott proprietary information.

8/26/2006 6:31 AM