BARRY R. GORE, ESQ. SBN 143278
CHRISTINE M. FITZGERALD, ESQ. SBN 259014
SMITH | CAMPBELL | CLIFFORD | KEARNEY | GORE
A Professional Law Corporation
3424 Carson Street, Suite 350
Torrance, California 90503
Telephone:  (310) 542-0111
Facsimile:   (310) 214-7254

Special Counsel to Corporate Recovery Associates,
Solely in its capacity as Plan Agent

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>MTI TECHNOLOGY CORPORATION., a Delaware corporation,<br><br>                  Reorganized Debtor. | CASE NO. 8:07-bk-13347-ES<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER PURSUANT TO FED. R. BANKR. P. 9019 APPROVING COMPROMISE BETWEEN THE REORGANIZED DEBTOR AND NEEDHAM & COMPANY, LLC; DECLARATION OF RICHARD J. FEFERMAN IN SUPPORT THEREOF**<br><br>[NO HEARING REQUIRED - Local Bankruptcy Rule 9013-1(o)] |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE AND ALL PARTIES IN INTEREST:**

    **PLEASE TAKE NOTICE** that Corporate Recovery Associates, as Plan Agent ("Plan Agent") of the Reorganized Debtor MTI Technology Corporation (the "Debtor") hereby moves the Court for an Order Pursuant to Fed. R. Bankr. P. 9019 the compromise between the Debtor and Needham & Company, LLC ("Needham") with respect to the Proof of Claim filed by Needham, Claim No. 496, in the amount of $677,264.78 for financial services performed under a contract between Needham and the Debtor dated March 2, 2007 (the "Contract"), and the Debtor's Claim Objection to Needham's Claim No. 496 (the "Objection").  Pursuant to Local Bankruptcy Rule 9013-1(o), the Plan Agent is requesting that the Court approve the Motion without a hearing.

By this Motion, the Debtor requests the entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019(a) approving the Settlement Agreement ("Agreement"). A true and correct copy of the Agreement is attached as **Exhibit "A"** to the attached Declaration of Richard J. Feferman and is incorporated herein by this reference.

Under the terms of the Agreement, which are fully set forth on the attached **Exhibit "A"** the Parties have agreed in settlement of all outstanding issued related to the Contract, Claim No. 496 and the Objection, Claim No. 496 shall be deemed allowed and fixed as a general unsecured non priority claim in the amount of $200,000.00, which will be allowed in Class 3 (Allowed General Unsecured Claims) under the Plan. The parties have engaged in good faith negotiations concerning the resolution of the Adversary. The Plan Agent urges the Court to approve the compromise memorialized in the Agreement, pursuant to Federal Rules of Bankruptcy Procedure, Rule 9019(a), as fair and equitable to all parties and in the best interests of the Debtor's estate and creditors.

The Motion is based upon this Motion, the attached Memorandum of Points and Authorities and Declaration of Richard J. Feferman, the Settlement, the Court's files in this Chapter 11 case and upon such other evidence as may be presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(o) states that an order may be obtained without a hearing on motions to approve a compromise under Rule 9019 of the Federal Rules of Bankruptcy Procedure, unless a hearing is specifically requested within 14 days of the date of service of this Motion.

DATED: April 22, 2011

SMITH CAMPBELL CLIFFORD KEARNEY GORE
A Professional Law Corporation

By: _Christine M. Fitzgerald_
Barry R. Gore
Christine M. Fitzgerald
Special Counsel to Corporate Recovery Associates,
Solely in its capacity as Plan Agent

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PRELIMINARY STATEMENT

After arms length negotiations, the Debtor and Needham have entered into an Agreement resolving the Claim No. 496 and the Objection. Needham filed a Proof of Claim, Claim No. 496, in the amount of $677,264.78 for financial services performed under a contract between Needham and the Debtor dated March 2, 2007 (the "Contract"). Debtor filed an objection to Claim No. 496 to the extent that it exceeded $2,264.78. The Parties have exchanged information and support for their respective positions. As a result thereof, the parties have reached a compromise and settlement involved all matters regarding Claim No. 496 and the Objection.

For the reasons stated more fully below, the Agreement represents a fair and equitable compromise that is in the best interests of the Debtor and the creditors of the Debtor.

## II.

## CASE BACKGROUND

On October 15, 2007 (the "Petition Date"), the Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code.

Founded in 1987 the Debtor was a global provider of end-to-end information infrastructure solutions for mid to large size companies with its headquarters at 15641 Red Hill Ave. in Tustin, California. With more than 20 years experience in delivering innovative technology solutions and more than 5 million hours of providing professional services, the Debtor was a leader in end-to-end information infrastructure solutions that span analysis, design, implementation and has strategic technology and service relationships with industry leaders including, EMC, Microsoft, VMWARE, Symantec and Cisco. The Debtor served more than 3,500 customers throughout North America and Europe (directly and through wholly owned subsidiaries).

The Debtor was also a reseller and service provider of EMC Automated Networked Storage systems and software pursuant to a reseller agreement with EMC Corporation, a world

1    leader in information storage systems software, networks and services.

2        Pursuant to the terms of the "Debtor's and Committee's Joint Fourth Amended Chapter

3    11 Plan" [Docket No. 1265] (the "Plan"), confirmed by an order entered September 1, 2010, all

4    of the Debtor's assets, including books and records, claims, causes of action, etc., were

5    transferred to the Reorganized Debtor as of the Effective Date of the Plan, which occurred on

6    September 27, 2010.  Pursuant to confirmed Plan, the Plan Agent is the CEO of the Reorganized

7    Debtor.

8                                    **III.**

9                          **THE NEEDHAM CLAIM**

10       On or around June 18, 2008, Needham filed Proof of Claim No. 496 in the amount of

11   $677,264.78 ("Claim No. 496"), for financial services performed under a contract between

12   Needham and the Debtor dated March 2, 2007 (the "Contract").  On January 17, 2010, the

13   Debtor filed an objection [Docket 1312] to Claim No. 4895 to the extent that it exceeded

14   $2,264.78 on the grounds set forth in detail therein.

15

16                                   **IV.**

17                     **THE SETTLEMENT AGREEMENT**

18       As more fully set forth within the Settlement Agreement that is attached as **Exhibit "A"**,

19   the Parties have agreed that Needham, in full satisfaction of its claims, will have an allowed and

20   fixed general unsecured non priority claim in the amount of $200,000.00, which will be allowed

21   in Class 3 (Allowed General Unsecured Claims) under the Plan.  The Agreement also contains

22   full releases by both parties as to any other pre and post petition claims, with certain limited

23   exceptions as set forth therein.

24       Thus, the Agreement allows the Debtor and Needham to avoid the expense and burdens

25   associated with litigating sharply contested and dubious claims.  *United States v. Alaska National*

26   *Bank (In re Walsh Constr., Inc.),* 669 F.2d 1325, 1328 (9th Cir. 1982).

27   ///

28   ///

# V.

## APPROVING THE AGREEMENT WILL BENEFIT THE ESTATE

The standard for approval of a proposed compromise is whether the compromise is "fair and equitable" and in "the best interests of the estate." *In re Woodson*, 839 F.2d 610 (9th Cir., 1988); *St. Paul Fire & Marine Insurance Co. v. Vaughn*, 779 F.2d 1003, 1010 (4th Cir. 1985); *In re Continental Investment Corp.*, 637 F.2d 8, 11 (1st Cir. 1980); *In re Hallet*, 33 B.R. 564, 565 (Bankr. D. Me. 1983); *In re Speece*, 159 B.R. 315 (Bankr.E.D.Cal. 1993).

In evaluating whether to approve a compromise and determining whether it is "fair and equitable," courts must consider the following criteria:

a)      Probability of success in the litigation;
b)      The difficulties, if any, to be encountered in the matter of collection;
c)      The complexity of the litigation involved;
d)      The expense and inconvenience of the litigation;
e)      The delay the litigation would cause; and,
f)      The interest of creditors.

*In re Woodson*, 839 F.2d 610, 620 (9th Cir., 1988), quoting *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986) *cert. denied*, 479 U.S. 854, 107 S.Ct. 189 (1986); *see also Protective Committee for Independent Stockholders of TMT Trailer Ferry Inc. v. Anderson*, 390 U.S. 414, 424 88 S.Ct. 1157 (1968); *Continental Investment*, 637 F.2d at 11; *In re Lion Capital Group*, 49 B.R. 163 (Bankr. S.D.N.Y. 1985).

In evaluating these criteria, courts are guided by two principles. First, "the law favors compromise." *In re Balir*, 538 F.2d 840, 851 (9th Cir. 1976); *In re Heissinger Resources Ltd.*, 67 B.R. 378, 383 (C.D. Ill. 1986). Compromises "are favored in bankruptcy." *Protective Committee*, 390 U.S. at 424 (quoting *Case v. Los Angeles Lumber Prods Co.*, 308 U.S. 106, 130 (1939)); *see also In re Duplan Corp.*, 9 B.R. 921, 930 (S.D.N.Y. 1980) (settlement of claims should be encouraged).

Second, a compromise should be approved unless it "fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 822, 104 S.Ct. 88 (1985); *In re Heissinger Resources Ltd.*, 67 B.R. 378, 383 (C.D. Ill.

1    1986); *In re Hydronic Enterprises Inc.,* 58 B.R. 363, 366 (Bankr. D.R.I. 1986). With respect to

2    this standard, one court has commented:

3
>    [T]he responsibility of the bankruptcy judge, and ours upon review, is not to
4    decide the numerous questions of law and fact raised by the appellant but rather to
>    canvass the issues and see whether the settlement "falls below the lowest point in
5    the range of reasonableness...

6    *In re W.T. Grant Co.,* 699 F.2d at 608 (quoting *Newman v. Stein,* 464 F.2d 689, 693 (2d Cir.

7    1972), *cert. denied,* 409 U.S. 1039, 73 S.Ct. 521 (1972).

8            Thus, the Court should not substitute its business judgment for that of the Debtor. To the

9    contrary, a settlement which has been negotiated by the parties is entitled to deference. *See In re*

10    *Morrison,* 69 B.R. 586, 592 (Bankr. E.D. Pa. 1987) ("the objecting creditors may not substitute

11    their judgment for that of the trustee.")

12            The Bankruptcy Appellate Panel for the Ninth Circuit stated in the context of approving a

13    compromise under former Bankruptcy Rule 919(a):

14
>    The function of a compromise is to avoid litigation involving delay and expense
15    unless there appears to be a sound legal basis for the litigation and likelihood of
>    substantial ultimate benefit to the estate. *Scott v. Jones,* 118 F.2d 30, 32 (10th
16    Cir. 1941)...

17    *In re General Store of Beverly Hills,* 11 B.R. 539, 541 (9th Cir. 1981).

18            Application of this standard to the facts of the present case demonstrate that the proposed

19    settlement does not fall below the lowest point in the range of reasonableness and that there is

20    little likelihood of substantial benefit to the estate.

21            a)      Probability of success in the litigation

22            Here, in light of Needham's Claim, and the Debtor's Claim Objection, the probability of

23    success is unknown. The Debtor feels it would prevail; Needham feels likewise.

24            b)      The difficulties, if any, to be encountered in the matter of collection

25            Not applicable, although the Debtor would like to avoid any costs of collection.

26            c)      The complexity of the litigation involved

27            The litigation would not be very complex.

28    ///

d)    The expense and inconvenience of the litigation.

The expense and inconvenience of litigation would burden the Debtor.

e)    The delay the litigation would cause; and,

The delay from litigation may prolong any distribution to the Debtor's creditors.

f)    The interest of creditors.

In light of the expense, inconvenience, and delay of litigation, the Debtor believes that pursuing the action would not yield a substantial benefit to the Reorganized Debtor or its creditors over and above what the Agreement provides. The interest of creditors is measured by the potential for a dividend. *In re Speece*, 159 B.R. 315, 319 (Bankr.E.D.Cal. 1993).

Approving the Agreement will not have any detrimental effects on the Reorganized Debtor or its creditors; to the contrary, in light of the uncertainty involved, it will benefit the Reorganized Debtor by preventing a further depletion of resources available for distribution to the creditors.

## VI.

## CONCLUSION

The Agreement presents a fair and equitable compromise in the best interests of the Reorganized Debtor's estate.  Thus, the Debtor respectfully requests that the Court enter an order approving the Agreement under Federal Rule of Bankruptcy Procedure 9019(a).

DATED: April 22, 2011

SMITH CAMPBELL CLIFFORD KEARNEY GORE
A Professional Law Corporation

By: *Christine M. Fitzgerald*
Barry R. Gore
Christine M. Fitzgerald
Special Counsel to Corporate Recovery Associates,
Solely in its capacity as Plan Agent

## DECLARATION OF RICHARD J. FEFERMAN

I, Richard J. Feferman, declare as follows:

1.      I am the principal of Corporate Recovery Associates.  Pursuant to the Debtor's and Committee's Joint Fourth Amended Chapter 11 Plan, confirmed by an Order of the Court entered September 1, 2010, Corporate Recovery Associates is the Plan Agent of MTI Technology Corporation, (the "Debtor" or "MTI"), the Reorganized Debtor in the above-captioned proceeding.  Corporate Recovery Associates is also the CEO of the Reorganized Debtor. Prior to Plan confirmation, Corporate Recovery Associates was the business and financial advisor to the Official Committee of Unsecured Creditors (the "Committee").  In connection with its role as financial advisor to the Committee, I personally interacted at various times with the Debtor, through its employees, including Scott Poteracki, the Debtor's former Chief Financial Officer and former Chief Restructuring Officer, throughout the life of the Chapter 11 case to review and become familiar with the Debtor's books and records.   I have personal knowledge of the following, or have gained such knowledge from my review of the records of the Debtor, which were obtained, created and maintained in the ordinary course of business, and if called as a witness, could and would competently testify thereto.

2.      The Debtor filed a Chapter 11 petition on October 15, 2007.

3.      Founded in 1987 the Debtor was a global provider of end-to-end information infrastructure solutions for mid to large size companies with its headquarters at 15641 Red Hill Ave. in Tustin, California. With more than 20 years experience in delivering innovative technology solutions and more than 5 million hours of providing professional services, the Debtor was a leader in end-to-end information infrastructure solutions that span analysis, design, implementation and has strategic technology and service relationships with industry leaders including, EMC, Microsoft, VMWARE, Symantec and Cisco. The Debtor served more than 3,500 customers throughout North America and Europe (directly and through wholly owned subsidiaries).

///

1        4.      The Debtor was also a reseller and service provider of EMC Automated

2    Networked Storage systems and software pursuant to a reseller agreement with EMC

3    Corporation, a world leader in information storage systems software, networks and services.

4        5.      Pursuant to the terms of the "Debtor's and Committee's Joint Fourth Amended

5    Chapter 11 Plan" [Docket No. 1265] (the "Plan"), confirmed by an order entered September 1,

6    2010, all of the Debtor's assets, including books and records, claims, causes of action, etc., were

7    transferred to the Reorganized Debtor as of the Effective Date of the Plan, which occurred on

8    September 27, 2010.  Pursuant to confirmed Plan, the Plan Agent is the CEO of the Reorganized

9    Debtor.

10       6.      On or around June 18, 2008, Needham filed Proof of Claim no. 496 in the amount

11   of $677,264.78 ("Claim No. 496"), for financial services performed under a contract between

12   Needham and the Debtor dated March 2, 2007 (the "Contract").  On January 17, 2010, the

13   Debtor filed an objection [Docket 1312] to Claim No. 496 to the extent that it exceeded

14   $2,264.78 on the grounds set forth in detail therein.

15       8.      As more fully set forth on the attached **Exhibit "A"**, which is a true and correct

16   copy of the Agreement, the Parties have agreed that Needham, in full satisfaction of its claims,

17   will have an allowed and fixed general unsecured non priority claim in the amount of

18   $200,000.00, which will be allowed in Class 3 (Allowed General Unsecured Claims) under the

19   Plan.  The Agreement also contains full releases by both parties as to any other pre and post

20   petition claims, with certain limited exceptions as set forth therein.

21       9.      I believe that approving the Agreement will not have any detrimental effects on

22   the Reorganized Debtor or its creditors; to the contrary, in light of the uncertainty involved, it

23   will benefit the Reorganized Debtor by preventing a further depletion of resources available for

24   distribution to the creditors.  I believe that it is in the Debtor's best interest to approve the

25   Agreement.

26       I declare under penalty of perjury under the laws of the United States of America that the

27   above is true and correct and that this Declaration was executed on April 22, 2011 at San Diego,

28   California.

1

2
        /s/Richard J. Feferman
        Richard J. Feferman

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Christine M. Fitzgerald (SBN 259014)<br>3424 Carson Street, Suite 350<br>Torrance, CA 90503<br><br>☒ *Attorney for:* Special counsel to Corporate Recovery Associates | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re: MTI Technology Corporation., a Delaware corporation<br><br>Reorganized<br>Debtor(s). | CASE NO.: 07-13347<br>CHAPTER: 11<br>ADV. NO.: |

## ELECTRONIC FILING DECLARATION
### (INDIVIDUAL)

☐ Petition, statement of affairs, schedules or lists       Date Filed: _____
☐ Amendments to the petition, statement of affairs, schedules or lists    Date Filed: _____
☒ Other: Ntc of motion & Motion for order approving compromise with Needham    Date Filed: 4/22/2011

## PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY

I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), hereby declare under penalty of perjury that: (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct hard copy of the Filed Document in such places and provided the executed hard copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California. ~~If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a *Statement of Social Security Number(s)* (Form B21) and provided the executed original to my attorney.~~

_____      4/22/11
Signature of Signing Party                 Date

Richard J. Feferman
*Printed Name of Signing Party*

_____      _____
Signature of Joint Debtor (if applicable)          Date

_____
*Printed Name of Joint Debtor (if applicable)*

## PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY

I, the undersigned Attorney for the Signing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed the *Declaration of Debtor(s) or Other Party* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by the Signing Party's name, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration*, the *Declaration of Debtor(s) or Other Party*, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration*, the *Declaration of Debtor(s) or Other Party*, and the Filed Document available for review upon request of the Court or other parties. If the Filed Document is a petition, I further declare under penalty of perjury that: (1) the Signing Party completed and signed the *Statement of Social Security Number(s)* (Form B21) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (2) I shall maintain the executed original of the *Statement of Social Security Number(s)* (Form B21) for a period of five years after the closing of the case in which they are filed; and (3) I shall make the executed original of the *Statement of Social Security Number(s)* (Form B21) available for review upon request of the Court.

_____      4/22/2011
Signature of Attorney for Signing Party         Date

       Christine M. Fitzgerald
*Printed Name of Attorney for Signing Party*

November 2006          This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

EXHIBIT "A"

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Mutual Release (this "Agreement") is entered into as of the first date upon which this Agreement is fully executed by all parties (the "Effective Date") by and between: (i) the bankruptcy estate of MTI Technology Corporation (the "Reorganized Debtor") on one hand, and (ii) Needham & Company, LLC ("Needham") on the other.

## RECITALS

A.    On or about October 15, 2007 (the "Petition Date"), MTI Technology Corporation (the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), styled *In re MTI Technology Corporation*, Case No. 8:07-13347-ES (the "Bankruptcy Case").

B.    On June 18, 2008, Needham filed Proof of Claim No. 496 in the amount of $677,264.78 ("Claim No. 496"), for financial services performed under a contract between Needham and the Debtor dated March 2, 2007 (the "Contract").

C.    On January 17, 2010, the Debtor filed an objection [Docket No. 1312] to Claim No. 496 to the extent that it exceeded $2,264.78 (the "Objection") on the grounds set forth in detail therein.

D.    On September 1, 2010, the Bankruptcy Court entered an order confirming the *Debtor's and Committee's Joint Fourth Amended Chapter 11 Plan* (the "Plan"). The effective dated of the Plan was September 27, 2010 ("Effective Date").

E.    As of the Effective Date, the Official of Creditors Holding Unsecured Claim was terminated and disbanded and was replaced by the Official Post-Effective Date Committee of Creditors Holding Unsecured Claims (the "Committee").

F.    As of the Effective Date, the Debtor's financial affairs were organized pursuant to the terms and conditions of the Plan, and the Reorganized Debtor, as successor of the Debtor under the Plan, continues in existence with the rights, powers and duties set forth in the Plan.

G.    As of the Effective Date, Richard J. Feferman dba Corporate Recovery Associates was appointed Plan Agent (the "Plan Agent"), in part to administer the Plan and to make distributions to the Debtor's creditors in accordance with the terms and conditions of the Plan. Pursuant to the Plan, the rights to prosecute claim objections and to settle them are transferred to, and vest in, the Reorganized Debtor, as administered by the Plan Agent.

H.    The parties have exchanged information and support for their respective positions. As a result thereof, the parties have reached a compromise and settlement involving all matters. To avoid further expense and delay, and the uncertainty inherent in litigation, the Reorganized Debtor (through the Plan Agent as authorized by the Committee) and Needham have agreed to the following settlement, subject to the approval of the Bankruptcy Court to resolve all matters relating to their disputes.

NOW, THEREFORE, in consideration of the above-mentioned recitals and the mutual covenants herein, the parties hereto stipulate and agree as follows:

IN WITNESS WHEREOF, the parties have executed this Pledge and Security Agreement effective as of the date first written above.

AGREEMENT

1.    Recitals.  The foregoing is incorporated herein by reference.

2.    Approving Settlement Agreement.  This Agreement is contingent upon entry of a final, nonappealable order of the Bankruptcy Court approving this Agreement ("Order").  The parties will in good faith exercise all reasonable efforts required to obtain the entry of the Order, including executing and delivering any motions, declarations or other items of support reasonably required in connection therewith.  Consistent with the preceding sentence, the Plan Agent will promptly prepare and file and serve a motion to approve compromise of controversy pursuant to Federal Rule of the bankruptcy Procedure 9019 ("Motion").

3.    Compromise and Settlement.  Nothing in this Agreement or any negotiations or proceedings in connection therewith shall constitute or be deemed or claimed to be evidence of an admission of any liability by any party, or of the merit or lack of merit of any claim or defense of any party.  All communications  (whether oral or in writing) between and/or among the parties to this Agreement, their counsel and/or their respective representatives relating to, concerning or in connection with this Agreement, or the matters covered herein, shall be governed and protected in accordance with Federal Rule of Evidence 407 to the fullest extent permitted by law.

4.    Settlement.  The Reorganized Debtor and Needham agree that in settlement all outstanding issues related to the Contract, Claim No. 496 and the Objection, Claim No. 496 shall be deemed allowed and fixed as a general unsecured nonpriority claim in the amount of $200,000.00, which will be in Class 3 (Allowed General Unsecured Claims) under the Plan, and otherwise Needham will not hold any other claim.

5.    Needham's Waivers and Releases.

a.    Excepting only those claim and obligations arising under this Agreement, Needham hereby releases and forever discharges the Committee, the Debtor, the Reorganized Debtor and the Plan Agent, and their respective directors, officers, shareholders, agents, attorneys, representatives, employees, insurers, successors, and assigns from any and all claims, demands, costs, liabilities, obligations, actions and causes of action of every nature, kind or description, arising in connection with or related to (i) the pre-petition business relationship between Needham and the Debtor, including with respect to the Contract and Claim No. 496, and (ii) the Bankruptcy Case, whether legal or equitable, known or unknown, liquidated or unliquidated, contingent non-contingent, suspected or unsuspected.

b.      With respect to the releases provided above, Needham knowingly, voluntarily and expressly waives any and all rights that Needham may have pursuant to Section 1542 of the California Civil Code, which reads as follows:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Needham acknowledges that it may hereafter discover facts different from or in addition to those now known or believed to be true with respect to the matters released hereunder, and agrees that this Agreement and the releases provided above shall remain effective in all respects notwithstanding the discovery or existence of any such different or additional facts.

6.      Reorganized Debtor's Waivers and Releases.

a.      Excepting only those claim and obligations arising under this Agreement, the Reorganized Debtor hereby releases and forever discharges Needham, and its respective directors, officers, shareholders, agents, attorneys, representatives, employees, insurers, successors, and assigns from any and all claims, demands, costs, liabilities, obligations, actions and causes of action of every nature, kind or description, arising in connection with or related to (i) the pre-petition business relationship between Needham and the Debtor, including with respect to the Contract and Claim No. 496, and (ii) the Bankruptcy Case, whether legal or equitable, known or unknown, liquidated or unliquidated, contingent non-contingent, suspected or unsuspected.

b.      With respect to the releases provided above, the Reorganized Debtor knowingly, voluntarily and expressly waives any and all rights it may have pursuant to Section 1542 of the California Civil Code, which reads as follows:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Reorganized Debtor acknowledges that it may hereafter discover facts different from or in addition to those now known or believed to be true with respect to the matters released hereunder, and agrees that this Agreement and the releases provided above shall remain effective in all respects notwithstanding the discovery or existence of any such different or additional facts.

7.  Representations and Warranties.

a.  Representations and Warranties by the Reorganized Debtor.  The Reorganized Debtor represents and warrants to Needham that:

i.  The Reorganized Debtor has all requisite power and authority to execute, deliver and perform this Agreement and the transactions contemplated herein and the execution, delivery and performance by it of this Agreement and the consummation of the transactions contemplated herein have been duly authorized by all necessary action on the part of the Plan Agent;

ii.  The execution, delivery and performance by the Reorganized Debtor of this Agreement and the consummation of the transactions contemplated herein will not, with or without the giving of notice or the lapse of time, or both, require any consent, approval (other than approval of the Bankruptcy Court), authorization, exemption or waiver; violate any provision of any law, rule, regulation or any order, judgment or decree to which the Reorganized Debtor may be subject; or conflict with, or result in, a breach or default under any term or condition of any agreement or instrument to which the Reorganized Debtor is a party to which the Reorganized Debtor may be bound; and

iii.  The Reorganized Debtor has freely and voluntarily entered into this Agreement and has been fully advised by its attorneys concerning its rights and has further been advised by its attorneys as to the terms and effects of this Agreement.

b.  Representations and Warranties by Needham.  Needham represents and warrants to the Reorganized Debtor that:

i.  Needham has all requisite power and authority to execute, deliver and perform this Agreement and the transactions contemplated herein and the execution, delivery and performance by it of this Agreement and the consummation of the transactions contemplated herein have been duly authorized on the part of Needham;

ii.  The execution, delivery and performance by Needham of this Agreement and the consummation of the transactions contemplated herein will not, with or without the giving of notice or the lapse of time, or both, require consent, approval authorization, exemption or waiver; violate any provision of law, rule or regulation to Needham may be subject or any order, judgment or decree to which Needham may be subject, or conflict with, or result in, a breach or default under, any term or condition of any agreement or instrument to which Needham is which Needham is a party or by which Needham may be bound; and

iii.  Needham has freely and voluntarily entered into this Agreement and has further been advised by its attorneys as to the terms and effects of this Agreement.

8.  No Assignment.  Each of the Reorganized Debtor and Needham represent and warrant to each other that such party is the only person or entity who, to its knowledge, has any interest in any claims, causes of action, costs or demands herein released and that none of such claims, causes of action, costs or demands, nor any part thereof, have been assigned, granted or transferred in any way to any person, persons, entity or entities.

9.    Intended Beneficiaries.  To the extent that this Agreement inures to the benefit of persons or entities not signatories hereto (including the parties identified in Paragraph 5(a) hereof), such persons or entities shall be deemed to be intended beneficiaries, and this Agreement is hereby declared to be made in and for their respective benefits and uses.

10.    Waivers and Amendment.  A provision of this Agreement may be waived only by a writing signed by the waiving party, and a provision may be amended only by a writing signed by all parties to this Agreement.

11.    Further Cooperation.  The parties agree to take such further acts and execute such additional documents as may be necessary or appropriate to carry out the provisions and purposes of this Agreement.

12.    Counterparts.  This Agreement may be executed in two or more counterparts, including facsimile counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

13.    Authority to Execute Agreement.  Each person whose signature appears here individually represents and warrants to all parties hereto that he or she has been duly authorized, and has fully authority, to execute this Agreement on behalf of the entity on whose behalf this Agreement is executed.

14.    Successors and Assigns.  This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

15.    Attorneys' Fees.  Each party shall be responsible for the payment of its own legal fees and costs, and all of its expenses, in connection with the disputes referred to herein, all matters referred to in this Agreement, and any action or proceeding to enforce this Agreement.

16.    Interpretation.  The parties acknowledge and agree that they all participated in drafting this Agreement.  The parties therefore agree that any statutory provision or rule of law providing for the interpretation of an instrument against the drafting party shall not be applicable to this Agreement.

17.    Notices.  All notices under this Agreement shall be in writing and shall be effective upon receipt whether delivered by personal delivery or recognized overnight delivery service, facsimile, e-mail, or sent by United States registered or certified mail, return receipt requested, postage prepaid, addressed to the respective parties as follows:

If to the Reorganized Debtor:

Richard Feferman
Corporate Recovery Associates
3830 Valley Center Drive; Suite 705-152
San Diego, CA 92130
Telephone: (858) 792-7473
E-Mail: richard@crarecovery.com

With Copy to:

      Christine M. Fitzgerald, Esq.
      Smith I Campbell I Clifford I Kearney I Gore
      A Professional Law Corporation
      3424 Carson Street, Suite 350
      Torrance, California 90503
      Telephone No. (310) 540-0111
      Facsimile No. (310) 213-7254
      E-mail: cfitzgerald@scckg.com

If to Needham:

      Mark D. Houle, Esq.
      Pillsbury Winthrop Shaw Pittman LLP
      650 Town Center Drive, Suite 700
      Costa Mesa, California 92626
      Telephone No. (714) 436-6843
      Facsimile No. (714) 436-2800
      E-mail: mark.houle@pillsburylaw.com

Any party may notify the other party of a change of contact information by giving the other party written notice of the new contact information.

18. <u>Governing Law</u>.   This Agreement shall be governed by, and construed in accordance with the internal laws of the State of California.

19. <u>Jurisdiction</u>.   Each of the parties to this Agreement consents to the exclusive jurisdiction of the Bankruptcy Court as to any litigation or dispute that arises from or relates to this Agreement or any breach thereof.

20. <u>Severability</u>.   In the event that any term or provision of this Agreement is held by any court of competent jurisdiction or the Bankruptcy Court to be invalid, the remainder shall be enforceable. The Bankruptcy Court shall retain jurisdiction as to any litigation or dispute that arises from or relates to this Agreement or any breach thereof.

21. <u>Entire Agreement</u>. This Agreement constitutes the complete, exclusive, and final agreement between the parties concerning the subject matter hereof, and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the parties hereto or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Agreement. The parties acknowledge that they have not relied on any representations, inducements, promises, agreements, or warranties, oral or otherwise, which are not expressly embodied in this Agreement. Rather, the parties to this Agreement relied entirely upon their own judgment,

beliefs and interest and the advice of their own counsel, and had a reasonable period of time to consider this Agreement.

IN WITNESS WHEREOF, the parties to this Agreement have read, understood and agreed to the terms of this Agreement, and have voluntarily executed the Agreement as of the dates set forth below by and through their undersigned and duly authorized representatives.

Date:  March 26, 2011                    REORGANIZED DEBTOR MTI
                                         TECHNOLOGY CORPORATION

                              By:  _____
                                   Richard Fefgrman dba Corporate Recovery
                                   Associates, in his capacity as Plan Agent of
                                   the Reorganized Debtor, MTI Technology
                                   Corporation


Date:  March ___, 2011                   NEEDHAM & COMPANY, LLC



                              By:  _____
                                   Glen Albanese
                                   Managing Director



Approved as to Form/Content

Date:  March 29, 2011                    SMITH | CAMPBELL | CLIFFORD
                                         KEARNEY | GORE, A PROFESSIONAL
                                         LAW CORPORATION


                              By:  _____
                                   Barry R. Gore, Esq.
                                   Christine M. Fitzgerald, Esq.
                                   Counsel for Corporate Recovery Associates,
                                   Solely in its Capacity as Plan Agent


[Signatures continued on next page]

beliefs and interest and the advice of their own counsel, and had a reasonable period of time to consider this Agreement.

IN WITNESS WHEREOF, the parties to this Agreement have read, understood and agreed to the terms of this Agreement, and have voluntarily executed the Agreement as of the dates set forth below by and through their undersigned and duly authorized representatives.

Date:   March _____, 2011

REORGANIZED DEBTOR MTI TECHNOLOGY CORPORATION

By: _____

Richard Feferman dba Corporate Recovery Associates, in his capacity as Plan Agent of the Reorganized Debtor, MTI Technology Corporation

Date:   March 29th, 2011

NEEDHAM & COMPANY, LLC

By: _____

JAMES M. Abbruzzese
Managing Director
Chief Compliance officer

Approved as to Form/Content

Date:   March _____, 2011

SMITH | CAMPBELL | CLIFFORD KEARNEY | GORE, A PROFESSIONAL LAW CORPORATION

By: _____

Barry R. Gore, Esq.
Christine M. Fitzgerald, Esq.
Counsel for Corporate Recovery Associates, Solely in its Capacity as Plan Agent

[Signatures continued on next page]

Date:    March 29, 2011

PILLSBURY WINTHROP SHAW
PITTMAN, LLP

By: _____
Mark D. Houle, Esq.
Counsel for Needham & Company, LLC

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3424 Carson Street, Suite 350, Torrance, CA  90503**

A true and correct copy of the foregoing document described as **NOTICE OF MOTION AND MOTION FOR ORDER PURSUANT TO FED. R. BANKR. P. 9019 APPROVING COMPROMISE BETWEEN THE REORGANIZED DEBTOR AND NEEDHAM & COMPANY, LLC; DECLARATION OF RICHARD J. FEFERMAN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 22, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**See attached service list**

☒  Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **April 22, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**See attached service list**

☒  Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 22, 2011** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**See attached service list**

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 22, 2011 | Brenda L. Campos | _(signature)_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

F 9013-3.1.PROOF.SERVICE

## Service List

## SECTION I

## TO BE SERVED BY VIA NOTICE OF ELECTRONIC FILING ("NEF")

**Counsel for Verizon**
Mark A Shaiken     mshaiken@stinson.com

**Counsel for Carolina Casualty Insurance Company**
Daniel C Silva     dsilva@gordonrees.com

**Counsel for Collective Group**
Patricia B Tomasco     ptomasco@mailbmc.com

**United States Trustee**
United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

**Counsel for AM-PM, Inc. dba Aries Internet Services, Inc**
Sharon Z Weiss     sharon.weiss@hro.com

**Counsel for American Express Travel Related Svcs Co Inc Corp Card**
Gilbert B Weisman     notices@becket-lee.com

**Counsel for Argo Partners**
Matthew A Gold     courts@argopartners.net

**Counsel for Copper Holdings, LLC**
Robert L Eisenbach     reisenbach@cooley.com

**Counsel for Dell Financial Services, LLC**
Brian T Harvey     bharvey@buchalter.com, IFS_filing@buchalter.com

**Counsel for Rockwell Collins, Inc**
Lesley A Hawes     lhawes@mckennalong.com, pcoates@mckennalong.com

**Counsel for EMC Corporation**
David L Wilson     dlwilson@winston.com

**Counsel for Pencom Systems Incorporated**
Michael A Wallin     mwallin@sheppardmullin.com

**Counsel for Primeshares**
Charmaine M Wilson     sg@primeshares.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

F 9013-3.1.PROOF.SERVICE

**Counsel for U. S. Securities and Exchange Commission**
Sandra W Lavigna    lavignas@sec.gov

**Reorganization Tax Counsel the Debtor**
Elmer D Martin elmermartin@gmail.com

**Interested Parties**
Richard H Golubow    pj@winthropcouchot.com
Robert E Opera    pj@winthropcouchot.com, sconnor@winthropcouchot.com
Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
Robert C Briseno    rbriseno@swlaw.com
John O Campbell    ocampbell@houser-law.com
Jeffrey D Cawdrey    jcawdrey@gordonrees.com, ebojorquez@gordonrees.com
Ivan L Kallick    ikallick@manatt.com, ihernandez@manatt.com
Alexandra Kazhokin    akazhokin@buchalter.com, salarcon@buchalter.com;ifs_filing@buchalter.com
Adam A Lewis    alewis@mofo.com
Eric S Pezold    epezold@swlaw.com, dwlewis@swlaw.com
Michael B. Reynolds mreynolds@swlaw.com  kcollins@swlaw.com

**Counsel for the Plan Agent**
Christine M Fitzgerald    cfitzgerald@scckg.com

## SECTION II

## SERVED VIA US MAIL

**Judge**
Honorable Erithe A. Smith
411 West Fourth Street
Suite 5041
Santa Ana, CA92701

**Debtor**
MTI Technologies Inc.
15641 Red Hill Avenue, Suite 200
Tustin, CA 92780

**Attorney for Claimant Needham & Co, LLC**
Mark Houle, Esq.
650 Towne Center Dr., 7th Floor
Costa Mesa, CA 92626-7122

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_August 2010_                                    **F 9013-3.1.PROOF.SERVICE**

**SERVICE LIST CONTINUED**

**SECTION III**

**SERVED VIA EMAIL**

**ATTORNEY FOR CLAIMANT NEEDHAM & COMPANY, LLC**
Mark Houle    mark.houle@pillsburylaw.com

**CRA, Plan Agent**
Richard J Feferman    Richard@crarecovery.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                    F 9013-3.1.PROOF.SERVICE