THE CREDITORS' LAW GROUP, APC
David J. Richardson (State Bar No. 168592)
djr@thecreditorslawgroup.com
Laura L. Buchanan (State Bar No. 156261)
llb@thecreditorslawgroup.com
2301 Hyperion Avenue, Ste. A
Los Angeles, CA 90027
Telephone:   (323) 686-5400
Facsimile:   (323) 686-5403

Attorneys for Corporate Recovery Associates
as Plan Agent

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>MTI TECHNOLOGY CORPORATION, a Delaware corporation,<br><br>    Debtor. | **Case No. 8:07-bk-13347-ES**<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION TO EXTEND CLAIM OBJECTION DEADLINE TO DECEMBER 30, 2011; MEMORANDUM OF POINTS AND AUTHORITIES, AND DECLARATION OF RICHARD FEFERMAN IN SUPPORT THEREOF**<br><br>[No Hearing Required]<br><br>[Local Bankruptcy Rule 9013-1(o)] |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE POST-EFFECTIVE DATE COMMITTEE, THE REORGANIZED DEBTOR, CANOPY AND ANY CREDITOR**

**THAT FILES AFTER THE EFFECTIVE DATE A REQUEST FOR NOTICE OF ANY PROCEEDINGS IN THE CASE:**

**PLEASE TAKE NOTICE** that Corporate Recovery Associates ("CRA"), acting as the duly appointed plan agent (the "Plan Agent") of the Reorganized MTI Technology Corporation ("Debtor"), hereby moves this Court, by and through its undersigned counsel, under section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an order extending the Claims Objection Deadline (defined below) from September 22, 2011 to December 30, 2011 (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on the attached Memorandum of Points and Authorities and Declaration of Richard Feferman, the arguments of counsel, the record in this case, any oral or documentary evidence presented at or prior to the hearing on the Motion, and any other admissible evidence properly brought before the Court. In addition, the Plan Agent requests that the Court take judicial notice of all documents filed with the Court in this case.

**PLEASE TAKE FURTHER NOTICE** that no hearing is required, but a hearing may be requested, pursuant to Local Bankruptcy Rule 9013-1(o).

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(o)(1) requires that any response and request for hearing must be filed with the Court and served on the Plan Agent at the address appearing on the upper-left hand corner of the first page of this pleading and on the United States trustee within 14 days after the date of service of this Notice (i.e. by August 19, 2011). The failure to timely file and serve written response may be deemed by the Court to be consent to the granting of the relief requested in the Motion.

**PLEASE TAKE FURTHER NOTICE** that over 330 proofs of claim asserted against the Debtor's estate have been the subjects of objections to date, but additional time is required to analyze and address the many claims that remain outstanding in order to be fair to creditors and to avoid inundating the Court with a large volume of objections over one or two hearings. The Plan Agent respectfully requests that the Court extend the deadline by which the Plan Agent may file objections to claims asserted in this chapter 11 case, through and including December 30, 2011.

1

**WHEREFORE**, the Plan Agent respectfully requests that the Court enter an order approving the Motion and granting such other and further relief as this Court deems just and proper.

DATED: August 5, 2011

/s/ Laura L. Buchanan
LAURA L. BUCHANAN
DAVID J. RICHARDSON
THE CREDITORS' LAW GROUP, APC
Attorneys for Corporate Recovery Associates
as Plan Agent

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION[1]

As the Court is aware, this was one of the largest cases filed in the Central District during 2007. Over 1,500[2] claims were scheduled and approximately 628 proofs of claim were filed in this case, with an aggregate amount in excess of $61 million. Objections have been filed to over 330 claims, and as a result, over $20 million in claims have been disallowed, either in whole or in part. In addition, as a result of a number of significant adversary proceedings, the Debtor and the Plan Agent generated over $3,000,000 of settlement proceeds and further reduced the body of creditor claims by more than $7,700,000 million. Further, at least $10,645,000 has been accumulated on behalf of the estate.

Since the Effective Date of the Plan, when the Plan Agent was appointed, the Plan Agent has worked diligently to address all outstanding claims in this case, to seek additional recoveries for creditors, including analysis of potentially valuable assets, including the value of the entity as a merger partner for other parties, approximately $900,000 in previously written off accounts receivables, tax attributes, potential actions against third parties, the Debtor's possible interests in a valuable portfolio of intangible assets (which the Plan Agent recently discovered), and funds classified by government agencies as unclaimed property, to address issues raised by the Securities and Exchange Commission, and to carry out its other duties under the Plan in order to implement the Plan fully, including resolving significant litigation by the Debtor. In this regard, the Plan Agent has been carrying out a comprehensive review of claims and expects to file additional objections to approximately 60 claims. The Plan Agent has been working with counsel on these objections and expects to begin filing them in the next week, and to continue filing them as they are ready.

Due to the magnitude of this case, the large number of claims and their complexity, the Plan Agent believes it will need at least an additional three months in order to effectively discharge its

---

[1] The information set forth in this section is supported by the annexed declaration of Richard Feferman ("Feferman Declaration").

[2] Some scheduled claims were for $0.00.

3

duties and to maximize the amounts payable to the general unsecured creditors. Another factor contributing to this request is that the Plan Agent's ability to address claims has been hampered by the fact that only two former employees of the Debtor are available to work on claims analysis and the other issues in this case on a part time basis. The Plan Agent has determined that the specific claim-related knowledge of these individuals and their involvement in this case are critical to avoiding duplication of effort and minimizing expenses to the estate. Also, the Plan Agent retained The Creditors' Law Group, A Professional Corporation ("TCLG"), after the elevation of primary counsel for the Debtor, Scott Clarkson, Esq., of Clarkson, Gore & Marsella, APLC, to the bench as a United States Bankruptcy Judge for the Central District of California and the movement of other counsel associated with the matter, Eve A. Marsella, Esq. and Christine M. Fitzgerald, Esq. to be Clerks of the United States Bankruptcy Court for the Central District of California. The Plan Agent is working with TCLG and Winthrop Couchot to handle objections as efficiently as possible and within the deadline for filing objections to claims.

## II.

## JURISDICTION

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006(b).

## III.

## BACKGROUND

On October 15, 2007 (the "Petition Date"), MTI Technology Corporation, the above-named debtor (the "Debtor"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. This was one of the largest Chapter 11 cases filed in this District in 2007.

Following the commencement of this case, the Debtor filed its Schedules of Assets and Liabilities with the Court. The Debtor subsequently filed its first amended Schedules of Assets and Liabilities and then filed the currently applicable second amended Schedules of Assets and Liabilities on or about April 24, 2008 and filed Schedule F on November 4, 2009 (together with the

4

second amended schedules, the "Schedules"). The Schedules, which are based on the Debtor's books and records on the Petition Date, list over 1,500 claims against the Debtor. In addition, claimants filed more than 620 proofs of claim against the Debtor. On September 1, 2010, the Court entered the Confirmation Order, which confirmed the Plan. The Plan became effective on September 27, 2010 (the "Effective Date"). On the Effective Date, the Reorganized Debtor was established and CRA was appointed as the Plan Agent, with Richard Feferman acting on behalf of CRA and the Reorganized Debtor.

The initial deadline under the Plan for objecting to claims (the "Claims Objection Deadline") is one hundred eighty (180) days from the Effective Date, unless extended by the Court (or a longer period applies for a particular Claim).[3] Prior to the Effective Date, the Debtor initiated claims objections and filed objections to over 330 claims. Upon Plan Confirmation, the Plan Agent took over the claims objection process. Because of (among other things) the complexity of this case and the remaining claims, the Plan Agent sought an extension of the Claims Objection Deadline by a motion [Docket No.1378] filed on January 27, 2011. The Court entered its order [Docket No. 1431] granting that motion on March 25, 2011, extending the Plan Agent's deadline to file objections to remaining claims to September 22, 2011, unless the Court extends that deadline for filing objections.

More than 330 objections have been filed against the proofs of claim filed in this case, and as a result, those claims were disallowed in whole or in part. The Plan Agent is currently completing a comprehensive analysis of the remaining proofs of claim and scheduled claims.

Prior to the Petition Date, the Debtor had more than 500 employees. Shortly after the Petition Date, the employment of most of those employees was terminated. Since the Petition Date and through the Effective Date, the Debtor for the most part had only two full-time employees (or

---

[3] Section 2.134 of the Plan defines "Claims Objection Deadline" as "the latest of the following dates: (a) the one hundred eightieth (180th) day after the Effective Date; (b) with respect to a specific Claim, the ninetieth (90th) day after a Proof of Claim with respect to such Claim is filed by a Creditor; (c) with respect to a Claim that is not listed in the Bankruptcy Schedules, the ninetieth (90th) day after the Plan Agent learns of the existence of such Claim; or (d) such greater period of limitation as may be fixed or extended by the Bankruptcy Court or by agreement between the Plan Agent and the Creditor. By the Motion, the Plan Agent only seeks to extend the deadline set by Section 2.134(a) (i.e., the 180th day after the Effective Date); the Plan Agent recognizes that the other potential extensions of the deadline for a particular Claim in Section 2.134(b) – (d) will still apply for any such Claim.

1 independent contractors) and two former officers, who provided assistance to the Debtor. Since the

2 Effective Date, the two officers have been available on a limited basis, and only the other two

3 individuals have remained to assist the Plan Agent, although the individual with the most historical

4 knowledge of claims was unavailable from late November 2010 through January 25, 2011 due to a

5 family emergency. Since the extension of the deadline for objecting to claims, the Plan Agent has

6 analyzed claims and sought evidentiary support for those objections, in addition to carrying out the

7 Plan Agent's other duties, including seeking to settle and collect on the Debtor's claims against third

8 parties.

9 In the early stages of this case, no recovery was expected for creditors. With the efforts of

10 the Debtor, the pre-confirmation Creditors' Committee and the Plan Agent (both when it was an

11 advisor to that Committee and since becoming Plan Agent), the Plan Agent estimates that creditors

12 now are likely to receive a distribution on their claims.[4] The Plan Agent's efforts in resolving the

13 remaining claims are intended to increase recoveries for creditors of the estate.

14 In carrying out the Plan Agent's duties, the Plan Agent determined that the claims to which

15 objections have not been filed need to be thoroughly reviewed in addition to his other duties. The

16 Plan Agent has also been analyzing the Debtor's intangible assets and other potential recoveries for

17 the estate, including approximately $900,000 in accounts receivable, potential actions against third

18 parties, and funds classified by government agencies as unclaimed property, and has been addressing

19 the other issues that need to be resolved to implement the Plan fully, including resolving significant

20 litigation by the Reorganized Debtor and determining the regulatory and other requirements for the

21 Reorganized Enterprise.

22 And extension of time to object to claims also benefits judicial economy, as the additional

23 time to negotiate with claimants may allow the Plan Agent to resolve some potential claim

24 objections without burdening the Court with filing objections and scheduling hearings.

25 Considering the foregoing, the Plan Agent has concluded that additional time is required to

26 properly analyze, negotiate and, if necessary, object to the remaining claims in addition to carrying

---

[4] Until a number of issues are resolved and all claims are reviewed and resolved, it is unclear what distribution will be made to creditors.

out the Plan Agent's other duties in order to maximize recoveries for creditors of the estate, and to minimize the burdens on the Court, the estate and creditors.

Accordingly, the Plan Agent respectfully requests that the Court extend the Claims Objection Deadline, as authorized under the Plan, through and including December 30, 2011.

## IV.

## ARGUMENT

Generally, "[t]here is no bar date or deadline for filing objections." *In re Kolstad*, 928 F.2d 171, 174 (5th Cir.), cert. denied, 502 U.S. 958 (1991); *see also Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 225 (B.A.P. 9th Cir. 1995) citing *In re Thompson*, 965 F.2d 1136, 1147 (1st Cir. 1992) and *Kolstad*, 928 F.2d 171,174, supra ("Rule 3007 provides that an objection shall be in writing and filed with the bankruptcy court, and a copy of the objection with notice of a hearing shall be mailed to the claimant at least 30 days prior to the hearing."). The Plan, however, set a deadline for filing objections to claims unless the objection deadline was extended by the Court. Section 2.134 of the Plan provides as follows:

> "Claims Objection Deadline" means the latest of the following dates: (a) the one hundred eightieth (180th) day after the Effective Date; (b) with respect to a specific Claim, the ninetieth (90th) day after a Proof of Claim with respect to such Claim is filed by a Creditor; (c) with respect to a Claim that is not listed in the Bankruptcy Schedules, the ninetieth (90th) day after the Plan Agent learns of the existence of such Claim; or (d) **such greater period of limitation as may be fixed or extended by the Bankruptcy Court** or by agreement between the Plan Agent and the Creditor.

Plan, Section 2.134 (**emphasis added**). Pertinent excerpts of the Plan are attached hereto as Exhibit A. Thus, the Plan contemplates appropriate extensions of the Claims Objection Deadline.

In addition to the specific authority set forth in the Plan, the Court has broad discretion to control its schedule and docket. Section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to take such actions and implement such procedures as are necessary to enforce the provisions of the Bankruptcy Code and/or its orders, including the enlargement of prescribed time periods and deadlines. *See* 11 U.S.C. § 105(a).

Further, Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides, in relevant part, that when an act is required or allowed to be done at or within a specified period, the court for cause shown may at any time in its discretion "with or without motion

7

or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order." Courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and the privilege of extension has not been abused. 10 Lawrence P. King, *Collier on Bankruptcy* ¶ 9006.06[2] (15th ed. rev. 2007). By contrast, a showing of excusable neglect is required if such an enlargement is sought after the time for removal has expired. *Collier*, *supra*, ¶ 9006.06[3] at 9006-14. Since the current Claims Objection Deadline does not expire until September 22, 2011, this Motion is timely filed within the meaning of Rule 9006(b) of the Bankruptcy Rules. Further, this Motion is the just the second request for an extension and is filed in good faith. *See* attached Declaration of Richard Feferman.

This extension is consistent with extensions of similar deadlines that have been approved by the Bankruptcy Court of the Central District of California. *See, e.g., In re National R.V. Holdings, Inc. et al.*, Case No. 6:07-bk-17941-DS, Order entered March 17, 2009 [Docket No. 1137] (extended claim objection deadline by approximately 6 months) and Order entered September 8, 2009 [Docket No. 1485] (extended objection deadline by an additional 3 months).

Numerous reasons justify extending the Claims Objection Deadline. First, as set forth above, in excess of 620 claims were filed in this case, and over 1,500 others were scheduled. Over 330 objections to claims have been filed, and the related claims have been disallowed in whole or in part. The Plan Agent has obtained the Debtor's records, has retained personnel familiar with them, has retained replacement counsel upon the elevation of the Debtor's primary counsel to the bench as a United States Bankruptcy Judge, and is diligently moving through the claims process within the time allotted by the Court to this point. Given the remaining claims, the other activities required of the Plan Agent, the personnel available to the Plan Agent, and the stages of negotiation with certain claimants, it is not practical to resolve those remaining matters before the current Claims Objection Deadline. The Plan Agent anticipates that approximately 60 additional claims objections will have to be filed.

Second, the issues presented affecting the resolution of a number of the remaining claims turn on unique issues of law and/or facts. Numerous remaining claims are premised on vendor

8

claims involving detailed factual analysis, tax law, and fact intensive interpretation of contracts. As such, the objections and negotiations are very time consuming. If this motion is denied, then the Plan Agent will be preoccupied with simply filing objections, some that may prove unnecessary, and others on issues that may not be in dispute if further research could be finished. In some cases, counsel are working through these issues through informal discovery in lieu of a formal objection, or in lieu of forcing formal resolutions of filed objections.

Third, the Plan Agent has utilized former employees and counsel of the Debtor familiar with the Debtor's records, their storage, and the various data bases. However, those employees are very limited in number. The Plan Agent has retained two former employees to assist with the project. Accessing the Debtor's records requires a search of multiple locations within the Debtor's software system and in some instances hard copies of records. This multiple step process takes time and requires manual integration of the data into a single source for purposes of the particular claim objection, a process which requires time and effort. The aforementioned process is utilized in reconciling "books and records" of the Debtor with those of various claimants. Of the upcoming objections, certain contemplated objections are so-called "books and records" objections in which the analysis has been ongoing and additional time is needed.

Fourth, if the current Claims Objection Deadline is not extended, then creditors may potentially suffer a reduced distribution, both because objectionable claims may not be disallowed, and because the Reorganized Debtor may incur additional legal costs as a result of asking replacement counsel not yet familiar with the case to prepare objections in order to meet the current deadline. In contrast, extending the Claims Objection Deadline for the brief period requested will not prejudice the creditor body or any individual creditor and will allow sufficient time for the Plan Agent to determine the actual creditors of the estate and the amounts of their claims.

Finally, the Court, like the other bankruptcy courts in this District, has a full slate of cases, and as a practical matter, hearings on claim objections will likely need to be scheduled over the two to three months following the current deadline. Because objections are to be served at least 30 days prior to the related hearings, an extension of the deadline for filing objections will not significantly delay the resolution of all claims objections needed to allow the Plan Agent to carry out distributions

9

and his other duties in this case. The Plan Agent intends to make initial distributions on undisputed claims and reserve appropriate amounts for disputed claims in the next two months.

For all the foregoing reasons, the Plan Agent respectfully requests that the Claims Objection Deadline be extended to December 30, 2011.

## V.
## NOTICE

Notice of this Motion has been provided to the Post-Effective Date Notice Parties (which are the Post-Effective Date Committee, the Reorganized Debtor, Canopy and any Creditor that files after the Effective Date a request for notice of any proceedings in the Case). In light of the circumstances and the relief requested herein, the Plan Agent submits that no other or further notice is required.

## VI.
## CONCLUSION

WHEREFORE, the Plan Agent respectfully requests that the Court enter an Order extending the Claims Objection Deadline through and including December 30, 2011 in accordance with the Plan, and grant such other and further relief as the Court deems appropriate and just.

DATED: August 5, 2011                   /s/ Laura L. Buchanan_____
                                        LAURA L. BUCHANAN
                                        DAVID J. RICHARDSON
                                        THE CREDITORS' LAW GROUP, APC
                                        Attorneys for Corporate Recovery Associates
                                        as Plan Agent

## DECLARATION OF RICHARD FEFERMAN

I, Richard Feferman, declare as follows:

1. I am the principal of Corporate Recovery Associates ("CRA"). Pursuant to the Chapter 11 Plan, confirmed by an Order of the Court entered September 1, 2010, CRA is the Plan Agent of MTI Technology Corporation, (the "Debtor" or "MTI"), the Reorganized Debtor in the above-captioned proceeding. CRA is also the CEO of the Reorganized Debtor. Prior to Plan confirmation, CRA was the financial advisor to the Official Committee of Unsecured Creditors (the "Committee"). In connection with its role as financial advisor to the Committee, I personally interacted at various times with the Debtor, through its employees, including Scott Poteracki, the Debtor's former Chief Financial Officer and former Chief Reorganization Officer, throughout the life of the Chapter 11 case to review and become familiar with the Debtor's books and records. I have personal knowledge of the following, or have gained such knowledge from my review of the records of the Debtor, which were obtained, created and maintained in the ordinary course of business, and if called as a witness, could and would competently testify thereto.

2. I am personally familiar with the books and records of the Debtor as they relate to the Debtor's accounts payable as of the date of the filing of the Debtor's bankruptcy case (the "Accounts Payable Books"). I am informed and believe the Accounts Payable Books were made by the employees of the Debtor who had a business duty to enter the records of the Debtor accurately at or near the time of the event which they record such information, by or from information transmitted by someone with personal knowledge of the event or act. To the extent that information contained in the Debtor's books and records was computer-generated, the computers used by the Debtor were generally accepted in the Debtor's industry, were in good working order at all relevant times, and the computer operator possessed the knowledge and training to operate the computer correctly.

3. I hereby submit this Declaration in support of the *Motion To Extend Claim Objection Deadline To December 30, 2011* (the "Motion"). Capitalized terms that are not defined herein are defined in the Motion.

4. I have reviewed and analyzed the Debtor's Schedules of Assets and Liabilities (the "Schedules"), the proofs of claim filed in this case, and the database of claims information

11

1 maintained for the Debtor by Omni Management Group in order to assist in the preparation of the
2 Motion.

3     5.      On October 15, 2007 (the "Petition Date"), MTI Technology Corporation, the above-
4 named debtor (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy
5 Code. This was one of the largest Chapter 11 cases filed in this District in 2007.

6     6.      Following the commencement of this case, the Debtor filed its Schedules of Assets
7 and Liabilities with the Court. The Debtor subsequently filed its first amended Schedules of Assets
8 and Liabilities and then the currently applicable second amended Schedules of Assets and Liabilities
9 (the "Schedules"). The Schedules, which are based on the Debtor's books and records on the
10 Petition Date, list over one thousand five hundred claims against the Debtor. In addition, claimants
11 filed more than 620 proofs of claim against the Debtor. On September 1, 2010, the Court entered the
12 Confirmation Order, which confirmed the Plan. The Plan became effective on September 27, 2010
13 (the "Effective Date"). On the Effective Date, the Reorganized Debtor was established and CRA
14 was appointed as the Plan Agent, with me acting on behalf of CRA and the Reorganized Debtor.

15     7.      Prior to the Effective Date, the Debtor initiated claims objections and filed objections
16 to over 330 claims. Upon Plan Confirmation, the Plan Agent took over the claims objection process.

17     8.      More than 330 objections have been filed against the proofs of claim filed in this
18 case, and as a result, those claims were disallowed in whole or in part. The Plan Agent is currently
19 analyzing the remaining proofs of claim and scheduled claims. The remaining group of claims
20 includes claims where the Plan Agent is in negotiations with claimants in an effort to resolve the
21 claim without formal claims litigation or without proceeding to a formal resolution of a claim
22 objection.

23     9.      Prior to the Petition Date, the Debtor had more than 500 employees. Shortly after the
24 Petition Date, the employment of most of those employees was terminated. Since the Petition Date
25 and through the Effective Date, the Debtor for the most part had only two full-time employees (or
26 independent contractors) and two former officers, who provided assistance to the Debtor. Since the
27 Effective Date, the two officers have been available on a limited basis, and only the other two of
28 these individuals of these individuals have remained to assist the Plan Agent. Unfortunately, the

**The Creditors' Law Group, a Professional Corporation**
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400     Fax (323) 686-5403

1  individual with the most historical knowledge of claims had a family emergency that kept him out of

2  the office from late November 2010 through January 25, 2011.

3      10.    In the early stages of this case, no recovery was expected for creditors. With the

4  efforts of the Debtor, the pre-confirmation Creditors' Committee and the Plan Agent (both when it

5  was an advisor to that Committee and since becoming Plan Agent), the Plan Agent estimates that

6  creditors now are likely to receive a distribution on their claims. The Plan Agent's efforts in

7  resolving the remaining claims are intended to increase recoveries for creditors of the estate.

8      11.    In carrying out the Plan Agent's duties, the Plan Agent has determined that the claims

9  to which objections have not been filed need to be thoroughly reviewed in addition to his other

10  duties. The Plan Agent has also been analyzing the Debtor's intangible assets and other potential

11  recoveries for the estate, including approximately $900,000 in accounts receivable, potential actions

12  against third parties, and funds classified by government agencies as unclaimed property, and has

13  been addressing the other issues that need to be resolved to implement the Plan fully, including

14  resolving significant litigation by the Reorganized Debtor and determining the regulatory and other

15  requirements for the Reorganized Enterprise. In addition, the remaining group of claims includes

16  claims where the Plan Agent may be able to negotiate with claimants in an effort to resolve the claim

17  without formal claims litigation, which will lower the burden on the estate, the Court and creditors.

18  Considering the foregoing, the Plan Agent has concluded that additional time is required to properly

19  analyze, negotiate and, if necessary, object to the remaining claims in addition to carrying out the

20  Plan Agent's other duties in order to maximize recoveries for creditors of the estate and minimize

21  the burdens on the Court, the estate and creditors.

22      12.    It is my understanding that this was one of the largest cases filed in the Central

23  District during 2007. Over 1,500[5] claims were scheduled and approximately 628 proofs of claim

24  were filed in this case, with an aggregate amount in excess of $61 million. Objections have been

25  filed to over 330 claims, and as a result, over $20 million in claims have been disallowed, either in

26  whole or in part. In addition, as a result of a number of significant adversary proceedings, the

27  Debtor and the Plan Agent generated over $3,000,000 of settlement proceeds and further reduced the

28  ---
[5]    Some scheduled claims were for $0.00.

**The Creditors' Law Group, a Professional Corporation**
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

1  body of creditor claims by more than $7,700,000 million. Further, at least $10,645,000 has been
2  accumulated on behalf of the estate.

3      13.    Since the Effective Date of the Plan, when the Plan Agent was appointed, the Plan
4  Agent has worked diligently to address all outstanding claims in this case, to seek additional
5  recoveries for creditors, including analysis of potentially valuable intangible assets and potential
6  claims against third parties, and to carry out its other duties under the Plan, including seeking to
7  settle and collect on the Debtor's claims against third parties. In this regard, the Plan Agent has been
8  reviewing claims and expects to file an additional 60 objections within the next few weeks. A
9  number of more complex claims are still under review and/or in the process of informal discussions
10 with the claimant in an attempt to avoid formal claims litigation.

11      14.    However, due to the magnitude of this case, the large number of claims and their
12 complexity, the Plan Agent believes it will need at least an additional three months in order to
13 effectively discharge its duties and to maximize the amounts payable to the general unsecured
14 creditors. Another factor contributing to this request is that the Plan Agent's ability to address
15 claims has been hampered by the fact that only two former employees of the Debtor are available to
16 work on claims analysis and the other issues in this case, and one of them was unavailable since late
17 November 2010 due to a family emergency through January 25, 2011. The Plan Agent has
18 determined that the specific claim-related knowledge of these two individuals and their involvement
19 in this case are critical to avoiding duplication of effort and minimizing expenses to the estate. Also,
20 the Plan Agent retained The Creditors' Law Group, A Professional Corporation ("TCLG"), after the
21 elevation of primary counsel for the Debtor, Scott Clarkson, Esq., of Clarkson, Gore & Marsella,
22 APLC, to the bench as a United States Bankruptcy Judge for the Central District of California and
23 the movement of other counsel associated with the matter, Eve A. Marsella, Esq. and Christine M.
24 Fitzgerald, Esq. to be Clerks of the United States Bankruptcy Court for the Central District of
25 California. The Plan Agent is working with TCLG and Winthrop Couchot to handle objections as
26 efficiently as possible and within the deadline for filing objections to claims. I believe that the
27 Court, like the other bankruptcy courts in this District, has a full slate of cases, and as a practical
28 matter, hearings on claim objections will likely need to be scheduled over the two to three months

following the current deadline. Because objections are to be served at least 30 days prior to the related hearings, I believe that an extension of the deadline for filing objections will not significantly delay the resolution of all claims objections needed to allow the Plan Agent to carry out distributions and his other duties in this case. The Plan Agent intends to make initial distributions on undisputed claims and reserve appropriate amounts for disputed claims in the next two months.

15. Accordingly, the Plan Agent has determined that it is in the best interests of the estate and creditors to extend the Claims Objection Deadline, as authorized under the Plan, through and including December 30, 2011.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration is executed on August 5, 2011, at _____, California.

Richard Feferman

| In re:<br>MTI Technology Corporation | | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 8:07-bk-13347-ES |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
>    The Creditors' Law Group, APC
>    2301 Hyperion Avenue, Ste. A
>    Los Angeles, CA  90027-4711

A true and correct copy of the foregoing document described as NOTICE OF MOTION AND MOTION TO EXTEND CLAIM OBJECTION DEADLINE TO DECEMBER 30, 2011; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF RICHARD FEFERMAN IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 5, 2011 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

⊠    Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On    August 5, 2011    , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Erithe A. Smith (Via Fedex)
411 West Fourth Street, Suite 5041
Santa Ana, CA92701

United States Trustee (LA) (U.S. Mail)
725 S. Figueora St., 26th Floor
Los Angeles, CA  90017-5524

⊠    Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on   August 5, 2011   , I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

⊠    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 5, 2011 | Laura L. Buchanan | /s/ *Laura L. Buchanan* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9013-3.1.PROOF.SERVICE**

| In re: | | CHAPTER: 11 |
|---|---|---|
| MTI Technology Corporation | | |
| | Debtor(s). | CASE NUMBER: 8:07-bk-13347-ES |

**ADDITIONAL SERVICE INFORMATION** (if needed):

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** –

- Robert C Briseno    rbriseno@swlaw.com
- John O Campbell    ocampbell@houser-law.com
- Jeffrey D Cawdrey    jcawdrey@gordonrees.com, ebojorquez@gordonrees.com
- Scott C Clarkson    sclarkson@lawcgm.com
- Robert L Eisenbach    reisenbach@cooley.com
- Christine M Fitzgerald    cfitzgerald@scckg.com, nnarag@scckg.com;cbenson@scckg.com
- Matthew A Gold    courts@argopartners.net
- Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- Barry R Gore    bgore@scckg.com, nnarag@scckg.com;cbeson@scckg.com
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com
- Lesley A Hawes    lhawes@mckennalong.com, pcoates@mckennalong.com
- Ivan L Kallick    ikallick@manatt.com, ihernandez@manatt.com
- Alexandra Kazhokin    akazhokin@buchalter.com, ifs_filing@buchalter.com
- Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
- Sandra W Lavigna    lavignas@sec.gov
- Adam A Lewis    alewis@mofo.com
- Eve A Marsella    emarsella@lawcgm.com
- Elmer D Martin    elmermartin@gmail.com
- Robert E Opera    ropera@winthropcouchot.com, sconnor@winthropcouchot.com;pj@winthropcouchot.com
- Eric S Pezold    epezold@swlaw.com, dwlewis@swlaw.com
- Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
- Mark A Shaiken    mshaiken@stinson.com
- Daniel C Silva    dsilva@gordonrees.com, jmydlandevans@gordonrees.com
- Patricia B Tomasco    ptomasco@mailbmc.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Michael A Wallin    mwallin@sheppardmullin.com
- Gilbert B Weisman    notices@becket-lee.com
- Sharon Z Weiss    sharon.weiss@hro.com, raul.morales@hro.com
- Charmaine M Wilson    sg@primeshares.com
- David L Wilson    dlwilson@winston.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9013-3.1.PROOF.SERVICE**

| In re: | | CHAPTER: 11 |
|---|---|---|
| MTI Technology Corporation | | |
| | Debtor(s). | CASE NUMBER: 8:07-bk-13347-ES |

**II. SERVED VIA US MAIL**

Canopy
Canopy Group, Inc.
c/o Brandon Tidwell
333 South 520, West, Suite 300
Lindon, UT 84042

Danny C. Kelly, Esq.
Stoel Rives LLP
201 S. Main St. # 1100
Salt Lake City, UT 87111

**II. SERVED VIA USMAIL**

Post-Effective Date Committee Members (USMail and Email)
CCS Computer Configuration Services
Al Grasso
3002 Dow Ave. Suite 402
Tustin, CA 92780-7236
al@ccseservers.com

Compnology, Inc.
John Cronin
6300 Station Mill Drive
Norcross, GA 30092
jsc3@comcast.net

Fed Ex Custom Critical
Steven D Saas, Esq.
C/O RMS
307 International Circle. Ste 270
Hunt Valley. ND 21030
steven.sass@rmsna.com

**III. SERVED VIA EMAIL**

Reorganized Debtor
MTI Technologies, Inc.
c/o Plan Agent
Corporate Recovery Associates
Richard Feferman
richard@crarecovery.com

Director
Scott Poteracki spoteracki@nexiant.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                                               **F 9013-3.1.PROOF.SERVICE**