United States Bankruptcy Court
Central District of California

In re:  
MTI Technology Corporation  
    Debtor

Case No. 07-13347-ES  
Chapter 11

## CERTIFICATE OF NOTICE

District/off: 0973-8     User: admin     Page 1 of 3     Date Rcvd: Jul 29, 2013  
                     Form ID: pdf042     Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 31, 2013.
```
db            +MTI Technology Corporation,    15641 Red Hill Avenue,    Suite 200,    Tustin, CA 92780-7323
aty           +Manatt Phelps & Phil,   11355 W Olympic Blvd,    Los Angeles, CA 90064-1656
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                      TOTAL: 0

              ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jul 31, 2013**                             **Signature:** _/s/ Joseph Speetjens_

```
District/off: 0973-8            User: admin                  Page 2 of 3                   Date Rcvd: Jul 29, 2013
                                Form ID: pdf042              Total Noticed: 2
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 29, 2013 at the address(es) listed below:
          Adam A Lewis    on behalf of Defendant    Morrison & Foerster Llp alewis@mofo.com
          Alexandra  Kazhokin    on behalf of Defendant    Dell Marketing, L.P. akazhokin@buchalter.com,
           ifs_filing@buchalter.com
          Alexandra  Kazhokin    on behalf of Interested Party    Dell Marketing, L.P.
           akazhokin@buchalter.com,  ifs_filing@buchalter.com
          Ana  Damonte    on behalf of Creditor    Quantum Corporation ana.damonte@pillsburylaw.com
          Barry R Gore    on behalf of Attorney    Clarkson, Gore & Marsella, APLC bgore@goreassociates.com,
           nnarag@goreassociates.com
          Barry R Gore    on behalf of Other Professional    Corporate Recovery Associates
           bgore@goreassociates.com,  nnarag@goreassociates.com
          Brian T Harvey    on behalf of Interested Party    Courtesy NEF bharvey@buchalter.com,
           IFS_filing@buchalter.com;rreeder@buchalter.com
          Brian T Harvey    on behalf of Creditor    Dell Financial Services, L.L.C. bharvey@buchalter.com,
           IFS_filing@buchalter.com;rreeder@buchalter.com
          Charmaine M Wilson    on behalf of Creditor    Primeshares sg@primeshares.com
          Christine M Fitzgerald    on behalf of Interested Party    Courtesy NEF cfitzgerald@scckg.com,
           nnarag@scckg.com;cbenson@scckg.com
          Christine M Fitzgerald    on behalf of Plaintiff    MTI Technology Corporation
           cfitzgerald@scckg.com,  nnarag@scckg.com;cbenson@scckg.com
          Christine M Fitzgerald    on behalf of Other Professional    Corporate Recovery Associates
           cfitzgerald@scckg.com,  nnarag@scckg.com;cbenson@scckg.com
          Christine M Fitzgerald    on behalf of Other Professional Richard J Feferman cfitzgerald@scckg.com,
           nnarag@scckg.com;cbenson@scckg.com
          Christine M Fitzgerald    on behalf of Debtor    MTI Technology Corporation cfitzgerald@scckg.com,
           nnarag@scckg.com;cbenson@scckg.com
          Daniel C Silva    on behalf of Interested Party    Carolina Casualty Insurance Company
           dsilva@gordonrees.com,  jmydlandevans@gordonrees.com
          David L Wilson    on behalf of Creditor    EMC Corporation dlwilson@winston.com
          David L Wilson    on behalf of Defendant    EMC Corporation dlwilson@winston.com
          David L Wilson    on behalf of Counter-Claimant    EMC Corporation dlwilson@winston.com
          Elmer D Martin, III    on behalf of Interested Party    Courtesy NEF elmermartin@gmail.com
          Elmer D Martin, III    on behalf of Debtor    MTI Technology Corporation elmermartin@gmail.com
          Eric S Pezold    on behalf of Defendant    Blue Shield Of California epezold@swlaw.com,
           dwlewis@swlaw.com
          Eve A Marsella    on behalf of Interested Party    Courtesy NEF emarsella@lawcgm.com
          Eve A Marsella    on behalf of Plaintiff    MTI Technology Corporation emarsella@lawcgm.com
          Gilbert B Weisman, ll    on behalf of Creditor    American Express Travel Related Svcs Co Inc Corp
           Card notices@becket-lee.com
          Ivan L Kallick    on behalf of Debtor    MTI Technology Corporation ikallick@manatt.com,
           ihernandez@manatt.com
          Ivan L Kallick    on behalf of Interested Party    Corporate Recovery Associates [Plan Agent]
           ikallick@manatt.com,  ihernandez@manatt.com
          Jeannie  Kim    on behalf of Interested Party    Corporate Recovery Associates [Plan Agent]
           jkim@winthropcouchot.com,  vcorbin@winthropcouchot.com;pj@winthropcouchot.com
          Jeannie  Kim    on behalf of Debtor    MTI Technology Corporation jkim@winthropcouchot.com,
           vcorbin@winthropcouchot.com;pj@winthropcouchot.com
          Jeffrey D Cawdrey    on behalf of Interested Party    Carolina Casualty Insurance Company
           jcawdrey@gordonrees.com,  ebojorquez@gordonrees.com
          Jeffrey D Cawdrey    on behalf of Defendant    Carolina Casualty Insurance jcawdrey@gordonrees.com,
           ebojorquez@gordonrees.com
          Jennifer K Brooks    on behalf of Interested Party    Courtesy NEF jennifer.brooks@kattenlaw.com,
           ecf.lax.docket@kattenlaw.com
          John O Campbell    on behalf of Defendant    Ingram Micro, Inc. ocampbell@houser-law.com
          Laura L Buchanan    on behalf of Interested Party    Corporate Recovery Associates [Plan Agent]
           llb@richardsonbuchanan.com
          Laura L Buchanan    on behalf of Other Professional    Corporate Recovery Associates
           llb@richardsonbuchanan.com
          Lesley A Hawes    on behalf of Creditor    Rockwell Collins, Inc lhawes@mckennalong.com,
           twaters@mckennalong.com
          Mark A Shaiken    on behalf of Creditor    Verizon Business Global LLC mshaiken@stinson.com
          Matthew A Gold    on behalf of Creditor    Argo Partners courts@argopartners.net
          Michael A Wallin    on behalf of Defendant Nick Ganio mwallin@sheppardmullin.com
          Michael A Wallin    on behalf of Defendant William J Kerley mwallin@sheppardmullin.com
          Michael A Wallin    on behalf of Defendant    Pencom Systems Incorporated mwallin@sheppardmullin.com
          Michael A Wallin    on behalf of Defendant Wade  Saadi mwallin@sheppardmullin.com
          Michael A Wallin    on behalf of Defendant Edgar  Saadi mwallin@sheppardmullin.com
          Michael A Wallin    on behalf of Defendant Edward  Ateyeh, Jr. mwallin@sheppardmullin.com
          Michael B Reynolds    on behalf of Defendant    Blue Shield Of California mreynolds@swlaw.com,
           kcollins@swlaw.com
          Michael B Reynolds    on behalf of Interested Party    The Canopy Group, Inc mreynolds@swlaw.com,
           kcollins@swlaw.com
          Patricia B Tomasco    on behalf of Creditor    The Collective Group, LLC ptomasco@mailbmc.com
          Payam  Khodadadi    on behalf of Plaintiff    Official Committee of Creditors Holding Unsecured
           Claims pkhodadadi@mcguirewoods.com
          Payam  Khodadadi    on behalf of Plaintiff Richard  Feferman pkhodadadi@mcguirewoods.com
          Payam  Khodadadi    on behalf of Plaintiff    Plan Agent pkhodadadi@mcguirewoods.com
          Richard H Golubow    on behalf of Plaintiff    Official Committee of Creditors Holding Unsecured
           Claims rgolubow@winthropcouchot.com,  pj@winthropcouchot.com;vcorbin@winthropcouchot.com

```
District/off: 0973-8          User: admin              Page 3 of 3              Date Rcvd: Jul 29, 2013
                              Form ID: pdf042          Total Noticed: 2
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

```
              Richard H Golubow    on behalf of Other Professional Richard J Feferman
               rgolubow@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com
              Richard H Golubow    on behalf of Interested Party   Corporate Recovery Associates [Plan Agent]
               rgolubow@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com
              Richard H Golubow    on behalf of Creditor Committee    Official Committee of Unsecured Creditors
               rgolubow@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com
              Richard H Golubow    on behalf of Other Professional    Winthrop Couchot, PC
               rgolubow@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com
              Robert  Tannor    on behalf of Creditor    CREDITOR LIQUIDITY, LP rtannor@creditorliquidity.com
              Robert C Briseno    on behalf of Interested Party   Courtesy NEF rbriseno@swlaw.com
              Robert E Opera    on behalf of Creditor Committee    Official Committee of Unsecured Creditors
               ropera@winthropcouchot.com,
               pj@winthropcouchot.com;vcorbin@winthropcouchot.com;chipp@winthropcouchot.com
              Robert E Opera    on behalf of Interested Party   Corporate Recovery Associates [Plan Agent]
               ropera@winthropcouchot.com,
               pj@winthropcouchot.com;vcorbin@winthropcouchot.com;chipp@winthropcouchot.com
              Robert E Opera    on behalf of Plaintiff    Official Committee of Creditors Holding Unsecured
               Claims ropera@winthropcouchot.com,
               pj@winthropcouchot.com;vcorbin@winthropcouchot.com;chipp@winthropcouchot.com
              Robert E Opera    on behalf of Other Professional Richard J Feferman ropera@winthropcouchot.com,
               pj@winthropcouchot.com;vcorbin@winthropcouchot.com;chipp@winthropcouchot.com
              Robert E Opera    on behalf of Debtor    MTI Technology Corporation ropera@winthropcouchot.com,
               pj@winthropcouchot.com;vcorbin@winthropcouchot.com;chipp@winthropcouchot.com
              Robert L Eisenbach, III    on behalf of Interested Party   Copper Holdings LLC
               reisenbach@cooley.com
              Sandra W Lavigna    on behalf of Interested Party    U. S. Securities and Exchange Commission
               lavignas@sec.gov
              Scott C Clarkson    on behalf of Counter-Defendant    MTI Technology Corporation
               sclarkson@lawcgm.com
              Scott C Clarkson    on behalf of Plaintiff    MTI Technology Corporation sclarkson@lawcgm.com
              Sharon Z. Weiss    on behalf of Creditor    AM-PM, Inc. dba Aries Internet Services, Inc.
               sharon.weiss@bryancave.com, raul.morales@bryancave.com
              United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
                                                                                             TOTAL: 67
```

ROBERT E. OPERA – State Bar No. 101182
ropera@winthropcouchot.com
RICHARD H. GOLUBOW – State Bar No. 160434
rgolubow@winthropcouchot.com
JEANNIE KIM – State Bar No. 270713
jkim@winthropcouchot.com
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone:  (949) 720-4100
Facsimile:   (949) 720-4111

Counsel for the Plan Agent Appointed
Under Joint Fourth Amended Chapter 11 Plan

**FILED & ENTERED**

**JUL 29 2013**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY reid          DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>MTI TECHNOLOGY CORPORATION,<br>a Delaware corporation,<br><br>Reorganized Debtor. | Case No. 8:07-13347 ES<br><br>Chapter 11 Proceeding<br><br>**ORDER APPROVING PLAN AGENT'S MOTION FOR APPROVAL OF SALE OF STOCK IN THE DEBTOR**<br><br>DATE:     July 11, 2013<br>TIME:     10:30 a.m.<br>PLACE:   Courtroom 5A<br>               411 West Fourth Street<br>               Santa Ana, CA 92701 |

Order#75263#8c54dad1-6bf6-4259-a9b9-3995f8cac770.doc

On July 11, 2013 at 10:30 a.m., the matter of the Motion for Approval of Sale, Pursuant to Provisions of Confirmed Plan, of Stock in the Debtor ("Motion") filed by Corporate Recovery Associates, LLC, the duly acting Plan Agent ("Plan Agent") under the Plan, came on for hearing before the Honorable Erithe A. Smith, United States Bankruptcy Judge, in the above-entitled Court.[1]  There having been no opposition filed with respect to the Motion, the Court excused an appearance by the Debtor with respect to the Motion, and no appearances were made at the hearing on the Motion.

The Court having read and considered the Motion, the declaration of Richard J. Feferman filed in support of the Motion, and the other papers, pleadings and documents on file in this Chapter 11 case, the Court finds and concludes as follows:

A.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of this Chapter 11 case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.    Proper, timely, adequate and sufficient notice of the relief requested by the Motion and the hearing on the Motion ("Sale Hearing") has been provided in accordance with sections 102(1), 105(a), 363 and 365 of the Bankruptcy Code, Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure ("Federal Bankruptcy Rules") and all applicable Local Bankruptcy Rules, and such notice otherwise was good and sufficient and appropriate under the circumstances of this case, and no other or further notice of the Motion, the Sale Hearing, or the entry of the relief granted in this Order is required.  A reasonable opportunity to object to, or to be heard with respect to, the Motion and the relief requested therein has been afforded to all interested persons and entities.

C.    The Plan Agent marketed the Post-Effective Date Stock and the remaining assets of the Debtor in a reasonable and appropriate manner and such marketing was sufficient under the circumstances of this case.

---

[1] Unless otherwise defined herein, the definitions of the capitalized terms contained herein are as set forth in the Motion.

D. The Buyer's offer for the Post-Effective Date Stock, as commemorated and confirmed by the Agreement, is the highest and best offer for the Post-Effective Date Stock. The consideration to be paid by the Buyer under the Agreement constitutes reasonably equivalent value for the Post-Effective Date Stock and the other consideration being provided by the Debtor under the Agreement.

E. The Plan Agent has the power and authority to execute the Agreement and all other documents contemplated thereby, and the sale of the Post-Effective Date Stock has been duly and validly authorized. The Plan Agent has all the power and authority necessary to consummate the transactions contemplated by the Agreement, including, without limitation, the sale of the Post-Effective Date Stock to the Buyer.

F. The decision to enter into the Agreement reflects an exercise of sound business judgment by the Plan Agent. The Plan Agent has demonstrated good, sufficient and sound business purpose and justification for the Stock Sale.

G. Approval at this time of the Agreement and the consummation of the sale of the Post-Effective Date Stock pursuant to the terms and conditions of the Agreement ("Stock Sale") is in the best interests of the Debtor and its creditors and estate.

H. The Agreement was negotiated and entered into by the Plan Agent and the Buyer without collusion, in good faith, and from arm's-length bargaining positions. Neither the Plan Agent nor the Buyer has engaged in any conduct that would cause or permit the Agreement or the Stock Sale to be avoided under, or that would otherwise implicate, section 363(n) of the Bankruptcy Code. The Buyer is not an "insider" of the Debtor or the Plan Agent, as that term is defined in section 101(31) of the Bankruptcy Code.

I. The Buyer is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. The Buyer will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Agreement.

J.       The terms and conditions of the Agreement, and the Purchase Price and other consideration provided thereunder by the Buyer (i) are fair and reasonable, (ii) represent the highest and best offer for the Post-Effective Date Stock, and (iii) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical alternative.

K.       The Plan Agent may sell the Post-Effective Date Stock free and clear of any and all pledges, security interests, liens, claims, encumbrances and interests (collectively, "Liens") of any kind or nature, whether incurred voluntarily or arising by operation of law, arising prior to the Closing Date or relating to acts occurring prior to the Closing Date, because, in part, the provisions of section 363(f) of the Bankruptcy Code have been satisfied.

L.       There is no legal or equitable reason to delay the Closing of the Stock Sale. Cause exists to waive and not apply any stay imposed by Rules 6004(g) and 6006(d) of the Federal Bankruptcy Rules or any other applicable rule or law. This Order shall be effective and enforceable immediately upon entry hereof.

M.       No creditor or party-in-interest has filed an objection to the Motion.

N.       The Buyer has acknowledged and agreed, by the Agreement, that neither the Buyer, nor any affiliate of the Buyer, will, by virtue of the transfer to the buyer of the Post-Effective Date Stock, seek to become a publicly-held company (e.g., through a "reverse merger" transaction).

O.       To the extent that any of the foregoing findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the foregoing conclusions of law constitute findings of fact, they are adopted as such.

Based upon the record in this case and the findings of fact and conclusions of law set forth hereinabove, pursuant to Bankruptcy Code sections 363 and 365 and Rules 6004 and 6006 of the Federal Bankruptcy Rules,

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is granted in all respects. All persons and entities given notice of the Motion that failed to object timely to the Motion are deemed to consent to the relief sought therein.

2.  The Agreement and the transactions contemplated thereby, including, without limitation, the Stock Sale, are hereby approved in all respects.  Transfer of the Post-Effective Date Stock by the Plan Agent to the Buyer shall be a legal, valid and effective transfer of the Post-Effective Date Stock, free and clear of any and all Liens.  The Closing of the Stock Sale is hereby approved and authorized.[2]

3.  Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Plan Agent is authorized to and shall sell, and the Buyer shall buy, the Post-Effective Date Stock on the terms and conditions set forth in the Agreement free and clear of any and all Liens.

4.  Any party asserting a Lien of any kind or nature whatsoever against the Post-Effective Date Stock hereby is forever barred, estopped, and permanently enjoined from asserting such Lien against the Post-Effective Date Stock.

5.  The Plan Agent shall cause the Debtor to transfer and to deliver to the Plan Agent, to be held in trust by the Plan Agent, as trustee of the MTI Liquidating Trust ("Trust"), the Debtor's right, title and interest in and to the Excluded Assets.  The Buyer shall acquire absolutely no interest in or benefit from any of the Excluded Assets, all of which shall constitute, as of the Closing Date, the sole property of the Trust.

6.  In the absence of a stay pending appeal, if the Buyer and the Plan Agent close under the Agreement at any time after entry of this Order, then, with respect to the Stock Sale, the Buyer, as a buyer in good faith, shall be entitled to the protections of section 363(m) of the Bankruptcy Code if this Order or any authorization contained herein is reversed or modified on appeal.

7.  The Plan Agent and the Debtor hereby are authorized to execute, acknowledge and deliver such deeds, assignments, conveyances, and other assurances, documents, and instruments of transfer and take such other action that may be reasonably necessary or appropriate to perform the terms and provisions of the Agreement, and to execute such nonmaterial amendments to the

---

[2] The failure to specifically include any particular provision of the Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Agreement be authorized and approved in its entirety.

Agreement and related agreements as may be required to effectuate the Agreement and the consummation of the Stock Sale contemplated by the Agreement.

8. The Plan Agent and the Debtor hereby are authorized and directed to take any and all actions necessary or appropriate to effectuate, consummate and implement fully the Agreement consistent with their obligations under the Agreement.

9. In accordance with the provisions of section 1146 of the Bankruptcy Code, no tax or comparable charge shall be imposed or assessed against the transfer of the Post-Effective Date Stock to the Buyer.

10. This Court retains jurisdiction to (i) enforce and implement the terms and provisions of the Agreement, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith, (ii) compel delivery of the Post-Effective Date Stock to the Buyer, (iii) compel delivery of the Purchase Price under the Agreement, (iv) resolve any disputes, controversies or claims arising out of or relating to the Agreement, and (v) interpret, implement and enforce the provisions of this Order.

11. This Order is binding upon and inures to the benefit of any successors or assigns of the Plan Agent, the Debtor and the Buyer.

12. This Order is and shall be (i) effective as a determination that, from and after the Closing, any and all Liens encumbering the Post-Effective Date Stock prior to the Closing Date have been unconditionally released, discharged and terminated as charges against the Post-Effective Date Stock, and (ii) binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, registrars of patents, trademarks or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials and all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record the transfer of stock in the Debtor.

13. Notwithstanding Rules 6004(h) and 6006(d) of the Federal Bankruptcy Rules, and any other applicable rule or law, this Order shall be effective and enforceable immediately upon

entry hereof. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay or risk its appeal being foreclosed as moot in the event that the Buyer and the Plan Agent elect to close prior to this Order becoming a final, non-appealable order.

14. The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement is not material.

15. As set forth in Sections 6.2 and 9.2 of the Agreement, the Post-Effective Date Stock and the Retained Assets are sold "as is, where is," and, except for the representations and warranties set forth in the Agreement, no other representation or warranty is made or implied, including a warranty of fitness for a particular purpose, a warranty of merchantability, or otherwise.

16. The sale of the Post-Effective Date Stock by the Plan Agent to the Buyer is being made in reliance on the exemption from the registration requirements of Section 5 of the Securities Act of 1933, as amended (the "Securities Act"), provided for in Section 4(2) of the Securities Act and Rule 506 of Regulation D promulgated thereunder; provided that such reliance is not to the exclusion of any other exemption from the registration requirements of Section 5 of the Securities Act that may be applicable to this transaction.

17. The Plan Agent is hereby authorized to pay to Levine, Blaszak & Block, LLP and to IPv4 Market Group, LLC any fees and costs to which they are entitled to be paid upon the Closing of the transactions contemplated by the Agreement.

18. Good cause, valid reasons and the record of this case amply support entry of this Order. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). This Order shall be effective, and the parties may consummate the transactions approved by this Order, immediately upon entry of this Order.

/ / /

19. Except as set forth expressly herein to the contrary, no further notice or Court appearance shall be necessary to effectuate the foregoing.

**PRESENTED BY:**

**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**

By: */s/ Robert E. Opera*
    Robert E. Opera
    Richard H. Golubow
    Jeannie Kim
Counsel for the Plan Agent Appointed Under Joint Fourth Amended Chapter 11 Plan

**APPROVED AS TO FORM.**

**VECTIS LAW GROUP**

By: /s/ Patrick M. Costello
    Patrick M. Costello
Counsel for Fiber International, LLC

####

Date: July 29, 2013

*[signature]*
Erithe Smith
United States Bankruptcy Judge

-8-

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **ORDER APPROVING PLAN AGENT'S MOTION FOR APPROVAL OF SALE OF STOCK IN THE DEBTOR** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**    Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of July 19, 2013, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

☒   Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

**Debtor**
MTI Technology Corporation, Debtor and Debtor in Possession
15641 Red Hill Avenue
Suite 200
Tustin, CA 92780

☐   Service information continued on attached page

**3. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

Attorney for Buyer:  Vectis Law Group, Patrick Costello: PCostello@vectislawgroup.com

☐   Service information continued on attached page

NEF SERVICE LIST

- Robert C Briseno    rbriseno@swlaw.com
- Jennifer K Brooks    jennifer.brooks@kattenlaw.com, ecf.lax.docket@kattenlaw.com
- Laura L Buchanan    llb@richardsonbuchanan.com
- John O Campbell    ocampbell@houser-law.com
- Jeffrey D Cawdrey    jcawdrey@gordonrees.com, ebojorquez@gordonrees.com
- Scott C Clarkson    sclarkson@lawcgm.com
- Ana Damonte    ana.damonte@pillsburylaw.com
- Robert L Eisenbach    reisenbach@cooley.com
- Christine M Fitzgerald    cfitzgerald@scckg.com, nnarag@scckg.com;cbenson@scckg.com
- Matthew A Gold    courts@argopartners.net
- Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com
- Barry R Gore    bgore@goreassociates.com, nnarag@goreassociates.com
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com;rreeder@buchalter.com
- Lesley A Hawes    lhawes@mckennalong.com, twaters@mckennalong.com
- Ivan L Kallick    ikallick@manatt.com, ihernandez@manatt.com
- Alexandra Kazhokin    akazhokin@buchalter.com, ifs_filing@buchalter.com
- Payam Khodadadi    pkhodadadi@mcguirewoods.com
- Jeannie Kim    jkim@winthropcouchot.com, vcorbin@winthropcouchot.com;pj@winthropcouchot.com
- Sandra W Lavigna    lavignas@sec.gov
- Adam A Lewis    alewis@mofo.com
- Eve A Marsella    emarsella@lawcgm.com
- Elmer D Martin    elmermartin@gmail.com
- Robert E Opera    ropera@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com;chipp@winthropcouchot.com
- Robert E Opera    ropera@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com;chipp@winthropcouchot.com
- Eric S Pezold    epezold@swlaw.com, dwlewis@swlaw.com
- Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
- Mark A Shaiken    mshaiken@stinson.com
- Daniel C Silva    dsilva@gordonrees.com, jmydlandevans@gordonrees.com
- Robert Tannor    rtannor@creditorliquidity.com
- Patricia B Tomasco    ptomasco@mailbmc.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Michael A Wallin    mwallin@sheppardmullin.com
- Gilbert B Weisman    notices@becket-lee.com
- Sharon Z. Weiss    sharon.weiss@bryancave.com, raul.morales@bryancave.com
- Charmaine M Wilson    sg@primeshares.com
- David L Wilson    dlwilson@winston.com

Order#75263#8c54dad1-6bf6-4259-a9b9-3995f8cac770.doc