1  ROBERT E. OPERA – State Bar No. 101182
   ropera@winthropcouchot.com
2  RICHARD H. GOLUBOW – State Bar No. 160434
   rgolubow@winthropcouchot.com
3  **WINTHROP COUCHOT**
   **PROFESSIONAL CORPORATION**
4  660 Newport Center Drive, Suite 400
   Newport Beach, CA 92660
5  Telephone:   (949) 720-4100
   Facsimile:   (949) 720-4111
6
7
   Counsel for the Plan Agent Appointed
8  Under Joint Fourth Amended Chapter 11 Plan

9

10              **UNITED STATES BANKRUPTCY COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12                 **SANTA ANA DIVISION**

13

| | |
|---|---|
| In re: | Case No. 8:07-bk-13347 ES |
| MTI TECHNOLOGY CORPORATION, a Delaware corporation, | Chapter 11 Proceedings |
| | **NOTICE OF MOTION AND MOTION FOR ENTRY OF FINAL DECREE CLOSING CASE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF RICHARD J. FEFERMAN IN SUPPORT THEREOF** |
| Reorganized Debtor. | |
| | [11 U.S.C. § 350; Fed. R. Bankr. P. 3022 and Local Bankr. R. 3020-1(d)] |
| | **[No Hearing Required Pursuant To Local Bankruptcy Rule 9013-1(o)(1), Unless Timely Objection Filed]** |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  **TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY**

2  **JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; REORGANIZED**

3  **DEBTOR MTI TECHNOLOGY CORPORATION; THE POST-EFFECTIVE DATE**

4  **COMMITTEE; AND OTHER PARTIES-IN-INTEREST:**

5  **PLEASE TAKE NOTICE** that Corporate Recovery Associates, LLC, in its capacity as

6  Plan Agent under the terms of the "Debtor's and Committee's Joint Fourth Amended Chapter 11

7  Plan" [Docket No. 1265] (the "Plan"),[1] and pursuant to the Court's "Order Confirming Joint

8  Fourth Amended Chapter 11 Plan" [Docket No. 1285] ("Confirmation Order"), which this Court

9  entered on September 1, 2010, hereby moves the Court for entry of a final decree closing the

10  Debtor's bankruptcy case, in accordance with the provisions of 11 U.S.C. § 350; Rule 3022 of the

11  Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 3020-1(d).

12  This Motion is based on the Memorandum of Points and Authorities set forth hereinbelow,

13  the Declaration of Richard J. Feferman ("Feferman Declaration") appended hereto, all pleadings,

14  papers and records on file with the Court and such other evidence, oral or documentary, as may be

15  presented to the Court on the within Motion.

16  **IF YOU DO NOT OPPOSE THE MOTION DESCRIBED ABOVE, YOU DO NOT**

17  **NEED TO TAKE ANY FURTHER ACTION. HOWEVER, IF YOU OBJECT TO THE**

18  **MOTION, PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1(o)(1), YOU MUST FILE**

19  **YOUR OBJECTION AND REQUEST FOR A HEARING WITH THE CLERK OF THE**

20  **UNITED STATES BANKRUPTCY COURT, LOCATED AT 411 WEST FOURTH STREET,**

21  **SUITE 2030, SANTA ANA, CA 92701 WITHIN FOURTEEN (14) DAYS OF THE DATE OF**

22  **SERVICE OF THIS NOTICE, PLUS AN ADDITIONAL THREE DAYS IF SERVED BY**

23  **MAIL, ELECTRONICALLY, OR PURSUANT TO FED. R. CIV. P. 5(b)(2)(D), (E), or (F).**

24  **YOU MUST ALSO SERVE A COPY OF YOUR OBJECTION TO THE MOTION AND**

25  **REQUEST FOR A HEARING THEREON UPON THE PLAN AGENT'S COUNSEL AT**

26  **THE MAILING ADDRESS INDICATED IN THE UPPER LEFT CORNER OF THIS**

27  **MOTION AND ON THE OFFICE OF THE UNITED STATES TRUSTEE LOCATED AT**

28

---

[1]  All terms that are not defined herein have the meaning ascribed to them in the Plan.

MAINDOCS-#199249-v4-MTI_Motion_Requesting_Entry_of_Final_Decree

**411 WEST FOURTH STREET, SUITE 9041, SANTA ANA, CA 92701-8000. UPON**

**RECEIPT OF A WRITTEN OBJECTION TO THE MOTION AND A REQUEST FOR A**

**HEARING THEREON, IF ANY, THE PLAN AGENT'S COUNSEL WILL OBTAIN A**

**HEARING DATE ON THE MOTION AND GIVE APPROPRIATE NOTICE THEREOF.**

**ANY FAILURE TO TIMELY FILE AND SERVE OBJECTIONS MAY RESULT IN ANY**

**SUCH OBJECTIONS BEING WAIVED.**

**WHEREFORE,** the Plan Agent prays that this Court enter a Final Decree closing the

Debtor's bankruptcy case and granting such further relief as the Court deems just and appropriate.

DATED: May 6, 2014                    **WINTHROP COUCHOT**
                                      **PROFESSIONAL CORPORATION**

                                      By: */s/ Richard H. Golubow*
                                      Robert E. Opera
                                      Richard H. Golubow
                                      Counsel for the Plan Agent Appointed
                                      Under Joint Fourth Amended Chapter 11 Plan

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

**A.      Brief Description of the Plan, the Reorganized Debtor and the Plan Agent.**

MTI Technology Corporation ("Debtor") commenced its bankruptcy case by filing a voluntary petition under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") on October 15, 2007 ("Petition Date").

On September 1, 2010, this Court entered its "Order Confirming Joint Fourth Amended Chapter 11 Plan" [Docket No. 1285] ("Confirmation Order"), confirming a joint plan proposed by the Debtor and the Official Committee of Unsecured Creditors.  The terms of the Confirmation Order and the Plan designated the Effective Date of the Plan as September 27, 2010, and, among other things:  (i) transferred all of the Debtor's assets to MTI Technology Corporation as the "Reorganized Debtor"; and (ii) appointed the Plan Agent to represent the Reorganized Debtor.

The Effective Date of the Plan was September 27, 2010, at which time (i) the assets of the Debtor as debtor and debtor-in-possession in this case, were transferred to MTI Technology Corporation as the Reorganized Debtor, (ii) the Plan Agent was appointed as the representative of the Reorganized Debtor, and (iii) distributions to creditors were commenced under the terms of the Plan.

The Plan Agent, under the supervision of the Post-Effective Date Committee, was authorized to administer, manage, use, convey, transfer, encumber, assign and otherwise dispose of any and all of the Plan Assets and take all acts appropriate to effectuate the same, free of any restrictions imposed by the Bankruptcy Code or the Bankruptcy Rules.  The Reorganized Debtor does not operate any business and has been winding up its affairs pursuant to the Plan.

Since the Effective Date of the Plan, the Plan Agent worked diligently to address all of the outstanding issues in this case, to seek additional recoveries for creditors, including analysis of potentially valuable intangible assets and potential claims against third parties, to analyze and resolve claims against the Reorganized Debtor, and to carry out its other duties under the Plan as described below.

MAINDOCS-#199249-v4-MTI_Motion_Requesting_Entry_of_Final_Decree

1    The Plan Agent sought to maximize the assets of the Reorganized Debtor, to resolve

2    litigation in which the Reorganized Debtor is or was a party, to address regulatory requirements

3    for the Reorganized Debtor, to review, analyze and where appropriate object to or settle claims so

4    as to ascertain the aggregate amount of allowed claims against the Reorganized Debtor, and ensure

5    that the Reorganized Debtor met its other obligations, while minimizing administrative expenses

6    of the estate.

7    **B.** **Assets of the Reorganized Debtor.**

8    The Plan Agent has identified, marketed and sold what it believes were all significant

9    assets available for the benefit of creditors of the Debtor's Estate.  The assets of the Debtor's

10    Estate that were sold included stock in the Reorganized Debtor pursuant to a motion that was

11    approved by Court order entered on July 29, 2013 [Docket No. 1593].  The stock sale was pursued

12    after the Plan Agent determined that a Merger Transaction described in the Plan could not be

13    effectuated.

14    **C.** **Claims Against the Reorganized Debtor.**

15    Pursuant to the terms of the Plan and the Confirmation Order and in an effort to decrease

16    the number and expense of formal claim objections, the Debtor, and since the Effective Date, the

17    Plan Agent, spent a great deal of effort reviewing and evaluating and attempting to consensually

18    resolve numerous proofs of claim and requests for allowance of administrative expense that have

19    been filed against the Debtor's Estate.

20    Over 1,500 claims were scheduled and approximately 628 proofs of claim were filed in

21    this case, with an aggregate amount in excess of $61 million.  The Debtor and the Plan Agent filed

22    objections to approximately 400 claims.  In addition, the Plan Agent consensually resolved several

23    disputed claims, thereby avoiding additional fees and expenses related to preparing, filing and

24    prosecuting claims objections.  As a result of these efforts, over $22 million in claims have been

25    disallowed or reduced, either in whole or in part.  All disputed claims have been resolved either

26    consensually or by Court order.  In fact, all motions, contested matters and adversary proceedings

27    in the Debtor's case have been finally resolved.

28

**D.      Plan Distributions and Compliance.**

The Plan Agent has made Plan payments in full to holders of allowed administrative and priority claims and interim distributions to holders of allowed general unsecured claims.  The Plan Agent is preparing to make its final distribution to holders of allowed general unsecured claims. As of April 29, 2014 the Plan Agent is holding $521,067.74 cash on hand.

Under the terms of the Plan, the Plan Agent is required to provide a Plan Agent Certification attesting to the Plan Agent's determination that all assets have been liquidated or otherwise disposed of, that a Merger Transaction has been, could not or should not be effectuated, that all Distributions required to be made under the Plan have been or will be made. [2]  This Motion and the Feferman Declaration in support are intended to satisfy the Plan Agent Certification requirements.   Thus, the Plan Agent believes that it is in compliance with the terms of the Plan and further believes it is in compliance with the rules and regulations of the Office of the United States Trustee.

/ / /

/ / /

---

[2] Section 6.16 of the Plan specifically provides as follows: **Plan Agent Certification**.  On or before the date upon which the Plan Agent determines, in the exercise of its sole and absolute discretion, that any Causes of Action and objections to Disputed Claims have been resolved by Final Order, that all other Plan Assets have been liquidated or otherwise disposed of, that a Merger Transaction has been effectuated or cannot or should not be effectuated by the Merger Consummation Date, and that all Distributions required to be made under this Plan have been made or that final Distributions are being made or will be made within ten (10) days or as soon thereafter as is practicable by the Plan Agent, the Plan Agent shall file with the Bankruptcy Court and serve upon the United States Trustee, the Post-Effective Date Committee, the Reorganized Debtor, Canopy and any Creditor that files after the Effective Date a request for notice of any proceedings in the Case (collectively, "Post-Effective Date Notice Parties") a certification attesting to such determination ("Plan Agent Certification").

## II.

### THE DEBTOR'S ESTATE IS FULLY ADMINISTERED AND THE

### COURT MAY ENTER A FINAL DECREE CLOSING THE DEBTOR'S CASE

**A.**    **Criterion for the Entry of a Final Decree**.

Section 350(a) of the Bankruptcy Code provides:

> (a) After an estate is fully administered and the court has discharged the
> trustee, the court shall close the case.

11 U.S.C. § 350(a).

Similarly, Rule 3022 of the Federal Rules of Bankruptcy Procedure ("FRBP"), which

governs the closing of chapter 11 cases, provides:

> After an estate is fully administered in a chapter 11 reorganization case,
> the court, on its own motion or on motion of a party in interest, shall enter a
> final decree closing the case.

FRBP 3022.  *See also* Local Bankruptcy Rule ("LBR") 3020-1(d)(1) ("After an estate is fully

administered in a chapter 11 reorganization case, a party in interest may file a motion for a final

decree in the manner provided in LBR 9013-1(o)").

The 1991 Advisory Committee Note to FRBP 3022 provides that an estate may be closed

even though the payments required by the plan have not been completed; and lists various factors

to be considered in determining whether the estate has been fully administered:

> Entry of a final decree closing a chapter 11 case should not be delayed
> solely because the payments required by the plan have not been completed.
> Factors that the court should consider in determining whether the estate has
> been fully administered include (1) whether the order confirming the plan
> has become final, (2) whether deposits required by the plan have been
> distributed, (3) whether the property proposed by the plan to be transferred
> has been transferred, (4) whether the debtor or the successor of the debtor
> under the plan has assumed the business or the management of the property
> dealt with by the plan, (5) whether payments under the plan have
> commenced, and (6) whether all motions, contested matters, and adversary
> proceedings have been finally resolved.

> The court should not keep the case open only because of the possibility that
> the court's jurisdiction may be invoked in the future.  A final decree closing
> the case after the estate is fully administered does not deprive the court of
> jurisdiction to enforce or interpret its own orders and does not prevent the
> court from reopening the case for cause pursuant to § 350(b) of the Code.

*See* Advisory Committee Note--1991 Amendment (reprinted in <u>Collier</u>). *See also* <u>In re Jay Bee</u> <u>Enterprises, Inc.</u>, 207 B.R. 536, 538 (Bankr.E.D.Ky. 1997) (*quoting* Advisory Committee Note).

### B.    <u>The Plan Agent Has Satisfied all Criterion for the Entry of a Final Decree</u>.

As set forth in the Feferman Declaration appended hereto, the Debtor's estate has been fully administered (as that term is defined by FRBP 3022) by the Plan Agent and a final decree should be entered closing the Debtor's Chapter 11 case. The bases for the entry of a final decree are as follows:

(1)    On September 1, 2010, this Court entered its Confirmation Order confirming the Plan. The Confirmation Order is a final order, as no appeal was taken.

(2)    No deposits were required by the Plan to have been funded.

(3)    The Effective Date of the Plan was September 27, 2010, at which time (i) the assets of the Debtor as debtor and debtor-in-possession in this case, were transferred to MTI Technology Corporation as the Reorganized Debtor, (ii) the Plan Agent was appointed as the representative of the Reorganized Debtor, and (iii) distributions to creditors were commenced under the terms of the Plan. Thus, property proposed by the Plan to be transferred was in fact transferred.

(4)    The Plan Agent as the successor to the Debtor under the Plan has assumed the business or the management of the property dealt with under the Plan. There is no true "successor" to the Debtor or assumption of business or management to be dealt with under the Plan since the Debtor sold substantially all of its assets in advance of Plan confirmation. Instead, the Plan Agent on behalf of the Reorganization Debtor has continued to liquidate assets, fix all claims and distribute monies to holders on account thereof in accordance with the Plan.

(5)    Payments under the Plan have commenced.

(6)    All motions, contested matters and adversary proceedings have been finally resolved.

Based upon the foregoing, the Plan Agent submits that this Chapter 11 case, and the Plan, have been "fully administered" within the meaning of 11 U.S.C. § 350(a) and FRBP 3022. Accordingly, the Court should enter a final decree closing the Debtor's case.

# III.

## THE COURT IS AUTHORIZED TO GRANT THE

## RELIEF REQUESTED IN THE MOTION WITHOUT A HEARING

An order granting this Motion may be obtained without a hearing, upon notice to creditors and parties-in-interest of an opportunity to file and serve a written response and request for hearing within fourteen (14) days of the date of service of the notice of the Motion plus an additional three (3) days if served by mail, electronically, or pursuant to FRBP 5(b)(2)(d), (e), or (f). *See also* LBR 9013-1(o)(1).

In addition, Bankruptcy Code § 102 provides, in pertinent part, as follows:

> "(1) 'after notice and a hearing', or a similar phrase -
> (A)  means after such notice as is appropriate in the particular
>        circumstances, and such opportunity for a hearing as is appropriate in
>        the particular circumstances; but
> (B)  authorizes an act without an actual hearing if such notice is given
>        properly and if --
>        (i) such a hearing is not requested timely by a party in interest .. .

11 U.S.C. §102 (1)(A), (B).

The Plan Agent has provided creditors and parties in interest entitled to notice with notice of this Motion, as evidenced by the proof of service appended to the concurrently filed Notice of Motion for Entry of Final Decree Closing Case.  The Plan Agent believes that it is highly unlikely that any party-in-interest will file an opposition to the Motion since the relief requested is in furtherance of the Plan Agent's duties and responsibilities under the Plan and is intended to preserve assets of the estate. Therefore, the Plan Agent contends that it is in the best interests of the estate to obtain an order on this Motion without a hearing as the Plan Agent desires to avoid additional fees and expenses which would be incurred in preparation for and attendance at a hearing on the Motion.

/ / /

/ / /

/ / /

1

## IV.

2

## CONCLUSION

3      **WHEREFORE**, based upon the foregoing and the Feferman Declaration, the Plan Agent

4  respectfully submits that the Court should enter a Final Decree closing the Debtor's bankruptcy

5  case, and granting such further relief as the Court deems just and appropriate.

6  DATED: May 6, 2014                    **WINTHROP COUCHOT**

7                                        **PROFESSIONAL CORPORATION**

8
                                        By: _/s/ Richard H. Golubow_
9                                            Robert E. Opera
                                            Richard H. Golubow
10                                       Counsel for the Plan Agent Appointed
11                                       Under Joint Fourth Amended Chapter 11 Plan

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF RICHARD J. FEFERMAN**

I, Richard J. Feferman, declare and state as follows:

1.    I am the principal of Corporate Recovery Associates, LLC, the Plan Agent for MTI Technology Corporation, the reorganized debtor in the above-entitled chapter 11 proceeding ("Plan Agent").  Unless otherwise set forth herein, I have personal knowledge of the facts set forth herein and, if called to testify, would and could competently testify thereto.

2.    This declaration is offered in support of the Plan Agent's Motion for Entry of Final Decree Closing Case ("Motion").

3.    As set forth in the Motion and for the reasons set forth below, I believe that it is in the best interests of the estate for this Court to enter an order granting the Motion. My conclusion is based upon the following facts and circumstances.

4.    MTI Technology Corporation ("Debtor") commenced its bankruptcy case by filing a voluntary petition under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") on October 15, 2007 ("Petition Date").

5.    On September 1, 2010, this Court entered its "Order Confirming Joint Fourth Amended Chapter 11 Plan" [Docket No. 1285] ("Confirmation Order"), confirming a joint plan proposed by the Debtor and the Official Committee of Unsecured Creditors.  The terms of the Confirmation Order and the Plan designated the Effective Date of the Plan as September 27, 2010, and, among other things:  (i) transferred all of the Debtor's assets to MTI Technology Corporation as the "Reorganized Debtor"; and (ii) appointed the Plan Agent to represent the Reorganized Debtor.

6.    The Effective Date of the Plan was September 27, 2010, at which time (i) the assets of the Debtor as debtor and debtor-in-possession in this case, were transferred to MTI Technology Corporation as the Reorganized Debtor, (ii) the Plan Agent was appointed as the representative of the Reorganized Debtor, and (iii) distributions to creditors were commenced under the terms of the Plan.

7.    The Plan Agent, under the supervision of the Post-Effective Date Committee, was authorized to administer, manage, use, convey, transfer, encumber, assign and otherwise dispose

of any and all of the Plan Assets and take all acts appropriate to effectuate the same, free of any restrictions imposed by the Bankruptcy Code or the Bankruptcy Rules. The Reorganized Debtor does not operate any business and is winding up its affairs pursuant to the Plan.

8.    Since the Effective Date of the Plan, the Plan Agent has worked diligently to address all of the outstanding issues in this case, to seek additional recoveries for creditors, including analysis of potentially valuable intangible assets and potential claims against third parties, to analyze and resolve claims against the Reorganized Debtor, and to carry out its other duties under the Plan as described below.

9.    The Plan Agent has sought to maximize the assets of the Reorganized Debtor, to resolve litigation in which the Reorganized Debtor is or was a party, to address regulatory requirements for the Reorganized Debtor, to review, analyze and where appropriate object to or settle claims so as to ascertain the aggregate amount of allowed claims against the Reorganized Debtor, and ensure that the Reorganized Debtor meets its other obligations, while minimizing administrative expenses of the estate.

10.    The Plan Agent has identified, marketed and sold what it believes were all significant assets available for the benefit of creditors of the Debtor's Estate. The assets of the Debtor's Estate that were sold included stock in the Reorganized Debtor pursuant to a motion that was approved by Court order entered on July 29, 2013 [Docket No. 1593]. The stock sale was pursued after the Plan Agent determined that a Merger Transaction described in the Plan could not be effectuated.

11.    Pursuant to the terms of the Plan and the Confirmation Order and in an effort to decrease the number and expense of formal claim objections, the Debtor, and since the Effective Date, the Plan Agent, spent a great deal of effort reviewing and evaluating and attempting to consensually resolve numerous proofs of claim and requests for allowance of administrative expense that have been filed against the Debtor's Estate.

12.    Over 1,500 claims were scheduled and approximately 628 proofs of claim were filed in this case, with an aggregate amount in excess of $61 million. The Debtor and the Plan Agent filed objections to approximately 400 claims. In addition thereto, the Plan Agent consensually

MAINDOCS-#199249-v4-MTI_Motion_Requesting_Entry_of_Final_Decree

1  resolved several disputed claims, thereby avoiding additional fees and expenses related to

2  preparing, filing and prosecuting claims objections.  As a result of these efforts, over $22 million

3  in claims have been disallowed or reduced, either in whole or in part.  All disputed claims have

4  been resolved either consensually or by Court order.  In fact, all motions, contested matters and

5  adversary proceedings in the Debtor's case have been finally resolved.

6    13.  The Plan Agent has made Plan payments in full to holders of allowed administrative

7  and priority claims and interim distributions to holders of allowed general unsecured claims.  The

8  Plan Agent is preparing to make its final distribution to holders of allowed general unsecured

9  claims.  As of April 29, 2014 the Plan Agent is holding $521,067.74 cash on hand.

10    14.  Under the terms of the Plan, the Plan Agent is required to provide a Plan Agent

11  Certification attesting to the Plan Agent's determination that all assets have been liquidated or

12  otherwise disposed of, that a Merger Transaction has been, could not or should not be effectuated,

13  that all Distributions required to be made under the Plan have been or will be made.  The Motion

14  and this declaration in support are intended to satisfy the Plan Agent Certification requirements.

15  Thus, the Plan Agent believes that it is in compliance with the terms of the Plan and further

16  believes it is in compliance with the rules and regulations of the Office of the United States

17  Trustee.

18    15.  Based upon the foregoing I believe that granting the Motion is in the best interests of

19  the estate and its creditors and respectfully request that the Court grant the relief requested in the

20  Motion and enter a final decree closing the Debtor's case.

21    I declare under penalty of perjury under the laws of the United States of America that the

22  foregoing is true and correct.

23    EXECUTED this 6th day of May, 2014 at San Diego, California.

24

25    Richard J. Feferman

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  660 Newport Center Drive, 4th Floor, Newport Beach, CA 92660.

A true and correct copy of the foregoing document entitled:  **NOTICE OF MOTION AND MOTION FOR ENTRY OF FINAL DECREE CLOSING CASE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF RICHARD J. FEFERMAN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 7, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On May 7, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 7, 2014, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Via Attorney Service - Bin outside of Room 5097**
Honorable Erithe Smith
Ronald Reagan Federal Bldg.
411 W. Fourth St.
Santa Ana, CA 92701

Plan Agent – Corporate Recovery Associates, Richard J. Feferman - richard@crarecovery.com
Committee Member:  Compnology, James Cronin:  compnology@comcast.net;  jsc3@comcast.net
Committee Chair:  Steve Sass: E-Mail:  steven.sass@rmsna.com

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 7, 2014 | Viann Corbin | /s/ Viann Corbin |
|---|---|---|
| Date | Printed Name | Signature |

MAINDOCS-#199249-v4-MTI_Motion_Requesting_Entry_of_Final_Decree

**NEF SERVICE LIST**

- Robert C Briseno    rbriseno@swlaw.com
- Jennifer K Brooks    jennifer.brooks@kattenlaw.com, ecf.lax.docket@kattenlaw.com
- Laura L Buchanan    llb@richardsonbuchanan.com
- John O Campbell    ocampbell@houser-law.com
- Jeffrey D Cawdrey    jcawdrey@gordonrees.com,
  slemos@gordonrees.com;jmydlandevans@gordonrees.com
- Scott C Clarkson    sclarkson@lawcgm.com
- Ana Damonte    ana.damonte@pillsburylaw.com -
- Robert L Eisenbach    reisenbach@cooley.com
- Christine M Fitzgerald    cfitzgerald@scckg.com, nnarag@scckg.com;cbenson@scckg.com
- Matthew A Gold    courts@argopartners.net
- Richard H Golubow    rgolubow@winthropcouchot.com,
  pj@winthropcouchot.com;vcorbin@winthropcouchot.com
- Barry R Gore    bgore@goreassociates.com, nnarag@goreassociates.com
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com;rreeder@buchalter.com
- Lesley A Hawes    lhawes@mckennalong.com, twaters@mckennalong.com
- Ivan L Kallick    ikallick@manatt.com, ihernandez@manatt.com
- Alexandra Kazhokin    akazhokin@buchalter.com, ifs_filing@buchalter.com
- Payam Khodadadi    pkhodadadi@mcguirewoods.com
- Jeannie Kim    jkim@winthropcouchot.com,
  vcorbin@winthropcouchot.com;pj@winthropcouchot.com
- Sandra W Lavigna    lavignas@sec.gov
- Adam A Lewis    alewis@mofo.com
- Elizabeth A Lossing    elizabeth.lossing@usdoj.gov
- Eve A Marsella    emarsella@lawcgm.com
- Elmer D Martin    elmermartin@gmail.com
- Robert E Opera    ropera@winthropcouchot.com,
  pj@winthropcouchot.com;vcorbin@winthropcouchot.com;jstuhlmiller@winthropcouchot.com
- Robert E Opera    ropera@winthropcouchot.com,
  pj@winthropcouchot.com;vcorbin@winthropcouchot.com;jstuhlmiller@winthropcouchot.com
- Eric S Pezold    epezold@swlaw.com, dwlewis@swlaw.com
- Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
- Mark A Shaiken    mshaiken@stinson.com
- Daniel C Silva    dsilva@gordonrees.com, jmydlandevans@gordonrees.com
- Robert Tannor    rtannor@creditorliquidity.com
- Patricia B Tomasco    ptomasco@mailbmc.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Michael A Wallin    mwallin@sheppardmullin.com, mrivera@slaterhersey.com
- Gilbert B Weisman    notices@becket-lee.com
- Sharon Z. Weiss    sharon.weiss@bryancave.com, raul.morales@bryancave.com
- Charmaine M Wilson    sg@primeshares.com
- David L Wilson    dlwilson@winston.com

Service List Continued On Next Page

MAINDOCS-#199249-v4-MTI_Motion_Requesting_Entry_of_Final_Decree

1

## SERVICE VIA FIRST CLASS MAIL
### (Unless NEF or e-mail indicated)

2

3

| | | |
|---|---|---|
| MTI Technology Corporation<br>~~Attn: Thomas P. Raimondi, Jr., Pres.~~<br>~~& CEO~~<br>~~15641 Red Hill Avenue, Suite 200~~<br>~~Tustin, CA 92780~~<br>Business location closed | U.S. Trustee's Office            NEF<br>Frank Cadigan, Esq.<br>411 West Fourth Street, #9041<br>Santa Ana, CA 92701 | MTI Tech<br>Special Notice List Post Confirmation<br>Document No. 119553 |
| Manatt Phelps & Phil         NEF<br>Ivan Kallick, Esq.<br>11355 W Olympic Blvd<br>Los Angeles, CA 90064 | Securities & Exchange Commission   NEF<br>Sandra Lavigna, Esq.<br>5670 Wilshire Blvd., 11th Fl.<br>Los Angeles, CA 90036 | Plan Agent          E-mail, see above<br>Corporate Recovery Associates<br>Richard Feferman<br>3830 Valley Center Dr., #705-152<br>San Diego, CA 92130 |
| Debtor's Counsel           NEF<br>Christine Fitzgerald, Esq.<br>Smith Campbell Clifford Kearney Gore<br>3424 Carson St, Ste.350<br>Torrance, CA 90503 | Committee Chair       E-mail, see above<br>EMC Corporation, FedEx Custom Critical<br>Steven D. Sass, Esq.<br>c/o RMS<br>307 International Circle, #270<br>Hunt Valley, MD 21030 | Committee Member      E-mail, see above<br>Compnology, Inc.<br>John S. Cronin<br>~~6300 Station Mill Dr.~~<br>~~Norcross, GA 30092~~<br>**FOE -- 2/6/2014** |
| Rtd Mail 2/25/11 | 2/24/12NEF | |
| Committee Member<br>CCS Disaster Recovery Services<br>Al Grasso<br>3002 Dow Ave., #402<br>Tustin, CA 92780-7236 | Needham & Company, LLC<br>c/o Pillsbury Winthrop Shaw Pittman LLP<br>Jennifer K. Brooks, Esq.<br>725 S. Figueroa St., #2800<br>Los Angeles, CA 90017 | |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MAINDOCS-#199249-v4-MTI_Motion_Requesting_Entry_of_Final_Decree